IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TREX PROPERTIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-458 |
| | ) | |
| 25TH STREET HOLDING COMPANY, INC.; | ) | COMPLAINT |
| 3V SIGMA USA INC.; 5 STAR AUTO | ) | |
| COLLISION, INC.; A-1 AUTO BODY; A-1 | ) | |
| BODY SHOP, LLC.; A. BERGER, INC.; A&P | ) | |
| COLLISION, INC.; A1 AUTO BODY & | ) | |
| PAINTING; A1 AUTOMOTIVE INC.; ABC | ) | |
| LIQUORS, INC.; ABINGDON CLEANERS & | ) | |
| LAUNDERERS, INC.; ACCUMETRICS | ) | |
| LIMITED; ACCURATE ANGLES, INC.; | ) | |
| ACCURATE FORMING, LLC; ACE PAINT & | ) | |
| BODY WORKS, INC.; ACUTECH MOTORS, | ) | |
| INC.; ADAMS AUTO SALES & BODY SHOP, | ) | |
| LLC; ADC FINISHING, INC.; ADMARK | ) | |
| GRAPHIC SYSTEMS, LLC; ADRIANI'S | ) | |
| BODY SHOP, LLC; ADVANCED ASPHALT | ) | |
| TECHNOLOGIES LLC; ADVANCED AUTO | ) | |
| BODY INC.; ADVANCED COLLISION; | ) | |
| ADVANCED METAL PRODUCTS, INC.; | ) | |
| ADVANEX AMERICAS, INC.; | ) | |
| AEROSPACE/DEFENSE COATINGS OF | ) | |
| GEORGIA, INC.; AFFORDABLE AUTO | ) | |
| BODY; AFFORDABLE BODY SHOP, INC.; | ) | |
| AFG MBS FP, LLC; AIRCRAFT COMPOSITE | ) | |
| TECHNOLOGIES, INC.; AIRCRAFT | ) | |
| ELECTRIC MOTORS, INC.; AIRMARK | ) | |
| COMPONENTS, INC.; AJ ORIGINALS, INC.; | ) | |
| AJ VATER COMPANY INC.; AJR INC.; AL'S | ) | |
| AUTO BODY SERVICE; ALCO METAL | ) | |
| FABRICATORS, INC.; ALEX & LEO AUTO | ) | |
| BODY, INC.; ALEXANDER REED DRY | ) | |
| CLEANERS, INC.; ALEXANDER'S AUTO | ) | |
| SALES & BODY SHOP; ALL PRO | ) | |
| COLLISIONS, INC.; ALL STATE PAINT & | ) | |
| BODY SHOP, INC.; ALL-N-1 COLLISION | ) | |
| CENTER, INC.; ALLIANCE FRANCHISE | ) | |
| BRANDS LLC; ALLSTAR ENTERPRISES, | ) | |
| INC.; ALLSTATE O.R.C. INC.; ALTRA | ) | |

INDUSTRIAL MOTION CORP.; BOSTON )
GEAR LLC; AMERICAN & EFIRD GLOBAL, )
LLC; AMERICAN AUTO PAINTING & )
REPAIR INC.; AMERICAN IMAGE )
GRAPHICS INC.; AMERITECH DIE & )
MOLD, INC.; AMPHENOL CORPORATION; )
AMPLIFIER RESEARCH CORP.; )
ANDAPHARM LLC; ANDERSON BRASS )
COMPANY; ANDREW'S AUTO BODY; )
ANSELL HEALTHCARE PRODUCTS LLC; )
ANSON AUTOBODY & PAINTWORKS, )
LLC; ANTHONY'S TOUCH OF CLASS, INC.; )
AOS THERMAL COMPOUNDS, LLC; APEX )
TOOL GROUP, LLC; EATON )
CORPORATION; APPALACHIAN )
MACHINE, INC.; APPAREL SOURCING )
GROUP, INC.; APPLIED FELTS, INC.; APT )
INDUSTRIES, INC.; ARAI AMERICAS, INC.; )
ARJOBEX AMERICA, INC.; ARNDER )
AUTOMOTIVE; ARPCO THREE, INC.; )
ARTISTIC CREATIONS KUSTOMS; )
ASHAKF, INC.; ASTRO PAK )
CORPORATION; ATLAS SIGN INDUSTRIES )
OF FLA., LLC; ATLAS SIGN INDUSTRIES )
OF NC, LLC; AUTO BODY CONNECTION, )
LLC; AUTO BODY SHOP; AUTO )
COLLISION EXPERTS, INC.; AUTO COLOR )
MATCH, INC.; AUTO CONNECTION 210, )
LLC; AUTO DENT CARE, INC.; AUTO PRO )
SOLUTIONS, LLC; THE AUTO SHOP; AUTO )
WORKS COLLISION & PAINT, INC.; )
AUTOHAUS II PAINT AND BODY SHOP; )
AUTOMOTIVE INTERNATIONAL OF )
CHARLOTTE LLC; AVONLEA RIDGE, INC.; )
B&E AUTO SERVICE INC.; B&H BODY )
SHOP AND SALES, INC.; B&L CREMATION )
SYSTEMS, INC.; BALTIMORE FINISHING )
WORKS, INC.; BARNET POLYMERS, LLC; )
BAY MECHANICAL, INC.; BAZEMORE'S )
AUTO & TRUCK; BCC PRODUCTS, INC.; )
BEASLEY'S BODY SHOP; BENNETT )
HEATING AND BRAZING CO., INC.; )
BERGEN IMPORTS, INC.; BERGLUND )
CHEVROLET INC.; BERT'S AUTO BODY )
SHOP INC.; BESTWELD, INC.; BETHESDA )
RESTORATIONS LLC; BETHUNE )

NONWOVENS, INC.; BILL FIELDS, INC.;  )
BLACK OAK AUTO BODY INC.; THE  )
BLAKLEY CORPORATION;  )
BLOOMINGBURG LIQUIDATING CORP.;  )
NGS CAPITAL MANAGEMENT, LLC;  )
BLOUNTSTOWN COLLISION CENTER,  )
INC.; BLUE MAX TRUCKING, INC.;  )
BLUEPRINT AUTOMATION, INC.; BLYTHE  )
CONSTRUCTION, INC.; BOB HUFF  )
CHEVROLET BUICK GMC, INC.; BOBBY  )
WOOD CHEVROLET, INC.; THE BODY  )
SPOT, INC.; BODY TECH COLLISION  )
CENTER, LLC; BODYWORKS & PAINTING  )
LTD., INC.; BON VIVANT CUSTOM  )
WOODWORKING, INC.; BOOTH  )
ELECTROSYSTEMS, INC.; BOSTON  )
SCIENTIFIC CORPORATION; BSCI, INC.;  )
BOWEN COLLISION CENTER INC.; BPK  )
ENTERPRISES, INC.; BRIAN'S PAINT &  )
BODY SHOP, INC.; BRIDGEVIEW  )
INDUSTRIAL FINISHERS, INC.;  )
BRIDGEWATER COLLISION REPAIR;  )
BRISTOL COMPRESSORS  )
INTERNATIONAL, LLC; BRITT METAL  )
PROCESSING, INC.; BROTHERS  )
CLEANERS, L.L.C.; BROWN AND BROWN  )
BODY SHOP; BUCHHOLZ PAINT &  )
AUTOBODY, INC.; BUCKMAN'S AUTO  )
CARE INC.; BUENSOD SALES  )
ASSOCIATES, INC.; THE BUMP SHOP, INC.;  )
BURKETT'S BODY SHOP; BURLINGTON  )
CHEMICAL COMPANY; BURLINGTON  )
INDUSTRIES LLC; BURNS CHEVROLET,  )
INC.; BURNSED BODY SHOP, INC.; C.  )
JAMES & SONS AUTO BODY; C.A.R.S.  )
AUTO BODY SHOP, INC.; C.P. CLEANERS,  )
INC.; C&C INDUSTRIES INC.; C&P BODY  )
SHOP, INC.; THE CABINET PLACE INC.;  )
CALEDONIAN ALLOYS INC.; CALHOUN  )
BROTHERS BODY SHOP; CALIBER  )
COLLISION TRANSPORT SERVICES LLC;  )
CAMERON ASHLEY BUILDING  )
PRODUCTS, INC.; CAMIROL, LLC;  )
CANNON COLLISION, LLC; CARDINAL  )
BAG & ENVELOPE CO., INC.; CARLOS  )
AUTOBODY, INC.; CARLOS AUTO BODY,  )

INC.; THE CARLYLE GROUP, INC.; )
CAROLINA CASTING INC.; CAROLINA )
COLLISION WRECKER SERVICE, INC.; )
CAROLINA COLLISIONS AND CUSTOMS, )
LLC; CAROLINA CUSTOM CHAIRS, INC.; )
CAROLINA PAINTING CO., INC.; )
CAROLINA PIPING SYSTEMS, INC.; )
CAROLINA SITE CONCEPTS, INC.; )
CAROLINA TRACTOR & EQUIPMENT )
COMPANY; CARPENTER DECORATING )
COMPANY, INC.; THE CARRIAGE SHOP; )
CATLETT ENTERPRISES, INC.; CAVE'S )
AUTO BODY, LLC; CAVINEE'S PAINT & )
BODY SHOP; CENTIMARK CORPORATION; )
CENTRAL AUTO SERVICE LLC; CENTRAL )
JERSEY GARAGE INC.; CERTIFIED )
COLLISION REPAIR CENTER, INC.; )
CHANTILLY AUTOMOTIVE; CHARLIE'S )
PAINT & BODY INC.; CHELLY GRANVILL )
COSMETIC MANUFACTURING, INC.; )
CHEMENCE, INC.; CHEMICAL POLLUTION )
CONTROL LLC OF NEW YORK; )
CHEREPKO'S AUTO SALES, LLC; )
CHESTER BODY SHOP, INC.; CHEWCO, )
INC.; CHINO'S SPECIALTY PAINT & BODY )
SHOP, INC.; CHRIS ISOM, INC.; CHRIS )
LORDI'S AUTO BODY, INC.; CINCINNATI )
FLOOR COMPANY, INC.; CIT SMALL )
BUSINESS LENDING CORP.; CITY OF HIGH )
POINT, NORTH CAROLINA; CLARK'S )
AUTO CLINIC INC.; CLASSIC )
ACQUISITION LLC; CLASSIC LEATHER, )
INC.; CLASSIC SURROUNDS, LLC; THE )
CLEANING CENTER; THE CLINTON )
PRESS, INC.; CLONINGER FORD, INC.; )
CLUNE'S AUTO BODY, INC.; COASTAL )
WOODCRAFT, LLC; COLLINS COLLISION )
REPAIR CENTER, LLC; COLLISION 1 )
AUTOBODY; THE COLLISION CENTER OF )
STANLY COUNTY COMPANY LLC; THE )
COLLISION COMPANY INC.; THE )
COLLISION SOLUTION, LLC; COLLISION )
SPECIALISTS OF FAIRFAX, INC.; )
COLLISION SPECIALTIES PAINT & BODY, )
INC.; COLONY CLEANERS; COLUMBIA )
AVIATION, INC.; COLUMBIA )

POWERSPORTS CENTER; COMBS FAMILY )
INC.; COMMERCIAL JET INC.; )
COMMERCIAL REFINISHERS, INC.; )
COMMSCOPE TECHNOLOGIES LLC; )
COMMUNITY BODY SHOP, INC.; )
COMMUNITY COLLISION SERVICES, INC.; )
CONN-SELMER, INC.; CORONA )
CORPORATION; COUNTACH )
AUTOMOBILE REFINISHING & )
COACHWORK INC.; COUNTRY CARVER, )
INC.; COVERIS FLEXIBLES US INC.; CR )
AUTO COLLISION & PAINT SHOP, LLC; )
CRASH'S COLLISION CENTER, INC.; )
CRAWFORD ENTERPRISES, INC.; CROCE'S )
BODY SHOP, INC.; CROFT'S AUTOMOTIVE )
PAINT & BODY; CROSBY, WRIGHT AND )
MORRIS FINE WOODWORKING AND )
CABINETRY, INC.; CROSSROADS BODY )
SHOP, LLC; CRYPTON LLC; CTR INC.; )
CULBRETH MOTOR CO., INC.; CUMMING )
COLLISION CENTER, INC.; CURREY, INC.; )
CUSTOM CABINETRY & BUILT-INS, INC.; )
CUSTOM DRUM SERVICES, INC.; CUSTOM )
HOME SPECIALISTS, INC.; CYCLES PLUS, )
INC.; D'ANNA BROTHERS AUTO BODY, )
INC.; D&M WELDING INC.; D&S AUTO )
BODY LLC; DAN BOWES AUTO BODY, )
INC.; DANA CONTAINER, INC.; DANNY )
RILEY'S GARAGE & BODY SHOP; DAVID )
BETHUNE'S CUSTOMS & RESTORATIONS, )
L.L.C.; DAVID C. FRENCH & ASSOCIATES )
INC.; DAVID HALL'S PAINT & BODY )
SHOP; DAVID WILSON PAINT & BODY )
SHOP, INC.; DAVIS & FLOYD, INC.; DAVIS )
STEEL & IRON CO., INC.; DAY'S BODY )
SHOP; DEE GAINEY'S BODY SHOP, INC.; )
DEERFIELD BEACH COLLISION, INC.; )
DELLNER, INC.; DELTA MOLD INC.; )
DELUXE CLEANERS; DELUXE PRINTING )
GROUP, INC.; DENNIS & DON'S TRUCK & )
AUTO REPAIR, INC.; DENT SOLUTIONS - )
COLUMBUS; DEPENDABLE MOTOR CAR )
CO. INC.; DERITA DRYCLEANER & )
LAUNDRY LLC; DESIGN AND )
PRODUCTION INC.; DESIMONE AUTO )
REPAIR, INC.; DEXMET CORP.; DIESEL )

DOCTORS, LLC; DIGITAL PRINTING )
SYSTEMS, INC.; DILLON BODY SHOP, )
INC.; DILMAR OIL COMPANY, INC.; )
DISCOUNT DRY CLEANERS OF VIRGINIA, )
LLC; DISPLAY CRAFT MANUFACTURING )
CO.; DITCH WITCH OF CHARLOTTE, INC.; )
DIVERSIFIED ENTERPRISES OF THE )
CAROLINAS, LLC; DIXON INVESTMENTS, )
INC.; DJ'S AUTO PAINTING, INC.; DOLLAR )
GENERAL CORPORATION; DOM'S AUTO )
BODY, INC.; DON PENNINGTON PAINT & )
BODY LLC; DONALD GARDNER'S PAINT )
& BODY, INC.; DOUG'S COLLISION AND )
FINISHES, INC.; DSL BAKER AUTO, INC.; )
DUNHAM-BUSH USA LLC; DUNN'S BODY )
SHOP; DUNWELL COLLISION, INC.; )
DURAMAX BODY SHOP, INC.; E&B'S )
FUTURES, L.L.C.; EAGLE BODY WORKS, )
INC.; EAST CAROLINA METAL TREATING, )
INC.; EAST COAST AUTO RENTALS LLC; )
EAST COAST TRUCK AND AUTO BODY, )
INC.; EASTERN STEEL & PETROLEUM, )
L.L.C.; EASTSIDE FRAME & BODY SHOP; )
EASTWOOD CARRIERS, INC.; EBBY'S )
AUTO PAINTING & COLLISION REPAIR )
INC.; ECONOMY AUTO BUILDING, INC.; )
ED'S AUTO SERVICE & SALVAGE, INC.; )
EDGEWATER POWER BOATS, LLC; )
EDWARDS TRUCK SERVICE & BODY )
SHOP, INC.; EI LLC; ELAN TRADING, INC.; )
ELECTRIC POWER RESEARCH INSTITUTE, )
INC.; ELECTRICAL APPARATUS & )
MACHINE CO.; ELECTRO PAINTERS INC.; )
ELECTRO-METALLICS CO.; ELECTRONIC )
DESIGN & MANUFACTURING COMPANY; )
ELECTROPLATE-RITE CORP.; ELEGANT )
MOTOR CAR WORKS LLC; ELG UTICA )
ALLOYS, INC.; ELITE COLLISION INC.; )
ELLINGTON'S BODY SHOP, INC.; )
ENERGIZER BATTERY MANUFACTURING )
INC.; ENGINEERED )
BIOPHARMACEUTICALS, INC.; )
ENGLAND'S COLLISION CENTER OF )
GEORGIA, INC.; ENGLISH BODY WORKS, )
INC.; ENVIRONMENTAL INDUSTRIES, )
LLC; EQ INDUSTRIAL SERVICES, INC.; )

EQUUS CAPITAL PARTNERS, LTD.; ERICO )
INTERNATIONAL CORPORATION; ERS )
ENTERPRISES, LLC; EVANS AUTO BODY )
SHOP, INC.; EVANS BODY SHOP, INC.; )
EXOTIC CONCEPTS INC.; EXQUISITE )
CUSTOM CABINETS, INC.; F&L DE FILIPPO )
OF NORTH CHARLESTON, INC.; F&L )
DEFILIPPO, INC.; FACT-O-BAKE OF )
DAYTONA, INC.; FAIR CITY AUTO BODY )
PAINT, INC.; FALLS RIVER CLEANERS; )
FANNING SPRINGS AUTO, INC.; FENDER )
MENDER OF GREENVILLE, S.C., INC.; )
FERTIG CABINET COMPANY, INC.; )
FILTRAIR, INC.; FINISH FIRST AUTOBODY )
& PAINT; FINZER ROLLER, INC.; )
SOUTHERN PAPER GROUP, INC.; FISHER )
AUTO PARTS, INC.; FITZE ENGINEERS )
LTD.; FLEET PAINT & BODY INC.; FLINT )
GROUP US LLC; FLORIDA AIRCRAFT )
PAINTING OF BARTOW INC.; FLORIDA )
MARINE TANKS, INC.; FLORIDA'S NU )
FINISH COLLISION CENTER, INC.; )
FLOYD'S AUTO BODY & PAINT, INC.; FM )
AUTOMOTIVE, INC.; FORD'S AUTO BODY )
& PAINT; FORDHAM'S CLEANERS; )
FOREST CITY TOOL, INC.; WHITESIDE )
MACHINE & REPAIR COMPANY, INC.; )
ROBERT BOSCH TOOL CORPORATION; )
FORMA CORPORATION, INC.; FORSYTH )
BODY SHOP, LLC; FORT LAUDERDALE )
WOODWORKING, INC.; FOSTER'S PAINT )
AND BODY SHOP, INC.; FRAMATOME )
INC.; FRAMTIDEN, INC.; FRANKLIN )
COUNTY, NORTH CAROLINA; FRANKLIN- )
DODD COMMUNICATIONS LLC; FRAZOR )
QUALITY WOODWORKS, INC.; FREDDIE'S )
BODY SHOP, L.C.; FREEMAN CONTAINER )
COMPANY, INC.; FRONTENAC CLEANERS )
WEST END, INC.; FRUITLAND BODY SHOP )
INC.; FURNITURE DOCTOR, INC.; FUSION )
COATING, INC.; FYVEX INTERNATIONAL )
CORP.; G&P HEAVY TRUCK BODY )
WORKS, INC.; GARY'S B-S, INC.; )
GATEWAY RESEARCH PARK, INC.; )
GATEWOOD BROTHERS, INC.; GE STEAM )
POWER INC.; GEDEON'S AUTO BODY, )

7

INC.; GENTRY BODY SHOP, INC.; GEORGE )
NAHAS CHEVROLET, INC.; GEORGE'S )
BODY SHOP INC.; GEORGIA ROAD PAINT )
& BODY, INC.; GFG ENTERPRISES, LLC; )
GILDAN USA INC.; GKN DRIVELINE )
NORTH AMERICA, INC.; GKN DRIVELINE )
NEWTON, LLC; GLOBAL MEDICAL )
IMAGING, LLC; GLOUCESTER COUNTY )
COLLISION; GORDON TERMINAL )
SERVICE CO.; GRALEY AUTOBODY, INC.; )
GRANT BODY SHOP, INC.; GRAPHIC )
IMPRESSIONS, INC.; GRAPHICS )
INTERNATIONAL, LLC; GRAYBAR )
ELECTRIC COMPANY, INC.; GREAT )
AMERICAN CAR RENTALS, INC.; GREAT )
MEADOWS AUTO BODY, INC.; )
GREENBRIER HOTEL CORPORATION; )
GREGS AUTO COLLISION, INC.; GS PAINT )
& BODY, INC.; GULF PUBLISHING )
COMPANY, INC.; H.M. ELLIOTT, INC.; H.P. )
STRIPPING, INC.; H&H CUSTOMS; )
HACKENSACK AUTO BODY CO.; HAGY'S )
AUTO BODY; HALL OF ELIZABETH CITY, )
LLC; HAM'S BODY SHOP, INC.; HANS )
AUTO BODY; HARDEE BODY SHOP LLC; )
HARRELL SIGN COMPANY, INC.; HARRIS )
TRUCK & AUTO BODY SHOP, INC.; )
HAVEN HARBOUR MARINA LLC; HD )
AUTOBODY, INC.; HEAD'S AUTO REPAIR; )
HELIAS AUTOCRAFT; HENDERSON'S )
BODY SHOP LLC; HENDRICK )
AUTOMOTIVE GROUP; HENDRICK )
MOTORSPORTS, LLC; HENRY'S BODY )
SHOP, LLC; HENSON COLLISION CENTER )
INC.; HERB'S PAINT & BODY SHOP; )
HERITAGE CHAIR CANING, INC.; HERMES )
ABRASIVES, LTD.; HESSAMERICA; HI )
LINE AUTO BODY, INC.; HI-TECK )
COLLISION PAINT & BODY SHOP, INC.; )
HICKORY BRANDS, INC.; HICKORY )
GLASS, INC.; HICONE BODY SHOP; )
HIGHWAY 78 BODY SHOP, INC.; HINES )
ADVISORS LIMITED PARTNERSHIP; )
HOBBS PAINT & BODY SHOP; )
HOLLYWOOD MOTORSPORTS, LLC; )
HOLMES AUTO BODY; HOMETOWN )

CLEANERS INC.; HORNBERGERS AUTO )
BODY, LLC; HORTON'S COLLISION )
CENTER OF VIDALIA, INC.; HSG )
ENTERPRISES OF S. FLORIDA CORP.; )
HUFF PETROLEUM COMPANY, INC.; )
HURRICANE GRAPHICS, INC.; HWY. 49 )
TRUCK & TRAILER REPAIR INC.; I.V. )
MILLER & SONS, INC.; IE FURNITURE, )
INC.; INDEPENDENT BODY & MUFFLER )
INC.; INDIGEN ARMOR INC.; INDUSTRIAL )
MACHINE WORKS, INC.; INNOVATIVE )
TECHNOLOGIES AEG, INC.; SUMMIT )
AEROSPACE, INC.; INSPECTORATE )
AMERICA CORPORATION; THE )
INSPIRATIONAL NETWORK, INC.; )
INTEGRITY AUTO BODY INC.; INTERLAM )
CORPORATION; INTERNATIONAL CARS )
OF OCALA, INC.; INTERNATIONAL )
CONSTRUCTION EQUIPMENT, INC.; )
IRFLEX CORPORATION; IRMO BODY )
SHOP, INC.; IVORY CLEANERS & )
LAUNDROMAT; J.R. ATKINSON CO.; J.R.'S )
PAINT & BODY SHOP, INC.; J&I )
COLLISION SERVICE, LLC; JACK KRESS )
BODY SHOP, LLC; JACK WILLIAMS AND )
SON CO.; CREATIVE RODS & )
RESTORATION, LLC; JALA ENTERPRISES )
LLC; ASAP CLEANERS, LLC; JAMES TOOL, )
MACHINE & ENGINEERING, INC.; JAMES )
W. THOMAS, INC.; JAMES' PAINT AND )
BODY SHOP, INC.; JAMIE'S BODY SHOP; )
JASON'S CUSTOM WOODWORKS, LLC; )
JCS ENTERPRISES, INC.; JEFF & DENNIS, )
INC.; JEPHET DAWKINS AUTO BODY )
REPAIR; JEROME RUSSO'S QUALITY )
PAINTING & DECORATING, INC.; JF )
ACQUISITION, LLC; JIM STUTZMAN )
CHEVROLET-CADILLAC CO.; MALLOY )
CHEVROLET CADILLAC, LLC; JIM WEISS )
AUTOBODY AND TOWING, LLC; JIMMY )
RIVERS BODY SHOP, INC.; JIMMY'S PAINT )
& BODY SHOP; JN ENTERPRISE INC.; )
JOHN L. YOUNG CO.; JOHN WOODIE )
ENTERPRISES, INC.; JOHNSON CONTROLS )
INTERNATIONAL, INC.; JOHNSON'S AUTO )
BODY; JR'S AUTO BODY INC.; JT'S PAINT )

& BODY SHOP, INC.; JUBAL CLEANERS )
LLC; JUSTICE WHOLESALE; GULF COAST )
COLLISION WORKX INC.; JVC )
ENVIRONMENTAL, INC.; K&K SERVICES, )
L.L.C.; KAR ENTERPRISES, LLC; KEL )
CHEMICALS, INC.; KEN-ANN )
CORPORATION; KEN-TRON MFG., INC.; )
KEN'S AUTOMOBILE AND TRUCK BODY )
REPAIR, INC.; KENNEY'S COLLISION )
CENTER, LLC; KENNY HAWKINS AUTO )
SERVICE, INC.; KIM'S AUTO & TRUCK )
COLLISION; KING STREET COLLISION )
CENTER, LLC; KING'S BODY SHOP; )
KING'S KUSTOMIZING, LLC; )
KINGSBURY'S AUTO BODY, INC.; KJM )
AUTOBODY LLC; KNIGHT ENTERPRISES, )
L.L.C.; KNIGHT'S BODY SHOP, INC.; )
KOGER PAINT & BODY SHOP, INC.; KS )
CLEANERS; KUSTOM KOLOR BODY )
SHOPPE, INC.; KWIK AS A WINK )
CLEANERS, INC.; L.T. BAYLIFF & SON, )
INC.; L&O AUTO BODY REPAIR INC.; L&P )
AUTOBODY, INC.; LABORATORY CORP. )
OF AMERICA HOLDINGS; LADUE WEST )
CLEANERS, INC.; LANDEX )
CORPORATION; LANGLEY'S FAMILY )
COLLISION CENTER, LLC; LAZZARO'S )
AUTOBODY INC.; LEDFORD'S AUTO )
SALES; LEE'S BODY SHOP; LEE'S BODY )
SHOP AND COLLISION, LLC; LEGGETT & )
PLATT, INC.; INSTEEL WIRE PRODUCTS )
COMPANY; LEONARD AUTOMOTIVE )
CONCEPTS, INC.; LEXIE SALES )
CORPORATION; LIBERTY ANALYTICAL )
CORPORATION; LIBERTY COLLISION )
CENTER, INC.; LIBERTY CORNER AUTO )
BODY; LIBURDI DIMETRICS )
CORPORATION; LIFTONE LLC; LILES )
COLLISION SERVICE, INC.; LINDE GAS )
NORTH AMERICA LLC; LINEARIZER )
TECHNOLOGY, INC.; LITTLE'S PERSONAL )
CLEANERS, INC.; LIVINGSTON )
COLLISION, INC.; LOCKWOOD IDENTITY, )
INC.; LOGISTIC LEASING, L.L.C.; )
LOWDER'S SHOP; LUMO, INC.; LURAY )
AUTO BODY; LYNCHBURG PUBLIC )

WAREHOUSE, LLC; M. NORMAN )
ENTERPRISE, INC.; M.K.T., INC.; M&M )
AUTO BODY & PAINT SPECIALIST, INC.; )
M&M CLEANERS; M&W ENTERPRISES OF )
GEORGIA, LLC; MAACO AUTO PAINTING; )
MAACO COLLISION REPAIR & AUTO )
PAINTING (COLUMBIA); MAACO )
COLLISION REPAIR & AUTO PAINTING )
(DURHAM); MAACO COLLISION REPAIR & )
AUTO PAINTING (LYNCHBURG); MACH 1 )
LUBE, TUNE & AC, INC.; MACK BROWN, )
INC.; MACKAY COMMUNICATIONS, INC.; )
MAGNA MACHINING, INC.; MAGNUS )
HITECH INDUSTRIES, INC.; MAJESTIC )
CLEANERS, INC.; MANASEK )
ACQUISITION COMPANY, LLC; MARK J. )
FALTUS AUTO BODY & PAINTING, INC.; )
MARK'S COLLISION REPAIR; MARSHALL )
AIR SYSTEMS, INC.; MARY H. LEWIS, )
D.D.S., P.C.; MASON'S CLEANERS INC.; )
MASONITE CORPORATION; MASTERS )
PAINT & BODY SHOP, INC.; MATCHLESS )
BODY WORKS, INC.; MATHIS COLLISION, )
LLC; MAX DAETWYLER CORP.; MAYER )
INDUSTRIES INC.; MBS FABRICATING )
AND COATING, INC.; MCGEE BROTHERS )
CO., INC.; MCKESSON CORPORATION; )
MEADOWS BODY SHOP, LLC; MEARES )
PAINT & BODY LLC; MEDIA PRINTING )
CORPORATION; MEGA BODY SHOP, LLC; )
MEMORY CROSS, INC.; MENZEL, INC.; )
METRO HEAVY DUTY DISTRIBUTORS, )
INC.; METROTECH CHEMICALS, INC.; MG )
INTERNATIONAL, INC.; MICHAEL JAMES, )
LLC; MICHAEL MOORE'S AUTO PAINT & )
BODY SHOP; MICHAEL S. BECKER, INC.; )
MICK'S CUSTOM PAINTING INC.; MICRO )
MINIATURE BEARING CO., INC.; MID )
COUNTY COLLISION INC.; MIDWAY )
BODY SHOP LLC; MIDWOOD AUTO )
CRAFT LLC; MIKE ROMANO'S AUTO )
BODY; MIKE'S PAINT & BODY INC.; )
MINCEY BODY SHOP, INC.; MINT HILL )
CABINET SHOP, INC.; MODACAM, INC.; )
MOE'S COLLISION INC.; MONTGOMERY )
INDUSTRIES INTERNATIONAL INC.; )

11

MOORE CUSTOM CABINETS, INC.; )
MOORE'S BODY SHOP, INC.; MORNING )
STAR PERSONALIZED APPAREL, INC.; )
MORRISON'S FRAME & BODY SHOP, INC.; )
MOSES FORD, INC.; MOUNTAIN PAINT & )
DECORATING, INC.; MOUNTAIN VALLEY )
BODY SHOP; MPD, INC.; MR. CLEANERS; )
MR. D'S AUTO BODY, LLC; MURPHY )
FAMILY VENTURES, LLC; EDENTON )
BOATWORKS, LLC; MURRAY'S AUTO )
BODY SHOP, INC.; MURRAY'S BODY )
SHOP, INC.; MURRAY'S SHEET METAL )
COMPANY, INC.; THE NASSAL COMPANY; )
NATIONAL COLLISION & TRUCK CENTER )
INC.; NATIONAL MANUFACTURING CO., )
INC.; NATIONAL OAK DISTRIBUTORS, )
INC.; NEIL SMITH'S PAINT & BODY SHOP, )
INC.; NEPHRON PHARMACEUTICALS )
CORPORATION; NEW DEAL PAINT & )
BODY SHOP, INC.; NEW ENGLAND AUTO )
WORKS, INC.; NEW HANGERS CLEANERS; )
NEW IMAGE PAINT & BODY SHOP; NEW )
SOUTH LUMBER COMPANY, INC.; )
NEWBERRY AUTO PAINT AND COLLISION )
CENTER, L.L.C.; NEWSOME'S BODY SHOP, )
INC.; NICKEE'S AUTOMOTIVE CENTER, )
LLC; NICKOLS CABINETRY & DESIGN )
INC.; NIX BROTHERS HYDRAULICS, INC.; )
NORTH CAROLINA DEPARTMENT OF )
HEALTH AND HUMAN SERVICES; NORTH )
CAROLINA DEPARTMENT OF NATURAL )
AND CULTURAL RESOURCES; NORTH )
CAROLINA DEPARTMENT OF PUBLIC )
SAFETY; NORTHERN VIRGINIA AUTO )
SHOP; NOVANT HEALTH INC.; NSC USA, )
INC.; NUVISION ENGINEERING, INC.; )
OAK-BARK CORPORATION; OAKBEND )
ENTERPRISES, INC.; OERLIKON TEXTILES, )
INC.; OLD DIXIE PAINT & BODY LLC; )
OLDEST TO NEWEST, INC.; ORNAMENTAL )
POST AND PANEL; OSTEEN'S COLLISION )
REPAIR; OTR WHEEL ENGINEERING, INC.; )
OWENS BODY SHOP LLC; OZONE )
COLLISION CENTER, LLC; PADDOCK )
POOL EQUIPMENT COMPANY, INC.; THE )
PAINT SHOP; PAINTMASTERS AUTO )

BODY REPAIRS AND COLLISIONS, INC.;          )
PAINTWORKS, INC.; PALM BAY CABINET          )
COMPANY, LLC; PALMETTO COLLISION,            )
LLC; PALMETTO PROPANE, FUELS, AND           )
ICE, INC.; PANELFOLD, INC.; PARA USA,        )
LLC; PARADISE SOLUTIONS, INC.;               )
PARAGON TECHNOLOGIES, INC.;                  )
PARAMOUNT ELECTRONICS                        )
MANUFACTURING COMPANY, INC.; PARK           )
HOTELS & RESORTS INC.; PARKER                )
MARINE ENTERPRISES, INC.; PC AUTO            )
REPAIR; PEACH AUTO PAINTING &               )
COLLISION; PEERLESS AUTO BODY, INC.;         )
PEERLESS MANUFACTURING CO.;                  )
PELLO'S BODY SHOP, INC.; PENGUIN             )
RANDOM HOUSE LLC; PENN COLLISION             )
INC.; PENN ENGINEERING &                     )
MANUFACTURING CORP.; PENTECH, INC.;          )
PERFORMANCE AUTO BODY, INC.;                 )
PERFORMANCE FRICTION                         )
CORPORATION; PERMA-FIX                       )
ENVIRONMENTAL SERVICES, INC.;                )
PETROLEUM EQUIPMENT & SERVICE,               )
INC.; PETTY MACHINE COMPANY INC.;            )
PHARR YARNS, LLC; PHAZE 3 KUSTOMS,           )
LLC; PHILLIPS CUSTOM BODY, INC.;             )
PHOENIX MECANO; PIANO CRAFT, LLC;            )
PIEDMONT HEALTHCARE, P.A.;                   )
PIEDMONT METAL FABRICATION, INC.;            )
PILSON'S AUTOMOTIVE COLLISION; PINO          )
ENTERPRISES, INC.; PIT STOP                  )
AUTOMOTIVE, INC.; PJC MANAGEMENT             )
GROUP, LLC; PLANET SOLUTIONS, INC.;          )
PLANT'S PAINT & BODY; PLANTATION             )
COLLISION CENTER LLC; PLAS-TECH              )
CORPORATION; PLASTI-SEAL                     )
CORPORATION; POLYLC, INC.; PONTIAC           )
FOODS, INC.; POST 40 MINUTE CLEANERS         )
INC.; POWDER COATING SERVICES, INC.;         )
POWELL'S BODY SHOP; POWEREX, INC.;           )
POWERLINE AUTO BODY, INC.; PRDK,             )
INC.; PRECISION BODY WORKS, INC.;            )
PRECISION CONCEPTS GROUP, LLC;               )
PREFORMED LINE PRODUCTS COMPANY;             )
PREM CORP.; PREMIERE FIBERS, LLC;            )
PREMIUM ALLIED TOOL, INC.; PRESTIGE          )

COLLISION SHOP LLC; PRIME DESIGN )
INC.; PRIME LEATHER FINISHES )
COMPANY; PRIME RESINS, INC.; PRINCE )
AUTO COLLISION, L.L.C.; PRINT USA, )
INC.; PRINTECH, INC.; PRO COLLISION )
CENTER; PRO-COLLISION, LLC; PRO-TECK )
COLLISION & FRAME INC.; PROCTOR'S )
BODY SHOP OF WILSON, INC.; )
PROVIDENCE PAINT COMPANY; )
PUTNAM'S BODY SHOP LLC; QUALITY )
AUTO PAINTING; QUALITY BUICK GMC, )
INC.; DISCOVERY AUTOMOTIVE, LLC; )
QUALITY CLEANERS; QUALITY )
CLEANING CENTER; QUALITY COLLISION )
REPAIR CENTER, INC.; QUALITY )
MACHINE CO., INC.; QUALITY POWDER )
COATING; R. TATE'S AUTO BODY & )
REPAIRS; R.J. REYNOLDS TOBACCO )
COMPANY; R.L. DRAKE HOLDINGS, LLC; )
R.P.M. COLLISION & FRAME, INC.; R&D )
SURF, INC.; R&M STEEL SERVICES INC.; )
R&S AUTO WORKS; R207, LLC; RACHEL'S )
COLLISION CENTER OF DAYTONA, INC.; )
RACKLEY BODY SHOP, INC.; RAM )
PAVEMENT SERVICES, INC.; RAMBO )
SVCS INC.; RAMSEY AUTO BODY AND )
COLLISION, INC.; RANDOLPH )
MANUFACTURING CORP.; SUSSEX WIRE )
INC.; RANDY BRITTAIN BODY SHOP; )
RANDY'S PAINT & BODY SHOP; )
RATHGIBSON INC.; RAVCO ENTERPRISES, )
INC.; RAY'S BODY SHOP; RAYMOND'S )
PAINT & BODY SHOP; REDDY )
CHEMTECH, INC.; REGAL AUTOMOTIVE )
GROUP, INC.; REGIONS FINANCIAL )
CORPORATION; REM ENTERPRISES, INC.; )
REMBRANDT'S AUTO BODY, INC.; )
RENNER USA, CORP.; REYNOLD'S BODY )
SHOP, L.L.C.; REYNOLDS PONTIAC- )
CADILLAC GMC TRUCK BUICK SUBARU )
INC.; RHODES BODY SHOP; RICHARD'S )
BODY SHOP, INC.; RICHIE'S BODY SHOP, )
INC.; RICK'S BODY SHOP, INC.; RICK'S )
BODY WORKS; RICK'S COLLISION & )
CUSTOM, LLC; THE RIGHT CHOICE )
COLLISION CENTER, INC.; RJ & JR AUTO )

ENTERPRISES, INC.; RL MAGERS, INC.;  )
RNJ HOLDINGS, INC.; ROBINSON PAINT &  )
BODY SHOP; ROCK HILL CLEANERS AND  )
LAUNDRY INC.; ROCKINGHAM COUNTY  )
SCHOOLS; ROGER'S BODY SHOP; ROHR'S  )
BODY SHOP INC.; ROOSTER'S COLLISION  )
INC.; ROSENBLATT & ASSOCIATES, INC.;  )
ROSS & WITMER, INC.; RPS COMPOSITES  )
ALABAMA, INC.; RUA MOTORCYCLES &  )
ACCESSORIES; RUSSELL'S PAINT &  )
BODY, INC.; RYERSON HOLDING  )
CORPORATION; SABET ENTERPRISES  )
INC.; SAMPSON COATINGS, INC.;  )
NATIONAL PAINT INDUSTRIES, INC.;  )
SANDERS BROTHERS CONSTRUCTION  )
COMPANY, INC.; SANDY-ALEXANDER,  )
INC.; SANESCO INTERNATIONAL INC.;  )
SAPA PRECISION TUBING ROCKLEDGE,  )
LLC; SAR INDUSTRIAL FINISHING, INC.;  )
SC JOHNSON PROFESSIONAL USA, INC.;  )
SCHRADER-BRIDGEPORT  )
INTERNATIONAL, INC.; SCIENTIFIC  )
ANALYTICAL INSTITUTE, INC.; SCOTT  )
CARS LP; SEAGRAVE FIRE APPARATUS,  )
LLC; SEMINOLE MARINE, INC.; SENECA  )
AUTO BODY, INC.; SENSATA  )
TECHNOLOGIES, INC.; SENSENY  )
CLEANERS; SENTRY ENTERPRISES, LLC;  )
SERRANO PAINT & BODY SHOP CO., INC.;  )
SERVICE CLEANERS, INC.; SHANE'S  )
AUTO BODY INC.; SHAW'S BODY SHOP,  )
INC.; THE SHOP INC.; SHOWTIME  )
RESTORATIONS, LLC; SHUTTER SHOP,  )
INC.; SIGN & AWNING SYSTEMS, INC.;  )
SIGNS ETC. OF CHARLOTTE; SILICONES,  )
INC.; SILVER CLEANERS INC.; SIMS  )
ENTERPRISE, INC.; SJB COLLISION, INC.;  )
SKYLINE CLEANERS; SMITH & CHILES  )
BODY SHOP AND COLLISION CENTER;  )
SMITH & NEPHEW INC.; SMITH OHC INC.;  )
SMITH'S ANTIQUES LLC; SMITH'S PAINT  )
& BODY SHOP, INC.; SOLIS AUTO BODY  )
SHOP, INC.; SOMERS CUSTOM PAINT &  )
BODY SHOP; SONNY'S CONSTRUCTION  )
CO., INC.; SONS AUTO ENTERPRISES, INC.;  )
SORRENTINO MARIANI & COMPANY;  )

SOUTHEASTERN PRINTING COMPANY,                )
INC.; SOUTHERN CULTURED MARBLE,               )
INC.; SOUTHERN CUSTOMS; SOUTHERN              )
ELECTRICAL EQUIPMENT COMPANY,                 )
INC.; SOUTHERN PAINT AND POWDER               )
COATING COMPANY INC.; SOUTHERN                )
RESIN, INC.; SOUTHLAKE ALTERATIONS            )
INC.; SPECTRA TRUE COLOUR, LLC;               )
SPRING HILL FRAME & BODY; STABILUS,           )
INC.; STANLEY FURNITURE COMPANY;              )
STANWOOD COMPANY, LLC; STAR                   )
QUALITY AUTO BODY & PAINT;                    )
STATEWIDE AUTO BODY SHOP, INC.;               )
STEEL HEDDLE REEDS LLC; STERICYCLE            )
SPECIALTY WASTE SOLUTIONS, INC.;              )
STERLING COLLISION & PAINT CENTER             )
INC.; STEVE MCDANIEL'S PAINT & BODY           )
SHOP, INC.; STEVE'S AUTO BODY, LLC;           )
STEVE'S BODY SHOP; STEW'S AUTO                )
BODY SHOP; STONER BROS.                       )
AUTOMOTIVE CORP.; STORMIN NORMAN,             )
INC.; STRAIGHTLINE AUTO BODY, INC.;           )
STROUD'S BODY SHOP; STUART-DEAN               )
CO. INC.; STYLES BODY SHOP; SUN               )
COAST MEDIA GROUP, INC.; SUN STATE            )
FORD, INC.; SUNBELT CHEMICALS CORP.;          )
SUNBELT CORPORATION; SUNBELT                  )
RENTALS, INC.; SUPA MAGS FLORIDA,             )
INC.; SUPREME ELASTIC CORPORATION;            )
SV MICROWAVE, INC.; SWIFT'S BODY              )
SHOP; SWISS CAPS USA, INC.; SYNCRON           )
EMS, LLC; T&G BODY SHOP; TA&S                 )
ENTERPRISES OF NC, INC.; TABET                )
MANUFACTURING COMPANY, INC.;                  )
TALON INTERNATIONAL, INC.; COATS              )
AMERICAN, INC.; TAMPA FIBERGLASS              )
INC.; TASKER INDUSTRIES, INC.; TAVAN,         )
INC.; TAYLOR PUMP & LIFT INC.; TCA            )
BROWARD COLLISION, LLC; TCI                   )
MOBILITY, INC.; TEC DISCOUNT PAINT &          )
BODY SHOP, INC.; TECHNO-COATINGS,             )
INC.; TECHNOLOGY GENERAL                      )
CORPORATION; TRANSBANC                        )
INTERNATIONAL INVESTORS                       )
CORPORATION; TEDKEN CORP.; TEMADA             )
INC.; TERRY'S BODY SHOP; THAD                 )

CUSTOM AUTOBODY LLC; THERRELL'S )
BODY SHOP; THOR INDUSTRIAL )
SERVICES, LLC; TILLEY BROTHERS BODY )
SHOP INC.; TIMES FIBER )
COMMUNICATION, INC.; TNT COLLISION )
INC.; TOM AND JERRY'S PAINT AND )
BODY, LLC; TOM'S BODY SHOP, INC.; )
TOUCHSTONE RESEARCH LABORATORY, )
LTD.; TRANS TUBE, INC.; TRANSPORT RE- )
NEW, INC.; TREND OFFSET PRINTING )
SERVICES, INC.; TRI CITY BODY SHOP; )
TRI-DIM FILTER CORPORATION; TRI- )
STEEL FABRICATORS, INC.; TROY, LLC; )
TRU FINISH PAINT & BODY SHOP; TRYON )
SHINY CARS, LLC; TS DESIGNS INC.; )
TUBE METHODS, INC.; TUCKAHOE )
CLEANERS; TURBOPOWER, LLC; )
ULTIMATE AUTO BODY & COLLISION )
LTD.; ULTIMATE AUTO BODY CENTER; )
ULTRACOLOR SYSTEMS OF RICHMOND, )
INC.; UNI-TECH PAINT & BODY SHOP; )
UNIQUE AUTO BODY; UNIQUE )
AUTOMOTIVE REBUILDERS, INC.; )
UNITED AUTO BODY INC.; UNITED )
STATES DEPARTMENT OF AGRICULTURE; )
UNITED STATES DEPARTMENT OF THE )
AIR FORCE; UNITED STATES FOOD & )
DRUG ADMINISTRATION; UNITED )
STATES GEOLOGICAL SURVEY; UNITED )
STATES NAVY; UNITED STATES POSTAL )
SERVICE; UNIVERSITY BODY REPAIRS, )
INC.; US $2.50 CLEANERS; US FOODS, INC.; )
UTILITY SERVICE CONTRACTORS, INC.; )
VALCOR ENGINEERING CORPORATION; )
VALUE AUTO PAINTING AND BODY )
WORKS, INC.; VAN ALPHEN & SON AUTO )
BODY; VENICE AUTO BODY & PAINTING )
SPECIALISTS INC.; VENICE AUTO BODY )
INC.; VESCO INDUSTRIAL TRUCKS OF )
HICKORY, INC.; VICTOR'S AUTO BODY )
INC.; VIERA AUTO PAINTING & )
COLLISION, INC.; VISUAL PHYSICS, LLC; )
VITAFOAM INC.; VITRAN EXPRESS, INC.; )
W.O.T. NOW, INC.; W.T. JERNIGAN & SONS )
TRUCKING, INC.; W&H STAMPINGS, INC.; )
WADDELL GROUP, INC.; WAGNER )

INDUSTRIES, INC.; WALL COLMONOY )
CORPORATION; WARD'S MARINE )
ELECTRIC, INC.; WATERS )
AGRICULTURAL LABORATORIES, INC.; )
WE KLEEN, INC.; WELDING, INC.; )
WESTROCK COMPANY; WESTCOAST )
AUTO BODY LLC; WEST HARRIS )
CLEANERS INC.; WHEELERS PAINT & )
BODY SHOP, INC.; WHITE'S AUTO BODY; )
WHITE'S NURSERY AND GREENHOUSES, )
INC.; WILD WOODWORKS, INC.; )
WILDWOOD LAMPS & ACCENTS INC.; )
WILLIAM DAVIS SIGN COMPANY, INC.; )
WILLIAMS BODY SHOP; MOORE'S )
COLLISION CENTER, LLC; WIMMER )
MOBILE SERVICES, INC.; WOLVERINE )
COATINGS CORPORATION; WOOD )
ENVIRONMENT & INFRASTRUCTURE )
SOLUTIONS, INC.; WOOD'S BODY SHOP, )
INC.; THE WOODSHOP, INC.; WURTH )
WOOD GROUP INC.; YORK BODY SHOP, )
LLC; ZACHRY ENGINEERING )
CORPORATION; ZENITH ENERGY )
TERMINALS HOLDINGS LLC; and ZEP, )
INC., )
                                                    )
                    Defendants.                     )

## **COMPLAINT**

For its Complaint, Plaintiff Trex Properties LLC (hereinafter "Plaintiff" or "Trex"), by

and through counsel, alleges as follows:

## **STATEMENT OF THE CASE**

1.      This is a civil action pursuant to the provisions of the Comprehensive

Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §

9601 *et seq.* ("CERCLA"). Trex asserts there has been a release and/or threat of release of

hazardous substances from a facility located at 3114 Cullman Avenue, Charlotte, North Carolina

("Trex North Carolina Facility"). These hazardous substances have contaminated the soil and

groundwater at the Trex North Carolina Facility and have threatened the public health and the environment. Each of the Defendants generated and/or transported hazardous substances that were treated and/or disposed of at the Trex North Carolina Facility. This action seeks recovery of over $2,900,000 in past response costs incurred by Trex at the Trex North Carolina Facility in response to the release and threatened release of hazardous substances into the environment at and from the Trex North Carolina Facility; and a declaration of each Defendants' liability for future response costs to be incurred by the Trex (and its assignors) at the Trex North Carolina Facility.

## JURISDICTION AND VENUE

2.      This Court has exclusive jurisdiction over Counts I and II pursuant to CERCLA Sections 107(a) and 113(b), 42 U.S.C. §§ 9607(a) and 9613(b), providing federal jurisdiction over controversies arising under CERCLA, and pursuant to 28 U.S.C. § 1331, providing federal jurisdiction over controversies involving questions of federal law. The Court also has jurisdiction over the request for declaratory relief in Count III pursuant to CERCLA Section 113, 42 U.S.C. § 9613, and 28 U.S.C. §§ 2201 and 2202.

3.      Venue is proper in this district pursuant to 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. § 1391(b), because the release or threatened release of hazardous substances that gave rise to this action occurred and/or are occurring at or from the Trex North Carolina Facility located in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

4.      The Trex North Carolina Facility encompasses approximately 1.68 acres located in an industrial area at 3114 and 3124 Cullman Avenue in Mecklenburg County, North Carolina, and includes two warehouses approximately 11,494 and 11,242 square feet in size, respectively.

5.      The Trex North Carolina Facility was formerly owned and operated by Detrex Corporation as a treatment, storage and disposal facility under a Resource Conservation and Recovery Act ("RCRA") Part B permit starting in 1983.

6.      During Detrex Corporation's ownership and operation of the Trex North Carolina Facility, it managed hazardous and non-hazardous spent solvent wastes from cleaning equipment and other related products. Products, non-RCRA, non-hazardous, and other solid wastes such as used oil, were also stored at the Trex North Carolina Facility.

7.      The soil and groundwater at the Trex North Carolina Facility is contaminated, and contamination has migrated off-site.

8.      Previous spillage of industrial solvents compelled Detrex Corporation to conduct several phases of environmental investigation to characterize the magnitude and extent of soil, groundwater and surface water contamination that resulted from such spills.

9.      Volatile organic compounds ("VOCs") are present in soil and groundwater from past releases at the Trex North Carolina Facility in association with the containerization, distribution, and solvent recycling operations. These releases may have originated from leaks from connections between lines such as from the railcars to inside containers, leaking foot valves on rail cars, and overflowing of containers associated with the recycling still within the Trex North Carolina Facility.

10.     On August 7, 2012, the State of North Carolina Division of Waste Management issued Detrex Corporation a RCRA permit for hazardous waste treatment and storage at the Trex North Carolina Facility.

11.     By letter dated September 5, 2012, the North Carolina Department of Environment and Natural Resources ("NCDENR") approved a modification to the RCRA permit.

12.     On June 18, 2013, Trex acquired the Trex North Carolina Facility.

13.     By letter dated December 5, 2013, the NCDENR approved a permit modification to transfer ownership of Detrex Corporation's RCRA permit to Trex.

14.     On July 15, 2016, Trex submitted a Conceptual Approach to Remediation to the North Carolina Department of Environmental Quality ("NCDEQ").

15.     By letter dated September 6, 2016, the NCDEQ provided conditional approval for the Conceptual Approach to Remediation provided by Trex.

16.     By letter dated October 24, 2016, the NCDEQ agreed to response activity plans at the Trex North Carolina Facility.

17.     Physical on-site construction of the remediation required by NCDEQ at the Trex North Carolina Facility commenced after October 2016.

18.     To date, the hazardous substances identified at the Trex North Carolina Facility include: 1,1 dichloroethene; perchloroethene; tetrachloroethylene (PCE); 1,1,1 trichloroethane (TCA); and trichloroethylene (TCE).

19.     Through July 21, 2021, Trex has incurred over $2,900,000 in response costs at the Trex North Carolina Facility.

20.     The response costs incurred to date by Trex are necessary to address the release and/or threatened release at the Trex North Carolina Facility, and are required by the NCDEQ, and as such are consistent with the National Oil and Hazardous Substances Pollution

Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and amendments thereto ("NCP").

21.     Trex will continue to incur millions of dollars in response costs to conduct response actions at the Trex North Carolina Facility as required by the State of North Carolina.

## THE PARTIES

22.     Trex is a Missouri entity, and is proceeding for itself and as assignee of the CERCLA claims at the Trex North Carolina Facility of those entities that have settled or will settle with Trex and that have assigned or will assign such CERCLA claims to Trex. Trex assumed the environmental liabilities of Detrex Corporation at the Trex North Carolina Facility when it purchased the Trex North Carolina Facility from Detrex Corporation in June 2013.

23.     Defendant 25th Street Holding Company, Inc., doing business as McHugh's Automotive Group, ("25th Street") is the successor to and/or is formerly known as James McHugh Paint & Body Works.

24.     According to Trex North Carolina Facility records, James McHugh Paint & Body Works by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by James McHugh Paint & Body Works and contained hazardous substances.

25.     By letter dated August 18, 2017, Trex demanded that 25th Street reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

26.     To date, 25th Street has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

27. Defendant 3V Sigma USA Inc. ("3V Sigma") is the successor to and/or is formerly known as 3V Incorporated.

28. In or about 2016, 3V Incorporated changed its name to 3V Sigma USA Inc.

29. According to Trex North Carolina Facility records, 3V Incorporated by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 541 gallons of materials to the Trex North Carolina Facility. These materials were owned by 3V Incorporated and contained hazardous substances.

30. By letter dated June 30, 2017, Trex demanded that 3V Sigma reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

31. To date, 3V Sigma has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

32. According to Trex North Carolina Facility records, Defendant 5 Star Auto Collision, Inc. ("5 Star Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 60 gallons of materials to the Trex North Carolina Facility. These materials were owned by 5 Star Auto and contained hazardous substances.

33. By letter dated July 28, 2017, Trex demanded that 5 Star Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

34. To date, 5 Star Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

35.     According to Trex North Carolina Facility records, Defendant A-1 Auto Body ("A-1 Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by A-1 Auto and contained hazardous substances.

36.     By letter dated July 28, 2017, Trex demanded that A-1 Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

37.     To date, A-1 Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

38.     According to Trex North Carolina Facility records, Defendant A-1 Body Shop, LLC. ("A-1 Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by A-1 Body and contained hazardous substances.

39.     By letter dated July 7, 2017, Trex demanded that A-1 Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

40.     To date, A-1 Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

41.     According to Trex North Carolina Facility records, Defendant A. Berger, Inc. ("A. Berger") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 8,598 gallons of

materials to the Trex North Carolina Facility. These materials were owned by A. Berger and contained hazardous substances.

42.     By letter dated June 16, 2017, Trex demanded that A. Berger reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

43.     To date, A. Berger has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

44.     According to Trex North Carolina Facility records, Defendant A&P Collision, Inc. ("A&P Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by A&P Collision and contained hazardous substances.

45.     By letter dated July 28, 2017, Trex demanded that A&P Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

46.     To date, A&P Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

47.     According to Trex North Carolina Facility records, Defendant A1 Auto Body & Painting ("A1 Auto Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by A1 Auto Body and contained hazardous substances.

48.     By letter dated July 14, 2017, Trex demanded that A1 Auto Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

49.     To date, A1 Auto Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

50.     According to Trex North Carolina Facility records, Defendant A1 Automotive Inc. ("A1 Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by A1 Auto and contained hazardous substances.

51.     By letter dated July 7, 2017, Trex demanded that A1 Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

52.     To date, A1 Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

53.     According to Trex North Carolina Facility records, Defendant ABC Liquors, Inc., doing business as ABC Fine Wine & Spirits, ("ABC") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 457 gallons of materials to the Trex North Carolina Facility. These materials were owned by ABC and contained hazardous substances.

54.     By letter dated March 31, 2016, Trex demanded that ABC reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

55.     To date, ABC has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

56.     According to Trex North Carolina Facility records, Defendant Abingdon Cleaners & Launderers, Inc. ("Abingdon Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 957 gallons of materials to the Trex North Carolina Facility. These materials were owned by Abingdon Cleaners and contained hazardous substances.

57.     By letter dated June 23, 2017, Trex demanded that Abingdon Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

58.     To date, Abingdon Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

59.     According to Trex North Carolina Facility records, Defendant Accumetrics Limited ("Accumetrics") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,200 gallons of materials to the Trex North Carolina Facility. These materials were owned by Accumetrics and contained hazardous substances.

60.     By letter dated June 16, 2017, Trex demanded that Accumetrics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

61.     To date, Accumetrics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

62.     According to Trex North Carolina Facility records, Defendant Accurate Angles, Inc. ("Accurate Angles") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Accurate Angles and contained hazardous substances.

63.     By letter dated August 18, 2017, Trex demanded that Accurate Angles reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

64.     To date, Accurate Angles has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

65.     Defendant Accurate Forming, LLC ("Accurate Forming") is the successor to and/or is formerly known as Accurate Forming Division of Shan Ind.

66.     In or about 2000, Shan Industries acquired Accurate Forming.

67.     According to Trex North Carolina Facility records, Accurate Forming Division of Shan Ind. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,253 gallons of materials to the Trex North Carolina Facility. These materials were owned by Accurate Forming Division of Shan Ind. and contained hazardous substances.

68.     By letter dated June 16, 2017, Trex demanded that Accurate Forming reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

69.     To date, Accurate Forming has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

70.     According to Trex North Carolina Facility records, Defendant Ace Paint & Body Works, Inc. ("Ace Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ace Paint and contained hazardous substances.

71.     By letter dated July 7, 2017, Trex demanded that Ace Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

72.     To date, Ace Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

73.     According to Trex North Carolina Facility records, Defendant Acutech Motors, Inc. ("Acutech Motors") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Acutech Motors and contained hazardous substances.

74.     By letter dated July 28, 2017, Trex demanded that Acutech Motors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

75.     To date, Acutech Motors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

76.     According to Trex North Carolina Facility records, Defendant Adams Auto Sales & Body Shop, LLC ("Adams Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220

gallons of materials to the Trex North Carolina Facility. These materials were owned by Adams Auto and contained hazardous substances.

77. By letter dated July 7, 2017, Trex demanded that Adams Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

78. To date, Adams Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

79. According to Trex North Carolina Facility records, Defendant ADC Finishing, Inc., doing business as ADC Metal Finishing, ("ADC Finishing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,592 gallons of materials to the Trex North Carolina Facility. These materials were owned by ADC Finishing and contained hazardous substances.

80. By letter dated June 16, 2017, Trex demanded that ADC Finishing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

81. To date, ADC Finishing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

82. Defendant Admark Graphic Systems, LLC ("Admark") is the successor to and/or is formerly known as Admark Graphic Systems, Inc.

83. In or about 2017, Admark Graphic Systems, Inc. was acquired by LAM Partners, LLC.

84. In or about 2017, LAM Parnters, LLC changed its name to Admark Graphic Systems, LLC.

30

85.     According to Trex North Carolina Facility records, Admark Graphic Systems, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,960 gallons of materials to the Trex North Carolina Facility. These materials were owned by Admark Graphic Systems, Inc. and contained hazardous substances.

86.     By letter dated June 16, 2017, Trex demanded that Admark reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

87.     To date, Admark has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

88.     Defendant Adriani's Body Shop, LLC ("Adriani's Body") is the successor to and/or is also known as Adriani's Collision Center.

89.     Adriani's Collision Center is and/or was located at 7906 Anderson Road, Tampa, Florida 33634.

90.     According to the Florida Secretary of State, Adriani's Body was formed in 2002.

91.     Adriani's Body was located at 7906 Anderson Road, Tampa, Florida 33634.

92.     According to Adriani's Body's website, it holds itself out as Adriani's Collision Center.

93.     According to Trex North Carolina Facility records, Adriani's Collision Center by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Adriani's Collision Center and contained hazardous substances.

94.     By letter dated July 21, 2017, Trex demanded that Adriani's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

95.     To date, Adriani's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

96.     According to Trex North Carolina Facility records, Defendant Advanced Asphalt Technologies LLC ("Advanced Asphalt") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Advanced Asphalt and contained hazardous substances.

97.     By letter dated July 28, 2017, Trex demanded that Advanced Asphalt reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

98.     To date, Advanced Asphalt has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

99.     According to Trex North Carolina Facility records, Defendant Advanced Auto Body Inc. ("Advanced Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 240 gallons of materials to the Trex North Carolina Facility. These materials were owned by Advanced Auto and contained hazardous substances.

100.    By letter dated June 30, 2017, Trex demanded that Advanced Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

101.    To date, Advanced Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

102.    According to Trex North Carolina Facility records, Defendant Advanced Collision ("Advanced Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Advanced Collision and contained hazardous substances.

103.    By letter dated July 28, 2017, Trex demanded that Advanced Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

104.    To date, Advanced Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

105.    According to Trex North Carolina Facility records, Defendant Advanced Metal Products, Inc. ("Advanced Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 475 gallons of materials to the Trex North Carolina Facility. These materials were owned by Advanced Metal and contained hazardous substances.

106.    By letter dated June 30, 2017, Trex demanded that Advanced Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

107.    To date, Advanced Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

108.	Defendant Advanex Americas, Inc. ("Advanex") is the successor to and/or is formerly known as Kato Spring of Georgia.

109.	On or about April 8, 1982, Kato Spring of Georgia, Inc. was incorporated.

110.	According to articles of amendment from 1992, Yuichi Kato was the President of Kato Spring of Georgia, Inc.

111.	In or about 1998, Kato Spring of Georgia, Inc. volunarily dissolved. Kuzuo Suyama signed the papers as President of Kato Spring of Georgia, Inc.

112.	In or about 1998, Kato Spring of California, Inc. registered to do business in Georgia. Yuichi Kato is listed as the President. Kuzuo Suyama is listed as Executive Vice President and Chief Financial Officer.

113.	In or about 2011, Kato Spring of California, Inc. changed its name to Advanex Americas, Inc. Yuichi Kato is listed as the President.

114.	According to Trex North Carolina Facility records, Kato Spring of Georgia by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 9,550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kato Spring of Georgia and contained hazardous substances.

115.	By letter dated June 16, 2017, Trex demanded that Advanex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

116.	To date, Advanex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

117.     According to Trex North Carolina Facility records, Defendant Aerospace/Defense Coatings of Georgia, Inc. ("Aerospace Coatings") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 432 gallons of materials to the Trex North Carolina Facility. These materials were owned by Aerospace Coatings and contained hazardous substances.

118.     By letter dated June 30, 2017, Trex demanded that Aerospace Coatings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

119.     To date, Aerospace Coatings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

120.     According to Trex North Carolina Facility records, Defendant Affordable Auto Body ("Affordable Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Affordable Auto and contained hazardous substances.

121.     By letter dated July 28, 2017, Trex demanded that Affordable Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

122.     To date, Affordable Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

123.     According to Trex North Carolina Facility records, Defendant Affordable Body Shop, Inc. ("Affordable Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,045

35

gallons of materials to the Trex North Carolina Facility. These materials were owned by Affordable Body and contained hazardous substances.

124.    By letter dated June 23, 2017, Trex demanded that Affordable Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

125.    To date, Affordable Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

126.    Defendant AFG MBS FP, LLC, doing business as Maaco Collision Repair & Auto Painting, ("AFG MBS") is the successor to and/or is formerly known as Maaco Auto Painting.

127.    Maaco Auto Painting is and/or was located at 3143 Canton Rd NE, Marietta, Georgia, 30066.

128.    AFG MBS is the franchisee of a Maaco Business located at 3143 Canton Road, Marietta, Georgia, 30066.

129.    According to Trex North Carolina Facility records, Maaco Auto Painting by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 768 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting and contained hazardous substances.

130.    By letter dated June 23, 2017, Trex demanded that AFG MBS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

131. To date, AFG MBS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

132. According to Trex North Carolina Facility records, Defendant Aircraft Composite Technologies, Inc. ("Aircraft Composite") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 451 gallons of materials to the Trex North Carolina Facility. These materials were owned by Aircraft Composite and contained hazardous substances.

133. By letter dated June 30, 2017, Trex demanded that Aircraft Composite reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

134. To date, Aircraft Composite has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

135. According to Trex North Carolina Facility records, Defendant Aircraft Electric Motors, Inc. ("Aircraft Electric") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,051 gallons of materials to the Trex North Carolina Facility. These materials were owned by Aircraft Electric and contained hazardous substances.

136. By letter dated June 23, 2017, Trex demanded that Aircraft Electric reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

137. To date, Aircraft Electric has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

138.    According to Trex North Carolina Facility records, Defendant Airmark Components, Inc. ("Airmark Components") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Airmark Components and contained hazardous substances.

139.    By letter dated July 28, 2017, Trex demanded that Airmark Components reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

140.    To date, Airmark Components has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

141.    According to Trex North Carolina Facility records, Defendant AJ Originals, Inc. ("AJ Originals") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by AJ Originals and contained hazardous substances.

142.    By letter dated July 28, 2017, Trex demanded that AJ Originals reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

143.    To date, AJ Originals has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

144.    According to Trex North Carolina Facility records, Defendant AJ Vater Company Inc. ("AJ Vater") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 728 gallons of

materials to the Trex North Carolina Facility. These materials were owned by AJ Vater and contained hazardous substances.

145.     By letter dated June 23, 2017, Trex demanded that AJ Vater reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

146.     To date, AJ Vater has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

147.     According to Trex North Carolina Facility records, Defendant AJR Inc., doing business as Rhodes Trailers & Truck Body, ("AJR") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by AJR and contained hazardous substances.

148.     By letter dated July 7, 2017, Trex demanded that AJR reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

149.     To date, AJR has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

150.     According to Trex North Carolina Facility records, Defendant Al's Auto Body Service ("Al's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Al's Auto and contained hazardous substances.

Case 3:21-cv-00458-KDB-DSC   Document 1   Filed 08/30/21   Page 39 of 523

151.     By letter dated July 28, 2017, Trex demanded that Al's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

152.     To date, Al's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

153.     According to Trex North Carolina Facility records, Defendant Alco Metal Fabricators, Inc. ("Alco Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Alco Metal and contained hazardous substances.

154.     By letter dated July 7, 2017, Trex demanded that Alco Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

155.     To date, Alco Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

156.     According to Trex North Carolina Facility records, Defendant Alex & Leo Auto Body, Inc. ("Alex & Leo") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 250 gallons of materials to the Trex North Carolina Facility. These materials were owned by Alex & Leo and contained hazardous substances.

157.     By letter dated June 30, 2017, Trex demanded that Alex & Leo reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

158. To date, Alex & Leo has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

159. According to Trex North Carolina Facility records, Defendant Alexander Reed Dry Cleaners, Inc., doing business as 45 Minute Cleaners, ("Alexander Reed") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 310 gallons of materials to the Trex North Carolina Facility. These materials were owned by Alexander Reed and contained hazardous substances.

160. By letter dated September 1, 2017, Trex demanded that Alexander Reed reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

161. To date, Alexander Reed has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

162. According to Trex North Carolina Facility records, Defendant Alexander's Auto Sales & Body Shop ("Alexander's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Alexander's Auto and contained hazardous substances.

163. By letter dated July 28, 2017, Trex demanded that Alexander's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

164. To date, Alexander's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

165.    According to Trex North Carolina Facility records, Defendant All Pro Collisions, Inc. ("All Pro") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 288 gallons of materials to the Trex North Carolina Facility. These materials were owned by All Pro and contained hazardous substances.

166.    By letter dated June 30, 2017, Trex demanded that All Pro reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

167.    To date, All Pro has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

168.    According to Trex North Carolina Facility records, Defendant All State Paint & Body Shop, Inc. ("All State Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by All State Paint and contained hazardous substances.

169.    By letter dated July 28, 2017, Trex demanded that All State Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

170.    To date, All State Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

171.    According to Trex North Carolina Facility records, Defendant All-N-1 Collision Center, Inc. ("All-N-1 Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275

gallons of materials to the Trex North Carolina Facility. These materials were owned by All-N-1 Collision and contained hazardous substances.

172.    By letter dated June 30, 2017, Trex demanded that All-N-1 Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

173.    To date, All-N-1 Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

174.    Defendant Alliance Franchise Brands LLC ("Alliance Franchise") is the successor to and/or is formerly known as Allegra Print & Imaging.

175.    Allegra Network LLC is also known as Allegra Print & Imaging.

176.    On or about December 30, 2019, Allegra Network LLC changed its name to Alliance Franchise Brands LLC.

177.    According to Trex North Carolina Facility records, Allegra Print & Imaging by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Allegra Print & Imaging and contained hazardous substances.

178.    By letter dated June 30, 2017, Trex demanded that Allegra Network LLC reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

179.    To date, Alliance Franchise has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

180.     According to Trex North Carolina Facility records, Defendant Allstar Enterprises, Inc., doing business as European Auto Body, ("Allstar Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Allstar Enterprises and contained hazardous substances.

181.     By letter dated August 4, 2017, Trex demanded that Allstar Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

182.     To date, Allstar Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

183.     According to Trex North Carolina Facility records, Defendant Allstate O.R.C. Inc. ("Allstate") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 300 gallons of materials to the Trex North Carolina Facility. These materials were owned by Allstate and contained hazardous substances.

184.     By letter dated July 17, 2017, Trex demanded that Allstate reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

185.     To date, Allstate has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

186.     Defendant Altra Industrial Motion Corp. ("Altra Industrial") is the successor to and/or is formerly known as Boston Gear.

187.     In or about 1997, Colfax Corporation acquired Boston Gear LLC.

188.     In or about 2004, Colfax Corporation formed Power Transmission Holding, LLC to serve as the holding company for Boston Gear LLC.

189.     On or about November 30, 2004, Altra Holdings, Inc. acquired Power Transmission Holding, LLC from Colfax Corporation.

190.     On or about November 22, 2013, Altra Holdings, Inc. changed its name to Altra Industrial Motion Corp.

191.     According to Trex North Carolina Facility records, Boston Gear by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 72 gallons of materials to the Trex North Carolina Facility. These materials were owned by Boston Gear and contained hazardous substances.

192.     By letter dated July 28, 2017, Trex demanded that Altra Industrial reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

193.     To date, Altra Industrial has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

194.     Alternatively, Defendant Boston Gear LLC ("Boston Gear LLC") is the successor to and/or is formerly known as Boston Gear, as alleged above.

195.     To date, Boston Gear LLC has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

196.     Defendant American & Efird Global, LLC ("American & Efird") is the successor to and/or is formerly known as American & Efird - Dixie Yarns - Thread Plant and Dixie Yarns - Thread Plant.

197.     In or about 1996, American & Efird, Inc. acquired assets of Dixie Yarns Inc.

198.     In or about 2011, American & Efird, Inc. converted to American & Efird Global, LLC.

199.     According to Trex North Carolina Facility records, American & Efird - Dixie Yarns - Thread Plant and Dixie Yarns - Thread Plant by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,008 gallons of materials to the Trex North Carolina Facility. These materials were owned by American & Efird - Dixie Yarns - Thread Plant and Dixie Yarns - Thread Plant and contained hazardous substances.

200.     By letter dated June 23, 2017, Trex demanded that American & Efird reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

201.     To date, American & Efird has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

202.     According to Trex North Carolina Facility records, Defendant American Auto Painting & Repair Inc. ("American Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by American Auto and contained hazardous substances.

203.     By letter dated July 28, 2017, Trex demanded that American Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

204.     To date, American Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

205.     Defendant American Image Graphics Inc. ("American Image") is the successor to and/or is formerly known as American Image Graphics and Multigraphics Inc.

206.     American Image Graphics is and/or was located at 6234 Brookshire Boulevard, Charlotte, North Carolina, 28216.

207.     Multigraphics, Inc. is and/or was located at 6234 Brookshire Blvd., Charlotte, North Carolina, 28216.

208.     On or about July 13, 2006, Multigraphics, Inc. registered the assumed name American Image Graphics Corporation.

209.     Multigraphics, Inc. was a subsidiary and/or affiliate of American Image Graphics Corporation, which is a corporation organized pursuant to the laws in Pennsylvania.

210.     The President of Multigraphics, Inc. and American Image Graphics Corporation is Richard Reidler.

211.     The Secretary of Multigraphics, Inc. and American Image Graphics Corporation is Edward Reidler.

212.     In or about 2015, Multigraphics, Inc. dissolved in the state of North Carolina.

213.     On or about May 6, 2021, American Image Graphics Corporation dissolved in the state of Pennsylvania.

214.     In or about 1966, Reidler Decal Corporation registered to do business in the state of Pennsylvania.

215.     Richard Reidler was previously the President of Reidler Decal Corporation.

216.     The current President of Reidler Decal Corporation is Edward Reidler.

217.     According to the Pennsylvania Secretary of State, Reidler Decal Corporation is the owner of American Image Graphics.

218. According to Trex North Carolina Facility records, American Image Graphics and Multigraphics Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,060 gallons of materials to the Trex North Carolina Facility. These materials were owned by American Image Graphics and Multigraphics Inc. and contained hazardous substances.

219. By letter dated April 20, 2016, Trex demanded that American Image reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

220. To date, American Image has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

221. According to Trex North Carolina Facility records, Defendant Ameritech Die & Mold, Inc. ("Ameritech Die") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ameritech Die and contained hazardous substances.

222. By letter dated July 21, 2017, Trex demanded that Ameritech Die reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

223. To date, Ameritech Die has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

224. Defendant Amphenol Corporation ("Amphenol") is the successor to and/or is formerly known as Amphenol Corporation and Teradyne.

225.    Teradyne is and/or was located at 3936 West Point Blvd, Winston-Salem, North Carolina, 27103.

226.    TCMS, Inc., d/b/a Teradyne TCMS, was formerly a subsidiary of Teradyne, Inc.

227.    Teradyne TCMS was located at 3936 Westpoint Blvd, Winston-Salem, North Carolina, 27103.

228.    In or about 2007, Amphenol Corporation acquired Teradyne TCMS, Inc. from Teradyne.

229.    According to Trex North Carolina Facility records, Amphenol Corporation and Teradyne by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 34,425 gallons of materials to the Trex North Carolina Facility. These materials were owned by Amphenol Corporation and Teradyne and contained hazardous substances.

230.    By letter dated September 12, 2017, Trex demanded that Amphenol reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

231.    To date, Amphenol has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

232.    According to Trex North Carolina Facility records, Defendant Amplifier Research Corp. ("Amplifier") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 300 gallons of materials to the Trex North Carolina Facility. These materials were owned by Amplifier and contained hazardous substances.

49

233.     By letter dated July 7, 2017, Trex demanded that Amplifier reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

234.     To date, Amplifier has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

235.     According to Trex North Carolina Facility records, Defendant Andapharm LLC ("Andapharm") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 299 gallons of materials to the Trex North Carolina Facility. These materials were owned by Andapharm and contained hazardous substances.

236.     By letter dated July 7, 2017, Trex demanded that Andapharm reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

237.     To date, Andapharm has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

238.     According to Trex North Carolina Facility records, Defendant Anderson Brass Company ("Anderson Brass") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,763 gallons of materials to the Trex North Carolina Facility. These materials were owned by Anderson Brass and contained hazardous substances.

239.     By letter dated June 23, 2017, Trex demanded that Anderson Brass reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

240.     To date, Anderson Brass has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

241.     According to Trex North Carolina Facility records, Defendant Andrew's Auto Body ("Andrew's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Andrew's Auto and contained hazardous substances.

242.     By letter dated July 28, 2017, Trex demanded that Andrew's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

243.     To date, Andrew's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

244.     Defendant Ansell Healthcare Products LLC ("Ansell Healthcare") is the successor to and/or is formerly known as Ansell Golden Needles.

245.     In or about 1997, Golden Needles Knitting, Inc. was acquired by Ansell Healthcare, Inc.

246.     Ansell Healthcare, Inc. holds itself out as Ansell Healthcare Products Inc.

247.     In or about 2004, Ansell Healthcare Products merged into Ansell Healthcare Products LLC.

248.     According to Trex North Carolina Facility records, Ansell Golden Needles by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 200 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Ansell Golden Needles and contained hazardous substances.

249.    By letter dated June 30, 2017, Trex demanded that Ansell Healthcare reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

250.    To date, Ansell Healthcare has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

251.    Defendant Anson Autobody & Paintworks, LLC, doing business as Maaco Collision Repair & Auto Painting, ("Anson Autobody") is the successor to and/or is formerly known as Maaco, Maaco Auto Paint, Maaco Collision Repair and Maaco - Rock Hill.

252.    Maaco, Maaco Auto Paint, Maaco Collision Repair and Maaco – Rock Hill is and/or was at 1405 Cherry Road, Rock Hill, South Carolina, 29732.

253.    Anson Autobody & Paintworks, LLC is the franchisee of the Maaco franchise located at 1405 Cherry Road, Rock Hill, South Carolina, 29732.

254.    According to Trex North Carolina Facility records, Maaco, Maaco Auto Paint, Maaco Collision Repair and Maaco - Rock Hill by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 710 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco, Maaco Auto Paint, Maaco Collision Repair and Maaco - Rock Hill and contained hazardous substances.

255.    By letter dated June 23, 2017, Trex demanded that Anson Autobody reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

256.    To date, Anson Autobody has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

257.    According to Trex North Carolina Facility records, Defendant Anthony's Touch of Class, Inc. ("Touch of Class") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Touch of Class and contained hazardous substances.

258.    By letter dated July 21, 2017, Trex demanded that Touch of Class reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

259.    To date, Touch of Class has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

260.    According to Trex North Carolina Facility records, Defendant AOS Thermal Compounds, LLC ("AOS Thermal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by AOS Thermal and contained hazardous substances.

261.    By letter dated July 28, 2017, Trex demanded that AOS Thermal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

262.    To date, AOS Thermal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

263. Defendant Apex Tool Group, LLC ("Apex Tool") is the successor to and/or is formerly known as Apex Tool Group - Gastonia, Apex Tool Group (Cooper Tool), Apex Tool Group LLC, Champion Aviation Products Division, Cooper Industries - Champion Aviation Products Div., Cooper Power Tools, and Danaher Tool Group.

264. Champion Aviation Products is or was a division of Cooper Industries.

265. Champion Aviation Products Division and Cooper Industries – Chamption Aviation Products Div. is and/or was at 1230 Old Norris Road, Liberty, South Carolina, 29657.

266. Champion Aviation Products is and/or was located at 1230 Old Norris Road, Liberty, South Carolina, 29657.

267. In or about 2008, Cooper Power Tools Inc. merged into Cooper Tools Inc.

268. In or about 2010, Danaher Corporation and Cooper Industries merged their respective tool businesses, Danaher Tool Group and Cooper Tools Inc., to form Apex Tool Group.

269. According to Trex North Carolina Facility records, Apex Tool Group - Gastonia, Apex Tool Group (Cooper Tool), Apex Tool Group LLC, Champion Aviation Products Division, Cooper Industries - Champion Aviation Products Div., Cooper Power Tools, and Danaher Tool Group by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 9,979 gallons of materials to the Trex North Carolina Facility. These materials were owned by Apex Tool Group - Gastonia, Apex Tool Group (Cooper Tool), Apex Tool Group LLC, Champion Aviation Products Division, Cooper Industries - Champion Aviation Products Div., Cooper Power Tools, and Danaher Tool Group and contained hazardous substances.

270.     By letter dated March 31, 2016, Trex demanded that Apex Tool reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

271.     To date, Apex Tool has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

272.     Alternatively, Defendant Eaton Corporation ("Eaton") is the successor to and/or is formerly known as Apex Tool Group - Gastonia, Apex Tool Group (Cooper Tool), Apex Tool Group LLC, Champion Aviation Products Division, Cooper Industries - Champion Aviation Products Div., Cooper Power Tools, and Danaher Tool Group, as alleged above.

273.     In or about 2012, Eaton Corporation acquired Cooper Industries.

274.     To date, Eaton has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

275.     According to Trex North Carolina Facility records, Defendant Appalachian Machine, Inc. ("Appalachian Machine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Appalachian Machine and contained hazardous substances.

276.     By letter dated July 28, 2017, Trex demanded that Appalachian Machine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

277.     To date, Appalachian Machine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

278. According to Trex North Carolina Facility records, Defendant Apparel Sourcing Group, Inc., doing business as American Niagara, ("Apparel Sourcing Group") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Apparel Sourcing Group and contained hazardous substances.

279. By letter dated June 16, 2017, Trex demanded that Apparel Sourcing Group reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

280. To date, Apparel Sourcing Group has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

281. According to Trex North Carolina Facility records, Defendant Applied Felts, Inc. ("Applied Felts") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Applied Felts and contained hazardous substances.

282. By letter dated July 28, 2017, Trex demanded that Applied Felts reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

283. To date, Applied Felts has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

284. According to Trex North Carolina Facility records, Defendant APT Industries, Inc. ("APT Industries") by contract, agreement, or otherwise arranged for disposal or treatment,

or arranged with a transporter for transport for disposal or treatment, at least 213 gallons of materials to the Trex North Carolina Facility. These materials were owned by APT Industries and contained hazardous substances.

285.    By letter dated July 14, 2017, Trex demanded that APT Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

286.    To date, APT Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

287.    Defendant ARAI Americas, Inc. ("ARAI Americas") is the successor to and/or is formerly known as Arai Manufacturing, ARS Manufacturing, and Tohatsu International Inc. of U.S.A.

288.    Arai Manufacturing is and/or was located at 5878 Bayside Rd. Virginia Beach, Virginia 23455.

289.    Tohatsu International Inc. is and/or was located at 5878 Bayside Rd. Virginia Beach, Virginia 23455.

290.    ARAI Americas, Inc. is and/or was located at 5878 Bayside Rd. Virginia Beach, Virginia 23455.

291.    According to ARAI Americas, Inc.'s website, ARS Manufacturing was established in 1987 and Arai Americas was established in 2001

292.    According to Trex North Carolina Facility records, Arai Manufacturing, ARS Manufacturing and Tohatsu International Inc. of U.S.A. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 32,719 gallons of materials to the Trex North Carolina Facility. These

materials were owned by Arai Manufacturing, ARS Manufacturing and Tohatsu International Inc. of U.S.A. and contained hazardous substances.

293.    By letter dated June 16, 2017, Trex demanded that ARAI Americas reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

294.    To date, ARAI Americas has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

295.    According to Trex North Carolina Facility records, Defendant Arjobex America, Inc. ("Arjobex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Arjobex and contained hazardous substances.

296.    By letter dated June 30, 2017, Trex demanded that Arjobex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

297.    To date, Arjobex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

298.    According to Trex North Carolina Facility records, Defendant Arnder Automotive ("Arnder Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Arnder Auto and contained hazardous substances.

58

299. By letter dated July 28, 2017, Trex demanded that Arnder Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

300. To date, Arnder Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

301. According to Trex North Carolina Facility records, Defendant Arpco Three, Inc., doing business as Arpco Auto Painting & Body Repair, ("Arpco Three") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 103 gallons of materials to the Trex North Carolina Facility. These materials were owned by Arpco Three and contained hazardous substances.

302. By letter dated July 28, 2017, Trex demanded that Arpco Three reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

303. To date, Arpco Three has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

304. According to Trex North Carolina Facility records, Defendant Artistic Creations Kustoms ("Artistic Creations") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Artistic Creations and contained hazardous substances.

305. By letter dated July 21, 2017, Trex demanded that Artistic Creations reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

306.     To date, Artistic Creations has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

307.     Defendant Ashakf, Inc. ("Ashakf") is the successor to and/or is formerly known as High Standard Aviation Inc.

308.     High Standard Aviation Inc. is and/or was located at 7841 NW 56th Street, Doral, Florida, 33166.

309.     Ashakf is and/or was located at 7841 NW 56th Street, Doral, Florida, 33166.

310.     On or about January 16, 2009, High Standard Aviation, Inc. changed its name to Ashakf, Inc.

311.     According to Trex North Carolina Facility records, High Standard Aviation Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 13 gallons of materials to the Trex North Carolina Facility. These materials were owned by High Standard Aviation Inc. and contained hazardous substances.

312.     By letter dated March 16, 2020, Trex demanded that Ashakf reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

313.     To date, Ashakf has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

314.     Defendant Astro Pak Corporation ("Astro Pak") is the successor to and/or is formerly known as Chemko, Inc.

315.     In or about 2016, Astro Pak Corporation acquired Chemko, Inc.

316. According to Trex North Carolina Facility records, Chemko, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 603 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chemko, Inc. and contained hazardous substances.

317. By letter dated June 2, 2020, Trex demanded that Astro Pak reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

318. To date, Astro Pak has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

319. According to Trex North Carolina Facility records, Defendant Atlas Sign Industries of Fla., LLC ("Atlas Sign") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Atlas Sign and contained hazardous substances.

320. By letter dated June 23, 2017, Trex demanded that Atlas Sign reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

321. To date, Atlas Sign has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

322. According to Trex North Carolina Facility records, Defendant Atlas Sign Industries of NC, LLC ("Atlas Sign Industries") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 1,460 gallons of materials to the Trex North Carolina Facility. These materials were owned by Atlas Sign Industries and contained hazardous substances.

323.    By letter dated June 23, 2017, Trex demanded that Atlas Sign Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

324.    To date, Atlas Sign Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

325.    According to Trex North Carolina Facility records, Defendant Auto Body Connection, LLC ("Auto Body Connection") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Body Connection and contained hazardous substances.

326.    By letter dated July 21, 2017, Trex demanded that Auto Body Connection reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

327.    To date, Auto Body Connection has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

328.    According to Trex North Carolina Facility records, Defendant Auto Body Shop ("Auto Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 380 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Body and contained hazardous substances.

329.    By letter dated June 30, 2017, Trex demanded that Auto Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

330.    To date, Auto Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

331.    According to Trex North Carolina Facility records, Defendant Auto Collision Experts, Inc. ("Auto Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Collision and contained hazardous substances.

332.    By letter dated July 28, 2017, Trex demanded that Auto Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

333.    To date, Auto Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

334.    According to Trex North Carolina Facility records, Defendant Auto Color Match, Inc. ("Auto Color") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 290 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Color and contained hazardous substances.

335.    By letter dated June 30, 2017, Trex demanded that Auto Color reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

336. To date, Auto Color has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

337. According to Trex North Carolina Facility records, Defendant Auto Connection 210, LLC ("Auto Connection 210") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Connection 210 and contained hazardous substances.

338. By letter dated July 21, 2017, Trex demanded that Auto Connection 210 reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

339. To date, Auto Connection 210 has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

340. According to Trex North Carolina Facility records, Defendant Auto Dent Care, Inc. ("Dent Care") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 125 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dent Care and contained hazardous substances.

341. By letter dated July 21, 2017, Trex demanded that Dent Care reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

342. To date, Dent Care has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

343. According to Trex North Carolina Facility records, Defendant Auto Pro Solutions, LLC ("Auto Pro") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Pro and contained hazardous substances.

344. By letter dated July 28, 2017, Trex demanded that Auto Pro reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

345. To date, Auto Pro has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

346. According to Trex North Carolina Facility records, Defendant The Auto Shop ("Auto Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Shop and contained hazardous substances.

347. By letter dated August 11, 2017, Trex demanded that Auto Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

348. To date, Auto Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

349. According to Trex North Carolina Facility records, Defendant Auto Works Collision & Paint, Inc. ("Auto Works") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Auto Works and contained hazardous substances.

350.     By letter dated July 7, 2017, Trex demanded that Auto Works reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

351.     To date, Auto Works has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

352.     According to Trex North Carolina Facility records, Defendant Autohaus II Paint and Body Shop ("Autohaus Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 36 gallons of materials to the Trex North Carolina Facility. These materials were owned by Autohaus Paint and contained hazardous substances.

353.     By letter dated August 25, 2017, Trex demanded that Autohaus Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

354.     To date, Autohaus Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

355.     According to Trex North Carolina Facility records, Defendant Automotive International of Charlotte LLC ("Automotive International") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Automotive International and contained hazardous substances.

66

356. By letter dated July 21, 2017, Trex demanded that Automotive International reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

357. To date, Automotive International has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

358. According to Trex North Carolina Facility records, Defendant Avonlea Ridge, Inc., doing business as J's Auto Body, ("Avonlea Ridge") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Avonlea Ridge and contained hazardous substances.

359. By letter dated August 4, 2017, Trex demanded that Avonlea Ridge reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

360. To date, Avonlea Ridge has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

361. Defendant B&E Auto Service Inc. ("B&E Auto") is the successor to and/or is formerly known as B&E Auto Service, Inc. and B and E Auto Service Incorporated.

362. B&E Auto Service, Inc. is and/or was located at 5018 Euclid Road, Virginia Beach, Virginia, 23462.

363. According to Trex North Carolina Facility records, the generator contact for B&E Auto Service, Inc. was David Barnard.

364. David Barnard is the owner of the property located at 5018 Euclid Road, Virginia Beach, Virginia, 23462.

365.     According to the Virginia Secretary of State, Joseph [David] Barnard is the President of B and E Auto Service Incorporated.

366.     According to Trex North Carolina Facility records, B&E Auto Service, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by B&E Auto Service, Inc. and contained hazardous substances.

367.     By letter dated July 7, 2017, Trex demanded that B&E Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

368.     To date, B&E Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

369.     Defendant B&H Body Shop and Sales, Inc. ("B&H Body") is the successor to and/or is formerly known as B&H Shop & Sales.

370.     B&H Body Shop & Sales is and/or was located at 6320 Hawkinsville Rd., Macon, Georgia, 31216.

371.     According to the Georgia Secretary of State, B&H Body Shop and Sales, Inc. is and/or was located at 6320 Hawkinsville Rd, Macon, Georgia, 31216.

372.     According to Trex North Carolina Facility records, B&H Shop & Sales by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by B&H Shop & Sales and contained hazardous substances.

373.     By letter dated July 7, 2017, Trex demanded that B&H Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

374.     To date, B&H Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

375.     According to Trex North Carolina Facility records, Defendant B&L Cremation Systems, Inc. ("B&L Cremation") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by B&L Cremation and contained hazardous substances.

376.     By letter dated July 28, 2017, Trex demanded that B&L Cremation reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

377.     To date, B&L Cremation has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

378.     According to Trex North Carolina Facility records, Defendant Baltimore Finishing Works, Inc. ("Baltimore Finishing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,430 gallons of materials to the Trex North Carolina Facility. These materials were owned by Baltimore Finishing and contained hazardous substances.

379.     By letter dated March 31, 2016, Trex demanded that Baltimore Finishing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

380.     To date, Baltimore Finishing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

381.     According to Trex North Carolina Facility records, Defendant Barnet Polymers, LLC ("Barnet Polymers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 236 gallons of materials to the Trex North Carolina Facility. These materials were owned by Barnet Polymers and contained hazardous substances.

382.     By letter dated March 31, 2016, Trex demanded that Barnet Polymers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

383.     To date, Barnet Polymers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

384.     According to Trex North Carolina Facility records, Defendant Bay Mechanical, Inc. ("Bay Mechanical") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,935 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bay Mechanical and contained hazardous substances.

385.     By letter dated June 23, 2017, Trex demanded that Bay Mechanical reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

386.     To date, Bay Mechanical has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

387.    According to Trex North Carolina Facility records, Defendant Bazemore's Auto & Truck ("Bazemore's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bazemore's Auto and contained hazardous substances.

388.    By letter dated July 28, 2017, Trex demanded that Bazemore's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

389.    To date, Bazemore's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

390.    According to Trex North Carolina Facility records, Defendant BCC Products, Inc. ("BCC Products") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by BCC Products and contained hazardous substances.

391.    By letter dated July 7, 2017, Trex demanded that BCC Products reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

392.    To date, BCC Products has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

393.    According to Trex North Carolina Facility records, Defendant Beasley's Body Shop ("Beasley's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110

gallons of materials to the Trex North Carolina Facility. These materials were owned by Beasley's Body and contained hazardous substances.

394.    By letter dated July 28, 2017, Trex demanded that Beasley's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

395.    To date, Beasley's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

396.    According to Trex North Carolina Facility records, Defendant Bennett Heating and Brazing Co., Inc. ("Bennett Heating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 400 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bennett Heating and contained hazardous substances.

397.    By letter dated March 16, 2020, Trex demanded that Bennett Heating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

398.    To date, Bennett Heating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

399.    According to Trex North Carolina Facility records, Defendant Bergen Imports, Inc. ("Bergen Imports") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bergen Imports and contained hazardous substances.

400. By letter dated June 30, 2017, Trex demanded that Bergen Imports reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

401. To date, Bergen Imports has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

402. According to Trex North Carolina Facility records, Defendant Berglund Chevrolet Inc., doing business as Berglund Body Works, ("Berglund") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,245 gallons of materials to the Trex North Carolina Facility. These materials were owned by Berglund and contained hazardous substances.

403. By letter dated June 23, 2017, Trex demanded that Berglund reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

404. To date, Berglund has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

405. According to Trex North Carolina Facility records, Defendant Bert's Auto Body Shop Inc. ("Bert's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bert's Auto and contained hazardous substances.

406. By letter dated July 21, 2017, Trex demanded that Bert's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

407.     To date, Bert's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

408.     According to Trex North Carolina Facility records, Defendant Bestweld, Inc. ("Bestweld") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 12,098 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bestweld and contained hazardous substances.

409.     By letter dated June 16, 2017, Trex demanded that Bestweld reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

410.     To date, Bestweld has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

411.     According to Trex North Carolina Facility records, Defendant Bethesda Restorations LLC ("Bethesda Restorations") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bethesda Restorations and contained hazardous substances.

412.     By letter dated July 21, 2017, Trex demanded that Bethesda Restorations reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

413.     To date, Bethesda Restorations has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

414. Defendant Bethune Nonwovens, Inc., doing business as Suominen Nonwovens, ("Bethune Nonwovens") is the successor to and/or is formerly known as Ahlstrom Nonwovens and Bethune Nonwovens Inc.

415. Prior to April 8, 2011, Ahlstrom Corporation had a subsidiary named Ahlstrom Nonwovens.

416. Ahlstrom Nonwovens was located at 500 Chesnut Street, Bethune, South Carolina, 29009.

417. On or about April 8, 2011, Ahlstrom Corporation divested Ahlstrom Nonwovens to Suominen Corporation.

418. On or about September 7, 2011, the same fabrics business located at 500 Chesnut Street, Bethune, South Carolina registered to do business as Bethune Nonwovens, Inc.

419. According to Trex North Carolina Facility records, Ahlstrom Nonwovens and Bethune Nonwovens Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 80 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ahlstrom Nonwovens and Bethune Nonwovens Inc. and contained hazardous substances.

420. By letter dated July 28, 2017, Trex demanded that Bethune Nonwovens reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

421. To date, Bethune Nonwovens has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

422. According to Trex North Carolina Facility records, Defendant Bill Fields, Inc., doing business as Bill's Paint & Body, ("Bill Fields") by contract, agreement, or otherwise

arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bill Fields and contained hazardous substances.

423. By letter dated July 28, 2017, Trex demanded that Bill Fields reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

424. To date, Bill Fields has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

425. According to Trex North Carolina Facility records, Defendant Black Oak Auto Body Inc. ("Oak Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Oak Auto and contained hazardous substances.

426. By letter dated July 28, 2017, Trex demanded that Oak Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

427. To date, Oak Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

428. Defendant The Blakley Corporation ("Blakley") is the successor to and/or is formerly known as F.E. Gates.

429. In or about 1994, The Blakley Corporation acquired F.E. Gates.

430. According to Trex North Carolina Facility records, F.E. Gates by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

76

transport for disposal or treatment, at least 1,072 gallons of materials to the Trex North Carolina Facility. These materials were owned by F.E. Gates and contained hazardous substances.

431.    By letter dated June 23, 2017, Trex demanded that Blakley reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

432.    To date, Blakley has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

433.    Defendant Bloomingburg Liquidating Corp. ("Bloomingburg") is the successor to and/or is formerly known as Talma Fasteners and Talma Fastener Corp.

434.    On or about June 19, 2008, Talma Fastener Corp changed its name to Bloomingburg Liquidating Corp.

435.    According to Trex North Carolina Facility records, Talma Fasteners and Talma Fastener Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 655 gallons of materials to the Trex North Carolina Facility. These materials were owned by Talma Fasteners and Talma Fastener Corp. and contained hazardous substances.

436.    By letter dated June 23, 2017, Trex demanded that Bloomingburg reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

437.    To date, Bloomingburg has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

438. Alternatively, Defendant NGS Capital Management, LLC ("NGS Capital") is the successor to and/or is formerly known as Talma Fasteners and Talma Fastener Corp., as alleged above.

439. In or about 2008, Oconomowoc Manufacturing Corp. aquired assets of Talma Fasteners Corp.

440. In or about 2014, NGS Capital Management, LLC acquired Oconomowoc Manufacturing Corp.

441. NGS Capital Management, LLC holds out as Oconomowoc Manufacturing.

442. By letter dated July 7, 2017, Trex demanded that NGS Capital reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

443. To date, NGS Capital has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

444. According to Trex North Carolina Facility records, Defendant Blountstown Collision Center, Inc. ("Blountstown Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Blountstown Collision and contained hazardous substances.

445. By letter dated July 28, 2017, Trex demanded that Blountstown Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

446. To date, Blountstown Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

447.     According to Trex North Carolina Facility records, Defendant Blue Max Trucking, Inc. ("Blue Max Trucking") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Blue Max Trucking and contained hazardous substances.

448.     By letter dated August 18, 2017, Trex demanded that Blue Max Trucking reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

449.     To date, Blue Max Trucking has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

450.     According to Trex North Carolina Facility records, Defendant Blueprint Automation, Inc. ("Blueprint Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Blueprint Auto and contained hazardous substances.

451.     By letter dated July 7, 2017, Trex demanded that Blueprint Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

452.     To date, Blueprint Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

453.     According to Trex North Carolina Facility records, Defendant Blythe Construction, Inc. ("Blythe") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385

gallons of materials to the Trex North Carolina Facility. These materials were owned by Blythe and contained hazardous substances.

454.    By letter dated June 30, 2017, Trex demanded that Blythe reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

455.    To date, Blythe has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

456.    According to Trex North Carolina Facility records, Defendant Bob Huff Chevrolet Buick GMC, Inc., doing business as Bob Huff Collision Center, ("Huff Chevrolet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Huff Chevrolet and contained hazardous substances.

457.    By letter dated July 28, 2017, Trex demanded that Huff Chevrolet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

458.    To date, Huff Chevrolet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

459.    According to Trex North Carolina Facility records, Defendant Bobby Wood Chevrolet, Inc. ("Wood Chevrolet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wood Chevrolet and contained hazardous substances.

460.     By letter dated July 28, 2017, Trex demanded that Wood Chevrolet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

461.     To date, Wood Chevrolet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

462.     According to Trex North Carolina Facility records, Defendant The Body Spot, Inc. ("Body Spot") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Body Spot and contained hazardous substances.

463.     By letter dated June 30, 2017, Trex demanded that Body Spot reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

464.     To date, Body Spot has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

465.     Defendant Body Tech Collision Center, LLC ("Body Tech Collision") is the successor to and/or is also known as Body Tech Collision Repair.

466.     Body Tech Collision Repair is and/or was located at 4390 Wade Hampton Blvd., Taylors, South Carolina, 29687.

467.     The registration agent of Body Tech Collision Center is Ferdinand Loy.

468.     The property at 4390 Wade Hampton Blvd., Taylors, South Carolina, 29687 is owned by Loy Property Mangement LLC.

469.     The registration agent of Loy Property Management LLC is Ferdinand Loy.

470. Body Tech Collision Center, LLC does business as Body Tech Collision Repair.

471. According to Trex North Carolina Facility records, Body Tech Collision Repair by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Body Tech Collision Repair and contained hazardous substances.

472. By letter dated June 30, 2017, Trex demanded that Body Tech Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

473. To date, Body Tech Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

474. Defendant Bodyworks & Painting Ltd., Inc., doing business as Maaco Collision Repair & Auto Painting, ("Bodyworks & Painting") is the successor to and/or is formerly known as Maaco Auto Painting.

475. Maaco Auto Painting is and/or was located at 6124-A Maccorkle Ave, St. Albans, West Virginia, 25177.

476. Bodyworks & Painting Ltd., Inc. is the franchisee of a Maaco franchise located at 6124 MacCorkle Avenue, St. Albans, West Virginia, 25177.

477. According to Trex North Carolina Facility records, Maaco Auto Painting by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting and contained hazardous substances.

478. By letter dated June 30, 2017, Trex demanded that Bodyworks & Painting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

479. To date, Bodyworks & Painting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

480. Defendant Bon Vivant Custom Woodworking, Inc. ("Bon Vivant") is the successor to and/or is formerly known as Bon Vivant Corporation.

481. Bon Vivant Corporation is and/or was located at 120 NE 27th Street, Miami, Florida, 33137.

482. According to the Florida Secretary of State, Bon Vivant Custom Woodworking, Inc. is and/or was located at 120 NE 27th Street, Suite 400, Miami, Florida, 33137.

483. The President of Bon Vivant Custom Woodworking, Inc. is Ricardo Rammos.

484. Ricardo Rammos is also known as Rick Rammos.

485. According to Trex North Carolina Facility records, Bon Vivant Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,500 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bon Vivant Corporation and contained hazardous substances.

486. By letter dated June 16, 2017, Trex demanded that Bon Vivant reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

487. To date, Bon Vivant has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

488.     According to Trex North Carolina Facility records, Defendant Booth Electrosystems, Inc. ("Booth Electrosystems") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 462 gallons of materials to the Trex North Carolina Facility. These materials were owned by Booth Electrosystems and contained hazardous substances.

489.     By letter dated June 30, 2017, Trex demanded that Booth Electrosystems reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

490.     To date, Booth Electrosystems has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

491.     Defendant Boston Scientific Corporation ("Boston Scientific") is the successor to and/or is formerly known as BSCI Corp.

492.     Boston Scientific Corporation holds itself out as BSCI Corp.

493.     According to Trex North Carolina Facility records, BSCI Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 700 gallons of materials to the Trex North Carolina Facility. These materials were owned by BSCI Corp. and contained hazardous substances.

494.     By letter dated March 31, 2016, Trex demanded that Boston Scientific reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

495.     To date, Boston Scientific has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

496. Alternatively, Defendant BSCI, Inc., doing business as BCSI Energy Impact Systems, ("BSCI") is the successor to and/or is formerly known as BSCI Corp., as alleged above.

497. BSCI Corp. is and/or was located at 129 Farthing Lane, Mooresville, North Carolina, 28117.

498. BSCI, Inc. is or was located at 129 Farthing Lane, Mooresville, North Carolina, 28117.

499. According to Trex North Carolina Facility records, the generator contact for BSCI Corp was Matt Ray.

500. Matt Ray is a manager of BSCI, Inc.

501. By letter dated April 29, 2016, Trex demand BSCI reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

502. To date, BSCI has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

503. According to Trex North Carolina Facility records, Defendant Bowen Collision Center Inc. ("Bowen Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bowen Collision and contained hazardous substances.

504. By letter dated June 30, 2017, Trex demanded that Bowen Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

505. To date, Bowen Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

85

506.     Defendant BPK Enterprises, Inc. ("BPK") is doing business as Accent Auto Painting and Collision.

507.     According to Trex North Carolina Facility records, Accent Auto Painting and Collision by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,585 gallons of materials to the Trex North Carolina Facility. These materials were owned by Accent Auto Painting and Collision and contained hazardous substances.

508.     By letter dated March 31, 2016, Trex demanded that BPK reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

509.     To date, BPK has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

510.     According to Trex North Carolina Facility records, Defendant Brian's Paint & Body Shop, Inc. ("Brian's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Brian's Paint and contained hazardous substances.

511.     By letter dated July 7, 2017, Trex demanded that Brian's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

512.     To date, Brian's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

513.     According to Trex North Carolina Facility records, Defendant Bridgeview Industrial Finishers, Inc. ("Bridgeview Finishers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bridgeview Finishers and contained hazardous substances.

514.     By letter dated August 18, 2017, Trex demanded that Bridgeview Finishers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

515.     To date, Bridgeview Finishers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

516.     According to Trex North Carolina Facility records, Defendant Bridgewater Collision Repair ("Bridgewater Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bridgewater Collision and contained hazardous substances.

517.     By letter dated June 30, 2017, Trex demanded that Bridgewater Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

518.     To date, Bridgewater Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

519.     According to Trex North Carolina Facility records, Defendant Bristol Compressors International, LLC ("Bristol Compressors") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or

treatment, at least 4,842 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bristol Compressors and contained hazardous substances.

520.    By letter dated June 16, 2017, Trex demanded that Bristol Compressors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

521.    To date, Bristol Compressors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

522.    Defendant Britt Metal Processing, Inc. ("Britt Metal") is the successor to and/or is formerly known as Bright Metal Processing.

523.    Bright Metal Processing was located at 15800 N.W. 49th Avenue, Miami, Florida, 33014.

524.    Britt Metal was located at 15800 N.W. 49th Avenue, Miami, Florida, 33014.

525.    On or about April 19, 2017, Britt Metal changed its principal address to 6910 Barquera Street, Coral Gables, Florida, 33146.

526.    BMP Technical Services, LLC is and/or was located at 6910 Barquera Street, Coral Gables, Florida, 33146.

527.    Britt Metal Processing, Inc. holds itself out as a division of BMP Technical Support, LLC.

528.    According to Trex North Carolina Facility records, Bright Metal Processing by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bright Metal Processing and contained hazardous substances.

529.     By letter dated July 28, 2017, Trex demanded that Britt Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

530.     To date, Britt Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

531.     Defendant Brothers Cleaners, L.L.C., doing business as Princess Cleaners, ("Brothers Cleaners") is the successor to and/or is formerly known as Princess Cleaners & Launderers.

532.     Princess Cleaners & Launderers is and/or was located at 407 Thompson Street, Ashland, Virginia, 23005.

533.     On or about September 27, 2007, Brothers Cleaners, L.L.C. registered the fictitious name Princess Cleaners.

534.     Brothers Cleaners, L.L.C. is and/or was located at 407 Thompson Street, Ashland, Virginia, 23005.

535.     According to Trex North Carolina Facility records, Princess Cleaners & Launderers by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Princess Cleaners & Launderers and contained hazardous substances.

536.     By letter dated August 11, 2017, Trex demanded that Brothers Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

537.     To date, Brothers Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

538.     According to Trex North Carolina Facility records, Defendant Brown and Brown Body Shop ("Brown and Brown") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Brown and Brown and contained hazardous substances.

539.     By letter dated July 28, 2017, Trex demanded that Brown and Brown reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

540.     To date, Brown and Brown has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

541.     According to Trex North Carolina Facility records, Defendant Buchholz Paint & Autobody, Inc. ("Buchholz Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Buchholz Paint and contained hazardous substances.

542.     By letter dated July 28, 2017, Trex demanded that Buchholz Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

543.     To date, Buchholz Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

544.     According to Trex North Carolina Facility records, Defendant Buckman's Auto Care Inc. ("Buckman's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Buckman's Auto and contained hazardous substances.

545.     By letter dated July 28, 2017, Trex demanded that Buckman's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

546.     To date, Buckman's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

547.     Defendant Buensod Sales Associates, Inc. ("Buensod Sales") is the successor to and/or is formerly known as Buensod Panels & Washers.

548.     Buesod Panels & Washers is and/or was located at 10402 Rodney St., Pineville, North Carolina, 28134.

549.     Buensod Buensod Sales Associates, Inc. is and/or was located at 10402 Rodney Street, Pineville, North Carolina, 28134.

550.     According to Trex North Carolina Facility records, Buensod Panels & Washers by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 560 gallons of materials to the Trex North Carolina Facility. These materials were owned by Buensod Panels & Washers and contained hazardous substances.

551. By letter dated June 23, 2017, Trex demanded that Buensod Sales reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

552. To date, Buensod Sales has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

553. According to Trex North Carolina Facility records, Defendant The Bump Shop, Inc. ("Bump Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 240 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bump Shop and contained hazardous substances.

554. By letter dated June 30, 2017, Trex demanded that Bump Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

555. To date, Bump Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

556. According to Trex North Carolina Facility records, Defendant Burkett's Body Shop ("Burkett's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Burkett's Body and contained hazardous substances.

557. By letter dated July 7, 2017, Trex demanded that Burkett's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

558.    To date, Burkett's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

559.    According to Trex North Carolina Facility records, Defendant Burlington Chemical Company ("Burlington Chemical") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 40 gallons of materials to the Trex North Carolina Facility. These materials were owned by Burlington Chemical and contained hazardous substances.

560.    By letter dated August 18, 2017, Trex demanded that Burlington Chemical reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

561.    To date, Burlington Chemical has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

562.    Defendant Burlington Industries LLC ("Burlington") is the successor to and/or formerly known as Burlington House Finishing, Burlington House Finishing Plant, Burlington Industries - Finishing Plant, Burlington Worldwide-Raeford Plant, Burlington Worldwide-Raeford Plt Div ITG, and ITG-Burlington Finishing Plant.

563.    Burlington Industries LLC is a division of International Textiles Group, Inc.

564.    International Textiles Group, Inc. holds itself out as ITG.

565.    Burlington Worldwide-Raeford Plant and Burlington Worldwide-Raeford Plt Div ITG is and/or was at 1001 Turnpike Road, Raeford, North Carolina, 28376.

566.    Burlington Worldwide is and/or was located at 1001 Turnpike Road, Raeford, North Carolina. Burlington Worldwide is a division of Burlington.

567. Burlington House Finishing, Burlington House Finishing Plant, Burlington Industires-Finishing Plant, and ITG Burlington Finishing Plant is and/or was at 906 Anthony Street, Burlington, North Carolina, 27217.

568. Burlington Finishing is and/or was located at 906 N Anthony Street, Burlington, North Carolina, 27217.

569. Burlington Finishing is a division of Burlington Industries.

570. According to Trex North Carolina Facility records, Burlington House Finishing, Burlington House Finishing Plant, Burlington Industries - Finishing Plant, Burlington Worldwide-Raeford Plant, Burlington Worldwide-Raeford Plt Div ITG, and ITG-Burlington Finishing Plant by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 599 gallons of materials to the Trex North Carolina Facility. These materials were owned by Burlington House Finishing, Burlington House Finishing Plant, Burlington Industries - Finishing Plant, Burlington Worldwide-Raeford Plant, Burlington Worldwide-Raeford Plt Div ITG, and ITG-Burlington Finishing Plant and contained hazardous substances.

571. By letter dated March 31, 2016, Trex demanded that Burlington reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

572. To date, Burlington has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

573. Defendant Burns Chevrolet, Inc. ("Burns Chevrolet") is the successor to and/or is also known as Burns Chevrolet and Burns Chevrolet Olds Inc.

574. Burns Chevrolet-Oldsmobile, Inc. holds itself out as Burns Chevrolet and Burns Chevrolet Olds Inc.

575. On or about May 27, 2003, Burns Chevrolet-Oldsmobile, Inc. changed its name to Burns Chevrolet, Inc.

576. According to Trex North Carolina Facility records, Burns Chevrolet and Burns Chevrolet Olds Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by Burns Chevrolet and Burns Chevrolet Olds Inc. and contained hazardous substances.

577. By letter dated June 23, 2017, Trex demanded that Burns Chevrolet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

578. To date, Burns Chevrolet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

579. According to Trex North Carolina Facility records, Defendant Burnsed Body Shop, Inc. ("Burnsed Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Burnsed Body and contained hazardous substances.

580. By letter dated June 30, 2017, Trex demanded that Burnsed Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

581.     To date, Burnsed Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

582.     According to Trex North Carolina Facility records, Defendant C. James & Sons Auto Body ("James & Sons Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by James & Sons Auto and contained hazardous substances.

583.     By letter dated July 28, 2017, Trex demanded that James & Sons Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

584.     To date, James & Sons Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

585.     According to Trex North Carolina Facility records, Defendant C.A.R.S. Auto Body Shop, Inc. ("C.A.R.S. Auto Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 880 gallons of materials to the Trex North Carolina Facility. These materials were owned by C.A.R.S. Auto Body and contained hazardous substances.

586.     By letter dated June 23, 2017, Trex demanded that C.A.R.S. Auto Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

587.     To date, C.A.R.S. Auto Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

588.     According to Trex North Carolina Facility records, Defendant C.P. Cleaners, Inc., doing business as Lucky Cleaners, ("C.P. Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96 gallons of materials to the Trex North Carolina Facility. These materials were owned by C.P. Cleaners and contained hazardous substances.

589.     By letter dated August 11, 2017, Trex demanded that C.P. Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

590.     To date, C.P. Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

591.     According to Trex North Carolina Facility records, Defendant C&C Industries Inc. ("C&C Industries") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by C&C Industries and contained hazardous substances.

592.     By letter dated July 28, 2017, Trex demanded that C&C Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

593.     To date, C&C Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

594.     According to Trex North Carolina Facility records, Defendant C&P Body Shop, Inc. ("C&P Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 400 gallons of

materials to the Trex North Carolina Facility. These materials were owned by C&P Body and contained hazardous substances.

595. By letter dated June 30, 2017, Trex demanded that C&P Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

596. To date, C&P Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

597. According to Trex North Carolina Facility records, Defendant The Cabinet Place Inc. ("Cabinet Place") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cabinet Place and contained hazardous substances.

598. By letter dated June 30, 2017, Trex demanded that Cabinet Place reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

599. To date, Cabinet Place has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

600. Defendant Caledonian Alloys, Inc. ("Caledonian") is the successor to and/or is formerly known as Caledonian Alloys, Caledonian Alloys-Huntington, Caledonian Alloys-Huntington (Thistle Processing) and Thistle Processing, LLC.

601. Caledonian Alloys is and/or was located at 2803 Bravo Place, Monroe, North Carolina, 28110.

602.    Caledonian Alloys-Huntington, Caledonian Alloys-Huntington (Thistle Processing), and Thistle Processing, LLC is and/or was located at 3190 Riverside Drive, Huntington, West Virginia, 25705.

603.    On or about July 2, 2013, Thistle Processing LLC merged into Huntington Alloys Corporation.

604.    According to Trex North Carolina Facility records, Caledonian Alloys, Caledonian Alloys-Huntington, Caledonian Alloys-Huntington (Thistle Processing) and Thistle Processing, LLC by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 53,869 gallons of materials to the Trex North Carolina Facility. These materials were owned by Caledonian Alloys, Caledonian Alloys-Huntington, Caledonian Alloys-Huntington (Thistle Processing) and Thistle Processing, LLC and contained hazardous substances.

605.    By letter dated June 30, 2017, Trex demanded that Caledonian reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

606.    To date, Caledonian has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

607.    According to Trex North Carolina Facility records, Defendant Calhoun Brothers Body Shop ("Calhoun Brothers Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Calhoun Brothers Body and contained hazardous substances.

608.     By letter dated July 21, 2017, Trex demanded that Calhoun Brothers Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

609.     To date, Calhoun Brothers Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

610.     Defendant Caliber Collision Transport Services LLC, doing business as Caliber Collision Centers, ("Caliber") is the successor to and/or is formerly known as B&R Body Shop, B&R Body Shop East and B&R Body Shop Pineville.

611.     B&R Body Shop East and B&R Body Shop Pineville are affiliates of B&R Body Shop.

612.     In or about 2015, Caliber Collision Transport Services LLC acquired B&R Body Shop.

613.     According to Trex North Carolina Facility records, B&R Body Shop, B&R Body Shop East and B&R Body Shop Pineville by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,595 gallons of materials to the Trex North Carolina Facility. These materials were owned by B&R Body Shop, B&R Body Shop East and B&R Body Shop Pineville and contained hazardous substances.

614.     By letter dated June 23, 2017, Trex demanded that Caliber reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

615.     To date, Caliber has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

616. Defendant Cameron Ashley Building Products, Inc. ("Cameron Ashley") is the successor to and/or is formerly known as Guardian Fiberglass.

617. Guardian Fiberglass, Inc. is a subsidiary of Guardian Building Products, Inc.

618. In or about 2019, Guardian Building Products, Inc. changed its name to Cameron Ashley Building Products, Inc.

619. According to Trex North Carolina Facility records, Guardian Fiberglass by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 22 gallons of materials to the Trex North Carolina Facility. These materials were owned by Guardian Fiberglass and contained hazardous substances.

620. By letter dated March 16, 2020, Trex demanded that Cameron Ashley reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

621. To date, Cameron Ashley has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

622. According to Trex North Carolina Facility records, Defendant Camirol, LLC, doing business as ABRA Auto Body & Glass, ("Camirol") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Camirol and contained hazardous substances.

623. By letter dated July 7, 2017, Trex demanded that Camirol reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

624.     To date, Camirol has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

625.     According to Trex North Carolina Facility records, Defendant Cannon Collision, LLC ("Cannon") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cannon and contained hazardous substances.

626.     By letter dated July 7, 2017, Trex demanded that Cannon reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

627.     To date, Cannon has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

628.     According to Trex North Carolina Facility records, Defendant Cardinal Bag & Envelope Co., Inc. ("Cardinal Bag") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,516 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cardinal Bag and contained hazardous substances.

629.     By letter dated June 16, 2017, Trex demanded that Cardinal Bag reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

630.     To date, Cardinal Bag has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

631.     According to Trex North Carolina Facility records, Defendant Carlos Autobody, Inc., located in Fort Lauderdale, Florida, ("Carlos Auto Fort Lauderdale") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carlos Auto Fort Launderdale and contained hazardous substances.

632.     By letter dated July 28, 2017, Trex demanded that Carlos Auto Fort Launderdale reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

633.     To date, Carlos Auto Fort Launderdale has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

634.     According to Trex North Carolina Facility records, Defendant Carlos Auto Body, Inc., located in Newark, New Jersey, ("Carlos Auto Newark") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 32 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carlos Auto Newark and contained hazardous substances.

635.     By letter dated August 25, 2017, Trex demanded that Carlos Auto Newark reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

636.     To date, Carlos Auto Newark has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

637.     Defendant The Carlyle Group, Inc. ("Carlyle Group") is the successor to and/or is formerly known as Relizon.

638.    In or about 2000, The Reynolds and Reynolds Company sold Informations Solutions Group (ISG) to The Carlyle Group, Inc.

639.    On or about July 11, 2000, ISG Acquisition Corp. registered to do business in the state of North Carolina.

640.    On or about September 21, 2000, ISG Acquisition Corp. changed its name to The Relizon Company.

641.    The Relizon Company is also known as Relizon.

642.    According to Trex North Carolina Facility records, Relizon by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 800 gallons of materials to the Trex North Carolina Facility. These materials were owned by Relizon and contained hazardous substances.

643.    By letter dated March 16, 2020, Trex demanded that Carlyle Group reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

644.    To date, Carlyle Group has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

645.    According to Trex North Carolina Facility records, Defendant Carolina Casting Inc. ("Carolina Casting") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 785 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Casting and contained hazardous substances.

646. By letter dated June 23, 2017, Trex demanded that Carolina Casting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

647. To date, Carolina Casting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

648. According to Trex North Carolina Facility records, Defendant Carolina Collision Wrecker Service, Inc. ("Collision Wrecker") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collision Wrecker and contained hazardous substances.

649. By letter dated July 21, 2017, Trex demanded that Collision Wrecker reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

650. To date, Collision Wrecker has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

651. According to Trex North Carolina Facility records, Defendant Carolina Collisions and Customs, LLC ("Carolina Collisions") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Collisions and contained hazardous substances.

652. By letter dated July 21, 2017, Trex demanded that Carolina Collisions reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

653.     To date, Carolina Collisions has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

654.     According to Trex North Carolina Facility records, Defendant Carolina Custom Chairs, Inc. ("Carolina Custom") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Custom and contained hazardous substances.

655.     By letter dated June 30, 2017, Trex demanded that Carolina Custom reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

656.     To date, Carolina Custom has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

657.     According to Trex North Carolina Facility records, Defendant Carolina Painting Co., Inc. ("Carolina Painting") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 825 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Painting and contained hazardous substances.

658.     By letter dated June 23, 2017, Trex demanded that Carolina Painting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

659.     To date, Carolina Painting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

660. According to Trex North Carolina Facility records, Defendant Carolina Piping Systems, Inc. ("Carolina Piping") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Piping and contained hazardous substances.

661. By letter dated July 21, 2017, Trex demanded that Carolina Piping reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

662. To date, Carolina Piping has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

663. According to Trex North Carolina Facility records, Defendant Carolina Site Concepts, Inc. ("Carolina Concepts") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Concepts and contained hazardous substances.

664. By letter dated June 30, 2017, Trex demanded that Carolina Concepts reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

665. To date, Carolina Concepts has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

666. According to Trex North Carolina Facility records, Defendant Carolina Tractor & Equipment Company, doing business as Carolina CAT, ("Carolina Tractor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 4,476 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carolina Tractor and contained hazardous substances.

667. By letter dated June 16, 2017, Trex demanded that Carolina Tractor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

668. To date, Carolina Tractor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

669. According to Trex North Carolina Facility records, Defendant Carpenter Decorating Company, Inc. ("Carpenter Decorating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carpenter Decorating and contained hazardous substances.

670. By letter dated August 18, 2017, Trex demanded that Carpenter Decorating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

671. To date, Carpenter Decorating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

672. According to Trex North Carolina Facility records, Defendant The Carriage Shop ("Carriage Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Carriage Shop and contained hazardous substances.

673. By letter dated June 30, 2017, Trex demanded that Carriage Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

674. To date, Carriage Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

675. According to Trex North Carolina Facility records, Defendant Catlett Enterprises, Inc., doing business as Nu-Look 1Hr Cleaners, ("Catlett") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 588 gallons of materials to the Trex North Carolina Facility. These materials were owned by Catlett and contained hazardous substances.

676. By letter dated March 16, 2020, Trex demanded that Catlett reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

677. To date, Catlett has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

678. According to Trex North Carolina Facility records, Defendant Cave's Auto Body, LLC ("Cave's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cave's Auto and contained hazardous substances.

679. By letter dated July 28, 2017, Trex demanded that Cave's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

680. To date, Cave's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

681. Defendant Cavinee's Paint & Body Shop ("Cavinee's Paint") is the successor to and/or is formerly known as Kenneth Cavinee.

682. On or about June 5, 2014, Kenneth Cavinee filed for the fictitious name Cavinee's Paint and Body Shop.

683. On or about February 12, 2019, Kenneth Cavinee renewed the filing for the fictitious name Cavinee's Paint and Body Shop.

684. According to Trex North Carolina Facility records, Kenneth Cavinee by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kenneth Cavinee and contained hazardous substances.

685. By letter dated August 18, 2017, Trex demanded that Cavinee's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

686. To date, Cavinee's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

687. According to Trex North Carolina Facility records, Defendant CentiMark Corporation ("CentiMark") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by CentiMark and contained hazardous substances.

688.     By letter dated July 28, 2017, Trex demanded that CentiMark reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

689.     To date, CentiMark has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

690.     According to Trex North Carolina Facility records, Defendant Central Auto Service LLC ("Central Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 36 gallons of materials to the Trex North Carolina Facility. These materials were owned by Central Auto and contained hazardous substances.

691.     By letter dated August 25, 2017, Trex demanded that Central Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

692.     To date, Central Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

693.     According to Trex North Carolina Facility records, Defendant Central Jersey Garage Inc. ("Central Jersey Garage") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Central Jersey Garage and contained hazardous substances.

694.     By letter dated July 7, 2017, Trex demanded that Central Jersey Garage reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

111

695.     To date, Central Jersey Garage has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

696.     According to Trex North Carolina Facility records, Defendant Certified Collision Repair Center, Inc. ("Certified Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Certified Collision and contained hazardous substances.

697.     By letter dated July 7, 2017, Trex demanded that Certified Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

698.     To date, Certified Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

699.     Defendant Chantilly Automotive ("Chantilly Auto") is the successor to and/or is formerly known as Chantilly Fleet.

700.     Chantilly Fleet is and/or was located at 44230 Wade Drive, Chantilly, Virginia, 20151.

701.     Parrish and Sons LLC is and/or was located at 44246 Wade Drive, Chantilly, Virginia, 20152.

702.     In or about 2018, Parish and Sons LLC registered the fictitious name Chantilly Automotive.

703.     According to Trex North Carolina Facility records, the generator for the waste disposal on behalf of Chantilly Fleet was Ryan Vallejos.

704. Ryan Vallejos is the regional director of Chantilly Auto Body Group in Chantilly, Virginia.

705. According to Trex North Carolina Facility records, Chantilly Fleet by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chantilly Fleet and contained hazardous substances.

706. By letter dated August 25, 2017, Trex demanded that Chantilly Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

707. To date, Chantilly Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

708. According to Trex North Carolina Facility records, Defendant Charlie's Paint & Body Inc. ("Charlie's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Charlie's Paint and contained hazardous substances.

709. By letter dated June 30, 2017, Trex demanded that Charlie's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

710. To date, Charlie's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

711. Defendant Chelly Granvill Cosmetic Manufacturing, Inc. ("Chelly Granvill") is the successor to and/or is also known as Chelly Cosmetic.

712.    On or about October 12, 2015, Chelly Cosmetic Manufacturing, Inc. changed its name to Chelly Granvill Cosmetic Manufacturing, Inc.

713.    Chelly Granvill holds itself out as Chelly Cosmetic.

714.    According to Trex North Carolina Facility records, Chelly Cosmetic by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chelly Cosmetic and contained hazardous substances.

715.    By letter dated June 30, 2017, Trex demanded that Chelly Granvill reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

716.    To date, Chelly Granvill has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

717.    According to Trex North Carolina Facility records, Defendant Chemence, Inc. ("Chemence") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 770 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chemence and contained hazardous substances.

718.    By letter dated June 23, 2017, Trex demanded that Chemence reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

719.    To date, Chemence has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

720. According to Trex North Carolina Facility records, Defendant Chemical Pollution Control LLC of New York ("Chemical Pollution") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,255 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chemical Pollution and contained hazardous substances.

721. By letter dated July 7, 2017, Trex demanded that Chemical Pollution reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

722. To date, Chemical Pollution has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

723. Defendant Cherepko's Auto Sales, LLC ("Cherepko's Auto") is the successor to and/or is formerly known as Cherepko's Auto Body.

724. Cherepko Auto Body is and/or was located at 104 Enterprise Drive, Elizabeth, Pennsylvania 15037.

725. Cherepko's Auto is located at 104 Enterprise Drive, Elizabeth, Pennsylvania 15037.

726. According to Trex North Carolina Facility records, Cherepko's Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cherepko's Auto Body and contained hazardous substances.

727.     By letter dated July 28, 2017, Trex demanded that Cherepko's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

728.     To date, Cherepko's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

729.     According to Trex North Carolina Facility records, Defendant Chester Body Shop, Inc. ("Chester Body Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chester Body Shop and contained hazardous substances.

730.     By letter dated June 30, 2017, Trex demanded that Chester Body Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

731.     To date, Chester Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

732.     According to Trex North Carolina Facility records, Defendant Chewco, Inc., doing business as Maaco West Melbourne, ("Chewco") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chewco and contained hazardous substances.

733.     By letter dated June 23, 2017, Trex demanded that Chewco reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

116

734. To date, Chewco has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

735. According to Trex North Carolina Facility records, Defendant Chino's Specialty Paint & Body Shop, Inc. ("Chino's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chino's Paint and contained hazardous substances.

736. By letter dated July 28, 2017, Trex demanded that Chino's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

737. To date, Chino's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

738. According to Trex North Carolina Facility records, Defendant Chris Isom, Inc., doing business as Carolina Frames, ("Chris Isom") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by Chris Isom and contained hazardous substances.

739. By letter dated June 23, 2017, Trex demanded that Chris Isom reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

740. To date, Chris Isom has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

741.     Defendant Chris Lordi's Auto Body, Inc. ("Lordi's Auto") is the successor to and/or is also known as Lordi Auto Body Inc.

742.     Lordi Auto Body Inc. is and/or was located at 200 Howe Ave, Passaic, New Jersey, 07055.

743.     Lordi's Auto is and/or was located at 200 Howe Ave, Passaic, New Jersey, 07055.

744.     Lordi's Auto holds itself out as Lordi Auto Body, Inc.

745.     According to Trex North Carolina Facility records, Lordi Auto Body Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lordi Auto Body Inc. and contained hazardous substances.

746.     By letter dated August 4, 2017, Trex demanded that Lordi's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

747.     To date, Lordi's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

748.     According to Trex North Carolina Facility records, Defendant Cincinnati Floor Company, Inc. ("Cincinnati Floor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cincinnati Floor and contained hazardous substances.

749. By letter dated July 21, 2017, Trex demanded that Cincinnati Floor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

750. To date, Cincinnati Floor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

751. According to Trex North Carolina Facility records, Defendant CIT Small Business Lending Corp. ("CIT") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 775 gallons of materials to the Trex North Carolina Facility. These materials were owned by CIT and contained hazardous substances.

752. By letter dated June 23, 2017, Trex demanded that CIT reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

753. To date, CIT has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

754. Defendant City of High Point, North Carolina ("High Point") is the successor to and/or is formerly known as City of High Point WWTP.

755. High Point has a waste water treatment plant located at 5898 Riverdale Road, High Point, North Carolina, 27261.

756. High Point uses WWTP as an acronym for wastewater treatment plant.

757. According to Trex North Carolina Facility records, City of High Point WWTP by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex

North Carolina Facility. These materials were owned by City of High Point WWTP and contained hazardous substances.

758.    By letter dated July 21, 2017, Trex demanded that High Point reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

759.    To date, High Point has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

760.    According to Trex North Carolina Facility records, Defendant Clark's Auto Clinic Inc. ("Clark's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 72 gallons of materials to the Trex North Carolina Facility. These materials were owned by Clark's Auto and contained hazardous substances.

761.    By letter dated July 28, 2017, Trex demanded that Clark's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

762.    To date, Clark's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

763.    Defendant Classic Acquisition LLC, doing business as Classic Paint and Body ("Classic Paint"), is the successor to and/or is formerly known as Buddy Roberts Classic Paint.

764.    Autocorp Holdings, Inc. did business under the name Buddy Roberts Classic Paint.

765.    In or about 2015, Classic Acquisition LLC acquired Buddy Roberts Classic Paint.

766.    Classic Acquisition LLC holds themselves out as Class Paint & Body.

767.     According to Trex North Carolina Facility records, Buddy Roberts Classic Paint by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Buddy Roberts Classic Paint and contained hazardous substances.

768.     By letter dated July 28, 2017, Trex demanded that Classic Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

769.     To date, Classic Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

770.     According to Trex North Carolina Facility records, Defendant Classic Leather, Inc. ("Classic Leather") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 31,343 gallons of materials to the Trex North Carolina Facility. These materials were owned by Classic Leather and contained hazardous substances.

771.     By letter dated March 31, 2016, Trex demanded that Classic Leather reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

772.     To date, Classic Leather has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

773.     According to Trex North Carolina Facility records, Defendant Classic Surrounds, LLC ("Classic Surrounds") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,294

gallons of materials to the Trex North Carolina Facility. These materials were owned by Classic Surrounds and contained hazardous substances.

774. By letter dated June 23, 2017, Trex demanded that Classic Surrounds reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

775. To date, Classic Surrounds has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

776. According to Trex North Carolina Facility records, Defendant The Cleaning Center ("Cleaning Center") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cleaning Center and contained hazardous substances.

777. By letter dated August 11, 2017, Trex demanded that Cleaning Center reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

778. To date, Cleaning Center has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

779. According to Trex North Carolina Facility records, Defendant The Clinton Press, Inc. ("Clinton Press") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 65 gallons of materials to the Trex North Carolina Facility. These materials were owned by Clinton Press and contained hazardous substances.

780.     By letter dated July 28, 2017, Trex demanded that Clinton Press reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

781.     To date, Clinton Press has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

782.     According to Trex North Carolina Facility records, Defendant Cloninger Ford, Inc. ("Cloninger Ford") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cloninger Ford and contained hazardous substances.

783.     By letter dated June 30, 2017, Trex demanded that Cloninger Ford reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

784.     To date, Cloninger Ford has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

785.     According to Trex North Carolina Facility records, Defendant Clune's Auto Body, Inc. ("Clune's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Clune's Auto and contained hazardous substances.

786.     By letter dated July 28, 2017, Trex demanded that Clune's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

787.     To date, Clune's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

788.     Defendant Coastal Woodcraft, LLC, doing business as Seabrook Classics, ("Coastal Woodcraft") is the successor to and/or is formerly known as Cape Craftsman.

789.     Prior to 2001, Southern Furniture Reproductions, Inc. did business under the name Cape Craftsman.

790.     In or about 2001, Southport Furniture Company acquired Southern Furniture Reproductions.

791.     In or about 2007, Seabrook Classics, Inc. acquired Southport Furniture Company.

792.     Following the acquisition, Seabrook Classics, Inc. continued the Southport Furniture Company under Coastal Woodcraft, LLC.

793.     According to Trex North Carolina Facility records, Cape Craftsman by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 950 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cape Craftsman and contained hazardous substances.

794.     By letter dated June 23, 2017, Trex demanded that Coastal Woodcraft reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

795.     To date, Coastal Woodcraft has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

796.     According to Trex North Carolina Facility records, Defendant Collins Collision Repair Center, LLC ("Collins Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 685 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collins Collision and contained hazardous substances.

797.    By letter dated June 23, 2017, Trex demanded that Collins Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

798.    To date, Collins Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

799.    According to Trex North Carolina Facility records, Defendant Collision 1 Autobody ("Collision 1 Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collision 1 Auto and contained hazardous substances.

800.    By letter dated July 28, 2017, Trex demanded that Collision 1 Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

801.    To date, Collision 1 Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

802.    According to Trex North Carolina Facility records, Defendant The Collision Center of Stanly County Company LLC ("Collision Center") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collision Center and contained hazardous substances.

803. By letter dated June 30, 2017, Trex demanded that Collision Center reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

804. To date, Collision Center has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

805. According to Trex North Carolina Facility records, Defendant The Collision Company Inc. ("Collision Company") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collision Company and contained hazardous substances.

806. By letter dated June 30, 2017, Trex demanded that Collision Company reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

807. To date, Collision Company has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

808. Defendant The Collision Solution, LLC ("Collision Solution") is the successor to and/or is formerly known as The Collision Solution Inc.

809. On or about December 3, 2015, The Collision Solution, Inc. was converted to The Collision Solution, LLC.

810. According to Trex North Carolina Facility records, The Collision Solution Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex

North Carolina Facility. These materials were owned by The Collision Solution Inc. and contained hazardous substances.

811. By letter dated July 21, 2017, Trex demanded that Collision Solution reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

812. To date, Collision Solution has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

813. According to Trex North Carolina Facility records, Defendant Collision Specialists of Fairfax, Inc. ("Collision Specialists") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,045 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collision Specialists and contained hazardous substances.

814. By letter dated June 23, 2017, Trex demanded that Collision Specialists reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

815. To date, Collision Specialists has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

816. According to Trex North Carolina Facility records, Defendant Collision Specialties Paint & Body, Inc., doing business as Brothers Auto Service, ("Collision Specialties") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 316 gallons of materials to the Trex North Carolina Facility. These materials were owned by Collision Specialties and contained hazardous substances.

817. By letter dated June 30, 2017, Trex demanded that Collision Specialties reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

818. To date, Collision Specialties has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

819. According to Trex North Carolina Facility records, Defendant Colony Cleaners ("Colony") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Colony and contained hazardous substances.

820. By letter dated July 28, 2017, Trex demanded that Colony reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

821. To date, Colony has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

822. According to Trex North Carolina Facility records, Defendant Columbia Aviation, Inc. ("Columbia Aviation") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 168 gallons of materials to the Trex North Carolina Facility. These materials were owned by Columbia Aviation and contained hazardous substances.

823. By letter dated July 14, 2017, Trex demanded that Columbia Aviation reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

824. To date, Columbia Aviation has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

825. According to Trex North Carolina Facility records, Defendant Columbia Powersports Center ("Columbia Powersports") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 276 gallons of materials to the Trex North Carolina Facility. These materials were owned by Columbia Powersports and contained hazardous substances.

826. By letter dated June 30, 2017, Trex demanded that Columbia Powersports reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

827. To date, Columbia Powersports has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

828. Defendant Combs Family Inc. ("Combs Family") is the successor to and/or is formerly known as Maaco - Lakeland.

829. Maaco – Lakeland was located at 2409 US Highway 92 East, Lakeland, Florida, 33801.

830. Carl D Combs, Livia A Combs, and Brian R Combs franchised a Maaco Franchise at 2409 E. Highway 92, Lakeland, Florida, 33801.

831. According to the Florida Secretary of State, Carl and Livia Combs are the President and Vice President, respectively, of Combs Family Inc.

832. According to Trex North Carolina Facility records, Brian Combs was the generator contact for Maaco – Lakeland.

833.    According to Trex North Carolina Facility records, Maaco - Lakeland by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco - Lakeland and contained hazardous substances.

834.    By letter dated July 21, 2017, Trex demanded that Combs Family reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

835.    To date, Combs Family has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

836.    According to Trex North Carolina Facility records, Defendant Commercial Jet Inc. ("Commercial Jet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Commercial Jet and contained hazardous substances.

837.    By letter dated June 30, 2017, Trex demanded that Commercial Jet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

838.    To date, Commercial Jet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

839.    According to Trex North Carolina Facility records, Defendant Commercial Refinishers, Inc. ("Commercial Refinishers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Commercial Refinishers and contained hazardous substances.

840. By letter dated June 23, 2017, Trex demanded that Commercial Refinishers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

841. To date, Commercial Refinishers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

842. Defendant CommScope Technologies LLC ("CommScope Technologies") is the successor to and/or is formerly known as Andrew Corporation.

843. On or about October 14, 2003, Andrew Corporation registered to do business in the state of North Carolina.

844. Andrew Corporation registered in North Carolina under the name Andrew Telecommunications Inc.

845. On or about June 27, 2007, CommScope, Inc. acquired Andrew Corporation.

846. On or about September 8, 2008, Andrew Corporation merged into Andrew LLC.

847. In or about 2008, Andrew LLC began doing business under the fictitious name Andrew Telecom LLC.

848. On or about March 4, 2015, Andrew Telecom LLC changed its name to CommScope Technologies LLC.

849. According to Trex North Carolina Facility records, Andrew Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 23 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Andrew Corporation and contained hazardous substances.

850.    To date, CommScope Technologies has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

851.    According to Trex North Carolina Facility records, Defendant Community Body Shop, Inc. ("Community Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Community Body and contained hazardous substances.

852.    By letter dated July 28, 2017, Trex demanded that Community Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

853.    To date, Community Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

854.    According to Trex North Carolina Facility records, Defendant Community Collision Services, Inc. ("Community Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Community Collision and contained hazardous substances.

855.    By letter dated July 21, 2017, Trex demanded that Community Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

856. To date, Community Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

857. Defendant Conn-Selmer, Inc. ("Conn-Selmer") is the successor to and/or is formerly known as Ludwig Division, Ludwig Industries, and The Selmar Co./Ludwig Division.

858. Ludwig Division, Ludwig Industries, and The Selmar Co./Ludwig Division is and/or was at 2806 Mason Street, Monroe, North Carolina, 28110.

859. Ludwig Industries is and/or was located at 2806 Mason Street, Monroe, North Carolina, 28110.

860. Ludwig Industries is a division of Selmer Co.

861. In or about 2003, United Musical Instruments merged with Selmer Co. to form Conn-Selmer, Inc.

862. According to Trex North Carolina Facility records, Ludwig Division, Ludwig Industries, and The Selmar Co./Ludwig Division by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,033 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ludwig Division, Ludwig Industries, and The Selmar Co./Ludwig Division and contained hazardous substances.

863. By letter dated July 28, 2017, Trex demanded that Conn-Selmer reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

864. To date, Conn-Selmer has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

865.	According to Trex North Carolina Facility records, Defendant Corona Corporation ("Corona") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 225 gallons of materials to the Trex North Carolina Facility. These materials were owned by Corona and contained hazardous substances.

866.	By letter dated June 30, 2017, Trex demanded that Corona reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

867.	To date, Corona has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

868.	According to Trex North Carolina Facility records, Defendant Countach Automobile Refinishing & Coachwork Inc. ("Countach Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Countach Auto and contained hazardous substances.

869.	By letter dated July 14, 2017, Trex demanded that Countach Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

870.	To date, Countach Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

871.	Defendant CommScope Technologies LLC ("CommScope Technologies") is the successor to and/or is formerly known as Andrew Corporation.

872.    On or about October 14, 2003, Andrew Corporation registered to do business in the state of North Carolina.

873.    Andrew Corporation registered in North Carolina under the name Andrew Telecommunications Inc.

874.    On or about June 27, 2007, CommScope, Inc. acquired Andrew Corporation.

875.    On or about September 8, 2008, Andrew Corporation merged into Andrew LLC.

876.    In or about 2008, Andrew LLC began doing business under the fictitious name Andrew Telecom LLC.

877.    On or about March 4, 2015, Andrew Telecom LLC changed its name to CommScope Technologies LLC.

878.    According to Trex North Carolina Facility records, Andrew Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 23 gallons of materials to the Trex North Carolina Facility. These materials were owned by Andrew Corporation and contained hazardous substances.

879.    To date, CommScope Technologies has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

880.    According to Trex North Carolina Facility records, Defendant Country Carver, Inc. ("Country Carver") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Country Carver and contained hazardous substances.

881.     By letter dated August 11, 2017, Trex demanded that Country Carver reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

882.     To date, Country Carver has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

883.     Defendant Coveris Flexibles US Inc. ("Coveris Flexibles") is the successor to and/or is formerly known as Cello-Foil Products, Inc. and Cello-Foil.

884.     Cello-Foil Products, Inc. was also known as Cello-Foil.

885.     On or about June 26, 2015, Cello-Foil Products, Inc. changed its name to Coveris Flexibles US Inc.

886.     According to Trex North Carolina Facility records, Cello-Foil Products, Inc. and Cello-Foil by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 23,179 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cello-Foil Products, Inc. and Cello-Foil and contained hazardous substances.

887.     By letter dated June 16, 2017, Trex demanded that Coveris Flexibles reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

888.     To date, Coveris Flexibles has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

889.     According to Trex North Carolina Facility records, Defendant CR Auto Collision & Paint Shop, LLC ("CR Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220

136

gallons of materials to the Trex North Carolina Facility. These materials were owned by CR Auto and contained hazardous substances.

890.    By letter dated July 21, 2017, Trex demanded that CR Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

891.    To date, CR Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

892.    According to Trex North Carolina Facility records, Defendant Crash's Collision Center, Inc. ("Crash's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Crash's Collision and contained hazardous substances.

893.    By letter dated July 21, 2017, Trex demanded that Crash's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

894.    To date, Crash's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

895.    According to Trex North Carolina Facility records, Defendant Crawford Enterprises, Inc., doing business as Crawford's Automotive, ("Crawford Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Crawford Enterprises and contained hazardous substances.

896.    By letter dated July 14, 2017, Trex demanded that Crawford Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

897.    To date, Crawford Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

898.    According to Trex North Carolina Facility records, Defendant Croce's Body Shop, Inc. ("Croce's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Croce's Body and contained hazardous substances.

899.    By letter dated July 21, 2017, Trex demanded that Croce's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

900.    To date, Croce's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

901.    Defendant Croft's Automotive Paint & Body ("Croft's Auto") is the successor to and/or is formerly known as Croft's Garage & Body Shop.

902.    Croft's Garage & Body Shop is and/or was located at 1358 E. Black Street, Rock Hill, South Carolina, 29730.

903.    According to Croft's Auto's website, it is and/or was located at 1358 E. Black Street, Rock Hill, South Carolina, 29730.

904.    Croft's Garage & Body Shop is a trade name for Croft's Automotive Paint & Body.

905.     According to Trex North Carolina Facility records, Coft's Garage & Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Coft's Garage & Body Shop and contained hazardous substances.

906.     By letter dated July 28, 2017, Trex demanded that Croft's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

907.     To date, Croft's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

908.     Defendant Crosby, Wright and Morris Fine Woodworking and Cabinetry, Inc. ("Crosby, Wright and Morris") is the successor to and/or is formerly known as Crosby Wright & Morris Inc.

909.     Crosby Wright & Morris Inc. is the owner of the property located at 4214 Wheeler Road Bldg 2, Martinez, Georgia, 30907.

910.     Crosby, Wright and Morris Fine Woodworking and Cabinetry, Inc. has its principal office located at 4214 Wheeler Rd Bldg 2, Martinez, Georgia, 30907.

911.     Crosby Wright & Morris Inc. is a trade name for Crosby, Wright and Morris Fine Woodworking and Cabinetry, Inc.

912.     According to Trex North Carolina Facility records, Crosby Wright & Morris Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Crosby Wright & Morris Inc. and contained hazardous substances.

913.    By letter dated July 14, 2017, Trex demanded that Crosby, Wright and Morris reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

914.    To date, Crosby, Wright and Morris has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

915.    Defendant Crossroads Body Shop, LLC. ("Crossroads Body") is the successor to and/or is formerly known as Crossroads Body Shop Inc.

916.    Crossroads Body Shop Inc. is and/or was located at 1111 Austin Chaney Road, Wingate, North Carolina, 28174.

917.    In or about 1990, Cross Roads Body Shop, Inc. registered to do business in the state of North Carolina with the principal address 1111 Austin Chaney Rd, Wingate, North Carolina, 28174.

918.    On or about July 14, 2006, Crossroads Body Shop of Wingate, Inc. registered to do business in the state of North Carolina with the principal address 1111 Austin Chaney Road, Wingate, North Carolina, 28174.

919.    Scott Propst is listed as the President and Registered Agent of Crossroads Body Shop of Wingate, Inc.

920.    According to the Trex North Carolina Facility records, Scott Propst signed for the waste disposal on behalf of Crossroads Body Shop Inc.

921.     On or about April 9, 2019, Crossroads Body Shop, LLC registered to do business in the state of North Carolina with the principal address 1111 Austin Chaney Road, Wingate, North Carolina, 28174.

922.     Scott Propst is still the owner of the property located at 1111 Austin Chaney Road, Wingate, North Carolina, 28174.

923.     According to Trex North Carolina Facility records, Crossroads Body Shop Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Crossroads Body Shop Inc. and contained hazardous substances.

924.     By letter dated August 4, 2017, Trex demanded that Crossroads Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

925.     To date, Crossroads Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

926.     Defendant Crypton LLC ("Crypton") is the successor to and/or is formerly known as Crypton and Hi Tex Crypton Inc.

927.     Hi-Tex, Inc. held itself out as Crypton, Inc.

928.     On or about October 31, 2016, Hi-Tex, Inc., doing business as Crypton, Inc., filed for conversion to Crypton, LLC.

929.     Hi Tex Crypton Inc. and Crypton are listed as being located at 513 Crypton Dr., Kings Mountain, North Carolina, 28086.

930.    Crypton LLC has a regular office located at 513 Crypton Drive, Kings Mountain, North Carolina, 28086.

931.    According to Trex North Carolina Facility records, Crypton and Hi Tex Crypton Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,580 gallons of materials to the Trex North Carolina Facility. These materials were owned by Crypton and Hi Tex Crypton Inc. and contained hazardous substances.

932.    By letter dated July 14, 2017, Trex demanded that Crypton reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

933.    To date, Crypton has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

934.    Defendant CTR Inc. ("CTR") is the successor to and/or is formerly known as CTR of Charlotte, Inc.

935.    On or about February 26, 1996, CTR of Charlotte, Inc. registered to do business in the state of South Carolina at the address 298 Porter Rd, Rock Hill, South Carolina, 29730 with Jeff R. Winegar is listed as the Registered Agent.

936.    On or about June 18, 2004, CTR of the Carolinas, Inc. registered to do business in the state of South Carolina at the address 298 Porter Rd, Rock Hill, South Carolina, 29730. Jeff R Winegar is listed as the Registered Agent.

937.    CTR Inc. is headquartered in South Carolina at the address 298 Porter Road, Rock Hill, South Carolina, 29730.

938.    Jeff Winegar is listed as the President and Owner of CTR Inc.

939.     According to the Trex North Carolina Facility records, Clyde Barnette signed for the waste disposal on behalf of CTR of Charlotte, Inc.

940.     Clyde Barnette is listed as as the Purchasing Manager of CTR Inc.

941.     According to Trex North Carolina Facility records, CTR of Charlotte, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,129 gallons of materials to the Trex North Carolina Facility. These materials were owned by CTR of Charlotte, Inc. and contained hazardous substances.

942.     By letter dated July 28, 2017, Trex demanded that CTR reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

943.     To date, CTR has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

944.     According to Trex North Carolina Facility records, Defendant Culbreth Motor Co., Inc. ("Culbreth Motor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 280 gallons of materials to the Trex North Carolina Facility. These materials were owned by Culbreth Motor and contained hazardous substances.

945.     By letter dated July 28, 2017, Trex demanded that Culbreth Motor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

946.     To date, Culbreth Motor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

947.    According to Trex North Carolina Facility records, Defendant Cumming Collision Center, Inc. ("Cumming Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cumming Collision and contained hazardous substances.

948.    By letter dated July 28, 2017, Trex demanded that Cumming Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

949.    To date, Cumming Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

950.    Defendant Currey, Inc., doing business as Maaco Collision Repair & Auto Painting, ("Currey") is the successor to and/or is formerly known as Maaco Collison-Anderson.

951.    Maaco Collision – Anderson is and/or was located at 1433-A Pearman Dairy Road, Anderson, South Carolina, 29625.

952.    Currey, Inc. is the franchisee of a Maaco franchise located at 1433A Pearman Dairy Road, Anderson, South Carolina, 29625.

953.    According to Trex North Carolina Facility records, Maaco Collison-Anderson by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,720 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Collison-Anderson and contained hazardous substances.

954.    By letter dated June 23, 2017, Trex demanded that Currey reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

955.    To date, Currey has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

956.    According to Trex North Carolina Facility records, Defendant Custom Cabinetry & Built-Ins, Inc. ("Custom Cabinetry") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Custom Cabinetry and contained hazardous substances.

957.    By letter dated August 25, 2017, Trex demanded that Custom Cabinetry reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

958.    To date, Custom Cabinetry has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

959.    According to Trex North Carolina Facility records, Defendant Custom Drum Services, Inc. ("Custom Drum") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,145 gallons of materials to the Trex North Carolina Facility. These materials were owned by Custom Drum and contained hazardous substances.

960.    By letter dated March 31, 2016, Trex demanded that Custom Drum reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

961.     To date, Custom Drum has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

962.     According to Trex North Carolina Facility records, Defendant Custom Home Specialists, Inc. ("Custom Home") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 60 gallons of materials to the Trex North Carolina Facility. These materials were owned by Custom Home and contained hazardous substances.

963.     By letter dated August 11, 2017, Trex demanded that Custom Home reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

964.     To date, Custom Home has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

965.     According to Trex North Carolina Facility records, Defendant Cycles Plus, Inc. ("Cycles Plus") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 200 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cycles Plus and contained hazardous substances.

966.     By letter dated July 28, 2017, Trex demanded that Cycles Plus reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

967.     To date, Cycles Plus has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

968. According to Trex North Carolina Facility records, Defendant D'Anna Brothers Auto Body, Inc. ("D'Anna Bros. Auto Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by D'Anna Bros. Auto Body and contained hazardous substances.

969. By letter dated July 28, 2017, Trex demanded that D'Anna Bros. Auto Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

970. To date, D'Anna Bros. Auto Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

971. According to Trex North Carolina Facility records, Defendant D&M Welding Inc. ("D&M Welding") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by D&M Welding and contained hazardous substances.

972. By letter dated July 7, 2017, Trex demanded that D&M Welding reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

973. To date, D&M Welding has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

974. According to Trex North Carolina Facility records, Defendant D&S Auto Body LLC ("D&S Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of

147

materials to the Trex North Carolina Facility. These materials were owned by D&S Auto and contained hazardous substances.

975.    By letter dated July 28, 2017, Trex demanded that D&S Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

976.    To date, D&S Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

977.    According to Trex North Carolina Facility records, Defendant Dan Bowes Auto Body, Inc. ("Bowes Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bowes Auto and contained hazardous substances.

978.    By letter dated August 11, 2017, Trex demanded that Bowes Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

979.    To date, Bowes Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

980.    Defendant Dana Container, Inc. ("Dana Container") is the successor to and/or is formerly known as Dana Container Co.

981.    Dana Container Co. is listed as being located at 1550 E Patapsco Ave, Baltimore, Maryland, 21226.

982.    Dana Container, Inc. is and/or was located at 1550 E. Patapsco Avenue, Baltimore, Maryland, 21226.

983. Dana Container Co. is a trade name for Dana Container, Inc.

984. According to Trex North Carolina Facility records, Dana Container Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,050 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dana Container Co. and contained hazardous substances.

985. To date, Dana Container has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

986. According to Trex North Carolina Facility records, Defendant Danny Riley's Garage & Body Shop ("Riley's Garage") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Riley's Garage and contained hazardous substances.

987. By letter dated July 28, 2017, Trex demanded that Riley's Garage reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

988. To date, Riley's Garage has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

989. According to Trex North Carolina Facility records, Defendant David Bethune's Customs & Restorations, L.L.C. ("Bethune's Customs") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bethune's Customs and contained hazardous substances.

990. By letter dated July 14, 2017, Trex demanded that Bethune's Customs reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

991. To date, Bethune's Customs has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

992. Defendant David C. French & Associates Inc. ("French & Associates") is the successor to and/or is formerly known as Amplate Inc.

993. Amplate Inc. was formerly known as Overcash & French, Inc.

994. According to Trex North Carolina Facility records, David C. French is and/or was the generator representative for Amplate Inc.

995. According to Trex North Carolina Facility records, Amplate Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,745 gallons of materials to the Trex North Carolina Facility. These materials were owned by Amplate Inc. and contained hazardous substances.

996. By letter dated March 31, 2016, Trex demanded that French & Associates reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

997. To date, French & Associates has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

998. According to Trex North Carolina Facility records, Defendant David Hall's Paint & Body Shop ("Hall's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 450

gallons of materials to the Trex North Carolina Facility. These materials were owned by Hall's Paint and contained hazardous substances.

999. By letter dated June 30, 2017, Trex demanded that Hall's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1000. To date, Hall's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1001. According to Trex North Carolina Facility records, Defendant David Wilson Paint & Body Shop, Inc., doing business as Wilson Collision Center, ("Wilson Paint & Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,045 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wilson Paint & Body and contained hazardous substances.

1002. By letter dated June 23, 2017, Trex demanded that Wilson Paint & Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1003. To date, Wilson Paint & Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1004. According to Trex North Carolina Facility records, Defendant Davis & Floyd, Inc. ("Davis & Floyd") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 323 gallons of materials to the Trex North Carolina Facility. These materials were owned by Davis & Floyd and contained hazardous substances.

1005.   By letter dated March 31, 2016, Trex demanded that Davis & Floyd reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1006.   To date, Davis & Floyd has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1007.   According to Trex North Carolina Facility records, Defendant Davis Steel & Iron Co., Inc. ("Davis Steel") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,999 gallons of materials to the Trex North Carolina Facility. These materials were owned by Davis Steel and contained hazardous substances.

1008.   By letter dated June 23, 2017, Trex demanded that Davis Steel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1009.   To date, Davis Steel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1010.   According to Trex North Carolina Facility records, Defendant Day's Body Shop ("Day's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Day's Body and contained hazardous substances.

1011.   By letter dated August 11, 2017, Trex demanded that Day's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1012.   To date, Day's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1013.   According to Trex North Carolina Facility records, Defendant Dee Gainey's Body Shop, Inc. ("Gainey's Body Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gainey's Body Shop and contained hazardous substances.

1014.   By letter dated March 31, 2016, Trex demanded that Gainey's Body Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1015.   To date, Gainey's Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1016.   Defendant Deerfield Beach Collision, Inc. ("Deerfield Collision") is the successor to and/or is formerly known as Star Auto Body & Painting.

1017.   Star Auto Body & Painting is and/or was located at 163 SW 15th Street, Deerfield Beach, Florida, 33441.

1018.   According to the Trex North Carolina Facility records, Ermes Falero signed for the waste disposal on behalf of Star Auto Body & Painting.

1019.   On or about September 15, 2004, Star Auto Body Inc. registered to do business in the state of Florida at the principal address 163 SW 15th Street, Deerfield Beach, Florida, 33441.

1020.   Ermes Falero is listed as the President and Registered Agent of Star Auto Body Inc.

1021. On or about January 19, 2010, A1 Star Auto Collision, Inc. registered to do business in the state of Florida at the principal address 163 SW 15th Street, Deerfield Beach, Florida, 33441.

1022. Ermes Falero is listed as the President and Registered Agent of A1 Star Auto Collision, Inc.

1023. On or about January 17, 2014, Deerfield Beach Collision, Inc. registered to do business in the state of Florida at the principal address 163 SW 15th Street, Deerfield Beach, Florida, 33441.

1024. Ermes Falero is listed as the President of Deerfield Beach Collision, Inc.

1025. According to Trex North Carolina Facility records, Star Auto Body & Painting by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Star Auto Body & Painting and contained hazardous substances.

1026. By letter dated September 1, 2017, Trex demanded that Deerfield Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1027. To date, Deerfield Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1028. Defendant Dellner, Inc. ("Dellner") is the successor to and/or is formerly known as Dellner Couplers Inc.

1029. On or about January 9, 2012, Dellner-Couplers, Inc. changed its name to Dellner, Inc.

1030.   According to Trex North Carolina Facility records, Dellner Couplers Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dellner Couplers Inc. and contained hazardous substances.

1031.   By letter dated June 23, 2017, Trex demanded that Dellner reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1032.   To date, Dellner has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1033.   According to Trex North Carolina Facility records, Defendant Delta Mold Inc. ("Delta Mold") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 105 gallons of materials to the Trex North Carolina Facility. These materials were owned by Delta Mold and contained hazardous substances.

1034.   By letter dated July 28, 2017, Trex demanded that Delta Mold reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1035.   To date, Delta Mold has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1036.   According to Trex North Carolina Facility records, Defendant Deluxe Cleaners ("Deluxe Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 189 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Deluxe Cleaners and contained hazardous substances.

1037.   By letter dated July 14, 2017, Trex demanded that Deluxe Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1038.   To date, Deluxe Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1039.   According to Trex North Carolina Facility records, Defendant Deluxe Printing Group, Inc. ("Deluxe Printing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Deluxe Printing and contained hazardous substances.

1040.   By letter dated July 28, 2017, Trex demanded that Deluxe Printing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1041.   To date, Deluxe Printing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1042.   According to Trex North Carolina Facility records, Defendant Dennis & Don's Truck & Auto Repair, Inc. ("Dennis & Don's") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dennis & Don's and contained hazardous substances.

1043.   By letter dated June 30, 2017, Trex demanded that Dennis & Don's reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1044.   To date, Dennis & Don's has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1045.   According to Trex North Carolina Facility records, Defendant Dent Solutions - Columbus ("Dent Solutions") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dent Solutions and contained hazardous substances.

1046.   By letter dated July 28, 2017, Trex demanded that Dent Solutions reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1047.   To date, Dent Solutions has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1048.   According to Trex North Carolina Facility records, Defendant Dependable Motor Car Co. Inc. ("Dependable Motor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 175 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dependable Motor and contained hazardous substances.

1049.   By letter dated July 14, 2017, Trex demanded that Dependable Motor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1050.   To date, Dependable Motor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1051.   Defendant Derita Drycleaner & Laundry LLC ("Derita Drycleaner") is the successor to and/or is formerly known as Derita Cleaners.

1052.   Deritas Cleaners is and/or was located at 2414 Sugar Creek Road, Charlotte, North Carolina, 28213.

1053.   In or about 2000, Shayona 2000, Inc. acquired the property located at 2414 Sugar Creek Road, Charlotte, North Carolina, 28213.

1054.   In or about 2000, Shayona 2000, Inc. registered to do business under the fictitious name Derita Cleaners and Laundry.

1055.   In or about 2010, Derita Drycleaner & Laundry LLC acquired the property located at 2414 Sugar Creek Road, Charlotte, North Carolina, 28213.

1056.   Derita Drycleaner & Laundry holds itself out as Derita Cleaners & Laundry.

1057.   According to Trex North Carolina Facility records, Derita Cleaners by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Derita Cleaners and contained hazardous substances.

1058.   By letter dated July 21, 2017, Trex demanded that Derita Drycleaner reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1059.   To date, Derita Drycleaner has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1060.   According to Trex North Carolina Facility records, Defendant Design and Production Inc. ("Design and Production") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Design and Production and contained hazardous substances.

1061.   By letter dated June 30, 2017, Trex demanded that Design and Production reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1062.   To date, Design and Production has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1063.   Defendant Desimone Auto Repair, Inc. ("Desimone Auto") is the successor to and/or is also known as Desimone's Auto Body & AC Repair.

1064.   Desimone's Auto Body & AC Repair is and/or was located at 4998 Euclid Road, Virginia Beach, Virginia, 23462.

1065.   Desimone Auto is and/or was located at 4998 Euclid Road, Virginia Beach, Virginia, 23462.

1066.   Desimone Auto holds itself out as Desimone's Auto Body & Air Conditioning Repair.

1067.   According to Trex North Carolina Facility records, Desimone's Auto Body & AC Repair by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Desimone's Auto Body & AC Repair and contained hazardous substances.

1068.   By letter dated July 28, 2017, Trex demanded that Desimone Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1069.   To date, Desimone Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1070.   Defendant Dexmet Corp. ("Dexmet") is the successor to and/or is formerly known as Dexmet and Exmet Corporation.

1071.   In or about 2002, Exmet Corporation merged with Delker Corporation to form Dexmet Corporation.

1072.   Dexmet Corporation holds itself out as Dexmet.

1073.   According to Trex North Carolina Facility records, Dexmet and Exmet Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dexmet and Exmet Corporation and contained hazardous substances.

1074.   By letter dated March 31, 2016, Trex demanded that Dexmet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1075.   To date, Dexmet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1076.   Defendant Diesel Doctors, LLC ("Diesel Doctors") is the successor to and/or is formerly known as Vehicare.

1077. Vehicare is and/or was located at 4200 Joe Street, Charlotte, North Carolina, 28206.

1078. Diesel Doctors, LLC is and/or was located at 4200 Joe Street, Charlotte, North Carolina, 28206.

1079. Diesel Doctors, LLC holds itself out as Vehicare.

1080. According to Trex North Carolina Facility records, Vehicare by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by Vehicare and contained hazardous substances.

1081. By letter dated March 16, 2020, Trex demanded that Diesel Doctors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1082. To date, Diesel Doctors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1083. Defendant Digital Printing Systems, Inc. ("Digital Printing") is the successor to and/or is also known as Visual Impressions.

1084. According to Trex North Carolina Facility records, Visual Impressions by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,040 gallons of materials to the Trex North Carolina Facility. These materials were owned by Visual Impressions and contained hazardous substances.

1085. By letter dated June 23, 2017, Trex demanded that Digital Printing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1086. To date, Digital Printing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1087. According to Trex North Carolina Facility records, Defendant Dillon Body Shop, Inc. ("Dillon Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dillon Body and contained hazardous substances.

1088. By letter dated July 14, 2017, Trex demanded that Dillon Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1089. To date, Dillon Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1090. Defendant Dilmar Oil Company, Inc. ("Dilmar Oil") is the successor to and/or is formerly known as Dilmar Fluid Service and Dilmar Oil Company.

1091. Dilmar Fluid Service and Dilmar Oil Company is and/or was at 1959 Bluff Road, Columbia, South Carolina, 29201.

1092. Dilmar Oil Company, Inc. is and/or was located at 1959 Bluff Road, Columbia, South Carolina, 29201.

1093. Dilmar Fluid Services is a division of Dilmar Oil Company, Inc.

1094. Dilmar Oil Company, Inc. holds itself out as Dilmar Oil Company.

1095. According to Trex North Carolina Facility records, Dilmar Fluid Service and Dilmar Oil Company by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 344 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dilmar Fluid Service and Dilmar Oil Company and contained hazardous substances.

1096. By letter dated March 31, 2016, Trex demanded that Dilmar Oil reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1097. To date, Dilmar Oil has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1098. Defendant Discount Dry Cleaners of Virginia, LLC, doing business as $2.20 Cleaners, ("Discount Dry Cleaners") is the successor to and/or is formerly known as Discount Dry Cleaners of Virginia (dba $1.85 Cleaners).

1099. On or about August 1, 2008, Discount Dry Cleaners of Virginia, LLC registered the fictitious name "1.85 Cleaners".

1100. According to Trex North Carolina Facility records, Discount Dry Cleaners of Virginia (dba $1.85 Cleaners) by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 546 gallons of materials to the Trex North Carolina Facility. These materials were owned by Discount Dry Cleaners of Virginia (dba $1.85 Cleaners) and contained hazardous substances.

1101. By letter dated June 23, 2017, Trex demanded that Discount Dry Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1102.   To date, Discount Dry Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1103.   According to Trex North Carolina Facility records, Defendant Display Craft Manufacturing Co. ("Display Craft") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Display Craft and contained hazardous substances.

1104.   By letter dated July 21, 2017, Trex demanded that Display Craft reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1105.   To date, Display Craft has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1106.   According to Trex North Carolina Facility records, Defendant Ditch Witch of Charlotte, Inc., doing business as Ditch Witch of the Carolinas, ("Ditch Witch") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ditch Witch and contained hazardous substances.

1107.   By letter dated June 30, 2017, Trex demanded that Ditch Witch reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1108.   To date, Ditch Witch has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1109.  According to Trex North Carolina Facility records, Defendant Diversified Enterprises of the Carolinas, LLC, doing business as Diversified Demolition, ("Diversified") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Diversified and contained hazardous substances.

1110.  By letter dated June 23, 2017, Trex demanded that Diversified reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1111.  To date, Diversified has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1112.  According to Trex North Carolina Facility records, Defendant Dixon Investments, Inc., doing business as ARI Packaging, ("Dixon") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,650 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dixon and contained hazardous substances.

1113.  By letter dated June 23, 2017, Trex demanded that Dixon reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1114.  To date, Dixon has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1115.  According to Trex North Carolina Facility records, Defendant DJ's Auto Painting, Inc. ("DJ's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or

arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by DJ's Auto and contained hazardous substances.

1116.   By letter dated July 7, 2017, Trex demanded that DJ's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1117.   To date, DJ's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1118.   According to Trex North Carolina Facility records, Defendant Dollar General Corporation ("Dollar General") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 36 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dollar General and contained hazardous substances.

1119.   By letter dated August 25, 2017, Trex demanded that Dollar General reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1120.   To date, Dollar General has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1121.   According to Trex North Carolina Facility records, Defendant Dom's Auto Body, Inc. ("Dom's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dom's Auto and contained hazardous substances.

1122. By letter dated July 28, 2017, Trex demanded that Dom's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1123. To date, Dom's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1124. According to Trex North Carolina Facility records, Defendant Don Pennington Paint & Body LLC ("Pennington Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pennington Paint and contained hazardous substances.

1125. By letter dated August 4, 2017, Trex demanded that Pennington Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1126. To date, Pennington Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1127. According to Trex North Carolina Facility records, Defendant Donald Gardner's Paint & Body, Inc. ("Gardner's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gardner's Paint and contained hazardous substances.

1128. By letter dated August 4, 2017, Trex demanded that Gardner's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1129. To date, Gardner's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1130. According to Trex North Carolina Facility records, Defendant Doug's Collision and Finishes, Inc. ("Doug's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Doug's Collision and contained hazardous substances.

1131. By letter dated July 28, 2017, Trex demanded that Doug's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1132. To date, Doug's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1133. According to Trex North Carolina Facility records, Defendant DSL Baker Auto, Inc. ("Baker Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Baker Auto and contained hazardous substances.

1134. By letter dated June 30, 2017, Trex demanded that Baker Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1135. To date, Baker Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1136. Defendant Dunham-Bush USA LLC ("Dunham-Bush") is the successor to and/or is formerly known as Dunham Bush Inc.

1137. Dunham-Bush, Inc. is a division of Dunham-Bush USA LLC.

1138. According to Trex North Carolina Facility records, Dunham Bush Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dunham Bush Inc. and contained hazardous substances.

1139. By letter dated September 1, 2017, Trex demanded that Dunham-Bush reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1140. To date, Dunham-Bush has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1141. According to Trex North Carolina Facility records, Defendant Dunn's Body Shop ("Dunn's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dunn's Body and contained hazardous substances.

1142. By letter dated July 14, 2017, Trex demanded that Dunn's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1143. To date, Dunn's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1144. According to Trex North Carolina Facility records, Defendant Dunwell Collision, Inc., doing business as Dunwell Collision Center, ("Dunwell Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dunwell Collision and contained hazardous substances.

1145. By letter dated July 21, 2017, Trex demanded that Dunwell Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1146. To date, Dunwell Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1147. Defendant Duramax Body Shop, Inc. ("Duramax") is the successor to and/or is formerly known as Duramax Auto Body and Zamoras Auto Body.

1148. Duramax Auto Body was located at 10515 Summit Avenue, Kensington, Maryland, 20895.

1149. Zamora Auto Body, Inc. was formerly located at 10515 Summit Avenue, Kensington, Maryland, 20895.

1150. Duramax Auto Body Inc. was formerly located at 10515 Summit Avenue, Kensington, Maryland, 20895.

1151. The registered agent for Duramax Auto Body Inc. was Maria Gradillas.

1152. In or about 2013, Duramax Body Shop Inc. registered to do business in the state of Maryland. The registered agent of Duramax Body Shop Inc. is Florencia Gradillas.

1153. Duramax Body Shop Inc. is and/or was located at 10515 Summit Avenue, Kensington, Maryland, 20895.

1154.   According to Trex North Carolina Facility records, Duramax Auto Body and Zamoras Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 103 gallons of materials to the Trex North Carolina Facility. These materials were owned by Duramax Auto Body and Zamoras Auto Body and contained hazardous substances.

1155.   By letter dated August 11, 2017, Trex demanded that Duramax reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1156.   To date, Duramax has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1157.   Defendant E&B's Futures, L.L.C., doing business as Beach Auto Painting & Collision, ("E&B's Futures") is the successor to and/or is formerly known as Beach Auto Painting & Collision and Peach Auto Painting & Collision.

1158.   On or about April 3, 2001, E&B's Futures registered for the fictitious name Peach Auto Painting & Collision.

1159.   On or about May 15, 2007, E&B's Futures registered for the fictitious name Beach Auto Painting & Collision.

1160.   According to Trex North Carolina Facility records, Beach Auto Painting & Collision and Peach Auto Painting & Collision by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Beach Auto Painting & Collision and Peach Auto Painting & Collision and contained hazardous substances.

1161.  By letter dated June 30, 2017, Trex demanded that E&B's Futures reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1162.  To date, E&B's Futures has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1163.  According to Trex North Carolina Facility records, Defendant Eagle Body Works, Inc. ("Eagle Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Eagle Body and contained hazardous substances.

1164.  By letter dated July 28, 2017, Trex demanded that Eagle Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1165.  To date, Eagle Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1166.  According to Trex North Carolina Facility records, Defendant East Carolina Metal Treating, Inc. ("East Carolina Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,695 gallons of materials to the Trex North Carolina Facility. These materials were owned by East Carolina Metal and contained hazardous substances.

1167.  By letter dated June 16, 2017, Trex demanded that East Carolina Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1168.   To date, East Carolina Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1169.   According to Trex North Carolina Facility records, Defendant East Coast Auto Rentals LLC, doing business as Lake Avenue Auto Body, ("East Coast Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by East Coast Auto and contained hazardous substances.

1170.   By letter dated August 4, 2017, Trex demanded that East Coast Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1171.   To date, East Coast Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1172.   According to Trex North Carolina Facility records, Defendant East Coast Truck and Auto Body, Inc. ("East Coast Truck") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by East Coast Truck and contained hazardous substances.

1173.   By letter dated June 30, 2017, Trex demanded that East Coast Truck reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1174.   To date, East Coast Truck has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1175.   According to Trex North Carolina Facility records, Defendant Eastern Steel & Petroleum, L.L.C. ("Eastern Steel") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Eastern Steel and contained hazardous substances.

1176.   By letter dated July 21, 2017, Trex demanded that Eastern Steel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1177.   To date, Eastern Steel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1178.   According to Trex North Carolina Facility records, Defendant Eastside Frame & Body Shop ("Eastside Frame") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 880 gallons of materials to the Trex North Carolina Facility. These materials were owned by Eastside Frame and contained hazardous substances.

1179.   By letter dated June 23, 2017, Trex demanded that Eastside Frame reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1180.   To date, Eastside Frame has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1181.   According to Trex North Carolina Facility records, Defendant Eastwood Carriers, Inc. ("Eastwood Carriers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,100

gallons of materials to the Trex North Carolina Facility. These materials were owned by Eastwood Carriers and contained hazardous substances.

1182.  By letter dated June 16, 2017, Trex demanded that Eastwood Carriers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1183.  To date, Eastwood Carriers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1184.  According to Trex North Carolina Facility records, Defendant Ebby's Auto Painting & Collision Repair Inc. ("Ebby's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 985 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ebby's Auto and contained hazardous substances.

1185.  By letter dated June 23, 2017, Trex demanded that Ebby's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1186.  To date, Ebby's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1187.  Defendant Economy Auto Building, Inc. ("Economy Auto") is the successor to and/or is formerly known as Economy Paint & Body.

1188.  Economy Paint & Body is and/or was located at 1090 South 56th Avenue, Hollywood, Florida, 33023.

1189.  According to the Trex North Carolina Facility records, the generator contact for Economy Paint & Body was Mike Cohen.

1190.   Economy Auto Painting & Body Works, Inc. was formerly located at 1090 South 56 Ave, Hollywood, Florida, 33023. Michael Cohen is listed as a company official and the registered agent.

1191.   Economy Auto Building, Inc. has a principal place of business located at 1090 South 56th Avenue, Hollywood, Florida, 33023. Michael Cohen is listed as a registered agent and company official.

1192.   According to Trex North Carolina Facility records, Economy Paint & Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Economy Paint & Body and contained hazardous substances.

1193.   By letter dated July 21, 2017, Trex demanded that Economy Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1194.   To date, Economy Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1195.   Defendant Ed's Auto Service & Salvage, Inc. ("Ed's Auto") is the successor to and/or is also known as Cross Creek Paint & Body Shop.

1196.   Ed's Auto Service & Salvage, Inc. holds itself out as Cross Creek Paint & Body Shop.

1197.   According to Trex North Carolina Facility records, Cross Creek Paint & Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,100 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Cross Creek Paint & Body Shop and contained hazardous substances.

1198.   By letter dated July 14, 2017, Trex demanded that Ed's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1199.   To date, Ed's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1200.   According to Trex North Carolina Facility records, Defendant Edgewater Power Boats, LLC ("Edgewater Power Boats") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,135 gallons of materials to the Trex North Carolina Facility. These materials were owned by Edgewater Power Boats and contained hazardous substances.

1201.   By letter dated June 16, 2017, Trex demanded that Edgewater Power Boats reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1202.   To date, Edgewater Power Boats has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1203.   According to Trex North Carolina Facility records, Defendant Edwards Truck Service & Body Shop, Inc. ("Edwards Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Edwards Body and contained hazardous substances.

1204. By letter dated July 28, 2017, Trex demanded that Edwards Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1205. To date, Edwards Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1206. Defendant Ei LLC ("Ei LLC") is the successor to and/or is formerly known as Ei Inc. and Harmony Labs, Inc.

1207. On or about July 11, 2011, Harmony Labs, Inc changed its name to Ei Inc.

1208. On or about April 10, 2013, Ei Inc. merged into Ei Acquisition LLC. The resulting entity took the name Ei LLC.

1209. According to Trex North Carolina Facility records, Ei Inc. and Harmony Labs, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,080 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ei Inc. and Harmony Labs, Inc. and contained hazardous substances.

1210. By letter dated June 16, 2017, Trex demanded that Ei LLC reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1211. To date, Ei LLC has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1212. Defendant Elan Trading, Inc., doing business as Southern Resources, ("Elan Trading") is the successor to and/or is formerly known as R.P. Metals, Inc. and Rainbow Metals Inc.

1213.   R.P. Metals, Inc. and Rainbow Metals Inc. is and/or was located at 3826 Raleigh Street, Charlotte, North Carolina 28221.

1214.   Elan Trading is and/or was located at 3826 Raleigh Street, Charlotte, North Carolina 28221.

1215.   According to Trex North Carolina Facility records, R.P. Metals, Inc. and Rainbow Metals Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30,124 gallons of materials to the Trex North Carolina Facility. These materials were owned by R.P. Metals, Inc. and Rainbow Metals Inc. and contained hazardous substances.

1216.   By letter dated July 7, 2017, Trex demanded that Elan Trading reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1217.   To date, Elan Trading has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1218.   Defendant Electric Power Research Institute, Inc. ("Electric Power") is the successor to and/or is also known as EPRI.

1219.   Electric Power Research Institute, Inc. uses the acronym EPRI as a trade name.

1220.   According to Trex North Carolina Facility records, EPRI by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5 gallons of materials to the Trex North Carolina Facility. These materials were owned by EPRI and contained hazardous substances.

1221.  By letter dated March 16, 2020, Trex demanded that Electric Power reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1222.  To date, Electric Power has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1223.  According to Trex North Carolina Facility records, Defendant Electrical Apparatus & Machine Co. ("Electrical Apparatus") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Electrical Apparatus and contained hazardous substances.

1224.  By letter dated March 31, 2016, Trex demanded that Electrical Apparatus reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1225.  To date, Electrical Apparatus has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1226.  According to Trex North Carolina Facility records, Defendant Electro Painters Inc. ("Electro Painters") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Electro Painters and contained hazardous substances.

1227.  By letter dated June 30, 2017, Trex demanded that Electro Painters reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1228.   To date, Electro Painters has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1229.   Defendant Electro-Metallics Co. ("Electro-Metallics") is the successor to and/or is also known as Electro Metallics Inc.

1230.   According to Trex North Carolina Facility records, Electro Metallics Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 0.25 gallons of materials to the Trex North Carolina Facility. These materials were owned by Electro Metallics Inc. and contained hazardous substances.

1231.   By letter dated March 16, 2020, Trex demanded that Electro-Metallics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1232.   To date, Electro-Metallics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1233.   According to Trex North Carolina Facility records, Defendant Electronic Design & Manufacturing Company ("Electronic Design") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Electronic Design and contained hazardous substances.

1234.   By letter dated August 4, 2017, Trex demanded that Electronic Design reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1235. To date, Electronic Design has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1236. According to Trex North Carolina Facility records, Defendant Electroplate-Rite Corp. ("Electroplate-Rite") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Electroplate-Rite and contained hazardous substances.

1237. By letter dated July 21, 2017, Trex demanded that Electroplate-Rite reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1238. To date, Electroplate-Rite has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1239. According to Trex North Carolina Facility records, Defendant Elegant Motor Car Works LLC ("Elegant Motor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 158 gallons of materials to the Trex North Carolina Facility. These materials were owned by Elegant Motor and contained hazardous substances.

1240. By letter dated July 21, 2017, Trex demanded that Elegant Motor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1241. To date, Elegant Motor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1242.   According to Trex North Carolina Facility records, Defendant ELG Utica Alloys, Inc. ("ELG Utica") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by ELG Utica and contained hazardous substances.

1243.   By letter dated July 21, 2017, Trex demanded that ELG Utica reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1244.   To date, ELG Utica has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1245.   According to Trex North Carolina Facility records, Defendant Elite Collision Inc. ("Elite Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Elite Collision and contained hazardous substances.

1246.   By letter dated June 30, 2017, Trex demanded that Elite Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1247.   To date, Elite Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1248.   According to Trex North Carolina Facility records, Defendant Ellington's Body Shop, Inc. ("Ellington's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 620

gallons of materials to the Trex North Carolina Facility. These materials were owned by Ellington's Body and contained hazardous substances.

1249.   By letter dated June 23, 2017, Trex demanded that Ellington's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1250.   To date, Ellington's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1251.   According to Trex North Carolina Facility records, Defendant Energizer Battery Manufacturing Inc. ("Energizer Battery") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,358 gallons of materials to the Trex North Carolina Facility. These materials were owned by Energizer Battery and contained hazardous substances.

1252.   By letter dated March 31, 2016, Trex demanded that Energizer Battery reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1253.   To date, Energizer Battery has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1254.   According to Trex North Carolina Facility records, Defendant Engineered BioPharmaceuticals, Inc. ("Engineered Bio") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5 gallons of materials to the Trex North Carolina Facility. These materials were owned by Engineered Bio and contained hazardous substances.

1255.  By letter dated March 16, 2020, Trex demanded that Engineered Bio reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1256.  To date, Engineered Bio has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1257.  According to Trex North Carolina Facility records, Defendant England's Collision Center of Georgia, Inc. ("England's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by England's Collision and contained hazardous substances.

1258.  By letter dated July 21, 2017, Trex demanded that England's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1259.  To date, England's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1260.  According to Trex North Carolina Facility records, Defendant English Body Works, Inc. ("English Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by English Body and contained hazardous substances.

1261.  By letter dated March 16, 2020, Trex demanded that English Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1262.   To date, English Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1263.   Defendant Environmental Industries, LLC ("Environmental Industries") is the successor to and/or is formerly known as Environmental Management.

1264.   Environmental Management is and/or was located at 401 Beverly Street, Saint Albans, West Virginia, 25177.

1265.   According to Trex North Carolina Facility records, Jeff Roy was the generator contact for Environmental Management.

1266.   Jeffrey Roy was the president of Environmental Management, Inc.

1267.   On or about November 20, 2009, Environmental Industries LLC registered to do business in the state of West Virginia.

1268.   Environmental Industries LLC has a principal place of business located at 401 Beverly Street, Saint Albans, West Virginia, 25177.

1269.   Jeffrey Roy is the sole organizing officer of Environmental Industries LLC.

1270.   According to Trex North Carolina Facility records, Environmental Management by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Environmental Management and contained hazardous substances.

1271.   By letter dated August 4, 2017, Trex demanded that Environmental Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1272. To date, Environmental Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1273. Defendant EQ Industrial Services, Inc. ("EQ") is the successor to and/or is formerly known as Envirochem, Envirochem Env. Serv. Inc., and EQ North Carolina.

1274. Envirochem Enviromental Services, Inc. holds itself out as Envirochem.

1275. In or about 2001, EQ Industrial Services, Inc. acquired Envirochem.

1276. EQ Industrial Services, Inc. used the trade name EQ North Carolina when referring to the former Envirochem factory.

1277. According to Trex North Carolina Facility records, Envirochem, Envirochem Env. Serv. Inc., and EQ North Carolina by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 730 gallons of materials to the Trex North Carolina Facility. These materials were owned by Envirochem, Envirochem Env. Serv. Inc., and EQ North Carolina and contained hazardous substances.

1278. By letter dated March 31, 2016, Trex demanded that EQ reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1279. To date, EQ has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1280. Defendant Equus Capital Partners, Ltd. ("Equus Partners") is the successor to and/or is formerly known as Rotunda Building.

1281. Rotunda Building is and/or was located at 4201 Congress Street, Charlotte, North Carolina, 28209.

1282.   The Rotunda Office is and/or was located at 4201 Congress Street, Charlotte, North Carolina, 28209.

1283.   Equus Capital Partners, Ltd. is the owner and/or operator of The Rotunda Office.

1284.   According to Trex North Carolina Facility records, Rotunda Building by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 115 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rotunda Building and contained hazardous substances.

1285.   By letter dated July 21, 2017, Trex demanded that Equus Partners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1286.   To date, Equus Partners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1287.   Defendant ERICO International Corporation ("ERICO") is the successor to and/or is formerly known as Erico, Inc.

1288.   On or about December 27, 1996, Erico Products, Inc. registered to do business in the state of North Carolina.

1289.   Erico Products, Inc. held itself out as Erico, Inc.

1290.   On or about March 13, 2008, Erico Products, Inc. merged into Erico International Corporation.

1291.   According to Trex North Carolina Facility records, Erico, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,566 gallons of materials to the Trex North Carolina Facility. These materials were owned by Erico, Inc. and contained hazardous substances.

1292.   By letter dated June 23, 2017, Trex demanded that ERICO reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1293.   To date, ERICO has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1294.   Defendant ERS Enterprises, LLC, doing business as Maaco of Perth Amboy, ("ERS") is the successor to and/or is formerly known as Maaco Auto Painting.

1295.   Maaco Auto Painting is and/or was located at 1130 Convery Boulevard, Perth Amboy, New Jersey, 08861.

1296.   ERS Enterprises LLC is the franchisee of a Maaco franchise located at 1130 Convery Boulevard, Perth Amboy, New Jersey, 08861.

1297.   According to Trex North Carolina Facility records, Maaco Auto Painting by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,485 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting and contained hazardous substances.

1298.   By letter dated March 16, 2020, Trex demanded that ERS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1299.   To date, ERS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1300.   According to Trex North Carolina Facility records, Defendant Evans Auto Body Shop, Inc. ("Evans Auto") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Evans Auto and contained hazardous substances.

1301.   By letter dated August 4, 2017, Trex demanded that Evans Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1302.   To date, Evans Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1303.   According to Trex North Carolina Facility records, Defendant Evans Body Shop, Inc. ("Evans Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Evans Body and contained hazardous substances.

1304.   By letter dated August 4, 2017, Trex demanded that Evans Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1305.   To date, Evans Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1306.   According to Trex North Carolina Facility records, Defendant Exotic Concepts Inc. ("Exotic Concepts") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 144 gallons of materials to the Trex North Carolina Facility. These materials were owned by Exotic Concepts and contained hazardous substances.

1307.    By letter dated July 21, 2017, Trex demanded that Exotic Concepts reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1308.    To date, Exotic Concepts has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1309.    According to Trex North Carolina Facility records, Defendant Exquisite Custom Cabinets, Inc. ("Exquisite Cabinets") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Exquisite Cabinets and contained hazardous substances.

1310.    By letter dated August 18, 2017, Trex demanded that Exquisite Cabinets reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1311.    To date, Exquisite Cabinets has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1312.    According to Trex North Carolina Facility records, Defendant F&L De Filippo Of North Charleston, Inc., doing business as Maaco - North Charleston, ("F&L De Filippo") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 825 gallons of materials to the Trex North Carolina Facility. These materials were owned by F&L De Filippo and contained hazardous substances.

191

1313.   By letter dated June 23, 2017, Trex demanded that F&L De Filippo reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1314.   To date, F&L De Filippo has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1315.   Defendant F&L Defilippo, Inc. ("F&L Defilippo") is the successor to and/or is formerly known as Maaco Auto Painting - Charleston.

1316.   Maaco Auto Painting – Charleston is and/or was located at 1974 Sam Rittenburg Boulevard, Charleston, South Carolina, 29407.

1317.   F&L Defilippo, Inc. is the franchisee of a Maaco franchise located at 1974 Sam Rittenberg Boulevard, Charleston, South Carolina, 29407.

1318.   According to Trex North Carolina Facility records, Maaco Auto Painting - Charleston by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 825 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting - Charleston and contained hazardous substances.

1319.   By letter dated June 23, 2017, Trex demanded that F&L Defilippo reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1320.   To date, F&L Defilippo has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1321.   According to Trex North Carolina Facility records, Defendant Fact-O-Bake of Daytona, Inc., doing business as Al Webb's Fact-O-Bake, ("Fact-O-Bake") by contract,

agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fact-O-Bake and contained hazardous substances.

1322. By letter dated July 28, 2017, Trex demanded that Fact-O-Bake reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1323. To date, Fact-O-Bake has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1324. According to Trex North Carolina Facility records, Defendant Fair City Auto Body Paint, Inc. ("Fair City Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fair City Auto and contained hazardous substances.

1325. By letter dated July 7, 2017, Trex demanded that Fair City Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1326. To date, Fair City Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1327. According to Trex North Carolina Facility records, Defendant Falls River Cleaners ("River Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by River Cleaners and contained hazardous substances.

1328.  By letter dated July 28, 2017, Trex demanded that River Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1329.  To date, River Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1330.  According to Trex North Carolina Facility records, Defendant Fanning Springs Auto, Inc. ("Fanning Springs") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fanning Springs and contained hazardous substances.

1331.  By letter dated August 11, 2017, Trex demanded that Fanning Springs reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1332.  To date, Fanning Springs has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1333.  According to Trex North Carolina Facility records, Defendant Fender Mender of Greenville, S.C., Inc. ("Fender Mender") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fender Mender and contained hazardous substances.

1334.  By letter dated July 21, 2017, Trex demanded that Fender Mender reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1335. To date, Fender Mender has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1336. According to Trex North Carolina Facility records, Defendant Fertig Cabinet Company, Inc. ("Fertig Cabinet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fertig Cabinet and contained hazardous substances.

1337. By letter dated July 21, 2017, Trex demanded that Fertig Cabinet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1338. To date, Fertig Cabinet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility

1339. According to Trex North Carolina Facility records, Defendant Filtrair, Inc. ("Filtrair") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by Filtrair and contained hazardous substances.

1340. By letter dated March 16, 2020, Trex demanded that Filtrair reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1341. To date, Filtrair has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1342.   According to Trex North Carolina Facility records, Defendant Finish First Autobody & Paint ("First Autobody") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by First Autobody and contained hazardous substances.

1343.   By letter dated July 21, 2017, Trex demanded that First Autobody reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1344.   To date, First Autobody has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1345.   Defendant Finzer Roller, Inc. ("Finzer Roller") is the successor to and/or is formerly known as Voith Paper Service Southeast Inc.

1346.   According to Trex North Carolina Facility records, Voith Paper Service Southeast Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,615 gallons of materials to the Trex North Carolina Facility. These materials were owned by Voith Paper Service Southeast Inc. and contained hazardous substances.

1347.   To date, Finzer Roller has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1348.   Alternatively, Defendant Southern Paper Group, Inc. ("Southern Paper") is the successor to and/or is formerly known as Voith Paper Service Southeast Inc., as alleged above.

1349.   To date, Southern Paper has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1350.  According to Trex North Carolina Facility records, Defendant Fisher Auto Parts, Inc. ("Fisher Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fisher Auto and contained hazardous substances.

1351.  By letter dated August 25, 2017, Trex demanded that Fisher Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1352.  To date, Fisher Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1353.  According to Trex North Carolina Facility records, Defendant Fitze Engineers Ltd., doing business as Acero Precision, ("Fitze Engineers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 200 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fitze Engineers and contained hazardous substances.

1354.  By letter dated July 14, 2017, Trex demanded that Fitze Engineers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1355.  To date, Fitze Engineers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1356.  According to Trex North Carolina Facility records, Defendant Fleet Paint & Body Inc. ("Fleet Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 155 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Fleet Paint and contained hazardous substances.

1357. By letter dated July 21, 2017, Trex demanded that Fleet Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1358. To date, Fleet Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1359. According to Trex North Carolina Facility records, Defendant Flint Group US LLC ("Flint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 145,734 gallons of materials to the Trex North Carolina Facility. These materials were owned by Flint and contained hazardous substances.

1360. By letter dated March 31, 2016, Trex demanded that Flint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1361. To date, Flint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1362. According to Trex North Carolina Facility records, Defendant Florida Aircraft Painting Of Bartow Inc. ("FL Aircraft Painting") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96 gallons of materials to the Trex North Carolina Facility. These materials were owned by FL Aircraft Painting and contained hazardous substances.

1363.   By letter dated July 28, 2017, Trex demanded that FL Aircraft Painting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1364.   To date, FL Aircraft Painting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1365.   According to Trex North Carolina Facility records, Defendant Florida Marine Tanks, Inc. ("Florida Marine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Florida Marine and contained hazardous substances.

1366.   By letter dated July 28, 2017, Trex demanded that Florida Marine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1367.   To date, Florida Marine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1368.   According to Trex North Carolina Facility records, Defendant Florida's Nu Finish Collision Center, Inc. ("Nu Finish Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nu Finish Collision and contained hazardous substances.

1369.   By letter dated July 14, 2017, Trex demanded that Nu Finish Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1370. To date, Nu Finish Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1371. According to Trex North Carolina Facility records, Defendant Floyd's Auto Body & Paint, Inc. ("Floyd's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Floyd's Auto and contained hazardous substances.

1372. By letter dated August 4, 2017, Trex demanded that Floyd's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1373. To date, Floyd's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1374. According to Trex North Carolina Facility records, Defendant FM Automotive, Inc. ("FM Automotive") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 48 gallons of materials to the Trex North Carolina Facility. These materials were owned by FM Automotive and contained hazardous substances.

1375. By letter dated August 18, 2017, Trex demanded that FM Automotive reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1376. To date, FM Automotive has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1377. According to Trex North Carolina Facility records, Defendant Ford's Auto Body & Paint ("Ford's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ford's Auto and contained hazardous substances.

1378. By letter dated August 11, 2017, Trex demanded that Ford's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1379. To date, Ford's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1380. According to Trex North Carolina Facility records, Defendant Fordham's Cleaners ("Fordham") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 357 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fordham and contained hazardous substances.

1381. By letter dated July 14, 2017, Trex demanded that Fordham reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1382. To date, Fordham has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1383. Defendant Forest City Tool, Inc. ("Forest City Tool") is the successor to and/or is formerly known as Forest City Tool Co.

1384.   Forest City Tool Co. is and/or was located at 620 23rd Street NW, Hickory, North Carolina, 28601.

1385.   Forest City Tool Company held out as Forest City Tool Co.

1386.   On or about March 2, 1987, Forest City Tool Company changed its name to Forest City Tool Textron Inc.

1387.   On or about December 17, 1992, Forest City Tool Textron Inc. changed its name to Forest City Tool Inc.

1388.   On or about March 23, 1993, Forest City Tool Inc. changed its name to DML Industrial Products, Inc.

1389.   On or about December 30, 2002, DML Industrial Products, Inc. merged into Vermont American Corporation.

1390.   In the state of North Carolina, Vermont American Corporation held out as Vermont American Corporation – Delaware.

1391.   On or about January 17, 2003, Vermont American Corporation – Delaware changed its name to Robert Bosch Tool Corporation.

1392.   Forest City Tool, Inc. operated as a division of Robert Bosch Tool Corporation.

1393.   Forest City Tool, Inc. is and/or was located at 620 23rd Street NW, Hickory, North Carolina, 28601.

1394.   According to Trex North Carolina Facility records, Forest City Tool Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 346 gallons of materials to the Trex North Carolina Facility. These materials were owned by Forest City Tool Co. and contained hazardous substances.

1395. By letter dated July 28, 2017, Trex demanded that Forest City Tool reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1396. To date, Forest City Tool has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1397. Alternatively, Defendant Whiteside Machine & Repair Company, Inc. ("Whiteside Machine") is responsible for the waste attributable to Forest City Tool Co. as alleged above.

1398. Forest City Tool, Inc. was incorporated in 2003 with officers William Whiteside and Barbara Whiteside.

1399. Whiteside Machine & Repair Company, Inc. was incorporated in 1981 and has or had officers William Whiteside and Michael Whiteside.

1400. To date, Whiteside Machine has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1401. Alternatively, Defendant Robert Bosch Tool Corporation ("Bosch Tool") is the successor to and/or is formerly known as Forest City Tool Co., as alleged above.

1402. To date, Bosch Tool has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1403. Defendant Forma Corporation, Inc. ("Forma") is the successor to and/or is formerly known as Heinz Roth.

1404. Heinz Roth is and/or was located at 4814 Persimmon Court, Monroe, North Carolina, 28110.

1405. Heinz Roth is the President of Mang Systems, Inc. and Nickolaus Willie, Inc.

203

1406.  Mang Systems, Inc. and Nickolaus Willie, Inc. each had their principal office at 4814 Persimmon Court, Monroe, North Carolina, 28110.

1407.  On or about March 21, 2012, Forma Corporation, Inc. registered to do business in the state of North Carolina and was located at 4814 Persimmon Court, Monroe, North Carolina, 28110.

1408.  Heinz Roth is the President of Forma Corporation, Inc.

1409.  According to Trex North Carolina Facility records, Heinz Roth by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 120 gallons of materials to the Trex North Carolina Facility. These materials were owned by Heinz Roth and contained hazardous substances.

1410.  By letter dated August 4, 2017, Trex demanded that Forma reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1411.  To date, Forma has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1412.  According to Trex North Carolina Facility records, Defendant Forsyth Body Shop, LLC ("Forsyth Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Forsyth Body and contained hazardous substances.

1413.  By letter dated August 11, 2017, Trex demanded that Forsyth Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1414. To date, Forsyth Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1415. According to Trex North Carolina Facility records, Defendant Fort Lauderdale Woodworking, Inc. ("Ft. Lauderdale Woodworking") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ft. Lauderdale Woodworking and contained hazardous substances.

1416. By letter dated July 14, 2017, Trex demanded that Ft. Lauderdale Woodworking reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1417. To date, Ft. Lauderdale Woodworking has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1418. Defendant Foster's Paint and Body Shop, Inc. ("Foster's Paint") is the successor to and/or is formerly known as Foster's Premier Auto Body.

1419. Foster's Premier Auto Body is and/or was located at 7300 Capital Boulevard, Raleigh, North Carolina, 27604.

1420. Foster's Paint is and/or was located at 7300 Capital Boulevard, Raleigh, North Carolina, 27616.

1421. According to Trex North Carolina Facility records, Foster's Premier Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 75 gallons of materials to the Trex North Carolina Facility. These materials were owned by Foster's Premier Auto Body and contained hazardous substances.

1422. By letter dated August 11, 2017, Trex demanded that Foster's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1423. To date, Foster's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1424. Defendant Framatome Inc. ("Framatome") is the successor to and/or is formerly known as BWFC-CNFP (Commercial Nuclear Fuel Plant).

1425. B&W Fuel Company - Commercial Nuclear Fuel Plant holds itself out as BWFC CNFP.

1426. In or about 1993, affiliates of Framatome and Cogema acquired full ownership of B&W Fuel Company.

1427. In or about 1996, B&W Fuel Company informed the Nuclear Regulatory Commision of its name change to Framatome Cogema Fuels.

1428. In or about 1999, Framatome Technologies Group, Inc. acquired the Cogema's interest in Framatome Cogema Fuels.

1429. In or about 2000, Framatome Technologies Group, Inc. merged into Framatome ANP, Inc.

1430. On or about May 9, 2006, Framatome ANP, Inc. changed its name to Areva NP Inc.

1431. On or about May 9, 2014, Areva NP Inc. changed its name to Areva Inc.

1432. On or about February 14, 2018, Areva Inc. changed its name to Framatome Inc.

1433. According to Trex North Carolina Facility records, BWFC-CNFP (Commercial Nuclear Fuel Plant) by contract, agreement, or otherwise arranged for disposal or treatment, or

arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by BWFC-CNFP (Commercial Nuclear Fuel Plant) and contained hazardous substances.

1434. By letter dated July 17, 2017, Trex demanded that Areva, Inc. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1435. To date, Framatome Inc. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1436. According to Trex North Carolina Facility records, Defendant Framtiden, Inc., doing business as Maaco of Spartanburg, ("Framtiden") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,080 gallons of materials to the Trex North Carolina Facility. These materials were owned by Framtiden and contained hazardous substances.

1437. By letter dated June 16, 2017, Trex demanded that Framtiden reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1438. To date, Framtiden has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1439. Defendant Franklin County, North Carolina ("Franklin County") is the successor to and/or is formerly known as Franklin Co. Solid Waste.

1440. Franklin Co. Solid Waste is and/or was located at 10 Landfill Road, Franklinton, North Carolina 27525.

207

1441.   The Franklin County Landfill is and/or was located at 10 Landfill Road, Franklinton, North Carolina 27525.

1442.   According to Trex North Carolina Facility records, Franklin Co. Solid Waste by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Franklin Co. Solid Waste and contained hazardous substances.

1443.   By letter dated March 16, 2020, Trex demanded that Franklin County reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1444.   To date, Franklin County has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1445.   Defendant Franklin-Dodd Communications LLC, doing business as Southeastern, ("Franklin-Dodd") is the successor to and/or is formerly known as Franklin Trade Graphics.

1446.   Franklin Trade Graphics is and/or was located at 5301 NW 37th Ave, Miami, Florida, 33142.

1447.   Franklin/Trade Graphics, LLC is and/or was located at 5301 NW 37th Avenue, Miami, Florida, 33142.

1448.   On or about March, 27, 2006, Franklin/Trade Graphics, LLC changed its name to Franklin Communications, LLC.

1449.   In or about 2012, Franklin Communications, LLC merged with Dodd Communications LLC. The resulting entity took the name Franklin-Dodd Communications LLC.

1450. In or about 2017, Southeastern Printing Company, Inc. acquired Franklin-Dodd Communications LLC.

1451. According to Trex North Carolina Facility records, Franklin Trade Graphics by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 294 gallons of materials to the Trex North Carolina Facility. These materials were owned by Franklin Trade Graphics and contained hazardous substances.

1452. By letter dated July 21, 2017, Trex demanded that Franklin-Dodd reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1453. To date, Franklin-Dodd has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1454. According to Trex North Carolina Facility records, Defendant Frazor Quality Woodworks, Inc. ("Frazor Woodworks") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Frazor Woodworks and contained hazardous substances.

1455. By letter dated July 14, 2017, Trex demanded that Frazor Woodworks reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1456. To date, Frazor Woodworks has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1457.  According to Trex North Carolina Facility records, Defendant Freddie's Body Shop, L.C. ("Freddie's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Freddie's Body and contained hazardous substances.

1458.  By letter dated July 14, 2017, Trex demanded that Freddie's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1459.  To date, Freddie's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1460.  According to Trex North Carolina Facility records, Defendant Freeman Container Company, Inc. ("Freeman Container") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Freeman Container and contained hazardous substances.

1461.  By letter dated July 21, 2017, Trex demanded that Freeman Container reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1462.  To date, Freeman Container has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1463.  According to Trex North Carolina Facility records, Defendant Frontenac Cleaners West End, Inc. ("Frontenac Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 128 gallons of materials to the Trex North Carolina Facility. These materials were owned by Frontenac Cleaners and contained hazardous substances.

1464.   By letter dated March 16, 2020, Trex demanded that Frontenac Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1465.   To date, Frontenac Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1466.   According to Trex North Carolina Facility records, Defendant Fruitland Body Shop Inc. ("Fruitland Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fruitland Body and contained hazardous substances.

1467.   By letter dated August 11, 2017, Trex demanded that Fruitland Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1468.   To date, Fruitland Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1469.   According to Trex North Carolina Facility records, Defendant Furniture Doctor, Inc. ("Furniture Doctor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Furniture Doctor and contained hazardous substances.

1470. By letter dated July 21, 2017, Trex demanded that Furniture Doctor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1471. To date, Furniture Doctor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1472. According to Trex North Carolina Facility records, Defendant Fusion Coating, Inc. ("Fusion Coating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 300 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fusion Coating and contained hazardous substances.

1473. By letter dated July 21, 2017, Trex demanded that Fusion Coating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1474. To date, Fusion Coating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1475. According to Trex North Carolina Facility records, Defendant Fyvex International Corp., doing business as Maaco West Palm Beach, ("Fyvex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Fyvex and contained hazardous substances.

1476. By letter dated June 23, 2017, Trex demanded that Fyvex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1477.   To date, Fyvex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1478.   According to Trex North Carolina Facility records, Defendant G&P Heavy Truck Body Works, Inc. ("G&P Truck") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by G&P Truck and contained hazardous substances.

1479.   By letter dated July 21, 2017, Trex demanded that G&P Truck reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1480.   To date, G&P Truck has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1481.   According to Trex North Carolina Facility records, Defendant Gary's B-S, Inc. ("Gary's B-S") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gary's B-S and contained hazardous substances.

1482.   By letter dated August 4, 2017, Trex demanded that Gary's B-S reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1483.   To date, Gary's B-S has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1484.   Defendant Gateway Research Park, Inc. ("Gateway Research") is the successor to and/or is formerly known as Gateway University Research Park.

1485.   Gateway University Research Park, Inc. held itself out as Gateway University Research Park.

1486.   On or about February 12, 2019, Gateway University Research Park, Inc. changed its name to Gateway Research Park, Inc.

1487.   According to Trex North Carolina Facility records, Gateway University Research Park by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 15 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gateway University Research Park and contained hazardous substances.

1488.   By letter dated March 16, 2020, Trex demanded that Gateway Research reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1489.   To date, Gateway Research has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1490.   Defendant Gatewood Builders Inc. ("Gatewood Builders") is the successor to and/or is also known as Bill Truitt Wood Works.

1491.   Bill Truitt Wood Works was located at 3124 B West Trade Street, Charlotte, North Carolina, 28203.

1492.   Gatewood Builders is and/or was located at 3124B West Trade Street, Charlotte, North Carolina, 28208.

1493. In or about July, 2016, Bill Truitt Wood Works, Inc. changed its name to Bunnlevel FC, Inc.

1494. In or about 2016, Gatewood Builders acquired Bunnlevel FC, Inc.

1495. According to Trex North Carolina Facility records, Bill Truitt Wood Works by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 880 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bill Truitt Wood Works and contained hazardous substances.

1496. By letter dated June 23, 2017, Trex demanded that Bunnlevel FC, Inc. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1497. To date, Gatewood Builders has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1498. Defendant GE Steam Power, Inc. ("GE") is the successor to and/or is formerly known as ABB Alstom Power.

1499. On or about July 27, 2000, ABB Alstom Power changed its name to Alstom Power Inc.

1500. On or about February 19, 2000, Alstom Power Inc. changed its name to GE Steam Power, Inc.

1501. According to Trex North Carolina Facility records, ABB Alstom Power by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,500 gallons of materials to the Trex

North Carolina Facility. These materials were owned by ABB Alstom Power and contained hazardous substances.

1502.   By letter dated September 1, 2017, Trex demanded that Alstom Power Inc. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1503.   To date, GE has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1504.   According to Trex North Carolina Facility records, Defendant Gedeon's Auto Body, Inc. ("Gedeon's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gedeon's Auto and contained hazardous substances.

1505.   By letter dated August 11, 2017, Trex demanded that Gedeon's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1506.   To date, Gedeon's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1507.   Defendant Gentry Body Shop, Inc. ("Gentry Body") is the successor to and/or is also known as Gentry's Body Works.

1508.   According to Trex North Carolina Facility records, Gentry's Body Works by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Gentry's Body Works and contained hazardous substances.

1509. By letter dated July 21, 2017, Trex demanded that Gentry Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1510. To date, Gentry Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1511. Defendant George Nahas Chevrolet, Inc. ("Nahas Chevrolet") is the successor to and/or is formerly known as George Nahas Olds and George Nahas Oldsmobile Inc.

1512. In or about 1977, George Nahas Oldsmobile, Inc.

1513. George Nahas Oldsmobile, Inc. is and/or was located at 200 East Burleigh Blvd. Tavares, Florida 32778.

1514. In or about 2010, George Nahas Oldsmobile, Inc. changed its name to George Nahas Enterprises, Inc.

1515. George Nahas Enterprises, Inc. principal place of business was 200 East Burleigh Blvd. Tavares, Florida 32778.

1516. As of 2017, George Nahas Enterprises, Inc.'s principal place of business was 4135 East State Road 44 Wildwood, Fl 34785.

1517. Nahas Chevrolet's principal address is 4135 East State Road 44 Wildwood, Fl 34785.

1518. George Nahas was the president of George Nahas Enterprises, Inc.

1519. George Nahas is the president of Nahas Chevrolet.

1520.   According to Trex North Carolina Facility records, George Nahas Olds and George Nahas Oldsmobile Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by George Nahas Olds and George Nahas Oldsmobile Inc. and contained hazardous substances.

1521.   By letter dated August 11, 2017, Trex demanded that Nahas Chevrolet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1522.   To date, Nahas Chevrolet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1523.   According to Trex North Carolina Facility records, Defendant George's Body Shop Inc. ("George's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 215 gallons of materials to the Trex North Carolina Facility. These materials were owned by George's Body and contained hazardous substances.

1524.   By letter dated July 21, 2017, Trex demanded that George's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1525.   To date, George's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1526.   According to Trex North Carolina Facility records, Defendant Georgia Road Paint & Body, Inc. ("Georgia Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220

gallons of materials to the Trex North Carolina Facility. These materials were owned by Georgia Paint and contained hazardous substances.

1527.   By letter dated July 21, 2017, Trex demanded that Georgia Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1528.   To date, Georgia Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1529.   According to Trex North Carolina Facility records, Defendant GFG Enterprises, LLC, doing business as MacDuffs Cleaner's, ("GFG") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by GFG and contained hazardous substances.

1530.   By letter dated July 28, 2017, Trex demanded that GFG reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1531.   To date, GFG has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1532.   According to Trex North Carolina Facility records, Defendant Gildan USA Inc. ("Gildan") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 22 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gildan and contained hazardous substances.

1533. By letter dated March 16, 2020, Trex demanded that Gildan reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1534. To date, Gildan has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1535. Defendant GKN Driveline North America, Inc. ("GKN Driveline NA") is the successor to and/or is also known as GKN Driveline.

1536. According to Trex North Carolina Facility records, GKN Driveline by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 11 gallons of materials to the Trex North Carolina Facility. These materials were owned by GKN Driveline and contained hazardous substances.

1537. By letter dated March 31, 2016, Trex demanded that GKN Driveline NA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1538. To date, GKN Driveline NA has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1539. Alternatively, Defendant GKN Driveline Newton, LLC ("GKN Driveline Newton") is the successor to and/or is formerly known as GKN Driveline, as alleged above.

1540. GKN Driveline Newton, LLC is a division of GKN Driveline North America, Inc.

1541. To date, GKN Driveline Newton has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1542. According to Trex North Carolina Facility records, Defendant Global Medical Imaging, LLC ("Global Imaging") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 59 gallons of materials to the Trex North Carolina Facility. These materials were owned by Global Imaging and contained hazardous substances.

1543. By letter dated August 11, 2017, Trex demanded that Global Imaging reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1544. To date, Global Imaging has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1545. According to Trex North Carolina Facility records, Defendant Gloucester County Collision ("Gloucester Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gloucester Collision and contained hazardous substances.

1546. By letter dated August 11, 2017, Trex demanded that Gloucester Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1547. To date, Gloucester Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1548. Defendant Gordon Terminal Service Co. ("Gordon Terminal") is the successor to and/or is formerly known as Gordon Terminal Services of NJ.

1549. Gordon Terminal does business as Gordon Terminal Service Company of New Jersey.

1550.   According to Trex North Carolina Facility records, Gordon Terminal Services of NJ by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 672 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gordon Terminal Services of NJ and contained hazardous substances.

1551.   By letter dated July 14, 2017, Trex demanded that Gordon Terminal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1552.   To date, Gordon Terminal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1553.   According to Trex North Carolina Facility records, Defendant Graley Autobody, Inc. ("Graley Autobody") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Graley Autobody and contained hazardous substances.

1554.   By letter dated July 21, 2017, Trex demanded that Graley Autobody reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1555.   To date, Graley Autobody has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1556.   According to Trex North Carolina Facility records, Defendant Grant Body Shop, Inc. ("Grant Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 950 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Grant Body and contained hazardous substances.

1557.  By letter dated July 14, 2017, Trex demanded that Grant Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1558.  To date, Grant Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1559.  According to Trex North Carolina Facility records, Defendant Graphic Impressions, Inc. ("Graphic Impressions") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,022 gallons of materials to the Trex North Carolina Facility. These materials were owned by Graphic Impressions and contained hazardous substances.

1560.  By letter dated July 14, 2017, Trex demanded that Graphic Impressions reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1561.  To date, Graphic Impressions has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1562.  According to Trex North Carolina Facility records, Defendant Graphics International, LLC ("Graphics International") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,905 gallons of materials to the Trex North Carolina Facility. These materials were owned by Graphics International and contained hazardous substances.

1563. By letter dated July 14, 2017, Trex demanded that Graphics International reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1564. To date, Graphics International has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1565. According to Trex North Carolina Facility records, Defendant Graybar Electric Company, Inc. ("Graybar Electric") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 45 gallons of materials to the Trex North Carolina Facility. These materials were owned by Graybar Electric and contained hazardous substances.

1566. By letter dated August 25, 2017, Trex demanded that Graybar Electric reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1567. To date, Graybar Electric has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1568. According to Trex North Carolina Facility records, Defendant Great American Car Rentals, Inc., doing business as Maaco Collision Repair & Auto Painting, ("Great American Car") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,882 gallons of materials to the Trex North Carolina Facility. These materials were owned by Great American Car and contained hazardous substances.

1569.  By letter dated June 16, 2017, Trex demanded that Great American Car reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1570.  To date, Great American Car has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1571.  According to Trex North Carolina Facility records, Defendant Great Meadows Auto Body, Inc. ("Meadows Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Meadows Auto and contained hazardous substances.

1572.  By letter dated August 11, 2017, Trex demanded that Meadows Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1573.  To date, Meadows Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1574.  Defendant Greenbrier Hotel Corporation ("Greenbrier Hotel") is the successor to and/or is also known as The Greenbrier.

1575.  The Greenbrier is and/or was located at 300 West Main Street, White Sulphur Spring, West Virginia, 24986.

1576.  Greenbrier Hotel Corporation is and/or was located at 300 W. Main Street, White Sulphur Springs, West Virginia, 24986.

1577.  On or about July 16, 2002, Greenbrier Hotel Corporation registered the tradename The Greenbrier Resort.

1578.   According to Trex North Carolina Facility records, The Greenbrier by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment at least 864 gallons of materials to the Trex North Carolina Facility. These materials were owned by The Greenbrier and contained hazardous substances.

1579.   By letter dated March 31, 2016, Trex demanded that Greenbrier Hotel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1580.   To date, Greenbrier Hotel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1581.   According to Trex North Carolina Facility records, Defendant Gregs Auto Collision, Inc. ("Gregs Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gregs Auto and contained hazardous substances.

1582.   By letter dated July 21, 2017, Trex demanded that Gregs Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1583.   To date, Gregs Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1584.   According to Trex North Carolina Facility records, Defendant GS Paint & Body, Inc. ("GS Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of

materials to the Trex North Carolina Facility. These materials were owned by GS Paint and contained hazardous substances.

1585. By letter dated August 4, 2017, Trex demanded that GS Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1586. To date, GS Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1587. According to Trex North Carolina Facility records, Defendant Gulf Publishing Company, Inc., doing business as Gulf Energy Information, ("Gulf Publishing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gulf Publishing and contained hazardous substances.

1588. By letter dated July 14, 2017, Trex demanded that Gulf Publishing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1589. To date, Gulf Publishing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1590. According to Trex North Carolina Facility records, Defendant H.M. Elliott, Inc. ("H.M. Elliott") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 756 gallons of materials to the Trex North Carolina Facility. These materials were owned by H.M. Elliott and contained hazardous substances.

1591. By letter dated July 14, 2017, Trex demanded that H.M. Elliott reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1592. To date, H.M. Elliott has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1593. According to Trex North Carolina Facility records, Defendant H.P. Stripping, Inc., doing business as H.P. Furniture Refinishing, ("H.P. Stripping") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by H.P. Stripping and contained hazardous substances.

1594. By letter dated July 21, 2017, Trex demanded that H.P. Stripping reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1595. To date, H.P. Stripping has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1596. According to Trex North Carolina Facility records, Defendant H&H Customs ("H&H") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by H&H and contained hazardous substances.

1597. By letter dated August 4, 2017, Trex demanded that H&H reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1598.   To date, H&H has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1599.   According to Trex North Carolina Facility records, Defendant Hackensack Auto Body Co. ("Hackensack Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hackensack Auto and contained hazardous substances.

1600.   By letter dated July 7, 2017, Trex demanded that Hackensack Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1601.   To date, Hackensack Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1602.   According to Trex North Carolina Facility records, Defendant Hagy's Auto Body ("Hagy's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hagy's Auto and contained hazardous substances.

1603.   By letter dated August 4, 2017, Trex demanded that Hagy's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1604.   To date, Hagy's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1605.   Defendant Hall of Elizabeth City, LLC, doing business as Hall Automotive, ("Hall of Elizabeth City") is the successor to and/or is formerly known as Hall Group Inc.

1606.   Hall Group Inc. is and/or was located at 1310 N Road Street, Elizabeth City, North Carolina, 27909.

1607.   Hall of Elizabeth City, LLC is and/or was located at 1310 N Road Street, Elizabeth City, North Carolina, 27909.

1608.   According to Trex North Carolina Facility records, Hall Group Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 250 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hall Group Inc. and contained hazardous substances.

1609.   By letter dated July 21, 2017, Trex demanded that Hall of Elizabeth City reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1610.   To date, Hall of Elizabeth City has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1611.   According to Trex North Carolina Facility records, Defendant Ham's Body Shop, Inc. ("Ham's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ham's Body and contained hazardous substances.

1612.   By letter dated July 21, 2017, Trex demanded that Ham's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1613.  To date, Ham's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1614.  According to Trex North Carolina Facility records, Defendant Hans Auto Body ("Hans Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hans Auto and contained hazardous substances.

1615.  By letter dated July 14, 2017, Trex demanded that Hans Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1616.  To date, Hans Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1617.  Defendant Hardee Body Shop LLC ("Hardee Body") is the successor to and/or is formerly known as Wendalls Body Shop.

1618.  Wendalls Body Shop is and/or was located at 1465 Hwy 9 Business E, Loris, South Carolina, 29569.

1619.  Hardee Body Shop LLC is and/or was located at 1465 Highway 9 Business E, South Carolina, 29569.

1620.  According to Trex North Carolina Facility records, Wendalls Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wendalls Body Shop and contained hazardous substances.

1621.  By letter dated August 18, 2017, Trex demanded that Hardee Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1622.  To date, Hardee Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1623.  According to Trex North Carolina Facility records, Defendant Harrell Sign Company, Inc. ("Harrell Sign") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Harrell Sign and contained hazardous substances.

1624.  By letter dated August 11, 2017, Trex demanded that Harrell Sign reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1625.  To date, Harrell Sign has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1626.  According to Trex North Carolina Facility records, Defendant Harris Truck & Auto Body Shop, Inc. ("Harris Truck") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Harris Truck and contained hazardous substances.

1627.  By letter dated August 11, 2017, Trex demanded that Harris Truck reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1628.   To date, Harris Truck has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1629.   According to Trex North Carolina Facility records, Defendant Haven Harbour Marina LLC ("Haven Harbour") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Haven Harbour and contained hazardous substances.

1630.   By letter dated July 14, 2017, Trex demanded that Haven Harbour reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1631.   To date, Haven Harbour has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1632.   According to Trex North Carolina Facility records, Defendant HD Autobody, Inc. ("HD Autobody") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by HD Autobody and contained hazardous substances.

1633.   By letter dated August 18, 2017, Trex demanded that HD Autobody reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1634.   To date, HD Autobody has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1635. According to Trex North Carolina Facility records, Defendant Head's Auto Repair ("Head's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Head's Auto and contained hazardous substances.

1636. By letter dated August 4, 2017, Trex demanded that Head's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1637. To date, Head's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1638. According to Trex North Carolina Facility records, Defendant Helias Autocraft ("Helias Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Helias Auto and contained hazardous substances.

1639. By letter dated August 4, 2017, Trex demanded that Helias Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1640. To date, Helias Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1641. According to Trex North Carolina Facility records, Defendant Henderson's Body Shop LLC ("Henderson's Body Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Henderson's Body Shop and contained hazardous substances.

1642.   By letter dated July 21, 2017, Trex demanded that Henderson's Body Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1643.   To date, Henderson's Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1644.   Defendant Hendrick Automotive Group ("Hendrick Auto") is the successor to and/or is formerly known as Hendrick Automotive Group, Hendrick Honda, Hendrick Lexus, Honda Cars of Hickory, and Rick Hendrick Chevrolet of Buford.

1645.   Hendrick Automotive Group is the parent company of Hendrick Automotive Group, Hendrick Honda, Hendrick Lexus, Honda Cars of Hickory, and Rick Hendrick Chevrolet of Buford.

1646.   Honda Cars of Hickory is listed as being located at 945 US Highway 70 E, Hickory, North Carolina, 28601.

1647.   Hendrick Automotive Group has a branch located at 945 US Highway 70 E, Hickory North Carolina, 28601.

1648.   Hendrick Automotive Group uses the trade names Hendrick Honda Hickory and Hendrick Honda of Hickory.

1649.   According to Trex North Carolina Facility records, Hendrick Automotive Group, Hendrick Honda, Hendrick Lexus, Honda Cars of Hickory, and Rick Hendrick Chevrolet of Buford by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,606 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Hendrick Automotive Group, Hendrick Honda, Hendrick Lexus, Honda Cars of Hickory, and Rick Hendrick Chevrolet of Buford and contained hazardous substances.

1650. By letter dated July 14, 2017, Trex demanded that Hendrick Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1651. To date, Hendrick Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1652. According to Trex North Carolina Facility records, Defendant Hendrick Motorsports, LLC, doing business as Hendrick Motorsports, ("Hendrick Motorsports") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 887 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hendrick Motorsports and contained hazardous substances.

1653. By letter dated July 14, 2017, Trex demanded that Hendrick Motorsports reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1654. To date, Hendrick Motorsports has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1655. According to Trex North Carolina Facility records, Defendant Henry's Body Shop, LLC, doing business as Henry's Garage & Body Shop, ("Henry's Body Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 260 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Henry's Body Shop and contained hazardous substances.

1656.   By letter dated July 21, 2017, Trex demanded that Henry's Body Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1657.   To date, Henry's Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1658.   According to Trex North Carolina Facility records, Defendant Henson Collision Center Inc. ("Henson Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Henson Collision and contained hazardous substances.

1659.   By letter dated July 21, 2017, Trex demanded that Henson Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1660.   To date, Henson Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1661.   According to Trex North Carolina Facility records, Defendant Herb's Paint & Body Shop ("Herb's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Herb's Paint and contained hazardous substances.

1662.  By letter dated August 18, 2017, Trex demanded that Herb's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1663.  To date, Herb's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1664.  According to Trex North Carolina Facility records, Defendant Heritage Chair Caning, Inc. ("Heritage Chair") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Heritage Chair and contained hazardous substances.

1665.  By letter dated August 4, 2017, Trex demanded that Heritage Chair reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1666.  To date, Heritage Chair has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1667.  According to Trex North Carolina Facility records, Defendant Hermes Abrasives, Ltd. ("Hermes") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 785 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hermes and contained hazardous substances.

1668.  By letter dated July 14, 2017, Trex demanded that Hermes reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1669.   To date, Hermes has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1670.   According to Trex North Carolina Facility records, Defendant HessAmerica ("HessAmerica") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 6,535 gallons of materials to the Trex North Carolina Facility. These materials were owned by HessAmerica and contained hazardous substances.

1671.   By letter dated July 14, 2017, Trex demanded that HessAmerica reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1672.   To date, HessAmerica has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1673.   According to Trex North Carolina Facility records, Defendant Hi Line Auto Body, Inc. ("Hi Line Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hi Line Auto and contained hazardous substances.

1674.   By letter dated August 4, 2017, Trex demanded that Hi Line Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1675.   To date, Hi Line Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1676.   According to Trex North Carolina Facility records, Defendant Hi-Teck Collision Paint & Body Shop, Inc. ("Hi-Teck Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hi-Teck Collision and contained hazardous substances.

1677.   By letter dated August 4, 2017, Trex demanded that Hi-Teck Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1678.   To date, Hi-Teck Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1679.   Defendant Hickory Brands, Inc. ("Hickory Brands") is the successor to and/or is formerly known as Griffin Packaging, LLC.

1680.   On or about July 18, 1995, Griffin Packaging, LLC was formed.

1681.   According to the Georgia Secretary of State, Griffin Packagin, LLC's manager's name and address was Robert E. Bell located at 429 27th Street, N.W. Hickory, North Carolina 28603.

1682.   According to Trex North Carolina Facility records, Griffin Packaging, LLC's CEO was Bob Bell.

1683.   According to the North Carolina Secretary of State, Hickory Brands is located at 429 27th Street, N.W. Hickory, North Carolina 28603.

1684.   Robert Bell is the registered agent for Hickory Brands.

1685.   According to Trex North Carolina Facility records, Griffin Packaging, LLC by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a

transporter for transport for disposal or treatment, at least 320 gallons of materials to the Trex North Carolina Facility. These materials were owned by Griffin Packaging, LLC and contained hazardous substances.

1686.   By letter dated July 21, 2017, Trex demanded that Hickory Brands reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1687.   To date, Hickory Brands has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1688.   According to Trex North Carolina Facility records, Defendant Hickory Glass, Inc. ("Hickory Glass") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 336 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hickory Glass and contained hazardous substances.

1689.   By letter dated July 14, 2017, Trex demanded that Hickory Glass reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1690.   To date, Hickory Glass has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1691.   According to Trex North Carolina Facility records, Defendant Hicone Body Shop ("Hicone Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hicone Body and contained hazardous substances.

1692.   To date, Hicone Body has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1693.   According to Trex North Carolina Facility records, Defendant Highway 78 Body Shop, Inc. ("Highway 78") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Highway 78 and contained hazardous substances.

1694.   By letter dated July 14, 2017, Trex demanded that Highway 78 reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1695.   To date, Highway 78 has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1696.   According to Trex North Carolina Facility records, Defendant Hines Advisors Limited Partnership ("Hines Advisors") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hines Advisors and contained hazardous substances.

1697.   By letter dated August 11, 2017, Trex demanded that Hines Advisors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1698.   To date, Hines Advisors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1699.  According to Trex North Carolina Facility records, Defendant Hobbs Paint & Body Shop ("Hobbs Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hobbs Paint and contained hazardous substances.

1700.  By letter dated August 18, 2017, Trex demanded that Hobbs Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1701.  To date, Hobbs Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1702.  According to Trex North Carolina Facility records, Defendant Hollywood Motorsports, LLC ("Hollywood Motorsports") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hollywood Motorsports and contained hazardous substances.

1703.  By letter dated July 21, 2017, Trex demanded that Hollywood Motorsports reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1704.  To date, Hollywood Motorsports has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1705. According to Trex North Carolina Facility records, Defendant Holmes Auto Body ("Holmes Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials

to the Trex North Carolina Facility. These materials were owned by Holmes Auto and contained hazardous substances.

1706.   By letter dated August 25, 2017, Trex demanded that Holmes Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1707.   To date, Holmes Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1708.   According to Trex North Carolina Facility records, Defendant Hometown Cleaners Inc. ("Hometown Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hometown Cleaners and contained hazardous substances.

1709.   By letter dated August 4, 2017, Trex demanded that Hometown Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1710.   To date, Hometown Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1711.   According to Trex North Carolina Facility records, Defendant Hornbergers Auto Body, LLC ("Hornbergers Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hornbergers Auto and contained hazardous substances.

1712. By letter dated July 21, 2017, Trex demanded that Hornbergers Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1713. To date, Hornbergers Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1714. According to Trex North Carolina Facility records, Defendant Horton's Collision Center of Vidalia, Inc. ("Horton's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 715 gallons of materials to the Trex North Carolina Facility. These materials were owned by Horton's Collision and contained hazardous substances.

1715. By letter dated July 14, 2017, Trex demanded that Horton's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1716. To date, Horton's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1717. Defendant HSG Enterprises of S. Florida Corp., doing business as De Colores Paint & Body Shop, ("HSG Enterprises") is the successor to and/or is formerly known as J Krantz Enterprises Inc.

1718. J. Krantz Enterprises, Inc. was located at 260/280 S.W. 22nd Avenue, Miami, Florida, 33135.

1719. Henry Gonzalez is the President of HSG Enterprises of S. Florida Corp.

1720. According to the Trex North Carolina Facility records, Henry Gonzalez signed for the waste disposal on behalf of J Krantz Enterprises Inc.

1721.   According to Trex North Carolina Facility records, J Krantz Enterprises Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by J Krantz Enterprises Inc. and contained hazardous substances.

1722.   By letter dated August 4, 2017, Trex demanded that HSG Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1723.   To date, HSG Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1724.   According to Trex North Carolina Facility records, Defendant Huff Petroleum Company, Inc. ("Huff Petroleum") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 16 gallons of materials to the Trex North Carolina Facility. These materials were owned by Huff Petroleum and contained hazardous substances.

1725.   By letter dated March 16, 2020, Trex demanded that Huff Petroleum reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1726.   To date, Huff Petroleum has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1727.   According to Trex North Carolina Facility records, Defendant Hurricane Graphics, Inc. ("Hurricane Graphics") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110

gallons of materials to the Trex North Carolina Facility. These materials were owned by Hurricane Graphics and contained hazardous substances.

1728. By letter dated August 4, 2017, Trex demanded that Hurricane Graphics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1729. To date, Hurricane Graphics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1730. According to Trex North Carolina Facility records, Defendant Hwy. 49 Truck & Trailer Repair Inc. ("Hwy. 49 Repair") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hwy. 49 Repair and contained hazardous substances.

1731. By letter dated July 14, 2017, Trex demanded that Hwy. 49 Repair reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1732. To date, Hwy. 49 Repair has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1733. According to Trex North Carolina Facility records, Defendant I.V. Miller & Sons, Inc., doing business as Final Cut, ("I.V. Miller") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,827 gallons of materials to the Trex North Carolina Facility. These materials were owned by I.V. Miller and contained hazardous substances.

1734. By letter dated March 31, 2016, Trex demanded that I.V. Miller reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1735. To date, I.V. Miller has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1736. Defendant IE Furniture, Inc. ("IE Furniture") is the successor to and/or is formerly known as Con-Tab.

1737. In or about 2014, IE Furniture, Inc. acquired Con-Tab.

1738. According to Trex North Carolina Facility records, Con-Tab by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Con-Tab and contained hazardous substances.

1739. By letter dated July 7, 2017, Trex demanded that IE Furniture reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1740. To date, IE Furniture has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1741. Defendant Independent Body & Muffler Inc. ("Independent Body") is the successor to and/or is also known as Independent Body Shop.

1742. Independent Body Shop is and/or was located at 70 A Independent Road, Winnsboro, South Carolina, 29180.

1743.   According to Independent Body and Tire Shop's website, Independent Body and Tire Shop is and/or was located at 70 Independent Road, Winnsboro, South Carolina, 29180. Bill Edenfield is the owner.

1744.   Independent Body and Muffler, Inc. holds itself out as Independent Body and Tire Shop, and Independent Body Shop.

1745.   In or about 1998, Superior Enterprises, Inc. registered to do business in the state of South Carolina. William (Bill) Edenfield is the registered agent.

1746.   Superior Enterprises, Inc. has a location at 70-A Independent Road, Winnsboro, South Carolina, 29180.

1747.   Independent Body and Muffler, Inc. does business as Superior Enterprises, Inc.

1748.   According to Trex North Carolina Facility records, Independent Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Independent Body Shop and contained hazardous substances.

1749.   By letter dated July 21, 2017, Trex demanded that Independent Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1750.   To date, Independent Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1751.   According to Trex North Carolina Facility records, Defendant Indigen Armor Inc. ("Indigen Armor") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 187 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Indigen Armor and contained hazardous substances.

1752. By letter dated July 21, 2017, Trex demanded that Indigen Armor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1753. To date, Indigen Armor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1754. According to Trex North Carolina Facility records, Defendant Industrial Machine Works, Inc. ("Industrial Machine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Industrial Machine and contained hazardous substances.

1755. By letter dated August 18, 2017, Trex demanded that Industrial Machine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1756. To date, Industrial Machine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1757. Defendant Innovative Technologies AEG, Inc. ("Innovative Tech") is the successor to and/or is formerly known as Air Operations Intl.

1758. Air Operations Intl is and/or was located at 4000 NW 28th Street, Miami, Florida, 33142.

1759. Air Operations International AEG, Inc. was located at 4000 NW 28th Street, Miami, Florida, 33142.

1760. Air Operations International AEG, Inc. held out as AirOps and Air Ops.

1761. Air Opertions International AEG, Inc. was formerly a division of Summit Aerospace, Inc.

1762. According to Trex North Carolina Facility records, Air Operations Intl. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96 gallons of materials to the Trex North Carolina Facility. These materials were owned by Air Operations Intl. and contained hazardous substances.

1763. By letter dated July 28, 2017, Trex demanded that Innovative Tech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1764. To date, Innovative Tech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1765. Alternatively, Summit Aerospace, Inc. ("Summit Aerospace") is the successor to and/or is formerly known as Air Operations Intl, as alleged above.

1766. Summit Aerospace, Inc. has divisions consisting of Summit Aerospace, Inc., Avionics International, Inc. and Summit Accessory Services, Inc.

1767. Summit Accessory Services, Inc. is and/or was located at 4000 NW 28th Street, Miami, Florida, 33142.

1768. Summit Accessory Services, Inc. holds out as formerly known as AirOps.

1769. To date, Summit Aearospace has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1770.   Defendant Inspectorate America Corporation ("Inspectorate America") is the successor to and/or is formerly known as Analysts, Inc.

1771.   In or about 2015, Analysts, Inc. merged with Inspectorate America Corporation.

1772.   According to Trex North Carolina Facility records, Analysts, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 13 gallons of materials to the Trex North Carolina Facility. These materials were owned by Analysts, Inc. and contained hazardous substances.

1773.   By letter dated March 16, 2020, Trex demanded that Inspectorate America reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1774.   To date, Inspectorate America has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1775.   According to Trex North Carolina Facility records, Defendant The Inspirational Network, Inc. ("Inspirational Network") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4 gallons of materials to the Trex North Carolina Facility. These materials were owned by Inspirational Network and contained hazardous substances.

1776.   By letter dated March 16, 2020, Trex demanded that Inspirational Network reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1777.   To date, Inspirational Network has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1778.   According to Trex North Carolina Facility records, Defendant Integrity Auto Body Inc. ("Integrity Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Integrity Auto and contained hazardous substances.

1779.   By letter dated August 4, 2017, Trex demanded that Integrity Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1780.   To date, Integrity Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1781.   Defendant Interlam Corporation ("Interlam") is the successor to and/or is formerly known as Interlam, Inc. and Modular Wood Systems.

1782.   Modular Wood Systems, Inc. held itself out as Modular Wood Systems.

1783.   Alvin Eckenrod was the President of Modular Wood Systems, Inc., doing business as Modular Wood Systems.

1784.   In or about 2012, AEE Enterprises, Inc. acquired Modular Wood Systems.

1785.   AEE Enterprises, Inc. is and/or was located at 391 Hickory Street, Mount Airy, North Carolina, 27030.

1786.   Interlam, Inc. is and/or was located at 391 Hickory Street, Mounty Airy, North Carolina, 27030.

1787.   Interlam Corporation is and/or was located at 391 Hickory Street, Mounty Airy, North Carolina, 27030.

1788.   Alvin Eckenrod is the President of Interlam Corporation and AEE Enterprises, Inc.

1789.   According to Trex North Carolina Facility records, Interlam, Inc. and Modular Wood Systems by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,575 gallons of materials to the Trex North Carolina Facility. These materials were owned by Interlam, Inc. and Modular Wood Systems and contained hazardous substances.

1790.   By letter dated July 14, 2017, Trex demanded that Interlam reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1791.   To date, Interlam has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1792.   According to Trex North Carolina Facility records, Defendant International Cars of Ocala, Inc. ("International Cars"), also known as and/or is the successor to International Auto Body of Ocala, Inc., by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 605 gallons of materials to the Trex North Carolina Facility. These materials were owned by International Cars and contained hazardous substances.

1793.   By letter dated July 14, 2017, Trex demanded that International Cars reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1794.   To date, International Cars has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1795. According to Trex North Carolina Facility records, Defendant International Construction Equipment, Inc. ("International Construction") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 432 gallons of materials to the Trex North Carolina Facility. These materials were owned by International Construction and contained hazardous substances.

1796. By letter dated July 14, 2017, Trex demanded that International Construction reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1797. To date, International Construction has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1798. According to Trex North Carolina Facility records, Defendant Irflex Corporation ("Irflex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 255 gallons of materials to the Trex North Carolina Facility. These materials were owned by Irflex and contained hazardous substances.

1799. By letter dated July 21, 2017, Trex demanded that Irflex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1800. To date, Irflex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1801. According to Trex North Carolina Facility records, Defendant IRMO Body Shop, Inc. ("IRMO Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of

materials to the Trex North Carolina Facility. These materials were owned by IRMO Body and contained hazardous substances.

1802. By letter dated July 28, 2017, Trex demanded that IRMO Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1803. To date, IRMO Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1804. According to Trex North Carolina Facility records, Defendant Ivory Cleaners & Laundromat ("Ivory Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ivory Cleaners and contained hazardous substances.

1805. By letter dated August 18, 2017, Trex demanded that Ivory Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1806. To date, Ivory Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1807. According to Trex North Carolina Facility records, Defendant J.R. Atkinson Co., doing business as Atkinson Truck Sales, ("Atkinson Co.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Atkinson Co. and contained hazardous substances.

1808. By letter dated July 28, 2017, Trex demanded that Atkinson Co. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1809. To date, Atkinson Co. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1810. According to Trex North Carolina Facility records, Defendant J.R.'s Paint & Body Shop, Inc. ("J.R.'s Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by J.R.'s Paint and contained hazardous substances.

1811. By letter dated July 7, 2017, Trex demanded that J.R.'s Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1812. To date, J.R.'s Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1813. According to Trex North Carolina Facility records, Defendant J&I Collision Service, LLC ("J&I Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by J&I Collision and contained hazardous substances.

1814. By letter dated August 18, 2017, Trex demanded that J&I Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1815.  To date, J&I Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1816.  According to Trex North Carolina Facility records, Defendant Jack Kress Body Shop, LLC ("Kress Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kress Body and contained hazardous substances.

1817.  By letter dated August 18, 2017, Trex demanded that Kress Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1818.  To date, Kress Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1819.  Defendant Jack Williams and Son Co. ("Jack Williams") is the successor to and/or is formerly known as Jack Williams and Son Body Shop.

1820.  Jack Williams and Son Body Shop is and/or was located at 3512 Old Buncumbe Road, Greenville, South Carolina, 29817.

1821.  Jack Williams and Son Co. is and/or was located at 3512 Buncombe Road, Greenville, South Carolina.

1822.  According to Trex North Carolina Facility records, Jack Williams and Son Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jack Williams and Son Body Shop and contained hazardous substances.

1823. By letter dated August 4, 2017, Trex demanded that Jack Williams reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1824. To date, Jack Williams has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1825. Alternatively, Defendant Creative Rods & Restoration, LLC ("Creative Rods") is the successor to and/or is formerly known as Jack Williams and Son Body Shop, as alleged above.

1826. Jack Williams is the owner of Jack Williams and Son Co.

1827. In or about 2017, Creative Rods & Restoration, LLC acquired Jack Williams and Sons Co.

1828. To date, Creative Rods has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1829. Defendant Jala Enterprises LLC, doing business as Dry Clean Depot 71, ("Jala Enterprises") is the successor to and/or is formerly known as Dry Clean Depot.

1830. Dry Clean Depot is and/or was located at 15455 Annapolis Road, Bowie, Maryland, 20715.

1831. Jala Enterprises registered the fictitious name Dryclean Depot at 15455 Annapolis Road, Bowie, Maryland, 20715.

1832. According to Trex North Carolina Facility records, Dry Clean Depot by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 935 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dry Clean Depot and contained hazardous substances.

1833.   By letter dated June 23, 2017, Trex demanded that Jala Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1834.   To date, Jala Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1835.   Alternatively, ASAP Cleaners, LLC ("ASAP Cleaners") is the successor to and/or is formerly known as Dry Clean Depot, as alleged above.

1836.   In or about 2019, ASAP Cleaners, LLC registered to do business in the state of Maryland.

1837.   ASAP Cleaners, LLC operates at 15455 Annapolis Road, Bowie, Maryland, 20715.

1838.   To date, ASAP Cleaners has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1839.   Defendant James Tool, Machine & Engineering, Inc. ("James Tool") is the successor to and/or is formerly known as James Tool Company and James Tool Machine & Engineering Inc.

1840.   James Tool Company and James Tool Machine & Engineering Inc. is and/or was at 130 Reep Drive, Morganton, North Carolina, 28655.

1841.   James Tool Company, Inc. is and/or was located at 130 Reep Drive, Morganton, North Carolina, 28655.

1842.   On or about, June 14, 2000, James Tool Company, Inc. changed its name to James Tool, Machine & Engineering, Inc.

1843.   According to Trex North Carolina Facility records, James Tool Company and James Tool Machine & Engineering Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by James Tool Company and James Tool Machine & Engineering Inc. and contained hazardous substances.

1844.   By letter dated July 14, 2017, Trex demanded that James Tool reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1845.   To date, James Tool has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1846.   According to Trex North Carolina Facility records, Defendant James W. Thomas, Inc., doing business as Ace Paint & Body Shop, ("James W. Thomas") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by James W. Thomas and contained hazardous substances.

1847.   By letter dated July 21, 2017, Trex demanded that James W. Thomas reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1848.   To date, James W. Thomas has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1849.   Defendant James' Paint and Body Shop, Inc. ("James' Paint") is the successor to and/or is formerly known as James P&B Shop.

1850. James P&B Shop is and/or was located at 323 North Main Street, Clayton, Georgia, 30525.

1851. James' Paint and Body Shop, Inc. registered to do business in or about 1984.

1852. James' Paint and Body Shop, Inc. is and/or was located at 323 N Main St, P.O. Box 770, Clayton, Georgia, 30525.

1853. According to Trex North Carolina Facility records, James P&B Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by James P&B Shop and contained hazardous substances.

1854. By letter dated August 18, 2017, Trex demanded that James' Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1855. To date, James' Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1856. According to Trex North Carolina Facility records, Defendant Jamie's Body Shop ("Jamie's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jamie's Body and contained hazardous substances.

1857. By letter dated August 4, 2017, Trex demanded that Jamie's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1858.   To date, Jamie's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1859.   According to Trex North Carolina Facility records, Defendant Jason's Custom Woodworks, LLC ("Jason's Custom") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jason's Custom and contained hazardous substances.

1860.   By letter dated July 21, 2017, Trex demanded that Jason's Custom reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1861.   To date, Jason's Custom has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1862.   According to Trex North Carolina Facility records, Defendant JCS Enterprises, Inc. ("JCS Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96 gallons of materials to the Trex North Carolina Facility. These materials were owned by JCS Enterprises and contained hazardous substances.

1863.   By letter dated August 11, 2017, Trex demanded that JCS Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1864.   To date, JCS Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1865. According to Trex North Carolina Facility records, Defendant Jeff & Dennis, Inc., doing business as J&D Auto Body, ("Jeff & Dennis") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jeff & Dennis and contained hazardous substances.

1866. By letter dated July 21, 2017, Trex demanded that Jeff & Dennis reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1867. To date, Jeff & Dennis has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1868. According to Trex North Carolina Facility records, Defendant Jephet Dawkins Auto Body Repair ("Dawkins Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dawkins Auto and contained hazardous substances.

1869. By letter dated August 25, 2017, Trex demanded that Dawkins Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1870. To date, Dawkins Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1871. According to Trex North Carolina Facility records, Defendant Jerome Russo's Quality Painting & Decorating, Inc. ("Russo's Painting") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or

treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Russo's Painting and contained hazardous substances.

1872.   By letter dated June 30, 2017, Trex demanded that Russo's Painting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1873.   To date, Russo's Painting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1874.   According to Trex North Carolina Facility records, Defendant JF Acquisition, LLC, doing business as Jones & Frank, ("JF Acquisition") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 184 gallons of materials to the Trex North Carolina Facility. These materials were owned by JF Acquisition and contained hazardous substances.

1875.   By letter dated June 30, 2017, Trex demanded that JF Acquisition reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1876.   To date, JF Acquisition has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1877.   Defendant Jim Stutzman Chevrolet-Cadillac Co. ("Stutzman Chevy") is the successor to and/or is formerly known as Jim Stutzman Chevy.

1878.   Jim Stutzman Chevy is and/or was located at 2700 Valley Avenue, Winchester, Virginia, 22601.

1879.   Jim Stutzman Chevrolet-Cadillac Co. is and/or was located at 2700 Valley Avenue, Winchester, Virginia, 22601.

1880. Jim Stutzman Chevrolet-Cadillac Co. registered the fictitious name Jim Stutzman Chevrolet.

1881. According to Trex North Carolina Facility records, Jim Stutzman Chevy by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jim Stutzman Chevy and contained hazardous substances.

1882. By letter dated July 14, 2017, Trex demanded that Stutzman Chevy reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1883. To date, Stutzman Chevy has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1884. Alternatively, Defendant Malloy Chevrolet Cadillac, LLC ("Malloy Chevrolet") is the successor to and/or is formerly known as Jim Stutzman Chevy, as alleged above.

1885. In or about 2018, Malloy Auto Group acquired Jim Stutzman Chevrolet-Cadillac Co.

1886. Malloy Chevrolet Cadillac, LLC is a division of Malloy Auto Group.

1887. In or about 2018, Malloy Chevrolet Cadillac, LLC registered to do business in the state of Virginia with the principal office located at 2700 Valley Avenue, Winchester, Virginia, 22601.

1888. To date, Mally Chevrolet has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1889.   According to Trex North Carolina Facility records, Defendant Jim Weiss Autobody and Towing, LLC ("Jim Weiss Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jim Weiss Auto and contained hazardous substances.

1890.   By letter dated July 21, 2017, Trex demanded that Jim Weiss Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1891.   To date, Jim Weiss Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1892.   According to Trex North Carolina Facility records, Defendant Jimmy Rivers Body Shop, Inc. ("Rivers Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rivers Body and contained hazardous substances.

1893.   By letter dated July 14, 2017, Trex demanded that Rivers Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1894.   To date, Rivers Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1895.   Defendant Jimmy's Paint & Body Shop ("Jimmy's Paint") is the successor to and/or is formerly known as Jimmys Body Shop.

1896.   Jimmys Body Shop is and/or was located at 121 Yatesville Hwy at 341, Barnesville, Georgia, 30204.

1897.   An owner of Jimmys Body Shop is Jerry Moore.

1898.   Jimmy's Paint & Body Shop is and/or was located at 121 Yatesville Road, Barnesville, Georgia, 30204.

1899.   Jerry Moore is an owner at Jimmy's Paint & Body Shop.

1900.   According to Trex North Carolina Facility records, Jimmys Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 48 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jimmys Body Shop and contained hazardous substances.

1901.   By letter dated August 18, 2017, Trex demanded that Jimmy's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1902.   To date, Jimmy's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1903.   According to Trex North Carolina Facility records, Defendant JN Enterprise Inc., doing business as Peach Auto Painting & Collision, ("JN Enterprise") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by JN Enterprise and contained hazardous substances.

1904.   By letter dated July 28, 2017, Trex demanded that JN Enterprise reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1905.   To date, JN Enterprise has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1906.   According to Trex North Carolina Facility records, Defendant John L. Young Co. ("John Young") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by John Young and contained hazardous substances.

1907.   By letter dated July 21, 2017, Trex demanded that John Young reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1908.   To date, John Young has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1909.   According to Trex North Carolina Facility records, Defendant John Woodie Enterprises, Inc. ("Woodie Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,112 gallons of materials to the Trex North Carolina Facility. These materials were owned by Woodie Enterprises and contained hazardous substances.

1910.   By letter dated July 14, 2017, Trex demanded that Woodie Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1911. To date, Woodie Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1912. Defendant Johnson Controls International, Inc. ("Johnson Controls") is the successor to and/or is formerly known as Johnson Controls, Johnson Controls Inc., Johnson Controls – Charlotte, Johnson Controls – Fayetteville, Johnson Controls – Knoxville, Johnson Controls – Raleigh, and York International Corp. (collectively, "Johnson Controls Entities).

1913. Johnson Controls International, Inc. holds itself as Johnson Controls and Johnson Controls Inc.

1914. Johnson Controls – Charlotte is and/or was located at 9844 B Southern Pines Boulevard, Charlotte, North Carolina, 28273.

1915. Johnson Controls, Inc. and Johnson Controls Charlotte Office is and/or was at 9844 Southern Pines Boulevard, Charlotte, North Carolina, 28273.

1916. Johnson Controls – Raleigh is and/or was located at 633-104 Hutton St., Raleigh, North Carolina, 27606.

1917. Raleigh is a division of Johnson Controls, Inc. located at 633-104 Hutton Street, Raleigh, North Carolina.

1918. York International Corp. is and/or was located at 631 Richland Avenue, York, Pennsylvania, 17405.

1919. In or about 2005, Johnson Controls, Inc. acquired York International Corp.

1920. Johnson Controls, Inc. is and/or was located at 631 S. Richland Avenue, York, Pennsylvania, 17405.

1921. Johnson Controls – Knoxville is and/or was located at 6101 Industrial Heights Drive, Knoxville, Tennessee, 37809.

1922.   Johnson Controls, Inc. was formerly located at 6101 Industrial heights Drive, Knoxville, Tennessee, 37809.

1923.   Johnson Controls – Fayetteville is division of Johnson Controls, Inc.

1924.   According to Trex North Carolina Facility records, the Johnson Controls Entities by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 6,459 gallons of materials to the Trex North Carolina Facility. These materials were owned by the Johnson Controls Entities and contained hazardous substances.

1925.   By correspondence dated June 25, 2020, Trex demanded that Johnson Controls reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1926.   To date, Johnson Controls has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1927.   According to Trex North Carolina Facility records, Defendant Johnson's Auto Body ("Johnson's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 310 gallons of materials to the Trex North Carolina Facility. These materials were owned by Johnson's Auto and contained hazardous substances.

1928.   By letter dated June 30, 2017, Trex demanded that Johnson's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1929.   To date, Johnson's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1930. According to Trex North Carolina Facility records, Defendant JR's Auto Body Inc. ("JR's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by JR's Auto and contained hazardous substances.

1931. By letter dated July 7, 2017, Trex demanded that JR's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1932. To date, JR's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1933. According to Trex North Carolina Facility records, Defendant JT's Paint & Body Shop, Inc. ("JT's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by JT's Paint and contained hazardous substances.

1934. By letter dated July 7, 2017, Trex demanded that JT's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1935. To date, JT's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1936. According to Trex North Carolina Facility records, Defendant Jubal Cleaners LLC, doing business as Jubal Early Cleaners, ("Jubal Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for

disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jubal Cleaners and contained hazardous substances.

1937. By letter dated July 7, 2017, Trex demanded that Jubal Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1938. To date, Jubal Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1939. Defendant Justice Wholesale ("Justice") is the successor to and/or is formerly known as Gulf Coast Paint & Body.

1940. Gulf Coast Paint & Body is and/or was located at 3562 West Fairfield Drive, Pensacola, Florida.

1941. Gulf Coast Paint, Body, & Collision, Inc. is and/or was located at 3562 West Fairfield Drive, Pensacola, Florida, 32506.

1942. The generator for the waste disposal on behalf of Gulf Coast Paint & Body was Richard Justice.

1943. The President of Gulf Coast Paint, Body, & Collision, Inc. is Richard Justice.

1944. Gulf Coast Paint & Body represents Gulf Coast Paint, Body, & Collision, Inc.

1945. Gulf Coast Paint, Body, & Collision, Inc. dissolved in or about 2011.

1946. According to Trex North Carolina Facility records, Gulf Coast Paint & Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gulf Coast Paint & Body and contained hazardous substances.

1947. By letter dated July 21, 2017, Trex demanded that Justice reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1948. To date, Justice has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1949. Alternatively, Gulf Coast Collision Workx Inc. ("Gulf Coast Collision") is the successor to and/or is formerly known as Gulf Coast Paint & Body, as alleged above.

1950. On or about November 12, 2013, Gulf Coast Collision Workx Inc. registered to do business in the state of Florida.

1951. Gulf Coast Collision Workx Inc. is and/or was located at 3562 West Fairfield Drive, Pensacola, Florida, 32506.

1952. The President of Gulf Coast Collision Workx Inc. is Richard Justice.

1953. Gulf Coast Collision Workx Inc. is a continuation of Gulf Coast Paint, Body, & Collision, Inc.

1954. To date, Gulf Coast Collision has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1955. According to Trex North Carolina Facility records, Defendant JVC Environmental, Inc. ("JVC Enviro") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 48 gallons of materials to the Trex North Carolina Facility. These materials were owned by JVC Enviro and contained hazardous substances.

1956.   By letter dated July 7, 2017, Trex demanded that JVC Enviro reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1957.   To date, JVC Enviro has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1958.   According to Trex North Carolina Facility records, Defendant K&K Services, L.L.C. ("K&K Services") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by K&K Services and contained hazardous substances.

1959.   By letter dated July 7, 2017, Trex demanded that K&K Services reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1960.   To date, K&K Services has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1961.   According to Trex North Carolina Facility records, Defendant Kar Enterprises, LLC, doing business as Creative Coach Collision Repair, ("Kar Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kar Enterprises and contained hazardous substances.

1962.   By letter dated August 11, 2017, Trex demanded that Kar Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1963.   To date, Kar Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1964.   According to Trex North Carolina Facility records, Defendant Kel Chemicals, Inc. ("Kel Chemicals") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 355 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kel Chemicals and contained hazardous substances.

1965.   By letter dated July 14, 2017, Trex demanded that Kel Chemicals reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1966.   To date, Kel Chemicals has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1967.   According to Trex North Carolina Facility records, Defendant Ken-Ann Corporation, doing business as Ken Smith Yarn Company, ("Ken-Ann") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ken-Ann and contained hazardous substances.

1968.   By letter dated August 4, 2017, Trex demanded that Ken-Ann reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1969.   To date, Ken-Ann has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1970. According to Trex North Carolina Facility records, Defendant Ken-tron Mfg., Inc. ("Ken-tron Mfg.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,313 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ken-tron Mfg. and contained hazardous substances.

1971. By letter dated July 28, 2017, Trex demanded that Ken-tron Mfg. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1972. To date, Ken-tron Mfg. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1973. According to Trex North Carolina Facility records, Defendant Ken's Automobile and Truck Body Repair, Inc. ("Ken's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ken's Auto and contained hazardous substances.

1974. By letter dated July 28, 2017, Trex demanded that Ken's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1975. To date, Ken's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1976. Defendant Kenney's Collision Center, LLC ("Kenney's Collision") is the successor to and/or is formerly known as Kenny's Collision Center, Inc.

1977. Kenny's Collision Center, Inc. is and/or was located at 3326 N. Expressway, Griffin, Georgia, 30223.

1978. Kenney's Collision Center, LLC is and/or was located at 3326 North Expressway, Griffin, Georgia, 30223.

1979. On or about June 9, 2009, Kenney's Collision Center, Inc. filed for conversion into a limited liability company. The resulting entity is Kenney's Collision Center, LLC.

1980. According to Trex North Carolina Facility records, Kenney's Collision Center, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kenney's Collision Center, Inc. and contained hazardous substances.

1981. By letter dated August 4, 2017, Trex demanded that Kenney's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1982. To date, Kenney's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1983. According to Trex North Carolina Facility records, Defendant Kenny Hawkins Auto Service, Inc. ("Hawkins Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hawkins Auto and contained hazardous substances.

1984. By letter dated July 28, 2017, Trex demanded that Hawkins Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1985. To date, Hawkins Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1986. According to Trex North Carolina Facility records, Defendant Kim's Auto & Truck Collision ("Kim's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kim's Auto and contained hazardous substances.

1987. By letter dated August 18, 2017, Trex demanded that Kim's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1988. To date, Kim's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1989. Defendant King Street Collision Center, LLC ("King Collision") is the successor to and/or is formerly known as King Street Auto Body.

1990. King Street Auto Body is and/or was located at 809 King Street, Silver Spring, Maryland, 20910.

1991. King Street Collision Center, LLC is and/or was located at 809 King Street, Silver Spring, Maryland, 20910.

1992. According to the Trex North Carolina Facility records, Monet Lynch signed for the waste disposal on behalf of King Street Auto Body.

1993.   Monet Lynch holds herself as a former employee of King Street Collision.

1994.   According to Trex North Carolina Facility records, King Street Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by King Street Auto Body and contained hazardous substances.

1995.   By letter dated August 18, 2017, Trex demanded that King Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1996.   To date, King Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

1997.   According to Trex North Carolina Facility records, Defendant King's Body Shop ("King's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by King's Body and contained hazardous substances.

1998.   By letter dated August 4, 2017, Trex demanded that King's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

1999.   To date, King's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2000.   According to Trex North Carolina Facility records, Defendant King's Kustomizing, LLC ("King's Kustomizing") by contract, agreement, or otherwise arranged for

disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by King's Kustomizing and contained hazardous substances.

2001. By letter dated August 4, 2017, Trex demanded that King's Kustomizing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2002. To date, King's Kustomizing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2003. According to Trex North Carolina Facility records, Defendant Kingsbury's Auto Body, Inc. ("Kingsbury's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Kingsbury's Auto and contained hazardous substances.

2004. By letter dated August 4, 2017, Trex demanded that Kingsbury's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2005. To date, Kingsbury's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2006. According to Trex North Carolina Facility records, Defendant KJM Autobody LLC, doing business as Clinton Auto Body, ("KJM Autobody") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by KJM Autobody and contained hazardous substances.

2007.  By letter dated August 18, 2017, Trex demanded that KJM Autobody reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2008.  To date, KJM Autobody has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2009.  According to Trex North Carolina Facility records, Defendant Knight Enterprises, L.L.C. ("Knight Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 384 gallons of materials to the Trex North Carolina Facility. These materials were owned by Knight Enterprises and contained hazardous substances.

2010.  By letter dated July 28, 2017, Trex demanded that Knight Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2011.  To date, Knight Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2012.  According to Trex North Carolina Facility records, Defendant Knight's Body Shop, Inc. ("Knight's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Knight's Body and contained hazardous substances.

2013.  By letter dated August 18, 2017, Trex demanded that Knight's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2014.   To date, Knight's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2015.   According to Trex North Carolina Facility records, Defendant Koger Paint & Body Shop, Inc. ("Koger Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Koger Paint and contained hazardous substances.

2016.   By letter dated August 4, 2017, Trex demanded that Koger Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2017.   To date, Koger Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2018.   According to Trex North Carolina Facility records, Defendant KS Cleaners ("KS Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 71 gallons of materials to the Trex North Carolina Facility. These materials were owned by KS Cleaners and contained hazardous substances.

2019.   By letter dated July 7, 2017, Trex demanded that KS Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2020.   To date, KS Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2021.   Defendant Kustom Kolor Body Shoppe, Inc. ("Kustom Kolor") is the successor to and/or is formerly known as Custom Color.

2022.   Custom Color is and/or was located at 1203 N Garnett Street, Henderson, North Carolina, 27536.

2023.   According to the Trex North Carolina Facility records, William Westbrook signed for the disposal on behalf of Custom Color.

2024.   Kustom Kolor Body Shoppe, Inc. is and/or was located at 1203 North Garnett Street, Henderson, North Carolina, 27536.

2025.   William Westbrook is the President and Registered Agent of Kustom Kolor Body Shoppe, Inc.

2026.   According to Trex North Carolina Facility records, Custom Color by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Custom Color and contained hazardous substances.

2027.   By letter dated July 28, 2017, Trex demanded that Kustom Kolor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2028.   To date, Kustom Kolor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2029.   According to Trex North Carolina Facility records, Defendant Kwik as a Wink Cleaners, Inc. ("Kwik Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55

gallons of materials to the Trex North Carolina Facility. These materials were owned by Kwik Cleaners and contained hazardous substances.

2030.   By letter dated August 18, 2017, Trex demanded that Kwik Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2031.   To date, Kwik Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2032.   According to Trex North Carolina Facility records, Defendant L.T. Bayliff & Son, Inc. ("L.T. Bayliff") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by L.T. Bayliff and contained hazardous substances.

2033.   By letter dated August 11, 2017, Trex demanded that L.T. Bayliff reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2034.   To date, L.T. Bayliff has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2035.   According to Trex North Carolina Facility records, Defendant L&O Auto Body Repair Inc. ("L&O Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 250 gallons of materials to the Trex North Carolina Facility. These materials were owned by L&O Auto and contained hazardous substances.

2036. By letter dated July 28, 2017, Trex demanded that L&O Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2037. To date, L&O Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2038. According to Trex North Carolina Facility records, Defendant L&P Autobody, Inc. ("L&P Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by L&P Auto and contained hazardous substances.

2039. By letter dated March 16, 2020, Trex demanded that L&P Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2040. To date, L&P Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2041. According to Trex North Carolina Facility records, Defendant Laboratory Corp. of America Holdings ("Lab Corp.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lab Corp. and contained hazardous substances.

2042. By letter dated August 11, 2017, Trex demanded that Lab Corp. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2043. To date, Lab Corp. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2044. According to Trex North Carolina Facility records, Defendant Ladue West Cleaners, Inc. ("Ladue West") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ladue West and contained hazardous substances.

2045. By letter dated March 16, 2020, Trex demanded that Ladue West reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2046. To date, Ladue West has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2047. According to Trex North Carolina Facility records, Defendant Landex Corporation ("Landex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 25 gallons of materials to the Trex North Carolina Facility. These materials were owned by Landex and contained hazardous substances.

2048. By letter dated March 16, 2020, Trex demanded that Landex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2049. To date, Landex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2050.   According to Trex North Carolina Facility records, Defendant Langley's Family Collision Center, LLC ("Langley's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 211 gallons of materials to the Trex North Carolina Facility. These materials were owned by Langley's Collision and contained hazardous substances.

2051.   By letter dated July 28, 2017, Trex demanded that Langley's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2052.   To date, Langley's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2053.   According to Trex North Carolina Facility records, Defendant Lazzaro's Autobody Inc. ("Lazzaro's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lazzaro's Auto and contained hazardous substances.

2054.   By letter dated August 18, 2017, Trex demanded that Lazzaro's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2055.   To date, Lazzaro's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2056.   According to Trex North Carolina Facility records, Defendant Ledford's Auto Sales ("Ledford's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55

gallons of materials to the Trex North Carolina Facility. These materials were owned by Ledford's Auto and contained hazardous substances.

2057. By letter dated August 18, 2017, Trex demanded that Ledford's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2058. To date, Ledford's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2059. According to Trex North Carolina Facility records, Defendant Lee's Body Shop ("Lee's Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 111 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lee's Shop and contained hazardous substances.

2060. By letter dated August 4, 2017, Trex demanded that Lee's Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2061. To date, Lee's Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2062. According to Trex North Carolina Facility records, Defendant Lee's Body Shop and Collision, LLC ("Lee's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lee's Body and contained hazardous substances.

2063.   By letter dated August 4, 2017, Trex demanded that Lee's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2064.   To date, Lee's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2065.   Defendant Leggett & Platt, Inc. ("Leggett & Platt") is the successor to and/or is formerly known as Andrews Wire Co.

2066.   In or about 2004, Andrews Wire Company merged into Leggett & Platt, Inc.

2067.   According to Trex North Carolina Facility records, Andrews Wire Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 7,759 gallons of materials to the Trex North Carolina Facility. These materials were owned by Andrews Wire Co. and contained hazardous substances.

2068.   By letter dated June 16, 2017, Trex demanded that Leggett & Platt reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2069.   To date, Leggett & Platt has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2070.   Alternatively, Insteel Wire Products Company ("Insteel Wire") is the successor to and/or is formerly known as Andrews Wire Co., as alleged above.

2071.   To date, Insteel Wire has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2072.   According to Trex North Carolina Facility records, Defendant Leonard
Automotive Concepts, Inc. ("Leonard Auto") by contract, agreement, or otherwise arranged for
disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at
least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by
Leonard Auto and contained hazardous substances.

2073.   By letter dated August 18, 2017, Trex demanded that Leonard Auto reimburse
Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex
North Carolina Facility.

2074.   To date, Leonard Auto has refused to cooperate and has not paid any response
costs incurred by Trex at the Trex North Carolina Facility.

2075.   According to Trex North Carolina Facility records, Defendant Lexie Sales
Corporation, doing business as Direct Fleet Services, ("Lexie Sales") by contract, agreement, or
otherwise arranged for disposal or treatment, or arranged with a transporter for transport for
disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These
materials were owned by Lexie Sales and contained hazardous substances.

2076.   By letter dated June 30, 2017, Trex demanded that Lexie Sales reimburse Trex for
a specified amount of response costs incurred and to be incurred by Trex at the Trex North
Carolina Facility.

2077.   To date, Lexie Sales has refused to cooperate and has not paid any response costs
incurred by Trex at the Trex North Carolina Facility.

2078.   Defendant Liberty Analytical Corporation, doing business as CompuChem,
("Liberty Analytical") is the successor to and/or is formerly known as Compuchem Labs.

2079. Compuchem Labs is and/or was located at 501 Madison Avenue, Cary, North Carolina, 27513.

2080. Liberty Analytical Corporation, CompuChem division is and/or was located at 501 Madison Avenue, Cary, North Carolina, 27513.

2081. According to Trex North Carolina Facility records, Compuchem Labs by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 21,373 gallons of materials to the Trex North Carolina Facility. These materials were owned by Compuchem Labs and contained hazardous substances.

2082. By letter dated June 16, 2017, Trex demanded that Liberty Analytical reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2083. To date, Liberty Analytical has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2084. According to Trex North Carolina Facility records, Defendant Liberty Collision Center, Inc. ("Liberty Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Liberty Collision and contained hazardous substances.

2085. By letter dated August 18, 2017, Trex demanded that Liberty Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2086. To date, Liberty Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2087.  According to Trex North Carolina Facility records, Defendant Liberty Corner Auto Body ("Liberty Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Liberty Auto and contained hazardous substances.

2088.  By letter dated July 28, 2017, Trex demanded that Liberty Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2089.  To date, Liberty Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2090.  Defendant Liburdi Dimetrics Corporation ("Liburdi Dimetrics") is the successor to and/or is formerly known as Dimetrics/Taltronics, Liburdi Diametrics, Liburdi Dimetrics Corporation, Liburdi Turbine, Liburdi Turbine Services, and Taltronics Corp.

2091.  Taltronics Corporation was formerly a division of Dimetrics, Inc.

2092.  In or about 1997, Liburdi Engineering acquired Dimetrics, Inc.

2093.  In or about 1997, Liburdi Dimetrics Corporation registered to do business in the state of North Carolina.

2094.  Liburdi Turbine and Liburdi Turbine Services is and/or was at 2599 Charlotte Hwy, Mooresville, North Carolina, 28117.

2095.  Liburdi Dimetrics Corporation is and/or was located at 2599 Charlotte Highway, Mooresville, North Carolina, 28117.

2096.  Liburdi Dimetrics Corporation engages in the business of turbine repair services.

2097.   According to Trex North Carolina Facility records, Dimetrics/Taltronics, Liburdi Diametrics, Liburdi Dimetrics Corporation, Liburdi Turbine, Liburdi Turbine Services, and Taltronics Corp. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,522 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dimetrics/Taltronics, Liburdi Diametrics, Liburdi Dimetrics Corporation, Liburdi Turbine, Liburdi Turbine Services, and Taltronics Corp. and contained hazardous substances.

2098.   By letter dated July 28, 2017, Trex demanded that Liburdi Dimetrics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2099.   To date, Liburdi Dimetrics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2100.   According to Trex North Carolina Facility records, Defendant LiftOne LLC ("LiftOne") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 8 gallons of materials to the Trex North Carolina Facility. These materials were owned by LiftOne and contained hazardous substances.

2101.   By letter dated March 16, 2020, Trex demanded that LiftOne reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2102.   To date, LiftOne has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2103.   Defendant Liles Collision Service, Inc. ("Liles Collision") is the successor to and/or is formerly known as Liles Collision Paint & Body Shop.

2104.   Liles Collision Paint & Body Shop is and/or was located at 4380 NE 36th Avenue, Ocala, Florida, 34479.

2105.   According to Trex North Carolina Facility records, the generator contact for Liles Collision Paint & Body Shop is Gene Liles.

2106.   On or about June 5, 1991, Liles Collision Service, Inc. registered to do business in the state of Florida.

2107.   Liles Collision Service, Inc. is and/or was located at 4380 NE 36th Avenue, Ocala, Florida, 34479.

2108.   The Director and Registered Agent of Liles Collision Service, Inc. is Eugene Liles.

2109.   According to Trex North Carolina Facility records, Liles Collision Paint & Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Liles Collision Paint & Body Shop and contained hazardous substances.

2110.   By letter dated August 18, 2017, Trex demanded that Liles Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2111.   To date, Liles Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2112. Defendant Linde Gas North America LLC ("Linde Gas") is the successor to and/or is also known as LifeGas.

2113. According to the Florida Secretary of State, Linde Gas North America LLC registered for the fictitious name LifeGas.

2114. LifeGas is a division of Linde Gas North America LLC.

2115. According to Trex North Carolina Facility records, LifeGas by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 132 gallons of materials to the Trex North Carolina Facility. These materials were owned by LifeGas and contained hazardous substances.

2116. By letter dated August 4, 2017, Trex demanded that Linde RSS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2117. To date, Linde Gas has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2118. According to Trex North Carolina Facility records, Defendant Linearizer Technology, Inc. ("Linearizer Tech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 200 gallons of materials to the Trex North Carolina Facility. These materials were owned by Linearizer Tech and contained hazardous substances.

2119. By letter dated August 4, 2017, Trex demanded that Linearizer Tech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2120. To date, Linearizer Tech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2121. According to Trex North Carolina Facility records, Defendant Little's Personal Cleaners, Inc. ("Little's Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 193 gallons of materials to the Trex North Carolina Facility. These materials were owned by Little's Cleaners and contained hazardous substances.

2122. By letter dated August 4, 2017, Trex demanded that Little's Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2123. To date, Little's Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2124. According to Trex North Carolina Facility records, Defendant Livingston Collision, Inc. ("Livingston Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 280 gallons of materials to the Trex North Carolina Facility. These materials were owned by Livingston Collision and contained hazardous substances.

2125. By letter dated July 28, 2017, Trex demanded that Livingston Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2126. To date, Livingston Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2127. Defendant Lockwood Identity, Inc., doing business as SignArt, ("Lockwood") is the successor to and/or is formerly known as Lockwood Sign Group and Sign Art.

2128. In or about 1999, Lockwood Signs Group Inc. merged with Display Technologies and Lockwood Acquisitions Corporation. The resulting entity was Lockwood Identity, Inc., doing business as SignArt and/or Sign Art.

2129. According to Trex North Carolina Facility records, Lockwood Sign Group and Sign Art by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,348 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lockwood Sign Group and Sign Art and contained hazardous substances.

2130. By letter dated March 31, 2016, Trex demanded that Lockwood reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2131. To date, Lockwood has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2132. According to Trex North Carolina Facility records, Defendant Logistic Leasing, L.L.C. ("Logistic Leasing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 35 gallons of materials to the Trex North Carolina Facility. These materials were owned by Logistic Leasing and contained hazardous substances.

2133. By letter dated August 25, 2017, Trex demanded that Logistic Leasing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2134. To date, Logistic Leasing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2135. According to Trex North Carolina Facility records, Defendant Lowder's Shop ("Lowder's Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lowder's Shop and contained hazardous substances.

2136. By letter dated August 4, 2017, Trex demanded that Lowder's Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2137. To date, Lowder's Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2138. Defendant Lumo, Inc., doing business as Maaco Auto Painting, ("Lumo") is the successor to and/or is also known as Maaco Collision - Greenville.

2139. Maaco Collision – Greenville is and/or was located at 350 N. Pleasantburg Drive, Greenville, South Carolina, 29607.

2140. Lumo, Inc. is the franchisee of a Maaco franchise located at 350 N. Pleasantburg Drive, Greenville, South Carolina, 29607.

2141. According to Trex North Carolina Facility records, Maaco Collision - Greenville by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,805 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Collision - Greenville and contained hazardous substances.

2142.  By letter dated June 23, 2017, Trex demanded that Lumo reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2143.  To date, Lumo has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2144.  According to Trex North Carolina Facility records, Defendant Luray Auto Body ("Luray Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Luray Auto and contained hazardous substances.

2145.  By letter dated July 28, 2017, Trex demanded that Luray Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2146.  To date, Luray Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2147.  According to Trex North Carolina Facility records, Defendant Lynchburg Public Warehouse, LLC ("Lynchburg Warehouse") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,350 gallons of materials to the Trex North Carolina Facility. These materials were owned by Lynchburg Warehouse and contained hazardous substances.

2148.  By letter dated July 28, 2017, Trex demanded that Lynchburg Warehouse reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2149. To date, Lynchburg Warehouse has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2150. According to Trex North Carolina Facility records, Defendant M. Norman Enterprise, Inc., doing business as Klaus Body Shop, ("Norman Enterprise") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Norman Enterprise and contained hazardous substances.

2151. By letter dated August 4, 2017, Trex demanded that Norman Enterprise reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2152. To date, Norman Enterprise has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2153. Defendant M.K.T., Inc., doing business as Maaco Collision Repair & Auto Painting, ("M.K.T.") is the successor to and/or is formerly known as Maaco Auto Painting and Maaco - Tallahassee.

2154. Maaco Auto Painting and Maaco – Tallahassee is and/or was at 4317 West Pensacola Street, Tallahassee, Florida, 32304.

2155. M.K.T., Inc. is the franchisee of a Maaco franchise located at 4317 West Pensacola Street, Tallahassee, Florida.

2156. According to Trex North Carolina Facility records, Maaco Auto Painting and Maaco - Tallahassee by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting and Maaco - Tallahassee and contained hazardous substances.

2157.   By letter dated July 7, 2017, Trex demanded that M.K.T. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2158.   To date, M.K.T. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2159.   According to Trex North Carolina Facility records, Defendant M&M Auto Body & Paint Specialist, Inc. ("M&M Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 880 gallons of materials to the Trex North Carolina Facility. These materials were owned by M&M Auto and contained hazardous substances.

2160.   By letter dated June 23, 2017, Trex demanded that M&M Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2161.   To date, M&M Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2162.   According to Trex North Carolina Facility records, Defendant M&M Cleaners ("M&M Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 730 gallons of materials to the Trex North Carolina Facility. These materials were owned by M&M Cleaners and contained hazardous substances.

2163. By letter dated June 23, 2017, Trex demanded that M&M Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2164. To date, M&M Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2165. Defendant M&W Enterprises of Georgia, LLC ("M&W Enterprises") is the successor to and/or is formerly known as Maaco of Stockbridge.

2166. Maaco of Stockbridge is and/or was located at 3757 N Henry Boulevard, Stockbridge, Georgia, 30281.

2167. M&W Enterprises of Georgia, LLC is the franchisee of a Maaco franchise located at 3757 North Henry Boulevard, Stockbridge, Georgia, 30281.

2168. According to Trex North Carolina Facility records, Maaco of Stockbridge by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco of Stockbridge and contained hazardous substances.

2169. By letter dated July 21, 2017, Trex demanded that M&W Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2170. To date, M&W Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2171. According to Trex North Carolina Facility records, Defendant Maaco Auto Painting ("Maaco Auto") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 788 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto and contained hazardous substances.

2172. By letter dated March 16, 2020, Trex demanded that Maaco Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2173. To date, Maaco Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2174. Defendant Maaco Collision Repair & Auto Painting, located in Columbia, South Carolina, ("Maaco Columbia") is the successsor to and/or is formerly known Maaco Auto Paint - Columbia and Maaco Collision.

2175. According to Trex North Carolina Facility records, Maaco Auto Paint - Columbia and Maaco Collision by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,036 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Paint - Columbia and Maaco Collision and contained hazardous substances.

2176. By letter dated September 6, 2017, Trex demanded that Maaco Columbia reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2177. To date, Maaco Columbia has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2178. Defendant Maaco Collision Repair & Auto Painting, located in Durham, North Carolina, ("Maaco Durham") is the successor to and/or is also known as Maaco - Durham.

2179. According to Trex North Carolina Facility records, Maaco – Durham is and/or was located at 1406 Christian Street, Durham, North Carolina 27705.

2180. Maaco Durham is located at 1406 Christian Street, Durham, North Carolina 27705.

2181. According to Trex North Carolina Facility records, Maaco - Durham by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco - Durham and contained hazardous substances.

2182. By letter dated September 1, 2017, Trex demanded that Maaco Durham reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2183. To date, Maaco Durham has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2184. Defendant Maaco Collision Repair & Auto Painting, located in Lynchburg, Virginia, ("Maaco Lynchburg") is the successor to and/or is also known as Maaco Auto Painting & Body Works.

2185. According to Trex North Carolina Facility records, as Maaco Auto Painting & Body Works is and/or located at 1100 Kemper Street, Lynchburg, Virginia 24501.

2186. According to Maaco Franchising, Inc., Maaco Collision Repair & Auto Painting is located at 1100 Kemper Street, Lynchburg, Virginia 24501.

2187. According to Trex North Carolina Facility records, Maaco Auto Painting & Body Works by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex

305

North Carolina Facility. These materials were owned by Maaco Auto Painting & Body Works and contained hazardous substances.

2188.   By letter dated July 21, 2017, Trex demanded that Maaco Lynchburg reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2189.   To date, Maaco Lynchburg has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2190.   According to Trex North Carolina Facility records, Defendant Mach 1 Lube, Tune & AC, Inc. ("Mach 1 Lube") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mach 1 Lube and contained hazardous substances.

2191.   By letter dated August 18, 2017, Trex demanded that Mach 1 Lube reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2192.   To date, Mach 1 Lube has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2193.   Defendant Mack Brown, Inc. ("Mack Brown") is the successor to and/or is formerly known as Mack Brown Chevrolet - Olds Buick Pontiac GMC and Mack Brown Inc. GM Dealer.

2194.   Mack Brown Chevrolet - Olds Buick Pontiac GMC and Mack Brown Inc. GM Dealer is and/or was at 2705 US Highway 421 S, Boone, North Carolina, 28607.

2195. On or about November 10, 1980, Mack Brown, Chevrolet-Olds, Inc. changed its name to Mack Brown, Incorporated.

2196. Mack Brown, Incorporated is and/or was located at 2705 Highway 421 S, Boone, North Carolina, 28607.

2197. According to Trex North Carolina Facility records, Mack Brown Chevrolet - Olds Buick Pontiac GMC and Mack Brown Inc. GM Dealer by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mack Brown Chevrolet - Olds Buick Pontiac GMC and Mack Brown Inc. GM Dealer and contained hazardous substances.

2198. By letter dated July 7, 2017, Trex demanded that Mack Brown reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2199. To date, Mack Brown has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2200. According to Trex North Carolina Facility records, Defendant MacKay Communications, Inc. ("MacKay") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by MacKay and contained hazardous substances.

2201. By letter dated July 28, 2017, Trex demanded that MacKay reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2202.  To date, MacKay has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2203.  According to Trex North Carolina Facility records, Defendant Magna Machining, Inc. ("Magna Machining") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 500 gallons of materials to the Trex North Carolina Facility. These materials were owned by Magna Machining and contained hazardous substances.

2204.  By letter dated June 30, 2017, Trex demanded that Magna Machining reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2205.  To date, Magna Machining has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2206.  According to Trex North Carolina Facility records, Defendant Magnus Hitech Industries, Inc. ("Magnus Hitech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Magnus Hitech and contained hazardous substances.

2207.  By letter dated August 18, 2017, Trex demanded that Magnus Hitech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2208.  To date, Magnus Hitech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2209.   According to Trex North Carolina Facility records, Defendant Majestic Cleaners, Inc. ("Majestic Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 206 gallons of materials to the Trex North Carolina Facility. These materials were owned by Majestic Cleaners and contained hazardous substances.

2210.   By letter dated July 14, 2017, Trex demanded that Majestic Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2211.   To date, Majestic Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2212.   According to Trex North Carolina Facility records, Defendant Manasek Acquisition Company, LLC, doing business as Warner Bodies, Inc., ("Manasek") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,309 gallons of materials to the Trex North Carolina Facility. These materials were owned by Manasek and contained hazardous substances.

2213.   By letter dated June 16, 2017, Trex demanded that Manasek reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2214.   To date, Manasek has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2215.   According to Trex North Carolina Facility records, Defendant Mark J. Faltus Auto Body & Painting, Inc. ("Faltus Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Faltus Auto and contained hazardous substances.

2216.   By letter dated July 28, 2017, Trex demanded that Faltus Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2217.   To date, Faltus Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2218.   According to Trex North Carolina Facility records, Defendant Mark's Collision Repair ("Mark's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mark's Collision and contained hazardous substances.

2219.   By letter dated July 21, 2017, Trex demanded that Mark's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2220.   To date, Mark's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2221.   According to Trex North Carolina Facility records, Defendant Marshall Air Systems, Inc. ("Marshall Air Systems") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Marshall Air Systems and contained hazardous substances.

2222.   By letter dated June 30, 2017, Trex demanded that Marshall Air Systems reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2223.   To date, Marshall Air Systems has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2224.   According to Trex North Carolina Facility records, Defendant Mary H. Lewis, D.D.S., P.C. ("Mary Lewis") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mary Lewis and contained hazardous substances.

2225.   By letter dated August 4, 2017, Trex demanded that Mary Lewis reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2226.   To date, Mary Lewis has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2227.   According to Trex North Carolina Facility records, Defendant Mason's Cleaners Inc. ("Mason's Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mason's Cleaners and contained hazardous substances.

2228.   By letter dated July 7, 2017, Trex demanded that Mason's Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2229. To date, Mason's Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2230. Defendant Masonite Corporation, doing business as Masonite International, ("Masonite") is the successor to and/or is formerly known as Masonite Corp. and Masonite Door Corporation.

2231. On or about December 28, 2005, Masonite Door Corporation merged with Masonite Entry Door Corporation. The resulting entity took the name Masonite Corporation.

2232. According to Trex North Carolina Facility records, Masonite Corp. and Masonite Door Corporation by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 9,380 gallons of materials to the Trex North Carolina Facility. These materials were owned by Masonite Corp. and Masonite Door Corporation and contained hazardous substances.

2233. By letter dated June 16, 2017, Trex demanded that Masonite reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2234. To date, Masonite has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2235. According to Trex North Carolina Facility records, Defendant Masters Paint & Body Shop, Inc. ("Masters Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Masters Body and contained hazardous substances.

2236. By letter dated August 4, 2017, Trex demanded that Masters Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2237. To date, Masters Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2238. According to Trex North Carolina Facility records, Defendant Matchless Body Works, Inc. ("Matchless Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Matchless Body and contained hazardous substances.

2239. By letter dated July 21, 2017, Trex demanded that Matchless Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2240. To date, Matchless Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2241. According to Trex North Carolina Facility records, Defendant Mathis Collision, LLC ("Mathis Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mathis Collision and contained hazardous substances.

2242. By letter dated July 21, 2017, Trex demanded that Mathis Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2243. To date, Mathis Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2244. According to Trex North Carolina Facility records, Defendant Max Daetwyler Corp. ("Max Daetwyler") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,399 gallons of materials to the Trex North Carolina Facility. These materials were owned by Max Daetwyler and contained hazardous substances.

2245. By letter dated March 31, 2016, Trex demanded that Max Daetwyler reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2246. To date, Max Daetwyler has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2247. According to Trex North Carolina Facility records, Defendant Mayer Industries Inc. ("Mayer Industries") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mayer Industries and contained hazardous substances.

2248. By letter dated July 7, 2017, Trex demanded that Mayer Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2249. To date, Mayer Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2250.   According to Trex North Carolina Facility records, Defendant MBS Fabricating and Coating, Inc. ("MBS") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,735 gallons of materials to the Trex North Carolina Facility. These materials were owned by MBS and contained hazardous substances.

2251.   By letter dated June 16, 2017, Trex demanded that MBS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2252.   To date, MBS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2253.   According to Trex North Carolina Facility records, Defendant McGee Brothers Co., Inc. ("McGee Bros.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by McGee Bros. and contained hazardous substances.

2254.   By letter dated July 7, 2017, Trex demanded that McGee Bros. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2255.   To date, McGee Bros. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2256.   According to Trex North Carolina Facility records, Defendant McKesson Corporation ("McKesson") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 187

gallons of materials to the Trex North Carolina Facility. These materials were owned by McKesson and contained hazardous substances.

2257. By letter dated July 21, 2017, Trex demanded that McKesson reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2258. To date, McKesson has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2259. According to Trex North Carolina Facility records, Defendant Meadows Body Shop, LLC ("Meadows Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Meadows Body and contained hazardous substances.

2260. By letter dated June 30, 2017, Trex demanded that Meadows Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2261. To date, Meadows Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2262. According to Trex North Carolina Facility records, Defendant Meares Paint & Body LLC ("Meares Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Meares Paint and contained hazardous substances.

2263.   By letter dated August 4, 2017, Trex demanded that Meares Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2264.   To date, Meares Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2265.   According to Trex North Carolina Facility records, Defendant Media Printing Corporation, doing business as Earth Media, ("Media Printing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 8,784 gallons of materials to the Trex North Carolina Facility. These materials were owned by Media Printing and contained hazardous substances.

2266.   By letter dated June 16, 2017, Trex demanded that Media Printing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2267.   To date, Media Printing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2268.   Defendant Mega Body Shop, LLC, doing business as Maaco Collision Auto Repair, ("Mega Body Shop") is the successor to and/or is formerly known as Maaco Auto Painting - West Palm Beach, and Maaco Auto Painting & Body Work.

2269.   Maaco Auto Painting – West Palm Beach, and Maaco Auto Painting & Body Work is and/or was at 1934 Church Street, West Palm Beach, Florida, 33409.

2270.   Mega Body Shop is the franchisee of the Maaco franchise located at 1934 Church Street, West Palm Beach, Florida, 33409.

2271. According to Trex North Carolina Facility records, Maaco Auto Painting - West Palm Beach and Maaco Auto Painting & Body Work by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting - West Palm Beach and Maaco Auto Painting & Body Work and contained hazardous substances.

2272. By letter dated June 30, 2017, Trex demanded that Camelot Investment reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2273. To date, Mega Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2274. Defendant Memory Cross, Inc., doing business as AV Search Marketing, ("Memory Cross") is the successor to and/or is formerly known as Wall Printer.

2275. According to Trex North Carolina Facility records, Wall Printer by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wall Printer and contained hazardous substances.

2276. By letter dated September 1, 2017, Trex demanded that Memory Cross reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2277. To date, Memory Cross has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2278.   According to Trex North Carolina Facility records, Defendant Menzel, Inc. ("Menzel") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,045 gallons of materials to the Trex North Carolina Facility. These materials were owned by Menzel and contained hazardous substances.

2279.   By letter dated June 23, 2017, Trex demanded that Menzel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2280.   To date, Menzel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2281.   According to Trex North Carolina Facility records, Defendant Metro Heavy Duty Distributors, Inc. ("Heavy Duty Distributors") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Heavy Duty Distributors and contained hazardous substances.

2282.   By letter dated June 30, 2017, Trex demanded that Heavy Duty Distributors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2283.   To date, Heavy Duty Distributors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2284.   According to Trex North Carolina Facility records, Defendant Metrotech Chemicals, Inc. ("Metrotech Chemicals") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 14,195 gallons of materials to the Trex North Carolina Facility. These materials were owned by Metrotech Chemicals and contained hazardous substances.

2285.   By letter dated June 16, 2017, Trex demanded that Metrotech Chemicals reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2286.   To date, Metrotech Chemicals has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2287.   According to Trex North Carolina Facility records, Defendant MG International, Inc. ("MG International") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 11,870 gallons of materials to the Trex North Carolina Facility. These materials were owned by MG International and contained hazardous substances.

2288.   By letter dated June 16, 2017, Trex demanded that MG International reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2289.   To date, MG International has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2290.   According to Trex North Carolina Facility records, Defendant Michael James, LLC, doing business as Pine Ridge Coachworks, ("Michael James") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Michael James and contained hazardous substances.

2291. By letter dated August 4, 2017, Trex demanded that Michael James reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2292. To date, Michael James has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2293. According to Trex North Carolina Facility records, Defendant Michael Moore's Auto Paint & Body Shop ("Moore's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Moore's Auto and contained hazardous substances.

2294. By letter dated June 30, 2017, Trex demanded that Moore's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2295. To date, Moore's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2296. According to Trex North Carolina Facility records, Defendant Michael S. Becker, Inc. ("Michael Becker") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Michael Becker and contained hazardous substances.

2297. By letter dated July 7, 2017, Trex demanded that Michael Becker reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2298. To date, Michael Becker has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2299. According to Trex North Carolina Facility records, Defendant Mick's Custom Painting Inc. ("Mick's Custom") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mick's Custom and contained hazardous substances.

2300. By letter dated July 28, 2017, Trex demanded that Mick's Custom reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2301. To date, Mick's Custom has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2302. According to Trex North Carolina Facility records, Defendant Micro Miniature Bearing Co., Inc. ("Micro Miniature") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 510 gallons of materials to the Trex North Carolina Facility. These materials were owned by Micro Miniature and contained hazardous substances.

2303. By letter dated June 30, 2017, Trex demanded that Micro Miniature reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2304. To date, Micro Miniature has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2305. According to Trex North Carolina Facility records, Defendant Mid County Collision Inc. ("County Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by County Collision and contained hazardous substances.

2306. By letter dated July 7, 2017, Trex demanded that County Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2307. To date, County Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2308. Defendant Midway Body Shop LLC ("Midway Body") is the successor to and/or is formerly known as Midway Auto Body.

2309. Midway Auto Body is and/or was located at 7727 Harpine Highway, Linville, Virginia, 22834.

2310. Midway Body Shop LLC is and/or was located at 7727 Harpine Highway, Linville, Virginia.

2311. According to Trex North Carolina Facility records, Midway Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Midway Auto Body and contained hazardous substances.

2312. By letter dated August 4, 2017, Trex demanded that Midway Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2313. To date, Midway Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2314. According to Trex North Carolina Facility records, Defendant Midwood Auto Craft LLC ("Midwood Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Midwood Auto and contained hazardous substances.

2315. By letter dated July 21, 2017, Trex demanded that Midwood Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2316. To date, Midwood Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2317. According to Trex North Carolina Facility records, Defendant Mike Romano's Auto Body ("Romano's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Romano's Auto and contained hazardous substances.

2318. By letter dated July 28, 2017, Trex demanded that Romano's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2319.   To date, Romano's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2320.   According to Trex North Carolina Facility records, Defendant Mike's Paint & Body Inc. ("Mike's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mike's Paint and contained hazardous substances.

2321.   By letter dated August 4, 2017, Trex demanded that Mike's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2322.   To date, Mike's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2323.   According to Trex North Carolina Facility records, Defendant Mincey Body Shop, Inc. ("Mincey Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mincey Body and contained hazardous substances.

2324.   By letter dated June 30, 2017, Trex demanded that Mincey Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2325.   To date, Mincey Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2326.  According to Trex North Carolina Facility records, Defendant Mint Hill Cabinet Shop, Inc. ("Mint Hill Cabinet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 81 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mint Hill Cabinet and contained hazardous substances.

2327.  By letter dated July 28, 2017, Trex demanded that Mint Hill Cabinet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2328.  To date, Mint Hill Cabinet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2329.  According to Trex North Carolina Facility records, Defendant Modacam, Inc. ("Modacam") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2 gallons of materials to the Trex North Carolina Facility. These materials were owned by Modacam and contained hazardous substances.

2330.  By letter dated March 16, 2020, Trex demanded that Modacam reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2331.  To date, Modacam has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2332.  Defendant Moe's Collision Inc. ("Moe's Collision") is the successor to and/or is formerly known as Moe's Collision LLC.

2333.   Moe's Collision LLC is and/or was located at 9164 Euclid Court, Manassas, Virginia, 20110.

2334.   On or about August 17, 2010, Moe's Collision LLC converted to Moe's Collision Inc.

2335.   According to Trex North Carolina Facility records, Moe's Collision LLC by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Moe's Collision LLC and contained hazardous substances.

2336.   By letter dated August 4, 2017, Trex demanded that Moe's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2337.   To date, Moe's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2338.   According to Trex North Carolina Facility records, Defendant Montgomery Industries International Inc. ("Montgomery Industries") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 825 gallons of materials to the Trex North Carolina Facility. These materials were owned by Montgomery Industries and contained hazardous substances.

2339.   By letter dated June 23, 2017, Trex demanded that Montgomery Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2340.   To date, Montgomery Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2341.   According to Trex North Carolina Facility records, Defendant Moore Custom Cabinets, Inc. ("Moore Cabinets") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Moore Cabinets and contained hazardous substances.

2342.   By letter dated July 21, 2017, Trex demanded that Moore Cabinets reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2343.   To date, Moore Cabinets has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2344.   According to Trex North Carolina Facility records, Defendant Moore's Body Shop, Inc. ("Moore's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Moore's Body and contained hazardous substances.

2345.   By letter dated June 30, 2017, Trex demanded that Moore's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2346.   To date, Moore's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2347.   According to Trex North Carolina Facility records, Defendant Morning Star Personalized Apparel, Inc. ("Morning Star Apparel") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Morning Star Apparel and contained hazardous substances.

2348.   By letter dated August 4, 2017, Trex demanded that Morning Star Apparel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2349.   To date, Morning Star Apparel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2350.   According to Trex North Carolina Facility records, Defendant Morrison's Frame & Body Shop, Inc. ("Morrison's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Morrison's Body and contained hazardous substances.

2351.   By letter dated July 28, 2017, Trex demanded that Morrison's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2352.   To date, Morrison's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2353.   Defendant Moses Ford, Inc. ("Moses Ford") is the successor to and/or is formerly known as Moses Ford BMW.

2354.   Moses Ford BMW is and/or was located at 2001 Maccorkle Avenue, St Albans, West Virginia, 25177.

2355.   Moses Ford, Inc. is and/or was located at 2001 Maccorkle Avenue, Saint Albans, West Virginia, 25177.

2356.   On or about February 5, 1999, Moses Ford, Inc. registered the trade name Moses BMW.

2357.   According to Trex North Carolina Facility records, Moses Ford BMW by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Moses Ford BMW and contained hazardous substances.

2358.   By letter dated August 4, 2017, Trex demanded that Moses Ford reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2359.   To date, Moses Ford has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2360.   Defendant Mountain Paint & Decorating, Inc. ("Mountain Decorating") is the successor to and/or is formerly known as Brevard Paint and Decorating.

2361.   Brevard Paint and Decorating is and/or was located at 283 North Broad Street, Brevard, North Carolina, 28712.

2362.   The Brevard Paint and Decorating Center, Inc. was formerly located at 283 N. Broad St., Brevard, North Carolina, 28712.

2363.   In or about 2013, Mountain Paint & Decorating, Inc. acquired The Brevard Paint and Decorating Center, Inc.

2364.   According to Trex North Carolina Facility records, Brevard Paint and Decorating by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 117 gallons of materials to the Trex North Carolina Facility. These materials were owned by Brevard Paint and Decorating and contained hazardous substances.

2365.   By letter dated March 31, 2016, Trex demanded that Mountain Decorating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2366.   To date, Mountain Decorating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2367.   According to Trex North Carolina Facility records, Defendant Mountain Valley Body Shop ("Mountain Valley Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mountain Valley Body and contained hazardous substances.

2368.   By letter dated August 4, 2017, Trex demanded that Mountain Valley Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2369.   To date, Mountain Valley Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2370. According to Trex North Carolina Facility records, Defendant MPD, Inc. ("MPD") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 63 gallons of materials to the Trex North Carolina Facility. These materials were owned by MPD and contained hazardous substances.

2371. By letter dated July 28, 2017, Trex demanded that MPD reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2372. To date, MPD has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2373. According to Trex North Carolina Facility records, Defendant Mr. Cleaners ("Mr. Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 325 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mr. Cleaners and contained hazardous substances.

2374. By letter dated June 30, 2017, Trex demanded that Mr. Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2375. To date, Mr. Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2376. According to Trex North Carolina Facility records, Defendant Mr. D's Auto Body, LLC ("Mr. D's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165

gallons of materials to the Trex North Carolina Facility. These materials were owned by Mr. D's Auto and contained hazardous substances.

2377.   By letter dated August 18, 2017, Trex demanded that Mr. D's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2378.   To date, Mr. D's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2379.   Defendant Murphy Family Ventures, LLC ("Murphy Family") is the successor to and/or is formerly known as Albemarle Boats Inc.

2380.   Albemarle Boats Inc. is a division of Murphy Family Ventures, LLC

2381.   According to Trex North Carolina Facility records, Albemarle Boats Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Albemarle Boats Inc. and contained hazardous substances.

2382.   To date, Murphy Family has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2383.   Alternatively, Defendant Edenton Boatworks, LLC, doing business as Albemarle Boats, ("Edenton Boatworks") is the successor to and/or is formerly known as Albemarle Boats Inc., as alleged above.

2384.   In or about 2017, Edenton Boatworks acquired Albemarle Boats Inc.

2385.   By letter dated July 21, 2017, Trex demanded that Edenton Boatworks reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2386.   To date, Edenton Boatworks has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2387.   According to Trex North Carolina Facility records, Defendant Murray's Auto Body Shop, Inc. ("Murray's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 395 gallons of materials to the Trex North Carolina Facility. These materials were owned by Murray's Auto and contained hazardous substances.

2388.   By letter dated June 30, 2017, Trex demanded that Murray's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2389.   To date, Murray's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2390.   According to Trex North Carolina Facility records, Defendant Murray's Body Shop, Inc. ("Murray's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Murray's Body and contained hazardous substances.

2391.   By letter dated July 28, 2017, Trex demanded that Murray's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2392. To date, Murray's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2393. According to Trex North Carolina Facility records, Defendant Murray's Sheet Metal Company, Inc. ("Murray's Metal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Murray's Metal and contained hazardous substances.

2394. By letter dated July 7, 2017, Trex demanded that Murray's Metal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2395. To date, Murray's Metal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2396. According to Trex North Carolina Facility records, Defendant The Nassal Company ("Nassal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,154 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nassal and contained hazardous substances.

2397. By letter dated June 23, 2017, Trex demanded that Nassal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2398. To date, Nassal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2399.   According to Trex North Carolina Facility records, Defendant National Collision & Truck Center Inc. ("National Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by National Collision and contained hazardous substances.

2400.   By letter dated June 23, 2017, Trex demanded that National Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2401.   To date, National Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2402.   According to Trex North Carolina Facility records, Defendant National Manufacturing Co., Inc. ("National Manufacturing") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,478 gallons of materials to the Trex North Carolina Facility. These materials were owned by National Manufacturing and contained hazardous substances.

2403.   By letter dated June 16, 2017, Trex demanded that National Manufacturing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2404.   To date, National Manufacturing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2405.   According to Trex North Carolina Facility records, Defendant National Oak Distributors, Inc. ("Oak Distributors") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96

gallons of materials to the Trex North Carolina Facility. These materials were owned by Oak Distributors and contained hazardous substances.

2406.   By letter dated July 28, 2017, Trex demanded that Oak Distributors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2407.   To date, Oak Distributors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2408.   According to Trex North Carolina Facility records, Defendant Neil Smith's Paint & Body Shop, Inc. ("Smith's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Smith's Paint and contained hazardous substances.

2409.   By letter dated July 21, 2017, Trex demanded that Smith's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2410.   To date, Smith's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2411.   According to Trex North Carolina Facility records, Defendant Nephron Pharmaceuticals Corporation ("Nephron") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 700 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nephron and contained hazardous substances.

2412.   By letter dated June 23, 2017, Trex demanded that Nephron reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2413.   To date, Nephron has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2414.   According to Trex North Carolina Facility records, Defendant New Deal Paint & Body Shop, Inc. ("New Deal Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by New Deal Paint and contained hazardous substances.

2415.   By letter dated July 28, 2017, Trex demanded that New Deal Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2416.   To date, New Deal Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2417.   Defendant New England Auto Works, Inc. ("New England Auto") is the successor to and/or is formerly known as New England Auto Body Inc.

2418.   New England Auto Body Inc. is and/or was located at 69 NW 8th Street, Boca Raton, Florida, 33432.

2419.   According to Trex North Carolina Facility records, the generator contact for New England Auto Body Inc. is Leo Amato.

2420.   Leonard Amato is the President of New England Auto Body, Inc.

2421.   On or about August 15th, 2014, New England Auto Body, Inc. changed its principal office address to 170 NW 16th Street, Boca Raton, Florida, 33432.

2422.   In or about 2015, New England Auto Body, Inc. dissolved.

2423.   In or about 2015, New England Auto Works, Inc. registered to do business in the state of Florida.

2424.   New England Auto Works, Inc. is and/or was located at 170 NW 16th Street, Boca Raton, Florida, 33432

2425.   Leonard Amato is the President of New England Auto Works, Inc.

2426.   According to Trex North Carolina Facility records, New England Auto Body Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by New England Auto Body Inc. and contained hazardous substances.

2427.   By letter dated July 28, 2017, Trex demanded that New England Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2428.   To date, New England Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2429.   According to Trex North Carolina Facility records, Defendant New Hangers Cleaners ("New Hangers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 36 gallons of materials to the Trex North Carolina Facility. These materials were owned by New Hangers and contained hazardous substances.

2430. By letter dated August 25, 2017, Trex demanded that New Hangers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2431. To date, New Hangers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2432. According to Trex North Carolina Facility records, Defendant New Image Paint & Body Shop ("New Image Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by New Image Paint and contained hazardous substances.

2433. By letter dated July 14, 2017, Trex demanded that New Image Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2434. To date, New Image Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2435. According to Trex North Carolina Facility records, Defendant New South Lumber Company, Inc. ("New South Lumber") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by New South Lumber and contained hazardous substances.

2436. By letter dated March 31, 2016, Trex demanded that New South Lumber reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2437.   To date, New South Lumber has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2438.   According to Trex North Carolina Facility records, Defendant Newberry Auto Paint and Collision Center, L.L.C. ("Newberry Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Newberry Auto and contained hazardous substances.

2439.   By letter dated July 28, 2017, Trex demanded that Newberry Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2440.   To date, Newberry Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2441.   According to Trex North Carolina Facility records, Defendant Newsome's Body Shop, Inc. ("Newsome's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 195 gallons of materials to the Trex North Carolina Facility. These materials were owned by Newsome's Body and contained hazardous substances.

2442.   By letter dated July 14, 2017, Trex demanded that Newsome's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2443.   To date, Newsome's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2444.   According to Trex North Carolina Facility records, Defendant Nickee's Automotive Center, LLC ("Nickee's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nickee's Auto and contained hazardous substances.

2445.   By letter dated June 30, 2017, Trex demanded that Nickee's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2446.   To date, Nickee's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2447.   According to Trex North Carolina Facility records, Defendant Nickols Cabinetry & Design Inc. ("Nickols Cabinetry") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nickols Cabinetry and contained hazardous substances.

2448.   By letter dated August 11, 2017, Trex demanded that Nickols Cabinetry reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2449.   To date, Nickols Cabinetry has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2450.   According to Trex North Carolina Facility records, Defendant Nix Brothers Hydraulics, Inc. ("Nix Bros. Hydraulics") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 199 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nix Bros. Hydraulics and contained hazardous substances.

2451.  By letter dated July 14, 2017, Trex demanded that Nix Bros. Hydraulics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2452.  To date, Nix Bros. Hydraulics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2453.  Defendant North Carolina Department of Health and Human Services ("NCDHHS") is the successor to and/or is formerly known as Caswell Developmental Center and NCDHHS State Laboratory of Public Health.

2454.  NCDHHS State Lab of Public Health is and/or was located at 306 N. Wilmington Street, Bath Bldg., Raleigh, North Carolina, 27801.

2455.  Operating as a division of the North Carolina Department of Health and Human Services (NCDHHS), the North Carolina State Laboratory of Public Health was formerly located in the Bath Building at 306 North Wilmington Street, Raleigh, North Carolina, 27601.

2456.  North Carolina State Laboratory of Public Health and Caswell Developmental Center are divisions of the North Carolina Department of Health and Human Services.

2457.  According to Trex North Carolina Facility records, Caswell Developmental Center and NCDHHS State Laboratory of Public Health by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,648 gallons of materials to the Trex North Carolina Facility. These materials were owned by Caswell Developmental Center and NCDHHS State Laboratory of Public Health and contained hazardous substances.

2458.   By letter dated June 16, 2017, Trex demanded that NCDHHS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2459.   To date, NCDHHS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2460.   Defendant North Carolina Department of Natural and Cultural Resources ("DNCR") is the successor to and/or is formerly known as North Carolina Aquarium at Pine Knoll Shores.

2461.   North Carolina Aquarium at Pine Knoll Shores operates within the North Carolina Aquariums Division under the Department of Natural and Cultural Resources.

2462.   According to Trex North Carolina Facility records, North Carolina Aquarium at Pine Knoll Shores by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 85 gallons of materials to the Trex North Carolina Facility. These materials were owned by North Carolina Aquarium at Pine Knoll Shores and contained hazardous substances.

2463.   By letter dated June 2, 2020, Trex demanded that DNCR reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2464.   To date, DNCR has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2465.   Defendant North Carolina Department of Public Safety ("NCDPS") is the successor to and/or is formerly known as NC Department of Corrections, NC DOC-Bunn, NC DOC-Caledonia Farms, NC DOC-Enterprise Woodworking, NC DOC-Statesville, NC DOC-

Western Youth Institute, NCDOC, NCDOC-Janitorial Products, NCDOC-Nash Print Plant, NCDOC-Pasquotank, and NCDOC-Tag Plant.

2466. The North Carolina Department of Correction holds itself as NC DOC, NCDOC, and NC Department of Correction.

2467. The North Carolina Department of Correction is a division of The North Carolina Department of Public Safety.

2468. NC DOC – Bunn and NC DOC – Statesville are divisions of the North Carolina Department of Correction located in Bunn, North Carolina and Statesville, North Carolina, respectively.

2469. Pasquotank Correctional Institution holds out as NCDOC – Pasquotank.

2470. The Nash Print Plant is an industrial plant that works as a part of Nash Correctional Institution.

2471. The License Tag Plant holds out as Tag Plant.

2472. Tag Plant is a plant that works as a part of Central Prison in Raleigh, North Carolina.

2473. Caledonia Farm is a plant that works as a part of Caledonia Correctional Institution.

2474. Enterprise Woodworking refers to the woodworking plant that formerly worked as a part of Iredell Correctional Center in Statesville, North Carolina.

2475. Janitorial Products refers to the Janitorial Products plant that formerly worked as a part of Harnett Correctional Institution in Lillington, North Carolina.

2476. Western Youth Institute was formerly a division of the North Carolina Department of Corrections.

2477.   According to Trex North Carolina Facility records, NC Department of Corrections, NC DOC-Bunn, NC DOC-Caledonia Farms, NC DOC-Enterprise Woodworking, NC DOC-Statesville, NC DOC-Western Youth Institute, NCDOC, NCDOC-Janitorial Products, NCDOC-Nash Print Plant, NCDOC-Pasquotank, and NCDOC-Tag Plant by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 13,779 gallons of materials to the Trex North Carolina Facility. These materials were owned by NC Department of Corrections, NC DOC-Bunn, NC DOC-Caledonia Farms, NC DOC-Enterprise Woodworking, NC DOC-Statesville, NC DOC-Western Youth Institute, NCDOC, NCDOC-Janitorial Products, NCDOC-Nash Print Plant, NCDOC-Pasquotank, and NCDOC-Tag Plant and contained hazardous substances.

2478.   By letter dated June 16, 2017, Trex demanded that NCDPS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2479.   To date, NCDPS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2480.   Defendant Northern Virginia Auto Shop ("Virginia Auto") is the successor to and/or is formerly known as Capital Auto Body.

2481.   Capital Auto Body is and/or was located at 3156 Spring Street, Fairfax, Virginia, 22031.

2482.   Capital Autobody & Auto Care is and/or was located at 3156 Spring Street, Fairfax, Virginia, 22031.

2483.   Capital Autobody & Auto Care is a division of Northern Virginia Auto Shop.

2484. According to Trex North Carolina Facility records, Capital Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 605 gallons of materials to the Trex North Carolina Facility. These materials were owned by Capital Auto Body and contained hazardous substances.

2485. By letter dated March 16, 2020, Trex demanded that Virginia Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2486. To date, Virginia Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2487. Defendant Novant Health Inc. ("Novant Health") is the successor to and/or is formerly known as Brunswick Community Hospital.

2488. In or about 2006, Novant Health Inc. merged with Brunswick Community Hospital.

2489. According to Trex North Carolina Facility records, Brunswick Community Hospital by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 15 gallons of materials to the Trex North Carolina Facility. These materials were owned by Brunswick Community Hospital and contained hazardous substances.

2490. By letter dated March 31, 2016, Trex demanded that Novant Health reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2491.   To date, Novant Health has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2492.   Defendant NSC USA, Inc. ("NSC USA") is the successor to and/or is formerly known as Schlumberger.

2493.   Schlumberger is and/or was located at 1299 Schlumberger Drive, Fort Mill, South Carolina, 29715.

2494.   N. Schlumberger USA, Inc. is and/or was located at 1299 Schlumberger Drive, Fort Mill, South Carolina, 29715.

2495.   Schlumberger and N. Schlumberger USA, Inc. are the same business or entity.

2496.   In or about 2010, N. Schlumberger USA, Inc. changed its name to NSC USA, Inc.

2497.   According to Trex North Carolina Facility records, Schlumberger by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 45 gallons of materials to the Trex North Carolina Facility. These materials were owned by Schlumberger and contained hazardous substances.

2498.   To date, NSC USA has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2499.   According to Trex North Carolina Facility records, Defendant NuVision Engineering, Inc. ("NuVision Engineering") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5 gallons of materials to the Trex North Carolina Facility. These materials were owned by NuVision Engineering and contained hazardous substances.

2500.   By letter dated March 16, 2020, Trex demanded that NuVision Engineering reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2501.   To date, NuVision Engineering has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2502.   Defendant Oak-Bark Corporation ("Oak-Bark") is the successor to and/or is formerly known as Wright Corporation-Acme, NC.

2503.   Wright Chemical Corporation held itself out as Wright Corporation.

2504.   Acme was a division of Wright Chemical Corporation located in North Carolina.

2505.   In or about 2004, Oak-Bark Corporation acquired assets from Wright Chemical Corporation.

2506.   According to Trex North Carolina Facility records, Wright Corporation-Acme, NC by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,526 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wright Corporation-Acme, NC and contained hazardous substances.

2507.   By letter dated June 16, 2017, Trex demanded that Oak-Bark reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2508.   To date, Oak-Bark has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2509.  Defendant Oakbend Enterprises, Inc., doing business as Maaco Collision Repair & Auto Painting, ("Oakbend Enterprises") is the successor to and/or is the same as Maaco Auto Painting of Athens.

2510.  Maaco Auto Painting of Athens is and/or was located in Athens, Georgia.

2511.  Oakbend Enterprises, Inc. is the franchisee of a Maaco franchise located at 2375 West Broad Street, Athens, Georgia, 30605.

2512.  According to Trex North Carolina Facility records, Maaco Auto Painting of Athens by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 240 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting of Athens and contained hazardous substances.

2513.  By letter dated June 30, 2017, Trex demanded that Oakbend Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2514.  To date, Oakbend Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2515.  According to Trex North Carolina Facility records, Defendant Oerlikon Textiles, Inc. ("Oerlikon") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 408 gallons of materials to the Trex North Carolina Facility. These materials were owned by Oerlikon and contained hazardous substances.

2516. By letter dated March 31, 2016, Trex demanded that Oerlikon reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2517. To date, Oerlikon has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2518. According to Trex North Carolina Facility records, Defendant Old Dixie Paint & Body LLC ("Dixie Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Dixie Paint and contained hazardous substances.

2519. By letter dated August 11, 2017, Trex demanded that Dixie Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2520. To date, Dixie Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2521. According to Trex North Carolina Facility records, Defendant Oldest to Newest, Inc., doing business as Rockville Auto Body, ("Oldest to Newest") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 125 gallons of materials to the Trex North Carolina Facility. These materials were owned by Oldest to Newest and contained hazardous substances.

2522. By letter dated August 11, 2017, Trex demanded that Oldest to Newest reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2523. To date, Oldest to Newest has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2524. According to Trex North Carolina Facility records, Defendant Ornamental Post and Panel ("Ornamental Post") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ornamental Post and contained hazardous substances.

2525. By letter dated July 21, 2017, Trex demanded that Ornamental Post reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2526. To date, Ornamental Post has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2527. According to Trex North Carolina Facility records, Defendant Osteen's Collision Repair ("Osteen's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Osteen's Collision and contained hazardous substances.

2528. By letter dated August 11, 2017, Trex demanded that Osteen's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2529. To date, Osteen's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2530.   According to Trex North Carolina Facility records, Defendant OTR Wheel Engineering, Inc. ("OTR Wheel") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,575 gallons of materials to the Trex North Carolina Facility. These materials were owned by OTR Wheel and contained hazardous substances.

2531.   By letter dated June 16, 2017, Trex demanded that OTR Wheel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2532.   To date, OTR Wheel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2533.   According to Trex North Carolina Facility records, Defendant Owens Body Shop LLC ("Owens Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Owens Body and contained hazardous substances.

2534.   By letter dated June 30, 2017, Trex demanded that Owens Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2535.   To date, Owens Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2536.   According to Trex North Carolina Facility records, Defendant Ozone Collision Center, LLC ("Ozone Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 715

gallons of materials to the Trex North Carolina Facility. These materials were owned by Ozone Collision and contained hazardous substances.

2537. By letter dated June 23, 2017, Trex demanded that Ozone Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2538. To date, Ozone Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2539. Defendant Paddock Pool Equipment Company, Inc. ("Paddock") is the successor to and/or is formerly known as Paddock of California and Paddock Pool.

2540. Paddock Pool and Paddock of California is and/or was at 555 Paddock Parkway, Rock Hill, South Carolina, 29731.

2541. Paddock Pool Equipment Company, Inc. is and/or was located at 555 Paddock Parkway, Rock Hill, South Carolina, 29731.

2542. According to Trex North Carolina Facility records, Paddock of California and Paddock Pool by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,168 gallons of materials to the Trex North Carolina Facility. These materials were owned by Paddock of California and Paddock Pool and contained hazardous substances.

2543. By letter dated March 16, 2020, Trex demanded that Paddock reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2544. To date, Paddock has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2545.   According to Trex North Carolina Facility records, Defendant The Paint Shop ("Paint Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 244 gallons of materials to the Trex North Carolina Facility. These materials were owned by Paint Shop and contained hazardous substances.

2546.   By letter dated June 30, 2017, Trex demanded that Paint Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2547.   To date, Paint Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2548.   According to Trex North Carolina Facility records, Defendant Paintmasters Auto Body Repairs and Collisions, Inc. ("Paintmasters Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 250 gallons of materials to the Trex North Carolina Facility. These materials were owned by Paintmasters Auto and contained hazardous substances.

2549.   By letter dated June 30, 2017, Trex demanded that Paintmasters Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2550.   To date, Paintmasters Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2551.   According to Trex North Carolina Facility records, Defendant Paintworks, Inc. ("Paintworks") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Paintworks and contained hazardous substances.

2552.   By letter dated July 7, 2017, Trex demanded that Paintworks reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2553.   To date, Paintworks has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2554.   According to Trex North Carolina Facility records, Defendant Palm Bay Cabinet Company, LLC ("Palm Bay Cabinet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Palm Bay Cabinet and contained hazardous substances.

2555.   By letter dated July 28, 2017, Trex demanded that Palm Bay Cabinet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2556.   To date, Palm Bay Cabinet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2557.   According to Trex North Carolina Facility records, Defendant Palmetto Collision, LLC ("Palmetto Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 85 gallons of materials to the Trex North Carolina Facility. These materials were owned by Palmetto Collision and contained hazardous substances.

2558. By letter dated July 28, 2017, Trex demanded that Palmetto Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2559. To date, Palmetto Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2560. Defendant Palmetto Propane, Fuels, and Ice, Inc. ("Palmetto Propane") is the successor to and/or is formerly known as Havird Oil.

2561. Havird Oil is and/or was located at 2470 Fish hatchery Road, West Columbia, South Carolina, 29172.

2562. Havird Oil Services, LLC is and/or was located at 2470 Fish Hatchery Road, West Columbia, South Carolina, 29172.

2563. Havird Oil Services, LLC and Havird Oil are the same business and/or entity.

2564. In or about 2015, Palmetto Propane, Inc. and Havird Oil Services, LLC merged. The surviving entity is Palmetto Propane, Fuels, and Ice, Inc.

2565. According to Trex North Carolina Facility records, Havird Oil by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4 gallons of materials to the Trex North Carolina Facility. These materials were owned by Havird Oil and contained hazardous substances.

2566. By letter dated March 16, 2020, Trex demanded that Palmetto Propane reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2567. To date, Palmetto Propane has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2568. According to Trex North Carolina Facility records, Defendant Panelfold, Inc. ("Panelfold") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 432 gallons of materials to the Trex North Carolina Facility. These materials were owned by Panelfold and contained hazardous substances.

2569. By letter dated June 30, 2017, Trex demanded that Panelfold reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2570. To date, Panelfold has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2571. According to Trex North Carolina Facility records, Defendant Para USA, LLC ("Para USA") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,113 gallons of materials to the Trex North Carolina Facility. These materials were owned by Para USA and contained hazardous substances.

2572. By letter dated March 31, 2016, Trex demanded that Para USA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2573. To date, Para USA has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2574. According to Trex North Carolina Facility records, Defendant Paradise Solutions, Inc. ("Paradise Solutions") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220

gallons of materials to the Trex North Carolina Facility. These materials were owned by Paradise Solutions and contained hazardous substances.

2575.   By letter dated July 14, 2017, Trex demanded that Paradise Solutions reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2576.   To date, Paradise Solutions has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2577.   Defendant Paragon Technologies, Inc. ("Paragon Tech") is the successor to and/or is formerly known as Paragon Atlantic.

2578.   Paragon Atlantic is and/or was located at 2919 Interstate, Charlotte, North Carolina 28208.

2579.   On or about February 7, 2002, Paragon Plastic Machine Remanufacturing, Inc. registered the fictitious name Paragon Atlantic in Mecklenburg County, North Carolina.

2580.   On or about March 5, 2002, Paragon Plastic Remanufacturing, Inc. changed its name to Paragon Atlantic, Inc.

2581.   On or about November 11, 2013, Paragon Atlantic, Inc. converted to Paragon Atlantic, LLC.

2582.   On or about June 30, 2014, Paragon Atlantic, LLC merged into Paragon Technologies Incorporated.

2583.   According to Trex North Carolina Facility records, Paragon Atlantic by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Paragon Atlantic and contained hazardous substances.

2584.   By letter dated August 25, 2017, Trex demanded that Paragon Tech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2585.   To date, Paragon Tech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2586.   According to Trex North Carolina Facility records, Defendant Paramount Electronics Manufacturing Company, Inc. ("Paramount Electronics") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Paramount Electronics and contained hazardous substances.

2587.   By letter dated July 14, 2017, Trex demanded that Paramount Electronics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2588.   To date, Paramount Electronics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2589.   Defendant Park Hotels & Resorts Inc., doing business as Hilton Indianapolis Hotel & Suites, ("Park Hotels") is the successor to and/or is formerly known as Adams Mark Hotel.

2590.   In or about 2004, Adams Mark Hotel changed its name to Hilton Indianapolis Hotel & Suites.

2591.   According to Trex North Carolina Facility records, Adams Mark Hotel by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 202 gallons of materials to the Trex

360

North Carolina Facility. These materials were owned by Adams Mark Hotel and contained hazardous substances.

2592. By letter dated March 16, 2020, Trex demanded that Park Hotels reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2593. To date, Park Hotels has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2594. According to Trex North Carolina Facility records, Defendant Parker Marine Enterprises, Inc. ("Parker Marine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,259 gallons of materials to the Trex North Carolina Facility. These materials were owned by Parker Marine and contained hazardous substances.

2595. By letter dated July 14, 2017, Trex demanded that Parker Marine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2596. To date, Parker Marine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2597. According to Trex North Carolina Facility records, Defendant PC Auto Repair ("PC Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by PC Auto and contained hazardous substances.

2598. By letter dated August 11, 2017, Trex demanded that PC Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2599. To date, PC Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2600. According to Trex North Carolina Facility records, Defendant Peach Auto Painting & Collision ("Peach Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Peach Auto and contained hazardous substances.

2601. By letter dated July 28, 2017, Trex demanded that Peach Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2602. To date, Peach Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2603. According to Trex North Carolina Facility records, Defendant Peerless Auto Body, Inc. ("Peerless Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Peerless Auto and contained hazardous substances.

2604. By letter dated August 4, 2017, Trex demanded that Peerless Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2605.  To date, Peerless Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2606.  Defendant Peerless Manufacturing Co. ("Peerless Manufacturing") is the successor to and/or is formerly known as Rock Water Inc. doing business as Peerless Manufacturing Co.

2607.  Rock Water Inc. doing business as Peerless Manufacturing Co. is and/or was located at 2894 US Hwy 82 E, Shellman, Georgia, 39886.

2608.  Peerless Manufacturing Co. is and/or was located at 2894 US Hwy 82 East, Shellman, Georgia, 39886.

2609.  Rockwater, Inc. is the owner of the property located at 2894 US Hwy 82 East, Shellman, Georgia, 39886.

2610.  David Rogers is listed as the emergency contact on behalf of Rock Water Inc. doing business as Peerless Manufacturing Co.

2611.  David Rogers is the CEO of Rockwater, Inc.

2612.  According to Trex North Carolina Facility records, Rock Water Inc. doing business as Peerless Manufacturing Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rock Water Inc. doing business as Peerless Manufacturing Co. and contained hazardous substances.

2613.  By letter dated June 23, 2017, Trex demanded that Peerless Manufacturing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2614.   To date, Peerless Manufacturing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2615.   According to Trex North Carolina Facility records, Defendant Pello's Body Shop, Inc. ("Pello's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pello's Body and contained hazardous substances.

2616.   By letter dated August 4, 2017, Trex demanded that Pello's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2617.   To date, Pello's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2618.   Defendant Penguin Random House LLC ("Penguin") is the successor to and/or is formerly known as Western Publishing Co.

2619.   In or about 1996, Western Publishing Company, Inc. changed its name to Golden Books Publishing Company, Inc.

2620.   In or about 2001, Classic Media Inc. acquired Golden Books Publishing Company, Inc.

2621.   In or about 2012, DreamWorks Animation LLC acquired Classic Media Inc.

2622.   In or about 2016, Penguin Random House LLC acquired DreamWorks Animation LLC.

2623.   According to Trex North Carolina Facility records, Western Publishing Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a

transporter for transport for disposal or treatment, at least 2,436 gallons of materials to the Trex North Carolina Facility. These materials were owned by Western Publishing Co. and contained hazardous substances.

2624.   By letter dated June 16, 2017, Trex demanded that Penguin reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2625.   To date, Penguin has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2626.   According to Trex North Carolina Facility records, Defendant Penn Collision Inc. ("Penn Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Penn Collision and contained hazardous substances.

2627.   By letter dated July 28, 2017, Trex demanded that Penn Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2628.   To date, Penn Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2629.   According to Trex North Carolina Facility records, Defendant Penn Engineering & Manufacturing Corp. ("Penn Engineering") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,011 gallons of materials to the Trex North Carolina Facility. These materials were owned by Penn Engineering and contained hazardous substances.

2630.   By letter dated August 4, 2017, Trex demanded that Penn Engineering reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2631.   To date, Penn Engineering has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2632.   According to Trex North Carolina Facility records, Defendant Pentech, Inc. ("Pentech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 410 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pentech and contained hazardous substances.

2633.   By letter dated August 4, 2017, Trex demanded that Pentech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2634.   To date, Pentech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2635.   According to Trex North Carolina Facility records, Defendant Performance Auto Body, Inc. ("Performance Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Performance Auto and contained hazardous substances.

2636.   By letter dated August 4, 2017, Trex demanded that Performance Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2637.   To date, Performance Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2638.   Defendant Performance Friction Corporation ("Performance Friction") is the successor to and/or is also known as Performance Friction Brakes.

2639.   According to Trex North Carolina Facility records, Performance Friction Brakes by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,640 gallons of materials to the Trex North Carolina Facility. These materials were owned by Performance Friction Brakes and contained hazardous substances.

2640.   By letter dated March 31, 2016, Trex demanded that Performance Friction reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2641.   To date, Performance Friction has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2642.   Defendant Perma-Fix Environmental Services, Inc. ("Perma-Fix") is the successor to and/or is formerly known as Permafix and Quadrex Environmental.

2643.   Quadrex Environmental Company held itself out as Quadrex Environmental.

2644.   In or about 1994, Perma-Fix Environmental Services, Inc. acquired Quadrex Environmental Company.

2645.   Permafix is and/or was located at 10100 Rocket Boulevard, Orlando, Florida, 32824.

2646.   Perma-Fix of Orlando, Inc. was formerly located at 10100 Rocket Boulevard, Orlando, Florida, 32824.

2647. Perma-Fix of Orlando, Inc. held itslef out as Perma-Fix Environmental Services, Inc.

2648. According to Trex North Carolina Facility records, Permafix and Quadrex Environmental by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 51,574 gallons of materials to the Trex North Carolina Facility. These materials were owned by Permafix and Quadrex Environmental and contained hazardous substances.

2649. By letter dated March 31, 2016, Trex demanded that Perma-Fix reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2650. To date, Perma-Fix has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2651. According to Trex North Carolina Facility records, Defendant Petroleum Equipment & Service, Inc. ("Petroleum Equipment") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5 gallons of materials to the Trex North Carolina Facility. These materials were owned by Petroleum Equipment and contained hazardous substances.

2652. By letter dated March 16, 2020, Trex demanded that Petroleum Equipment reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2653. To date, Petroleum Equipment has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2654.   According to Trex North Carolina Facility records, Defendant Petty Machine Company Inc. ("Petty Machine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Petty Machine and contained hazardous substances.

2655.   By letter dated August 4, 2017, Trex demanded that Petty Machine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2656.   To date, Petty Machine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2657.   According to Trex North Carolina Facility records, Defendant Pharr Yarns, LLC ("Pharr Yarns") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 744 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pharr Yarns and contained hazardous substances.

2658.   By letter dated March 31, 2016, Trex demanded that Pharr Yarns reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2659.   To date, Pharr Yarns has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2660.   According to Trex North Carolina Facility records, Defendant Phaze 3 Kustoms, LLC ("Phaze 3") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Phaze 3 and contained hazardous substances.

2661.   By letter dated August 4, 2017, Trex demanded that Phaze 3 reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2662.   To date, Phaze 3 has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2663.   According to Trex North Carolina Facility records, Defendant Phillips Custom Body, Inc. ("Phillips Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Phillips Body and contained hazardous substances.

2664.   By letter dated August 18, 2017, Trex demanded that Phillips Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2665.   To date, Phillips Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2666.   According to Trex North Carolina Facility records, Defendant Phoenix Mecano ("Phoenix Mecano") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by Phoenix Mecano and contained hazardous substances.

2667. By letter dated March 31, 2016, Trex demanded that Phoenix Mecano reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2668. To date, Phoenix Mecano has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2669. According to Trex North Carolina Facility records, Defendant Piano Craft, LLC ("Piano Craft") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 605 gallons of materials to the Trex North Carolina Facility. These materials were owned by Piano Craft and contained hazardous substances.

2670. By letter dated August 4, 2017, Trex demanded that Piano Craft reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2671. To date, Piano Craft has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2672. According to Trex North Carolina Facility records, Defendant Piedmont Healthcare, P.A. ("Piedmont Healthcare") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 0.36 gallons of materials to the Trex North Carolina Facility. These materials were owned by Piedmont Healthcare and contained hazardous substances.

2673. By letter dated March 16, 2020, Trex demanded that Piedmont Healthcare reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2674.   To date, Piedmont Healthcare has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2675.   According to Trex North Carolina Facility records, Defendant Piedmont Metal Fabrication, Inc. ("Piedmont Fabrication") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by Piedmont Fabrication and contained hazardous substances.

2676.   By letter dated August 4, 2017, Trex demanded that Piedmont Fabrication reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2677.   To date, Piedmont Fabrication has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2678.   According to Trex North Carolina Facility records, Defendant Pilson's Automotive Collision ("Pilson's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pilson's Auto and contained hazardous substances.

2679.   By letter dated August 4, 2017, Trex demanded that Pilson's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2680.   To date, Pilson's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2681. According to Trex North Carolina Facility records, Defendant Pino Enterprises, Inc., doing business as Elite Auto Body, ("Pino Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pino Enterprises and contained hazardous substances.

2682. By letter dated August 18, 2017, Trex demanded that Pino Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2683. To date, Pino Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2684. Defendant Pit Stop Automotive, Inc. ("Pit Stop Auto") is the successor to and/or is formerly known as Automotive Pit Stop.

2685. Automotive Pit Stop is and/or was located at 67 Fifth Avenue, Bay Shore, New York, 11706.

2686. Pit Stop Automotive, Inc. is and/or was located at 67 Fifth Avenue, Bay Shore, New York, 11706.

2687. According to Trex North Carolina Facility records, the generator contact for the Automotive Pit Stop was Keith Bovich.

2688. The Chief Executive Officer, Principal Executive Officer, and Registration Agent of Pit Stop Automotive, Inc. are Keith Bovich.

2689. According to Trex North Carolina Facility records, Automotive Pit Stop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Automotive Pit Stop and contained hazardous substances.

2690.  By letter dated July 28, 2017, Trex demanded that Pit Stop Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2691.  To date, Pit Stop Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2692.  Defendant PJC Management Group, LLC, doing business as Maaco South Blvd., ("PJC Group") is the successor to and/or is formerly known as Maaco Auto Painting & Body Work.

2693.  Maaco Auto Painting & Body Work is and/or was located at 6315 South Boulevard, Charlotte, North Carolina, 28217.

2694.  Great American Car Rentals, Inc. is the franchisee of a Maaco franchise located at 6315 South Boulevard, Charlotte, North Carolina, 28217.

2695.  On or about June 20th, 2018, Great American Car Rentals, Inc. merged into PJC Management Group, LLC.

2696.  According to Trex North Carolina Facility records, Maaco Auto Painting & Body Work by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,083 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting & Body Work and contained hazardous substances.

2697. By letter dated March 16, 2020, Trex demanded that PJC Group reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2698. To date, PJC Group has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2699. According to Trex North Carolina Facility records, Defendant Planet Solutions, Inc., doing business as Circle Environmental of Georgia & Florida, ("Planet Solutions") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 355 gallons of materials to the Trex North Carolina Facility. These materials were owned by Planet Solutions and contained hazardous substances.

2700. By letter dated March 31, 2016, Trex demanded that Planet Solutions reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2701. To date, Planet Solutions has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2702. According to Trex North Carolina Facility records, Defendant Plant's Paint & Body ("Plant's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Plant's Paint and contained hazardous substances.

2703. By letter dated August 4, 2017, Trex demanded that Plant's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2704. To date, Plant's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2705. According to Trex North Carolina Facility records, Defendant Plantation Collision Center LLC ("Plantation Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Plantation Collision and contained hazardous substances.

2706. By letter dated August 4, 2017, Trex demanded that Plantation Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2707. To date, Plantation Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2708. According to Trex North Carolina Facility records, Defendant Plas-Tech Corporation ("Plas-Tech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Plas-Tech and contained hazardous substances.

2709. By letter dated August 4, 2017, Trex demanded that Plas-Tech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2710.   To date, Plas-Tech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2711.   According to Trex North Carolina Facility records, Defendant Plasti-Seal Corporation ("Plasti-Seal") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 708 gallons of materials to the Trex North Carolina Facility. These materials were owned by Plasti-Seal and contained hazardous substances.

2712.   By letter dated August 4, 2017, Trex demanded that Plasti-Seal reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2713.   To date, Plasti-Seal has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2714.   According to Trex North Carolina Facility records, Defendant PolyLC, Inc. ("PolyLC") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,650 gallons of materials to the Trex North Carolina Facility. These materials were owned by PolyLC and contained hazardous substances.

2715.   By letter dated August 4, 2017, Trex demanded that PolyLC reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2716.   To date, PolyLC has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

377

2717. According to Trex North Carolina Facility records, Defendant Pontiac Foods, Inc. ("Pontiac Foods") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,829 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pontiac Foods and contained hazardous substances.

2718. By letter dated March 31, 2016, Trex demanded that Pontiac Foods reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2719. To date, Pontiac Foods has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2720. According to Trex North Carolina Facility records, Defendant Post 40 Minute Cleaners Inc. ("40 Min. Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 72 gallons of materials to the Trex North Carolina Facility. These materials were owned by 40 Min. Cleaners and contained hazardous substances.

2721. By letter dated July 14, 2017, Trex demanded that 40 Min. Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2722. To date, 40 Min. Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2723. According to Trex North Carolina Facility records, Defendant Powder Coating Services, Inc. ("Powder Coating") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 12,247

gallons of materials to the Trex North Carolina Facility. These materials were owned by Powder Coating and contained hazardous substances.

2724.  By letter dated August 4, 2017, Trex demanded that Powder Coating reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2725.  To date, Powder Coating has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2726.  According to Trex North Carolina Facility records, Defendant Powell's Body Shop ("Powell's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Powell's Body and contained hazardous substances.

2727.  By letter dated August 4, 2017, Trex demanded that Powell's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2728.  To date, Powell's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2729.  According to Trex North Carolina Facility records, Defendant Powerex, Inc. ("Powerex") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,300 gallons of materials to the Trex North Carolina Facility. These materials were owned by Powerex and contained hazardous substances.

2730.  By letter dated August 4, 2017, Trex demanded that Powerex reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2731.  To date, Powerex has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2732.  According to Trex North Carolina Facility records, Defendant Powerline Auto Body, Inc. ("Powerline Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Powerline Auto and contained hazardous substances.

2733.  By letter dated August 11, 2017, Trex demanded that Powerline Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2734.  To date, Powerline Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2735.  According to Trex North Carolina Facility records, Defendant PRDK, Inc., doing business as Maaco Collision Repair & Auto Painting, ("PRDK") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by PRDK and contained hazardous substances.

2736.  By letter dated July 7, 2017, Trex demanded that PRDK reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2737.   To date, PRDK has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2738.   According to Trex North Carolina Facility records, Defendant Precision Body Works, Inc. ("Precision Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Precision Body and contained hazardous substances.

2739.   By letter dated August 11, 2017, Trex demanded that Precision Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2740.   To date, Precision Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2741.   According to Trex North Carolina Facility records, Defendant Precision Concepts Group, LLC ("Precision Concepts") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 21,835 gallons of materials to the Trex North Carolina Facility. These materials were owned by Precision Concepts and contained hazardous substances.

2742.   By letter dated March 31, 2016, Trex demanded that Precision Concepts reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2743.   To date, Precision Concepts has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2744.   According to Trex North Carolina Facility records, Defendant Preformed Line Products Company ("Preformed Line") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 17,266 gallons of materials to the Trex North Carolina Facility. These materials were owned by Preformed Line and contained hazardous substances.

2745.   By letter dated August 11, 2017, Trex demanded that Preformed Line reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2746.   To date, Preformed Line has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2747.   Defendant Prem Corp. ("Prem") is the successor to and/or is also known as Austin Canvas.

2748.   Austin Canvas is and/or was located at 4325 Reagan Drive, Charlotte, North Carolina, 28206.

2749.   Prem Corp. is the lessee of the property located at 4325 Reagan Drive, Charlotte, North Carolina, 28206.

2750.   On or about April 5, 2000, Prem Corp. registered the assumed business name Austin Canvas & Awning.

2751.   According to Trex North Carolina Facility records, Austin Canvas by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 640 gallons of materials to the Trex North Carolina Facility. These materials were owned by Austin Canvas and contained hazardous substances.

2752.  To date, Prem has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2753.  Defendant Premiere Fibers, LLC ("Premiere Fibers") is the successor to and/or formerly known as Premiere Fibers and Universal Fiber (Premiere Fibers).

2754.  Premiere Fibers and Universal Fiber (Premiere Fibers) is and/or was at Hwy. 52N, Ansonville, North Carolina, 28007.

2755.  According to the Premiere Fibers, Inc. website, Premiere Fibers, Inc. is and/or was located at 10056 Highway 52 North, Ansonville, North Carolina, 28007.

2756.  On or about July 2, 2018, Premiere Fibers, Inc. merged into Premiere Fibers, LLC.

2757.  According to the North Carolina Secretary of State, Premiere Fibers, LLC has its principal office located at 10056 US 52, Ansonville, North Carolina, 28007.

2758.  According to Trex North Carolina Facility records, Premiere Fibers and Universal Fiber (Premiere Fibers) by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 425 gallons of materials to the Trex North Carolina Facility. These materials were owned by Premiere Fibers and Universal Fiber (Premiere Fibers) and contained hazardous substances.

2759.  By letter dated August 11, 2017, Trex demanded that Premiere Fibers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2760.  To date, Premiere Fibers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2761.   According to Trex North Carolina Facility records, Defendant Premium Allied Tool, Inc. ("Allied Tool") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,847 gallons of materials to the Trex North Carolina Facility. These materials were owned by Allied Tool and contained hazardous substances.

2762.   By letter dated August 11, 2017, Trex demanded that Allied Tool reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2763.   To date, Allied Tool has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2764.   According to Trex North Carolina Facility records, Defendant Prestige Collision Shop LLC ("Prestige Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Prestige Collision and contained hazardous substances.

2765.   By letter dated August 11, 2017, Trex demanded that Prestige Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2766.   To date, Prestige Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2767.   According to Trex North Carolina Facility records, Defendant Prime Design Inc., doing business as Prime Design Architectural Millwork, ("Prime Design") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 2,121 gallons of materials to the Trex North Carolina Facility. These materials were owned by Prime Design and contained hazardous substances.

2768.   By letter dated August 11, 2017, Trex demanded that Prime Design reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2769.   To date, Prime Design has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2770.   According to Trex North Carolina Facility records, Defendant Prime Leather Finishes Company ("Prime Leather") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,689 gallons of materials to the Trex North Carolina Facility. These materials were owned by Prime Leather and contained hazardous substances.

2771.   By letter dated August 11, 2017, Trex demanded that Prime Leather reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2772.   To date, Prime Leather has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2773.   Defendant Prime Resins, Inc. ("Prime Resins") is the successor to and/or is formerly known as Prime Resins and Principle Coatings.

2774.   Prime Resins and Principle Coatings is and/or was at 2291 Plunkett Road, Conyers, Georgia, 30012.

2775.   In or about 2009, Principle Coatings, Inc. registered to do business in the state of Georgia. In or about 2015, Principle Coatings, Inc. dissolved.

2776. Principle Coatings, Inc. was located at 2291 Plunkett Road, Conyers, Georgia, 30012.

2777. David Barton was the CEO of Principle Coatings, Inc.

2778. Prime Resins, Inc. is and/or was located at 2291 Plunkett Road, Conyers, Georgia, 30012.

2779. In or about 2007, David Barton conveyed the property at 2291 Plunkett Road, Conyers, Georgia, 30012 to Prime Resins, Inc.

2780. David Barton is the CEO of Prime Resins, Inc.

2781. According to Trex North Carolina Facility records, Tom Alexander and Jennifer Mathis are listed as generator contacts for Prime Resins.

2782. Tom Alexander and Jennifer Mathis hold out as working for or have worked for Prime Resins, Inc.

2783. According to Trex North Carolina Facility records, Prime Resins and Principle Coatings by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,675 gallons of materials to the Trex North Carolina Facility. These materials were owned by Prime Resins and Principle Coatings and contained hazardous substances.

2784. By letter dated August 11, 2017, Trex demanded that Prime Resins reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2785. To date, Prime Resins has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2786.   According to Trex North Carolina Facility records, Defendant Prince Auto Collision, L.L.C. ("Prince Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Prince Auto and contained hazardous substances.

2787.   By letter dated August 18, 2017, Trex demanded that Prince Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2788.   To date, Prince Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2789.   Defendant Print USA, Inc. ("Print USA") is the successor to and/or is formerly known as Faith Designs and Nationwide Golf & Printing.

2790.   Nationwide Golf & Printing is and/or was located at 3524 Claude Lee Road, Fayetteville, North Carolina, 28203.

2791.   In or about 1995, Nationwide Golf, Incorporated was reinstated to do business in the state of North Carolina.

2792.   Nationwide Golf, Incorporated was located at 3524 Claude Lee Road, Fayetteville, North Carolina, 28203.

2793.   George D. Shooter Jr. was the President and Registered Agent of Nationwide Golf, Incorporated.

2794.   In or about 2010, Nationwide Golf, Incorporated dissolved.

2795.   Faith Designs was located at 3524 Claude Lee Road, Fayetteville, North Carolina, 28203.

2796. George D. Shooter Jr. was the owner of Faith Designs.

2797. Print USA, Inc. is and/or was located at 3524 Claude Lee Road, Fayetteville, North Carolina, 28203.

2798. George D. Shooter Jr. is listed as the President and Registered Agent of Print USA, Inc.

2799. According to Trex North Carolina Facility records, Faith Designs and Nationwide Golf & Printing by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,266 gallons of materials to the Trex North Carolina Facility. These materials were owned by Faith Designs and Nationwide Golf & Printing and contained hazardous substances.

2800. By letter dated July 14, 2017, Trex demanded that Print USA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2801. To date, Print USA has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2802. According to Trex North Carolina Facility records, Defendant Printech, Inc. ("Printech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 134 gallons of materials to the Trex North Carolina Facility. These materials were owned by Printech and contained hazardous substances.

2803. By letter dated September 1, 2017, Trex demanded that Printech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2804. To date, Printech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2805. According to Trex North Carolina Facility records, Defendant Pro Collision Center ("Pro Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pro Collision and contained hazardous substances.

2806. By letter dated August 25, 2017, Trex demanded that Pro Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2807. To date, Pro Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2808. According to Trex North Carolina Facility records, Defendant Pro-Collision, LLC ("Pro-Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pro-Collision and contained hazardous substances.

2809. By letter dated August 25, 2017, Trex demanded that Pro-Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2810. To date, Pro-Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2811. According to Trex North Carolina Facility records, Defendant Pro-Teck Collision & Frame Inc. ("Pro-Teck Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Pro-Teck Collision and contained hazardous substances.

2812. By letter dated August 25, 2017, Trex demanded that Pro-Teck Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2813. To date, Pro-Teck Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2814. According to Trex North Carolina Facility records, Defendant Proctor's Body Shop of Wilson, Inc. ("Proctor's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Proctor's Body and contained hazardous substances.

2815. By letter dated August 25, 2017, Trex demanded that Proctor's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2816. To date, Proctor's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2817. According to Trex North Carolina Facility records, Defendant Providence Paint Company ("Providence Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275

gallons of materials to the Trex North Carolina Facility. These materials were owned by

Providence Paint and contained hazardous substances.

2818.   By letter dated August 25, 2018, Trex demanded that Providence Paint reimburse

Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex

North Carolina Facility.

2819.   To date, Providence Paint has refused to cooperate and has not paid any response

costs incurred by Trex at the Trex North Carolina Facility.

2820.   Defendant Putnam's Body Shop LLC ("Putnam Body") is the successor to and/or

is formerly known as Putnam Collision, Inc.

2821.   Putnam Collision, Inc. is and/or was located at 5753 Sydney Ann Ct, Mableton,

Georgia, 30126.

2822.   According to Trex North Carolina Facility records, the generator contact for the

waste disposal on behalf of Putnam Collision, Inc. is Brian Putnam.

2823.   In or about 2013, Putnam's Body Shop LLC registered to do business in the state

of Georgia. The initial principal place of business was 5753 Sydney Ann Court, Mableton,

Georgia, 30126.

2824.   In or about 2017, Putnam's Body Shop LLC changed its principal place of

business to 2877 Veterans Memorial Hwy, Austell, Georgia, 30168.

2825.   According to Trex North Carolina Facility records, Putnam Collision, Inc. by

contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a

transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Putnam Collision, Inc. and contained

hazardous substances.

2826. By letter dated August 25, 2017, Trex demanded that Putnam Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2827. To date, Putnam Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2828. According to Trex North Carolina Facility records, Defendant Quality Auto Painting ("Quality Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Auto and contained hazardous substances.

2829. By letter dated August 18, 2017, Trex demanded that Quality Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2830. To date, Quality Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2831. Defendant Quality Buick GMC, Inc. ("Quality Buick") is the successor to and/or is formerly known as Quality Pontiac-Buick-GMC and Quality Pontiac, Inc.

2832. Quality Pontiac-Buick-GMC and Quality Pontiac, Inc. is and/or was at 1615 East 10 Street, Roanoke Rapids, North Carolina, 27870.

2833. On or about August 19, 2015, Quality Pontiac, Inc. changed its name to Quality Buick GMC, Inc.

2834. Quality Buick GMC, Inc. was located at 1615 East 10th Street, Roanoke Rapids, North Carolina, 27870.

2835.  Quality Buick GMC, Inc. holds itself out as Quality Pontiac-Buick-GMC.

2836.  According to Trex North Carolina Facility records, Quality Pontiac-Buick-GMC and Quality Pontiac, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 440 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Pontiac-Buick-GMC and Quality Pontiac, Inc. and contained hazardous substances.

2837.  By letter dated June 30, 2017, Trex demanded that Quality Buick reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2838.  To date, Quality Buick has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2839.  Alternatively, Defendant Discovery Automotive, LLC ("Discovery Automotive") is the successor to and/or is formerly known as Quality Pontiac-Buick-GMC and Quality Pontiac, Inc., as alleged above.

2840.  To date, Discovery Automotive has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2841.  Defendant Quality Cleaners ("Quality Cleaners") is the successor to and/or is formerly known as One Hour Cleaners and Quality Cleaners.

2842.  One Hour Cleaners is and/or was located at 1329 Old Courthouse Square, Martinsburg, West Virginia, 25401.

2843.  According to Trex North Carolina Facility records, the generator contact for the waste disposal on behalf of One Hour Cleaners is Sook Kim.

2844.   Quality Cleaners is and/or was located at 1329 Old Courthouse Square, Martinsburg, West Virginia, 25401.

2845.   Sook Kim is the owner of Quality Cleaners.

2846.   According to Trex North Carolina Facility records, One Hour Cleaners and Quality Cleaners by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 199 gallons of materials to the Trex North Carolina Facility. These materials were owned by One Hour Cleaners and Quality Cleaners and contained hazardous substances.

2847.   By letter dated July 21, 2017, Trex demanded that Quality Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2848.   To date, Quality Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2849.   According to Trex North Carolina Facility records, Defendant Quality Cleaning Center ("Quality Cleaning") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Cleaning and contained hazardous substances.

2850.   By letter dated July 28, 2017, Trex demanded that Quality Cleaning reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2851.   To date, Quality Cleaning has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2852. According to Trex North Carolina Facility records, Defendant Quality Collision Repair Center, Inc. ("Quality Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Collision and contained hazardous substances.

2853. By letter dated July 7, 2017, Trex demanded that Quality Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2854. To date, Quality Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2855. According to Trex North Carolina Facility records, Defendant Quality Machine Co., Inc. ("Quality Machine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 695 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Machine and contained hazardous substances.

2856. By letter dated June 23, 2017, Trex demanded that Quality Machine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2857. To date, Quality Machine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2858. According to Trex North Carolina Facility records, Defendant Quality Powder Coating ("Quality Powder") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550

gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Powder and contained hazardous substances.

2859. By letter dated June 30, 2017, Trex demanded that Quality Powder reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2860. To date, Quality Powder has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2861. According to Trex North Carolina Facility records, Defendant R. Tate's Auto Body & Repairs ("Tate's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tate's Auto and contained hazardous substances.

2862. By letter dated August 4, 2017, Trex demanded that Tate's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2863. To date, Tate's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2864. According to Trex North Carolina Facility records, Defendant R.J. Reynolds Tobacco Company ("R.J. Reynolds") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 199 gallons of materials to the Trex North Carolina Facility. These materials were owned by R.J. Reynolds and contained hazardous substances.

2865.   By letter dated July 14, 2017, Trex demanded that R.J. Reynolds reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2866.   To date, R.J. Reynolds has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2867.   Defendant R.L. Drake Holdings, LLC ("R.L. Drake") is the successor to and/or is formerly known as R.L. Drake Company.

2868.   On or about January 8, 2007, R.L. Drake Company changed its name to WBMK Company.

2869.   On or about December 31, 2007, WBMK Company merged into WBMK Holding Company.

2870.   On or about February 1, 2012, Blonder Tongue Laboratories, Inc. acquired WBMK Holding Company by and through its wholly owned subsidiary, R.L. Drake Holdings, LLC.

2871.   According to Trex North Carolina Facility records, R.L. Drake Company by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 240 gallons of materials to the Trex North Carolina Facility. These materials were owned by R.L. Drake Company and contained hazardous substances.

2872.   By letter dated July 7, 2017, Trex demanded that R.L. Drake reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2873. To date, R.L. Drake has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2874. According to Trex North Carolina Facility records, Defendant R.P.M. Collision & Frame, Inc. ("R.P.M. Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by R.P.M. Collision and contained hazardous substances.

2875. By letter dated August 4, 2017, Trex demanded that R.P.M. Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2876. To date, R.P.M. Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2877. According to Trex North Carolina Facility records, Defendant R&D Surf, Inc. ("R&D Surf") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 384 gallons of materials to the Trex North Carolina Facility. These materials were owned by R&D Surf and contained hazardous substances.

2878. By letter dated June 30, 2017, Trex demanded that R&D Surf reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2879. To date, R&D Surf has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2880.  According to Trex North Carolina Facility records, Defendant R&M Steel Services Inc. ("R&M Steel") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by R&M Steel and contained hazardous substances.

2881.  By letter dated August 4, 2017, Trex demanded that R&M Steel reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2882.  To date, R&M Steel has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2883.  According to Trex North Carolina Facility records, Defendant R&S Auto Works ("R&S Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by R&S Auto and contained hazardous substances.

2884.  By letter dated August 4, 2017, Trex demanded that R&S Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2885.  To date, R&S Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2886.  According to Trex North Carolina Facility records, Defendant R207, LLC ("R207") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 634 gallons of materials to the

Trex North Carolina Facility. These materials were owned by R207 and contained hazardous substances.

2887.  By letter dated June 23, 2017, Trex demanded that R207 reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2888.  To date, R207 has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2889.  According to Trex North Carolina Facility records, Defendant Rachel's Collision Center of Daytona, Inc. ("Rachel's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rachel's Collision and contained hazardous substances.

2890.  By letter dated July 28, 2017, Trex demanded that Rachel's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2891.  To date, Rachel's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2892.  According to Trex North Carolina Facility records, Defendant Rackley Body Shop, Inc. ("Rackley Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 900 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rackley Body and contained hazardous substances.

2893.   By letter dated June 23, 2017, Trex demanded that Rackley Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2894.   To date, Rackley Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2895.   According to Trex North Carolina Facility records, Defendant Ram Pavement Services, Inc. ("Ram Pavement") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ram Pavement and contained hazardous substances.

2896.   By letter dated June 23, 2017, Trex demanded that Ram Pavement reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2897.   To date, Ram Pavement has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2898.   According to Trex North Carolina Facility records, Defendant Rambo SVCS Inc., doing business as Rambo Drive Thru Cleaners, ("Rambo SVCS") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rambo SVCS and contained hazardous substances.

2899.   By letter dated July 14, 2017, Trex demanded that Rambo SVCS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2900. To date, Rambo SVCS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2901. According to Trex North Carolina Facility records, Defendant Ramsey Auto Body and Collision, Inc. ("Ramsey Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ramsey Auto and contained hazardous substances.

2902. By letter dated August 4, 2017, Trex demanded that Ramsey Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2903. To date, Ramsey Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2904. Defendant Randolph Manufacturing Corp. ("Randolph Manufacturing") is the successor to and/or is formerly known as Randolph Manufacturing Company and Sussex Wire Inc.

2905. Randolph Manufacturing Company and Sussex Wire is and/or was at 4 Danforth Street, Easton Pennsylvania, 18042.

2906. Randolph Manufacturing Corp. is and/or was located at 4 Danaforth Street, Easton, Pennsylvania, 18042.

2907. In or about 1987, Randolph Manufacturing Corp. and Sussex Wire Inc. were collectively approved to build the plant located at 4 Danforth Street, Easton Pennsylvania, 18042.

2908.   According to Trex North Carolina Facility records, Randolph Manufacturing Company and Sussex Wire Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,324 gallons of materials to the Trex North Carolina Facility. These materials were owned by Randolph Manufacturing Company and Sussex Wire Inc. and contained hazardous substances.

2909.   By letter dated June 16, 2017, Trex demanded that Randolph Manufacturing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2910.   To date, Randolph Manufacturing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2911.   Alternatively, Defendant Sussex Wire Inc. ("Sussex Wire") is the successor to and/or is formerly known as Randolph Manufacturing Company and Sussex Wire Inc., as alleged above.

2912.   To date, Sussex Wire has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2913.   According to Trex North Carolina Facility records, Defendant Randy Brittain Body Shop ("Brittain Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Brittain Body and contained hazardous substances.

2914.   By letter dated June 30, 2017, Trex demanded that Brittain Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2915.   To date, Brittain Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2916.   According to Trex North Carolina Facility records, Defendant Randy's Paint & Body Shop ("Randy's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Randy's Paint and contained hazardous substances.

2917.   By letter dated July 28, 2017, Trex demanded that Randy's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2918.   To date, Randy's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2919.   Defendant RathGibson Inc. ("RathGibson") is the successor to and/or is formerly known as Gibson Tube.

2920.   In or about 2005, Rath Manufacturing and Gibson Tube merge to form RathGibson Inc.

2921.   According to Trex North Carolina Facility records, Gibson Tube by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by Gibson Tube and contained hazardous substances.

2922.   By letter dated September 17, 2017, Trex demanded that RathGibson reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2923.   To date, RathGibson has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2924.   Defendant Ravco Enterprises, Inc. ("Ravco") is the successor to and/or is formerly known as Maaco Auto Painting - Stuart.

2925.   Maaco Auto Painting – Stuart is and/or was located at 712 SE Harper Street, Stuart, Florida, 34994.

2926.   Revco Enterprises, Inc. is the franchisee of a Maaco franchise located at 712 Harper Street, Stuart, Florida, 34994.

2927.   Maaco lists the location for Maaco Stuart at 712 SE Harper Street, Stuart, Florida, 34994.

2928.   According to Trex North Carolina Facility records, Maaco Auto Painting - Stuart by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting - Stuart and contained hazardous substances.

2929.   By letter dated July 21, 2017, Trex demanded that Ravco reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2930.   To date, Ravco has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2931.   According to Trex North Carolina Facility records, Defendant Ray's Body Shop ("Ray's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials

to the Trex North Carolina Facility. These materials were owned by Ray's Body and contained hazardous substances.

2932.  By letter dated August 4, 2017, Trex demanded that Ray's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2933.  To date, Ray's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2934.  According to Trex North Carolina Facility records, Defendant Raymond's Paint & Body Shop ("Raymond's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Raymond's Paint and contained hazardous substances.

2935.  By letter dated August 4, 2017, Trex demanded that Raymond's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2936.  To date, Raymond's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2937.  According to Trex North Carolina Facility records, Defendant Reddy Chemtech, Inc. ("Reddy Chemtech") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Reddy Chemtech and contained hazardous substances.

2938.   By letter dated July 14, 2017, Trex demanded that Reddy Chemtech reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2939.   To date, Reddy Chemtech has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2940.   According to Trex North Carolina Facility records, Defendant Regal Automotive Group, Inc. ("Regal Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Regal Auto and contained hazardous substances.

2941.   By letter dated July 14, 2017, Trex demanded that Regal Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2942.   To date, Regal Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2943.   Defendant Regions Financial Corporation ("Regions") is the successor to and/or is also known as Regions Bank.

2944.   According to Trex North Carolina Facility records, Regions Bank by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 42 gallons of materials to the Trex North Carolina Facility. These materials were owned by Regions Bank and contained hazardous substances.

2945.   By letter dated August 18, 2017, Trex demanded that Regions reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2946.   To date, Regions has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2947.   Defendant REM Enterprises, Inc., doing business as Lighted Sign Company and The Sign Clinic, ("REM Enterprises") is the successor to and/or is also known as The Sign Clinic.

2948.   According to Trex North Carolina Facility records, The Sign Clinic by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by The Sign Clinic and contained hazardous substances.

2949.   By letter dated July 14, 2017, Trex demanded that REM Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2950.   To date, REM Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2951.   According to Trex North Carolina Facility records, Defendant Rembrandt's Auto Body, Inc. ("Rembrandt's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rembrandt's Auto and contained hazardous substances.

2952.   By letter dated August 3, 2017, Trex demanded that Rembrandt's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2953.   To date, Rembrandt's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2954.   According to Trex North Carolina Facility records, Defendant Renner USA, Corp., doing business as Renner Wood Coatings, ("Renner") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 384 gallons of materials to the Trex North Carolina Facility. These materials were owned by Renner and contained hazardous substances.

2955.   By letter dated June 30, 2017, Trex demanded that Renner reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2956.   To date, Renner has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2957.   Defendant Reynold's Body Shop, L.L.C. ("Reynold's Body") is the successor to and/or is formerly known as Reynolds & Reynolds Body Shop.

2958.   Reynolds & Reynolds Body Shop is and/or was located at 4325 W. Washington Street, Indianapolis, Indiana, 48241.

2959.   Reynolds Body Shop, LLC operates at 4325 W. Washington Street, Indianapolis, Indiana, 48241.

2960.   From 2004 to the present, Reynolds Body Shop, LLC has operated at 4325 W. Washington Street, Indianapolis, Indiana, 48241.

2961.   According to Trex North Carolina Facility records, Reynolds & Reynolds Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Reynolds & Reynolds Body Shop and contained hazardous substances.

2962.   By letter dated July 21, 2017, Trex demanded that Reynold's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2963.   To date, Reynold's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2964.   According to Trex North Carolina Facility records, Defendant Reynolds Pontiac-Cadillac GMC Truck Buick Subaru Inc. ("Reynolds") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 430 gallons of materials to the Trex North Carolina Facility. These materials were owned by Reynolds and contained hazardous substances.

2965.   By letter dated June 30, 2017, Trex demanded that Reynolds reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2966.   To date, Reynolds has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2967.   According to Trex North Carolina Facility records, Defendant Rhodes Body Shop ("Rhodes Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials

to the Trex North Carolina Facility. These materials were owned by Rhodes Body and contained hazardous substances.

2968.   By letter dated August 4, 2017, Trex demanded that Rhodes Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2969.   To date, Rhodes Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2970.   According to Trex North Carolina Facility records, Defendant Richard's Body Shop, Inc. ("Richard's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 190 gallons of materials to the Trex North Carolina Facility. These materials were owned by Richard's Body and contained hazardous substances.

2971.   By letter dated July 14, 2017, Trex demanded that Richard's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2972.   To date, Richard's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2973.   According to Trex North Carolina Facility records, Defendant Richie's Body Shop, Inc. ("Richie's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Richie's Body and contained hazardous substances.

2974. By letter dated July 7, 2017, Trex demanded that Richie's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2975. To date, Richie's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2976. According to Trex North Carolina Facility records, Defendant Rick's Body Shop, Inc. ("Rick's Body Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rick's Body Shop and contained hazardous substances.

2977. By letter dated June 30, 2017, Trex demanded that Rick's Body Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2978. To date, Rick's Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2979. According to Trex North Carolina Facility records, Defendant Rick's Body Works ("Rick's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rick's Body and contained hazardous substances.

2980. By letter dated August 4, 2017, Trex demanded that Rick's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

412

2981. To date, Rick's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2982. According to Trex North Carolina Facility records, Defendant Rick's Collision & Custom, LLC ("Rick's Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rick's Collision and contained hazardous substances.

2983. By letter dated July 28, 2017, Trex demanded that Rick's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2984. To date, Rick's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2985. According to Trex North Carolina Facility records, Defendant The Right Choice Collision Center, Inc. ("Right Choice Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Right Choice Collision and contained hazardous substances.

2986. By letter dated July 28, 2017, Trex demanded that Right Choice Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2987. To date, Right Choice Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2988.   According to Trex North Carolina Facility records, Defendant RJ & JR Auto Enterprises, Inc. ("RJ & JR Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by RJ & JR Auto and contained hazardous substances.

2989.   By letter dated August 4, 2017, Trex demanded that RJ & JR Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2990.   To date, RJ & JR Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2991.   Defendant RL Magers, Inc. ("Magers") is the successor to and/or is formerly known as Meco Inc.

2992.   On or about September 27, 2004, Meco, Inc. changed its name to RL Magers, Inc.

2993.   According to Trex North Carolina Facility records, Meco Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,446 gallons of materials to the Trex North Carolina Facility. These materials were owned by Meco Inc. and contained hazardous substances.

2994.   By letter dated July 14, 2017, Trex demanded that Magers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

2995.   To date, Magers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

2996.   Defendant RNJ Holdings, Inc. ("RNJ Holdings") is the successor to and/or is formerly known as Maaco - Asheville.

2997.   Maaco – Asheville is and/or was located at 1659 Old Haywood Road, Asheville, North Carolina, 28806.

2998.   RNJ Holdings, Inc. is the franchisee of a Maaco franchise located at 1659 Old Haywood Road, Asheville, North Carolina, 28806.

2999.   According to Trex North Carolina Facility records, Maaco - Asheville by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,245 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco - Asheville and contained hazardous substances.

3000.   By letter dated July 21, 2017, Trex demanded that RNJ Holdings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3001.   To date, RNJ Holdings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3002.   According to Trex North Carolina Facility records, Defendant Robinson Paint & Body Shop ("Robinson Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Robinson Paint and contained hazardous substances.

3003.   By letter dated August 4, 2017, Trex demanded that Robinson Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3004.   To date, Robinson Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3005.   According to Trex North Carolina Facility records, Defendant Rock Hill Cleaners and Laundry Inc. ("Rock Hill Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 134 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rock Hill Cleaners and contained hazardous substances.

3006.   By letter dated July 28, 2017, Trex demanded that Rock Hill Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3007.   To date, Rock Hill Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3008.   According to Trex North Carolina Facility records, Defendant Rockingham County Schools ("Rockingham Schools") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 38 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rockingham Schools and contained hazardous substances.

3009.   By letter dated August 18, 2017, Trex demanded that Rockingham Schools reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3010.   To date, Rockingham Schools has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3011.   According to Trex North Carolina Facility records, Defendant Roger's Body Shop ("Roger's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Roger's Body and contained hazardous substances.

3012.   By letter dated July 7, 2017, Trex demanded that Roger's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3013.   To date, Roger's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3014.   According to Trex North Carolina Facility records, Defendant Rohr's Body Shop Inc. ("Rohr's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Rohr's Body and contained hazardous substances.

3015.   By letter dated June 30, 2017, Trex demanded that Rohr's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3016.   To date, Rohr's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3017. Defendant Rooster's Collision Inc. ("Rooster's Collision") is the successor to and/or is formerly known as Custom Automotive & Designs.

3018. In or about 2004, the fictitious name Custom Automotive & Design was registered to the address 914 W. Macclenny Avenue, Macclenny, Florida, 32063.

3019. In or about 2009, Rooster's Collision & Restoration, Inc. registered to do business in the state of Florida. Its principal place of business was 914 W. Macclenny Avenue, Macclenny, Florida, 32063. Troy Nipper is listed as the President and Registered Agent.

3020. According to Trex North Carolina Facility records, the generator contact listed for the waste disposal on behalf of Custom Automotive & Designs is Troy Nipper.

3021. In or about 2019, Roosters Collision Inc. registered to do business in the state of Florida. The principal address is 914 West Macclenny Avenue, Macclenny, Florida, 32063.

3022. According to Trex North Carolina Facility records, Custom Automotive & Designs by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Custom Automotive & Designs and contained hazardous substances.

3023. By letter dated August 11, 2017, Trex demanded that Rooster's Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3024. To date, Rooster's Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3025. Defendant Rosenblatt & Associates, Inc. is doing business as RAI Products, ("RAI").

3026.   According to Trex North Carolina Facility records, RAI Products, ("RAI") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 267 gallons of materials to the Trex North Carolina Facility. These materials were owned by RAI and contained hazardous substances.

3027.   By letter dated March 31, 2016, Trex demanded that RAI reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3028.   To date, RAI has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3029.   According to Trex North Carolina Facility records, Defendant Ross & Witmer, Inc. ("Ross & Witmer") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ross & Witmer and contained hazardous substances.

3030.   By letter dated July 28, 2017, Trex demanded that Ross & Witmer reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3031.   To date, Ross & Witmer has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3032.   Defendant RPS Composites Alabama, Inc. ("RPS Composites") is the successor to and/or is formerly known as RPS Composites Resources, Inc.

3033.   RPS Composites Resources, Inc. is and/or was located at 8375 Seigler Boulevard, Mobile, Alabama, 36608.

3034.   RPS Composites Alabama, Inc. is and/or was located at 8375 Zeigler Boulevard, Mobile, Alabama, 36608.

3035.   RPS Composites Alabama, Inc. holds itself out as RPS Composites.

3036.   According to Trex North Carolina Facility records, the generator contact for the waste disposal on behalf of RPS Composites Resources, Inc. is Danny Gardner.

3037.   Danny Gardner is and/or was a Maintenance Supervisor for RPS Composites/Alabama in Mobile, Alabama.

3038.   According to Trex North Carolina Facility records, the generator contact for the waste disposal on behalf of RPS Composites Resources, Inc. is Jackie Robertson.

3039.   Jackie Robertson is and/or was an Accounting Manager for RPS Composites Alabama, Inc. in Mobile, Alabama.

3040.   According to Trex North Carolina Facility records, the emergency contact for the waste disposal on behalf of RPS Composites Resources, Inc. is Steve Bates.

3041.   Steve Bates is and/or was a Production Supervisor for RPS Composites in Mobile, Alabama.

3042.   According to Trex North Carolina Facility records, RPS Composites Resources, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,695 gallons of materials to the Trex North Carolina Facility. These materials were owned by RPS Composites Resources, Inc. and contained hazardous substances.

3043. By letter dated June 16, 2017, Trex demanded that RPS Composites reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3044. To date, RPS Composites has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3045. According to Trex North Carolina Facility records, Defendant RUA Motorcycles & Accessories ("RUA Motorcycles") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 72 gallons of materials to the Trex North Carolina Facility. These materials were owned by RUA Motorcycles and contained hazardous substances.

3046. By letter dated July 28, 2017, Trex demanded that RUA Motorcycles reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3047. To date, RUA Motorcycles has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3048. According to Trex North Carolina Facility records, Defendant Russell's Paint & Body, Inc. ("Russell's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Russell's Paint and contained hazardous substances.

3049. By letter dated August 4, 2017, Trex demanded that Russell's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3050.   To date, Russell's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3051.   According to Trex North Carolina Facility records, Defendant Ryerson Holding Corporation ("Ryerson") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 156 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ryerson and contained hazardous substances.

3052.   By letter dated July 21, 2017, Trex demanded that Ryerson reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3053.   To date, Ryerson has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3054.   According to Trex North Carolina Facility records, Defendant Sabet Enterprises Inc., doing business as Maaco of Jessup, ("Sabet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,155 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sabet and contained hazardous substances.

3055.   By letter dated June 23, 2017, Trex demanded that Sabet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3056.   To date, Sabet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3057. Defendant Sampson Coatings, Inc. ("Sampson Coatings") is the successor to and/or is formerly known as Sampson Paint.

3058. Sampson Paint is and/or was located at 301 Hull Street, Richmond, Virginia, 23224.

3059. Frank Genovese was the President of Sampson Coatings, Inc. from about 1980 to about 1985.

3060. Sampson Paint changed its name to Sampson Coatings, Inc.

3061. According to Trex North Carolina Facility records, Sampson Paint by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,180 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sampson Paint and contained hazardous substances.

3062. By letter dated June 16, 2017, Trex demanded that Sampson Coatings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3063. To date, Sampson Coatings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3064. Alternatively, Defendant National Paint Industries, Inc., doing business as Sampson Coatings, Inc., ("National Paint") is the successor to and/or is formerly known as Sampson Paint, as alleged above.

3065. In or about 2014, National Paint Industries, Inc. acquired Sampson Coatings, Inc.

3066. To date, National Paint has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3067. According to Trex North Carolina Facility records, Defendant Sanders Brothers Construction Company, Inc. ("Sanders Brothers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,937 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sanders Brothers and contained hazardous substances.

3068. By letter dated June 16, 2017, Trex demanded that Sanders Brothers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3069. To date, Sanders Brothers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3070. Defendant Sandy-Alexander, Inc. ("Sandy-Alexander") is the successor to and/or is formerly known as Modern Graphics Arts.

3071. Modern Graphics Arts is and/or was located at 1527 102nd Avenue North, St. Petersburg, Florida, 33716.

3072. On or about July 25, 1997, M.C. Graphics, Inc. registered the fictitious name Modern Graphic Arts for the address 1527 102nd Ave. N., St. Petersburg, Florida, 33716.

3073. On or about May 17, 2012, M.C. Graphics, Inc. registered the fictitious name Sandy Alexander for the address 1527 102nd Ave. N., St. Petersburg, Florida, 33716.

3074. MC Graphics Inc. has a principal place of business called Sandy Alexander Inc. located at 200 Entin Road, Clifton, New Jersey, 07014.

3075. The Vice President of MC Graphics Inc. is Sharon Pratt. The address associated with Sharon Pratt is 1577 102nd Avenue N, St. Petersburg, Florida, 33716.

3076. According to Trex North Carolina Facility records, Modern Graphics Arts by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by Modern Graphics Arts and contained hazardous substances.

3077. By letter dated July 14, 2017, Trex demanded that Sandy-Alexander reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3078. To date, Sandy-Alexander has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3079. According to Trex North Carolina Facility records, Defendant Sanesco International Inc. ("Sanesco") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sanesco and contained hazardous substances.

3080. By letter dated August 4, 2017, Trex demanded that Sanesco reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3081. To date, Sanesco has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3082. Defendant Sapa Precision Tubing Rockledge, LLC ("Sapa") is the successor to and/or is formerly known as Hydro Aluminum Rockledge.

3083.   Hydro Aluminum Rockledge is and/or was located at 100 Gus Hipp Blvd. Rockledge, Florida, 32955.

3084.   Hydro Aluminum Rockledge, Inc. is and/or was located at 100 Gus Hipp Boulevard, Rockledge, Florida, 32955.

3085.   Hydro Aluminum Rockledge, Inc. held out as Hydro Aluminum Rockledge.

3086.   In or about 2004, Hydro Aluminum Rockledge, Inc. converted into Hydro Aluminum Rockledge, LLC.

3087.   In or about 2006, Hydro Aluminum Rockledge, LLC changed its name to Hydro Aluminum Precision Tubing North America, LLC.

3088.   In or about 2014, Hydro Aluminum Precision Tubing North America, LLC changed its name to Sapa Precision Tubing Rockledge, LLC.

3089.   According to Trex North Carolina Facility records, Hydro Aluminum Rockledge by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,335 gallons of materials to the Trex North Carolina Facility. These materials were owned by Hydro Aluminum Rockledge and contained hazardous substances.

3090.   By letter dated March 31, 2016, Trex demanded that Sapa reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3091.   To date, Sapa has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3092.   According to Trex North Carolina Facility records, Defendant SAR Industrial Finishing, Inc. ("SAR Industrial") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,834 gallons of materials to the Trex North Carolina Facility. These materials were owned by SAR Industrial and contained hazardous substances.

3093. By letter dated June 23, 2017, Trex demanded that SAR Industrial reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3094. To date, SAR Industrial has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3095. Defendant SC Johnson Professional USA, Inc. ("SC Johnson") is the successor to and/or is formerly known as Debus, Inc.

3096. On or about January 18, 2000, Debus, Inc. changed its name to Deb SBS, Inc.

3097. On or about June 15, 2009, Deb SBS, Inc. changed its name to Deb USA, Inc.

3098. On or about June 29, 2018, Deb USA, Inc. changed its name to SC Johnson Professional USA, Inc.

3099. According to Trex North Carolina Facility records, Debus, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 600 gallons of materials to the Trex North Carolina Facility. These materials were owned by Debus, Inc. and contained hazardous substances.

3100. By letter dated June 23, 2017, Trex demanded that Deb USA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3101. To date, SC Johnson has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3102. Defendant Schrader-Bridgeport International, Inc. ("Schrader-Bridgeport") is the successor to and/or is formerly known as Schrader Automotive, Inc., Schrader-Bridgeport Intl Inc. and Schrader Inc.

3103. Schrader Automotive, Inc., Schrader-Bridgeport Intl Inc. and Schrader Inc. is and/or was at 1609 Airport Road, Monroe, North Carolina, 28110.

3104. On or about March 9, 1998, Schrader Automotive Inc. changed its name to Schrader-Bridgeport International, Inc.

3105. In or about 2004, Schrader-Bridgeport International, Inc. closed the facility at 1609 Airport Road, Monroe, North Carolina, 28110.

3106. Schrader-Bridgepoert International, Inc. holds itself out as Schrader-Bridgeport Intl Inc. and Schrader Inc.

3107. According to Trex North Carolina Facility records, Schrader Automotive, Inc., Schrader-Bridgeport Intl Inc. and Schrader Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 14,098 gallons of materials to the Trex North Carolina Facility. These materials were owned by Schrader Automotive, Inc., Schrader-Bridgeport Intl Inc. and Schrader Inc. and contained hazardous substances.

3108. By letter dated June 16, 2017, Trex demanded that Schrader-Bridgeport reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3109. To date, Schrader-Bridgeport has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3110.   According to Trex North Carolina Facility records, Defendant Scientific Analytical Institute, Inc. ("Scientific Analytical") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,920 gallons of materials to the Trex North Carolina Facility. These materials were owned by Scientific Analytical and contained hazardous substances.

3111.   By letter dated March 31, 2016, Trex demanded that Scientific Analytical reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3112.   To date, Scientific Analytical has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3113.   Defendant Scott Cars LP ("Scott Cars") is the successor to and/or is formerly known as Scott's Cars, Inc.

3114.   Scott's Cars, Inc. is and/or was located at 333 Leigh Street, Allentown, Pennsylvania, 18103.

3115.   According to the Pennsylvania Secretary of State, Scott Cars, Inc. is and/or was located at 3333 Lehigh Street, Allentown, Pennsylvania, 18103.

3116.   According to Trex North Carolina Facility records, Scott's Cars, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Scott's Cars, Inc. and contained hazardous substances.

3117.   By letter dated August 4, 2017, Trex demanded that Scott Cars reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3118.   To date, Scott Cars has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3119.   According to Trex North Carolina Facility records, Defendant Seagrave Fire Apparatus, LLC ("Seagrave Apparatus") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 84 gallons of materials to the Trex North Carolina Facility. These materials were owned by Seagrave Apparatus and contained hazardous substances.

3120.   By letter dated July 28, 2017, Trex demanded that Seagrave Apparatus reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3121.   To date, Seagrave Apparatus has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3122.   According to Trex North Carolina Facility records, Defendant Seminole Marine, Inc. ("Seminole Marine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 460 gallons of materials to the Trex North Carolina Facility. These materials were owned by Seminole Marine and contained hazardous substances.

3123.   By letter dated June 30, 2017, Trex demanded that Seminole Marine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3124.   To date, Seminole Marine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3125.   According to Trex North Carolina Facility records, Defendant Seneca Auto Body, Inc. ("Seneca Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 291 gallons of materials to the Trex North Carolina Facility. These materials were owned by Seneca Auto and contained hazardous substances.

3126.   By letter dated June 30, 2017, Trex demanded that Seneca Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3127.   To date, Seneca Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3128.   Defendant Sensata Technologies, Inc. ("Sensata Technologies") is the successor to and/or is formerly known as Bridgeport Piedmont Manufacturing and Piedmont Mfg. Co.

3129.   In or about 1985, The Bridge Products Company acquired Piedmont Manufacturing Company.

3130.   In or about 1992, The Bridge Products Company changed its name to Bridgeport-Piedmont.

3131.   In or about 1996, Schrader Automotive Inc. and Bridgeport-Piedmont merged. The resulting entity took the name Schrader-Bridgeport International Inc.

3132.   In or about 2014, Sensata Technologies, Inc. acquired Schrader-Bridgeport International Inc.

3133.   According to Trex North Carolina Facility records, Bridgeport Piedmont Manufacturing and Piedmont Mfg. Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 24,779 gallons of materials to the Trex North Carolina Facility. These materials were owned by Bridgeport Piedmont Manufacturing and Piedmont Mfg. Co. and contained hazardous substances.

3134. By letter dated August 4, 2017, Trex demanded that Sensata Technologies reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3135. To date, Sensata Technologies has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3136. According to Trex North Carolina Facility records, Defendant Senseny Cleaners ("Senseny") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Senseny and contained hazardous substances.

3137. By letter dated August 4, 2017, Trex demanded that Senseny reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3138. To date, Senseny has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3139. According to Trex North Carolina Facility records, Defendant Sentry Enterprises, LLC, doing business as Sentry Cleaners, ("Sentry Enterprises") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 192 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sentry Enterprises and contained hazardous substances.

3140.   By letter dated September 9, 2017, Trex demanded that Sentry Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3141.   To date, Sentry Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3142.   According to Trex North Carolina Facility records, Defendant Serrano Paint & Body Shop Co., Inc. ("Serrano Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Serrano Paint and contained hazardous substances.

3143.   By letter dated July 14, 2017, Trex demanded that Serrano Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3144.   To date, Serrano Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3145.   Defendant Service Cleaners, Inc. ("Service Cleaners") is the successor to and/or is formerly known as Mountain Fresh Cleaners.

3146.   Mountain Fresh Cleaners is and/or was located at 1023 Princeton Avenue, Princeton, West Virginia, 24740.

3147.   Service Cleaners, Inc. is and/or was located at 1023 Princeton Avenue, Princeton, West Virginia, 24740.

3148.   According to Trex North Carolina Facility records, Mountain Fresh Cleaners by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a

transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mountain Fresh Cleaners and contained hazardous substances.

3149.   To date, Service Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3150.   According to Trex North Carolina Facility records, Defendant Shane's Auto Body Inc. ("Shane's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Shane's Auto and contained hazardous substances.

3151.   By letter dated August 11, 2017, Trex demanded that Shane's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3152.   To date, Shane's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3153.   According to Trex North Carolina Facility records, Defendant Shaw's Body Shop, Inc. ("Shaw's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 247 gallons of materials to the Trex North Carolina Facility. These materials were owned by Shaw's Body and contained hazardous substances.

3154.   By letter dated June 30, 2017, Trex demanded that Shaw's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3155.   To date, Shaw's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3156.   According to Trex North Carolina Facility records, Defendant The Shop Inc. ("Shop Inc.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Shop Inc. and contained hazardous substances.

3157.   By letter dated July 21, 2017, Trex demanded that Shop Inc. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3158.   To date, Shop Inc. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3159.   According to Trex North Carolina Facility records, Defendant Showtime Restorations, LLC ("Showtime Restorations") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Showtime Restorations and contained hazardous substances.

3160.   By letter dated July 21, 2017, Trex demanded that Showtime Restorations reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3161.   To date, Showtime Restorations has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3162.   According to Trex North Carolina Facility records, Defendant Shutter Shop, Inc. ("Shutter Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,773 gallons of materials to the Trex North Carolina Facility. These materials were owned by Shutter Shop and contained hazardous substances.

3163.   By letter dated June 23, 2017, Trex demanded that Shutter Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3164.   To date, Shutter Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3165.   According to Trex North Carolina Facility records, Defendant Sign & Awning Systems, Inc. ("Sign & Awning") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sign & Awning and contained hazardous substances.

3166.   By letter dated July 28, 2017, Trex demanded that Sign & Awning reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3167.   To date, Sign & Awning has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3168.   According to Trex North Carolina Facility records, Defendant Signs Etc. of Charlotte ("Signs Etc.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Signs Etc. and contained hazardous substances.

3169. By letter dated July 21, 2017, Trex demanded that Signs Etc. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3170. To date, Signs Etc. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3171. According to Trex North Carolina Facility records, Defendant Silicones, Inc. ("Silicones") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 200 gallons of materials to the Trex North Carolina Facility. These materials were owned by Silicones and contained hazardous substances.

3172. By letter dated July 14, 2017, Trex demanded that Silicones reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3173. To date, Silicones has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3174. According to Trex North Carolina Facility records, Defendant Silver Cleaners Inc. ("Silver Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Silver Cleaners and contained hazardous substances.

3175.   By letter dated August 11, 2017, Trex demanded that Silver Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3176.   To date, Silver Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3177.   Defendant Sims Enterprise, Inc., doing business as A Cleaner World, ("Sims Enterprise") is the successor to and/or is also known as A Cleaner.

3178.   A Cleaner is and/or was located at 4506 High Point Rd, Greensboro, North Carolina, 27407.

3179.   In or about 2013, the address representing parcel number 30117 in Guilford County, North Carolina changed to 4506 West Gate City Boulevard, Greensboro, North Carolina, 27407.

3180.   Sims Enterprise, Inc. is incorporated with a principal place of business located at 4506 West Gate City Boulevard, Greensboro, North Carolina, 27407.

3181.   According to Trex North Carolina Facility records, the generator contact for the waste disposal of A Cleaner World was Pil Sim.

3182.   According to Pil Sim's facebook page, Pil Sim works at Sims Enterprise, Inc.

3183.   According to Trex North Carolina Facility records, A Cleaner by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by A Cleaner and contained hazardous substances.

3184. By letter dated July 14, 2017, Trex demanded that Sims Enterprise reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3185. To date, Sims Enterprise has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3186. According to Trex North Carolina Facility records, Defendant SJB Collision, Inc., doing business as Crashmaster Collision Center, Inc., ("SJB Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by SJB Collision and contained hazardous substances.

3187. By letter dated July 21, 2017, Trex demanded that SJB Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3188. To date, SJB Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3189. According to Trex North Carolina Facility records, Defendant Skyline Cleaners ("Skyline Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 872 gallons of materials to the Trex North Carolina Facility. These materials were owned by Skyline Cleaners and contained hazardous substances.

3190. By letter dated June 23, 2017, Trex demanded that Skyline Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3191. To date, Skyline Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3192. According to Trex North Carolina Facility records, Defendant Smith & Chiles Body Shop and Collision Center ("Smith & Chiles") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Smith & Chiles and contained hazardous substances.

3193. By letter dated June 30, 2017, Trex demanded that Smith & Chiles reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3194. To date, Smith & Chiles has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3195. According to Trex North Carolina Facility records, Defendant Smith & Nephew Inc. ("Smith & Nephew") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,344 gallons of materials to the Trex North Carolina Facility. These materials were owned by Smith & Nephew and contained hazardous substances.

3196. By letter dated June 16, 2017, Trex demanded that Smith & Nephew reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3197. To date, Smith & Nephew has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3198.   According to Trex North Carolina Facility records, Defendant Smith OHC Inc., doing business as Smith Family Cleaners, ("Smith OHC") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 114 gallons of materials to the Trex North Carolina Facility. These materials were owned by Smith OHC and contained hazardous substances.

3199.   By letter dated July 28, 2017, Trex demanded that Smith OHC reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3200.   To date, Smith OHC has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3201.   According to Trex North Carolina Facility records, Defendant Smith's Antiques LLC ("Smith's Antiques") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Smith's Antiques and contained hazardous substances.

3202.   By letter dated July 14, 2017, Trex demanded that Smith's Antiques reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3203.   To date, Smith's Antiques has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3204.   According to Trex North Carolina Facility records, Defendant Smith's Paint & Body Shop, Inc. ("Smith's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,485

gallons of materials to the Trex North Carolina Facility. These materials were owned by Smith's Body and contained hazardous substances.

3205.   By letter dated June 23, 2017, Trex demanded that Smith's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3206.   To date, Smith's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3207.   Defendant Solis Auto Body Shop, Inc. ("Solis Auto Body") is the successor to and/or is formerly known as Nashville Body Shop, Inc.

3208.   Nashville Body Shop, Inc. is and/or was located at 100 Industrial Drive, Nashville, North Carolina, 27856.

3209.   Solis Body Shop is the owner of the property located at 100 Industrial Drive, Nashville, North Carolina.

3210.   According to Trex North Carolina Facility records, Nashville Body Shop, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Nashville Body Shop, Inc. and contained hazardous substances.

3211.   By letter dated June 2, 2020, Trex demanded that Solis Auto Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3212.   To date, Solis Auto Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3213. According to Trex North Carolina Facility records, Defendant Somers Custom Paint & Body Shop ("Somers Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Somers Paint and contained hazardous substances.

3214. By letter dated August 11, 2017, Trex demanded that Somers Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3215. To date, Somers Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3216. According to Trex North Carolina Facility records, Defendant Sonny's Construction Co., Inc. ("Sonny's Construction") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 60 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sonny's Construction and contained hazardous substances.

3217. By letter dated March 31, 2016, Trex demanded that Sonny's Construction reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3218. To date, Sonny's Construction has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3219. According to Trex North Carolina Facility records, Defendant Sons Auto Enterprises, Inc. ("Sons Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165

gallons of materials to the Trex North Carolina Facility. These materials were owned by Sons Auto and contained hazardous substances.

3220.   By letter dated July 21, 2017, Trex demanded that Sons Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3221.   To date, Sons Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3222.   According to Trex North Carolina Facility records, Defendant Sorrentino Mariani & Company ("Sorrentino Mariani") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,000 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sorrentino Mariani and contained hazardous substances.

3223.   By letter dated June 23, 2017, Trex demanded that Sorrentino Mariani reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3224.   To date, Sorrentino Mariani has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3225.   Defendant Southeastern Printing Company, Inc. ("Southeastern Printing") is the successor to and/or is formerly known as New Dodd Printers Inc.

3226.   On or about July 27, 1993, New Dodd Printers, Inc. changed its name to Dodd Printers, Inc.

3227.   In or about 2008, Dodd Printers, Inc. changed its name to Dodd Communications.

3228.   In or about 2011, Dodd Communications LLC registered in the state of Florida.

3229.   In or about 2012, Franklin Communications, LLC merged with Dodd Communications LLC. The resulting entity took the name Franklin-Dodd Communications LLC.

3230.   In or about 2017, Southeastern Printing Company, Inc. acquired Franklin-Dodd Communications LLC.

3231.   According to Trex North Carolina Facility records, New Dodd Printers Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 624 gallons of materials to the Trex North Carolina Facility. These materials were owned by New Dodd Printers Inc. and contained hazardous substances.

3232.   By letter dated June 23, 2017, Trex demanded that Southeastern Printing reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3233.   To date, Southeastern Printing has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3234.   According to Trex North Carolina Facility records, Defendant Southern Cultured Marble, Inc. ("Cultured Marble") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Cultured Marble and contained hazardous substances.

3235.   By letter dated July 28, 2017, Trex demanded that Cultured Marble reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3236.   To date, Cultured Marble has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3237.   According to Trex North Carolina Facility records, Defendant Southern Customs ("Southern Customs") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Southern Customs and contained hazardous substances.

3238.   By letter dated June 30, 2017, Trex demanded that Southern Customs reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3239.   To date, Southern Customs has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3240.   Defendant Southern Electrical Equipment Company, Inc. ("Southern Electrical") is the successor to and/or is also known as Southern Electrical Equipment Co.

3241.   According to Trex North Carolina Facility records, Southern Electrical Equipment Co. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 60 gallons of materials to the Trex North Carolina Facility. These materials were owned by Southern Electrical Equipment Co. and contained hazardous substances.

3242.   By letter dated July 28, 2017, Trex demanded that Southern Electrical reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3243.   To date, Southern Electrical has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3244.   According to Trex North Carolina Facility records, Defendant Southern Paint and Powder Coating Company Inc. ("Southern Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Southern Paint and contained hazardous substances.

3245.   By letter dated June 23, 2017, Trex demanded that Southern Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3246.   To date, Southern Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3247.   According to Trex North Carolina Facility records, Defendant Southern Resin, Inc. ("Southern Resin") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 35 gallons of materials to the Trex North Carolina Facility. These materials were owned by Southern Resin and contained hazardous substances.

3248.   By letter dated August 25, 2017, Trex demanded that Southern Resin reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3249.   To date, Southern Resin has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3250. According to Trex North Carolina Facility records, Defendant Southlake Alterations Inc., doing business as Southlake Dry Cleaners, ("Southlake Alterations") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 84 gallons of materials to the Trex North Carolina Facility. These materials were owned by Southlake Alterations and contained hazardous substances.

3251. By letter dated July 28, 2017, Trex demanded that Southlake Alterations reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3252. To date, Southlake Alterations has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3253. According to Trex North Carolina Facility records, Defendant Spectra True Colour, LLC ("Spectra Colour") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 48 gallons of materials to the Trex North Carolina Facility. These materials were owned by Spectra Colour and contained hazardous substances.

3254. By letter dated August 18, 2017, Trex demanded that Spectra Colour reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3255. To date, Spectra Colour has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3256. According to Trex North Carolina Facility records, Defendant Spring Hill Frame & Body ("Spring Hill Body") by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Spring Hill Body and contained hazardous substances.

3257.   By letter dated July 21, 2017, Trex demanded that Spring Hill Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3258.   To date, Spring Hill Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3259.   According to Trex North Carolina Facility records, Defendant Stabilus, Inc. ("Stabilus") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 4,280 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stabilus and contained hazardous substances.

3260.   By letter dated August 18, 2017, Trex demanded that Stabilus reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3261.   To date, Stabilus has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3262.   According to Trex North Carolina Facility records, Defendant Stanley Furniture Company ("Stanley Furniture") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,200 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stanley Furniture and contained hazardous substances.

3263.  By letter dated August 18, 2017, Trex demanded that Stanley Furniture reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3264.  To date, Stanley Furniture has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3265.  According to Trex North Carolina Facility records, Defendant Stanwood Company, LLC, doing business as The National Copper & Smelting Company, Inc., ("Stanwood") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,160 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stanwood and contained hazardous substances.

3266.  By letter dated June 16, 2017, Trex demanded that Stanwood reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3267.  To date, Stanwood has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3268.  Defendant Star Quality Auto Body & Paint ("Star Auto") is the successor to and/or is formerly known as Quality Auto Body & Paint.

3269.  Quality Auto Body & Paint is and/or was located at 1811 Memorial Avenue, Lynchburg, Virginia, 24501.

3270.  The generator for the waste disposal on behalf of Quality Auto Body & Paint was Phan Vu.

3271.  Star Quality Auto Body & Paint held out as being owned and or operated by Phan Vu.

3272.  According to Trex North Carolina Facility records, Quality Auto Body & Paint by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quality Auto Body & Paint and contained hazardous substances.

3273.  By letter dated August 4, 2017, Trex demanded that Star Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3274.  To date, Star Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3275.  According to Trex North Carolina Facility records, Defendant Statewide Auto Body Shop, Inc. ("Statewide Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Statewide Auto and contained hazardous substances.

3276.  By letter dated August 25, 2017, Trex demanded that Statewide Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3277.  To date, Statewide Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3278. Defendant Steel Heddle Reeds LLC ("Steel Heddle") is the successor to and/or is formerly known as G.T.P., GTP Greenville, Inc., Greenville Properties LLC, and Steel Heddle Inc. (formerly GTP).

3279. G.T.P., GTP Greenville, Inc., Greenville Properties LLC, and Steel Heddle Inc. (formerly GTP) is and/or was at 1801 Rutherford Road, Greenville, South Carolina, 29602.

3280. Steel Heddle Manufacturing Co. was formerly located at 1801 Rutherford Road, Greenville, South Carolina, 29602.

3281. In or about 2001, Steel Heddle Manufacturing Co. changed its name to GTP Greenville, Inc.

3282. In or about 2011, Groz-Beckert KG acquired GTP Greenville (Steel Heddle division).

3283. Groz-Beckert USA, Inc. is a subsidiary of Groz-Beckert KG located in Fort Mill, South Carolina.

3284. Steel Heddle Reeds LLC operates as a division of Groz-Beckert USA, Inc.

3285. According to Trex North Carolina Facility records, G.T.P., GTP Greenville, Inc., Greenville Properties LLC, and Steel Heddle Inc. (formerly GTP) by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,149 gallons of materials to the Trex North Carolina Facility. These materials were owned by G.T.P., GTP Greenville, Inc., Greenville Properties LLC, and Steel Heddle Inc. (formerly GTP) and contained hazardous substances.

3286. By letter dated July 14, 2017, Trex demanded that Steel Heddle reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3287.   To date, Steel Heddle has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3288.   According to Trex North Carolina Facility records, Defendant Stericycle Specialty Waste Solutions, Inc. ("Stericycle Specialty") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stericycle Specialty and contained hazardous substances.

3289.   By letter dated March 16, 2020, Trex demanded that Stericycle Specialty reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3290.   To date, Stericycle Specialty has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3291.   Defendant Sterling Collision & Paint Center Inc. ("Sterling Collision") is the successor to and/or is formerly known as Sterling Collision Centers, Inc.

3292.   Sterling Collision Centers, Inc. is and/or was located at 1603 Berryville Pike, Winchester, Virginia, 22603.

3293.   Sterling Collision & Paint Center Inc. is and/or was located at 1603 Berryville Pike, Wichester, Virginia, 22603.

3294.   Sterling Collision & Paint Center Inc. holds itself out as Sterling Collision Centers, Inc.

3295.   According to Trex North Carolina Facility records, Sterling Collision Centers, Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex

North Carolina Facility. These materials were owned by Sterling Collision Centers, Inc. and contained hazardous substances.

3296. By letter dated August 25, 2017, Trex demanded that Sterling Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3297. To date, Sterling Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3298. According to Trex North Carolina Facility records, Defendant Steve McDaniel's Paint & Body Shop, Inc. ("McDaniel's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by McDaniel's Paint and contained hazardous substances.

3299. By letter dated August 25, 2017, Trex demanded that McDaniel's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3300. To date, McDaniel's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3301. According to Trex North Carolina Facility records, Defendant Steve's Auto Body, LLC ("Steve's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Steve's Auto and contained hazardous substances.

3302.  By letter dated August 25, 2017, Trex demanded that Steve's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3303.  To date, Steve's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3304.  According to Trex North Carolina Facility records, Defendant Steve's Body Shop ("Steve's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Steve's Body and contained hazardous substances.

3305.  By letter dated August 25, 2017, Trex demanded that Steve's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3306.  To date, Steve's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3307.  According to Trex North Carolina Facility records, Defendant Stew's Auto Body Shop ("Stew's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stew's Auto and contained hazardous substances.

3308.  By letter dated August 25, 2017, Trex demanded that Stew's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3309.   To date, Stew's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3310.   According to Trex North Carolina Facility records, Defendant Stoner Bros. Automotive Corp. ("Stoner Bros.") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stoner Bros. and contained hazardous substances.

3311.   By letter dated August 25, 2017, Trex demanded that Stoner Bros. reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3312.   To date, Stoner Bros. has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3313.   According to Trex North Carolina Facility records, Defendant Stormin Norman, Inc. ("Stormin Norman") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stormin Norman and contained hazardous substances.

3314.   By letter dated August 25, 2017, Trex demanded that Stormin Norman reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3315.   To date, Stormin Norman has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3316. According to Trex North Carolina Facility records, Defendant Straightline Auto Body, Inc. ("Straightline Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Straightline Auto and contained hazardous substances.

3317. By letter dated September 1, 2017, Trex demanded that Straightline Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3318. To date, Straightline Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3319. According to Trex North Carolina Facility records, Defendant Stroud's Body Shop ("Stroud's Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 18 gallons of materials to the Trex North Carolina Facility. These materials were owned by Stroud's Shop and contained hazardous substances.

3320. By letter dated March 16, 2020, Trex demanded that Stroud's Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3321. To date, Stroud's Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3322. According to Trex North Carolina Facility records, Defendant Stuart-Dean Co. Inc. ("Stuart-Dean") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 244 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Stuart-Dean and contained hazardous substances.

3323.   By letter dated September 1, 2017, Trex demanded that Stuart-Dean reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3324.   To date, Stuart-Dean has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3325.   According to Trex North Carolina Facility records, Defendant Styles Body Shop ("Styles Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 97 gallons of materials to the Trex North Carolina Facility. These materials were owned by Styles Body and contained hazardous substances.

3326.   By letter dated August 25, 2017, Trex demanded that Styles Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3327.   To date, Styles Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3328.   Defendant Sun Coast Media Group, Inc. ("Sun Coast Media") is the successor to and/or is formerly known as Sun Herald.

3329.   Sun Herald is and/or was located at PO Box 2390, Port Charlotte, Florida, 33949.

3330.   Charlotte Sun Herald is and/or was located at PO Box 2390, Port Charlotte, Florida, 33949.

3331.   Charlotte Sun Herald is a division of Sun Coast Media Group, Inc.

3332. According to Trex North Carolina Facility records, Sun Herald by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 495 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sun Herald and contained hazardous substances.

3333. By letter dated September 1, 2017, Trex demanded that Sun Coast Media reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3334. To date, Sun Coast Media has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3335. According to Trex North Carolina Facility records, Defendant Sun State Ford, Inc. ("Sun Ford") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 39 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sun Ford and contained hazardous substances.

3336. By letter dated August 25, 2017, Trex demanded that Sun Ford reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3337. To date, Sun Ford has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3338. Defendant Sunbelt Chemicals Corp. ("Sunbelt Chemicals") is the successor to and/or is formerly known as Sunbelt Chemicals Inc.

3339. On or about February 18, 1997, Matschel of Flagler, Inc. acquired Sunbelt Chemicals, Inc.

3340. Matschel of Flagler, Inc. held out as Sunbelt Chemicals.

3341. In or about 2007, Azalea Capital acquired Sunbelt Chemicals.

3342. Azalea Capital renamed Sunbelt Chemicals to Sunbelt Chemicals Corp.

3343. According to Trex North Carolina Facility records, Sunbelt Chemicals Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 60 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sunbelt Chemicals Inc. and contained hazardous substances.

3344. By letter dated August 25, 2017, Trex demanded that Sunbelt Chemicals reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3345. To date, Sunbelt Chemicals has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3346. According to Trex North Carolina Facility records, Defendant Sunbelt Corporation ("Sunbelt") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,340 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sunbelt and contained hazardous substances.

3347. By letter dated August 18, 2017, Trex demanded that Sunbelt reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3348. To date, Sunbelt has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3349.   According to Trex North Carolina Facility records, Defendant Sunbelt Rentals, Inc. ("Sunbelt Rentals") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by Sunbelt Rentals and contained hazardous substances.

3350.   By letter dated March 16, 2020, Trex demanded that Sunbelt Rentals reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3351.   To date, Sunbelt Rentals has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3352.   Defendant Supa Mags Florida, Inc. ("Supa Mags") is the successor to and/or is formerly known as Supa Mag Wheels Repair.

3353.   Supa Mag Wheels Repair is and/or was located at 3035 NE 12th Ter, Oakland Park, Florida, 33334.

3354.   According to Trex North Carolina Facility records, the generator contact for Supa Mag Wheels Repair was Asne Goodman.

3355.   According to the Florida Secretary of State, Dinkelspiel Deals, Wheels & Tires LLC is and/or was located at 3035 NE 12th Terrace, Oakland Park, Florida.

3356.   According to the Florida Secretary of State, Asne Goodman is the manager of Dinkelspiel Deals, Wheels & Tires LLC.

3357.    On or about August 19, 2010, Dinkelspiel Deals, Wheels & Tires LLC registered for the fictitious name Supa Mags.

3358. On or about 2019, Supa Mags LLC registered to do business at 3035 NE 12th Terrace, Oakland Park, Florida, 33334.

3359. According to Trex North Carolina Facility records, Supa Mag Wheels Repair by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Supa Mag Wheels Repair and contained hazardous substances.

3360. By letter dated August 25, 2017, Trex demanded that Supa Mags reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3361. To date, Supa Mags has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3362. According to Trex North Carolina Facility records, Defendant Supreme Elastic Corporation ("Supreme") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3 gallons of materials to the Trex North Carolina Facility. These materials were owned by Supreme and contained hazardous substances.

3363. By letter dated March 16, 2020, Trex demanded that Supreme reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3364. To date, Supreme has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3365.   According to Trex North Carolina Facility records, Defendant SV Microwave, Inc. ("SV Microwave") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,860 gallons of materials to the Trex North Carolina Facility. These materials were owned by SV Microwave and contained hazardous substances.

3366.   By letter dated September 12, 2017, Trex demanded that SV Microwave reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3367.   To date, SV Microwave has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3368.   According to Trex North Carolina Facility records, Defendant Swift's Body Shop ("Swift's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 600 gallons of materials to the Trex North Carolina Facility. These materials were owned by Swift's Body and contained hazardous substances.

3369.   By letter dated September 1, 2017, Trex demanded that Swift's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3370.   To date, Swift's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3371.   According to Trex North Carolina Facility records, Defendant Swiss Caps USA, Inc. ("Swiss Caps") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 96 gallons of materials

to the Trex North Carolina Facility. These materials were owned by Swiss Caps and contained hazardous substances.

3372. By letter dated August 25, 2017, Trex demanded that Swiss Caps reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3373. To date, Swiss Caps has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3374. According to Trex North Carolina Facility records, Defendant Syncron EMS, LLC ("Syncron") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Syncron and contained hazardous substances.

3375. By letter dated August 25, 2017, Trex demanded that Syncron reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3376. To date, Syncron has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3377. According to Trex North Carolina Facility records, Defendant T&G Body Shop ("T&G") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 54 gallons of materials to the Trex North Carolina Facility. These materials were owned by T&G and contained hazardous substances.

3378. By letter dated August 11, 2017, Trex demanded that T&G reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3379. To date, T&G has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3380. Defendant TA&S Enterprises of NC, Inc. ("TA&S Enterprises") is the successor to and/or is formerly known as "Quick N EZ."

3381. Quick N EZ is and/or was located at 1323 Lasalle Street, Charlotte, North Carolina, 28126.

3382. TA&S Enterprises of NC, Inc., doing business as Quick'N E-Z #13, is and/or was located at 1323 LaSalle Street, Charlotte, North Carolina, 28216.

3383. According to Trex North Carolina Facility records, Quick N EZ by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 30 gallons of materials to the Trex North Carolina Facility. These materials were owned by Quick N EZ and contained hazardous substances.

3384. By letter dated June 2, 2020, Trex demanded that TA&S Enterprises reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3385. To date, TA&S Enterprises has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3386. According to Trex North Carolina Facility records, Defendant Tabet Manufacturing Company, Inc. ("Tabet") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 1,135 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tabet and contained hazardous substances.

3387.   By letter dated June 23, 2017, Trex demanded that Tabet reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3388.   To date, Tabet has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3389.   Defendant Talon International, Inc. ("Talon") is the successor to and/or is formerly known as Talon Inc.

3390.   On or about December 21, 2001, Tag-It Pacific, Inc. acquired Talon, Inc.

3391.   On or about July 20, 2007, Tag-It Pacific, Inc. changed its name to Talon International, Inc.

3392.   According to Trex North Carolina Facility records, Talon Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 25,353 gallons of materials to the Trex North Carolina Facility. These materials were owned by Talon Inc. and contained hazardous substances.

3393.   By letter dated August 25, 2017, Trex demanded that Talon reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3394.   To date, Talon has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3395.   Alternatively, Defendant Coats American, Inc. ("Coats") is the successor to and/or is formerly known as Talon Inc., as alleged above.

3396.   To date, Coats has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3397.   According to Trex North Carolina Facility records, Defendant Tampa Fiberglass Inc. ("Tampa Fiberglass") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tampa Fiberglass and contained hazardous substances.

3398.   By letter dated July 14, 2017, Trex demanded that Tampa Fiberglass reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3399.   To date, Tampa Fiberglass has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3400.   According to Trex North Carolina Facility records, Defendant Tasker Industries, Inc. ("Tasker") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tasker and contained hazardous substances.

3401.   By letter dated March 16, 2020, Trex demanded that Tasker reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3402.   To date, Tasker has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3403.   Defendant Tavan, Inc., doing business as Maaco Collision Repair & Auto Painting, ("Tavan") is the successor to and/or is also known as Maaco - Allentown, PA.

3404.   Maaco – Allentown, PA is and/or was located at 502 Basin St., Allentown, Pennsylvania, 18103.

3405.   Tavan, Inc. is the franchisee of a Maaco franchise located at 502 Basin Street, Allentown, Pennsylvania, 18103.

3406.   Maaco lists the 502 Basin Street, Allentown, Pennsylvania, 18103 address as belonging to Maaco Allentown.

3407.   Tavan, Inc., Maaco – Allentown, and Maaco Allentownare the same business or entity.

3408.   According to Trex North Carolina Facility records, Maaco - Allentown, PA by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 240 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco - Allentown, PA and contained hazardous substances.

3409.   By letter dated June 30, 2017, Trex demanded that Tavan reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3410.   To date, Tavan has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3411.   According to Trex North Carolina Facility records, Defendant Taylor Pump & Lift Inc. ("Taylor Pump") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24

gallons of materials to the Trex North Carolina Facility. These materials were owned by Taylor Pump and contained hazardous substances.

3412.   By letter dated March 16, 2020, Trex demanded that Taylor Pump reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3413.   To date, Taylor Pump has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3414.   Defendant TCA Broward Collision, LLC ("Broward Collision") is the successor to and/or is formerly known as Broward Collision of Margate and Broward Collision of Sunrise Inc.

3415.   Broward Collision of Sunrise Inc. is and/or was located at 10301 NW 50th St. #111 Sunrise, Florida 33351.

3416.   Broward Collision is located at 10301 NW 50th St. #111 Sunrise, Florida 33351.

3417.   According to Trex North Carolina Facility records, Broward Collision of Margate and Broward Collision of Sunrise Inc. by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Broward Collision of Margate and Broward Collision of Sunrise Inc. and contained hazardous substances.

3418.   By letter dated July 28, 2017, Trex demanded that Broward Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3419. To date, Broward Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3420. According to Trex North Carolina Facility records, Defendant TCI Mobility, Inc. ("TCI Mobility") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 36 gallons of materials to the Trex North Carolina Facility. These materials were owned by TCI Mobility and contained hazardous substances.

3421. By letter dated August 25, 2017, Trex demanded that TCI Mobility reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3422. To date, TCI Mobility has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3423. According to Trex North Carolina Facility records, Defendant TEC Discount Paint & Body Shop, Inc. ("TEC Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by TEC Paint and contained hazardous substances.

3424. By letter dated July 21, 2017, Trex demanded that TEC Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3425. To date, TEC Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3426. According to Trex North Carolina Facility records, Defendant Techno-Coatings, Inc. ("Techno-Coatings") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 48 gallons of materials to the Trex North Carolina Facility. These materials were owned by Techno-Coatings and contained hazardous substances.

3427. By letter dated August 18, 2017, Trex demanded that Techno-Coatings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3428. To date, Techno-Coatings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3429. Defendant Technology General Corporation ("Technology General") is the successor to and/or is formerly known as Precision Metalform.

3430. Precision Metalform is a divison of Technology General Corporation.

3431. According to Trex North Carolina Facility records, Precision Metalform by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 273 gallons of materials to the Trex North Carolina Facility. These materials were owned by Precision Metalform and contained hazardous substances.

3432. By letter dated August 11, 2017, Trex demanded that Technology General reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3433. To date, Technology General has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3434.  Alternatively, Transbanc International Investors Corporation ("Transbanc International Investors") is the successor to and/or is formerly known as Precision Metalform, as alleged above.

3435.  Transbanc International Investors Corporation is a subsidiary of Technology General Corporation.

3436.  By letter dated July 7, 2020, Trex demanded that Transbanc International Investors reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3437.  To date, Transbanc International Investors has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3438.  According to Trex North Carolina Facility records, Defendant Tedken Corp., doing business as Paragon Auto Collision, ("Tedken") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tedken and contained hazardous substances.

3439.  By letter dated July 14, 2017, Trex demanded that Tedken reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3440.  To date, Tedken has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3441.  According to Trex North Carolina Facility records, Defendant Temada Inc. ("Temada") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the

Trex North Carolina Facility. These materials were owned by Temada and contained hazardous substances.

3442.   By letter dated July 28, 2017, Trex demanded that Temada reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3443.   To date, Temada has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3444.   According to Trex North Carolina Facility records, Defendant Terry's Body Shop ("Terry's Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Terry's Shop and contained hazardous substances.

3445.   By letter dated July 21, 2017, Trex demanded that Terry's Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3446.   To date, Terry's Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3447.   According to Trex North Carolina Facility records, Defendant Thad Custom Autobody LLC ("Thad Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Thad Auto and contained hazardous substances.

3448.   By letter dated July 28, 2017, Trex demanded that Thad Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3449.   To date, Thad Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3450.   According to Trex North Carolina Facility records, Defendant Therrell's Body Shop ("Therrell's Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Therrell's Body and contained hazardous substances.

3451.   By letter dated August 11, 2017, Trex demanded that Therrell's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3452.   To date, Therrell's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3453.   According to Trex North Carolina Facility records, Defendant Thor Industrial Services, LLC, doing business as Color Creations, ("Thor Industrial") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 205 gallons of materials to the Trex North Carolina Facility. These materials were owned by Thor Industrial and contained hazardous substances.

3454.   By letter dated July 14, 2017, Trex demanded that Thor Industrial reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3455.   To date, Thor Industrial has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3456.   According to Trex North Carolina Facility records, Defendant Tilley Brothers Body Shop Inc. ("Tilley Brothers") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tilley Brothers and contained hazardous substances.

3457.   By letter dated July 14, 2017, Trex demanded that Tilley Brothers reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3458.   To date, Tilley Brothers has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3459.   According to Trex North Carolina Facility records, Defendant Times Fiber Communication, Inc. ("Times Fiber") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 5,445 gallons of materials to the Trex North Carolina Facility. These materials were owned by Times Fiber and contained hazardous substances.

3460.   By letter dated June 16, 2017, Trex demanded that Times Fiber reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3461.   To date, Times Fiber has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3462.  According to Trex North Carolina Facility records, Defendant TNT Collision Inc. ("TNT Collision") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by TNT Collision and contained hazardous substances.

3463.  By letter dated August 11, 2017, Trex demanded that TNT Collision reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3464.  To date, TNT Collision has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3465.  According to Trex North Carolina Facility records, Defendant Tom and Jerry's Paint and Body, LLC ("Tom and Jerry's Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tom and Jerry's Paint and contained hazardous substances.

3466.  By letter dated June 30, 2017, Trex demanded that Tom and Jerry's Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3467.  To date, Tom and Jerry's Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3468.  According to Trex North Carolina Facility records, Defendant Tom's Body Shop, Inc. ("Tom's Body Shop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220

gallons of materials to the Trex North Carolina Facility. These materials were owned by Tom's Body Shop and contained hazardous substances.

3469.   By letter dated July 14, 2017, Trex demanded that Tom's Body Shop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3470.   To date, Tom's Body Shop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3471.   According to Trex North Carolina Facility records, Defendant Touchstone Research Laboratory, Ltd. ("Touchstone Lab") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Touchstone Lab and contained hazardous substances.

3472.   By letter dated August 11, 2017, Trex demanded that Touchstone Lab reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3473.   To date, Touchstone Lab has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3474.   According to Trex North Carolina Facility records, Defendant Trans Tube, Inc. ("Trans Tube") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Trans Tube and contained hazardous substances.

3475. By letter dated August 11, 2017, Trex demanded that Trans Tube reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3476. To date, Trans Tube has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3477. According to Trex North Carolina Facility records, Defendant Transport Re-new, Inc. ("Transport Re-new") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 352 gallons of materials to the Trex North Carolina Facility. These materials were owned by Transport Re-new and contained hazardous substances.

3478. By letter dated June 30, 2017, Trex demanded that Transport Re-new reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3479. To date, Transport Re-new has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3480. According to Trex North Carolina Facility records, Defendant Trend Offset Printing Services, Inc. ("Trend Offset") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 400 gallons of materials to the Trex North Carolina Facility. These materials were owned by Trend Offset and contained hazardous substances.

3481. By letter dated June 30, 2017, Trex demanded that Trend Offset reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3482.   To date, Trend Offset has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3483.   According to Trex North Carolina Facility records, Defendant Tri City Body Shop ("Tri City Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tri City Body and contained hazardous substances.

3484.   By letter dated July 21, 2017, Trex demanded that Tri City Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3485.   To date, Tri City Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3486.   According to Trex North Carolina Facility records, Defendant Tri-Dim Filter Corporation ("Tri-Dim") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 10 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tri-Dim and contained hazardous substances.

3487.   By letter dated March 16, 2020, Trex demanded that Tri-Dim reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3488.   To date, Tri-Dim has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3489.   According to Trex North Carolina Facility records, Defendant Tri-Steel Fabricators, Inc. ("Tri-Steel Fabricators") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tri-Steel Fabricators and contained hazardous substances.

3490.   By letter dated July 14, 2017, Trex demanded that Tri-Steel Fabricators reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3491.   To date, Tri-Steel Fabricators has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3492.   According to Trex North Carolina Facility records, Defendant Troy, LLC ("Troy") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 12 gallons of materials to the Trex North Carolina Facility. These materials were owned by Troy and contained hazardous substances.

3493.   By letter dated March 16, 2020, Trex demanded that Troy reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3494.   To date, Troy has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3495.   According to Trex North Carolina Facility records, Defendant Tru Finish Paint & Body Shop ("Tru Finish Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 26

gallons of materials to the Trex North Carolina Facility. These materials were owned by Tru Finish Paint and contained hazardous substances.

3496. By letter dated August 25, 2017, Trex demanded that Tru Finish Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3497. To date, Tru Finish Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3498. Defendant Tryon Shiny Cars, LLC ("Tryon Cars") is the successor to and/or is formerly known as Maaco - Charlotte (Tryon).

3499. Maaco – Charlotte (Tryon) is and/or was located at 5753 N. Tryon Street, Charlotte, North Carolina, 28213.

3500. Tryon Shiny Cars, LLC is the franchisee of a Maaco franchise located at 5753 N. Tryon Street, Charlotte, North Carolina, 28213.

3501. According to Trex North Carolina Facility records, Maaco - Charlotte (Tryon) by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 330 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco - Charlotte (Tryon) and contained hazardous substances.

3502. By letter dated September 1, 2017, Trex demanded that Tryon Cars reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3503. To date, Tryon Cars has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3504.   According to Trex North Carolina Facility records, Defendant TS Designs Inc. ("TS Designs") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,580 gallons of materials to the Trex North Carolina Facility. These materials were owned by TS Designs and contained hazardous substances.

3505.   By letter dated June 16, 2017, Trex demanded that TS Designs reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3506.   To date, TS Designs has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3507.   According to Trex North Carolina Facility records, Defendant Tube Methods, Inc. ("Tube Methods") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 3,350 gallons of materials to the Trex North Carolina Facility. These materials were owned by Tube Methods and contained hazardous substances.

3508.   By letter dated March 16, 2020, Trex demanded that Tube Methods reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3509.   To date, Tube Methods has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3510.   According to Trex North Carolina Facility records, Defendant Tuckahoe Cleaners ("Tuckahoe") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of

materials to the Trex North Carolina Facility. These materials were owned by Tuckahoe and contained hazardous substances.

3511. By letter dated August 25, 2017, Trex demanded that Tuckahoe reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3512. To date, Tuckahoe has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3513. According to Trex North Carolina Facility records, Defendant Turbopower, LLC ("Turbopower") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Turbopower and contained hazardous substances.

3514. By letter dated August 11, 2017, Trex demanded that Turbopower reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3515. To date, Turbopower has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3516. Defendant Ultimate Auto Body & Collision Ltd. ("Ultimate Auto Body") is the successor to and/or is formerly known as Ultimate Collision.

3517. Ultimate Collision is and/or was located at 81 Glen Cove Ave, Glen Cove, New York, 11542.

3518. According to the New York Secretary of State, Ultimate Collision, Ltd. is and/or was located at 81 Glen Cove Avenue, Glen Cove, New York, 11542.

3519. On or about April 26, 2013, Ultimate Collision, Ltd. changed its name to Ultimate Auto Body & Collision Ltd.

3520. Ultimate Auto Body & Collision Ltd. and Ultimate Collision are the same business or entity.

3521. According to Trex North Carolina Facility records, Ultimate Collision by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 660 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ultimate Collision and contained hazardous substances.

3522. By letter dated June 23, 2017, Trex demanded that Ultimate Auto Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3523. To date, Ultimate Auto Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3524. According to Trex North Carolina Facility records, Defendant Ultimate Auto Body Center ("Ultimate Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ultimate Auto and contained hazardous substances.

3525. By letter dated August 11, 2017, Trex demanded that Ultimate Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3526.   To date, Ultimate Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3527.   According to Trex North Carolina Facility records, Defendant Ultracolor Systems of Richmond, Inc. ("Ultracolor Systems") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ultracolor Systems and contained hazardous substances.

3528.   By letter dated July 21, 2017, Trex demanded that Ultracolor Systems reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3529.   To date, Ultracolor Systems has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3530.   According to Trex North Carolina Facility records, Defendant Uni-Tech Paint & Body Shop ("Uni-Tech Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Uni-Tech Paint and contained hazardous substances.

3531.   By letter dated August 11, 2017, Trex demanded that Uni-Tech Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3532.   To date, Uni-Tech Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3533. According to Trex North Carolina Facility records, Defendant Unique Auto Body ("Unique Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Unique Auto and contained hazardous substances.

3534. By letter dated July 28, 2017, Trex demanded that Unique Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3535. To date, Unique Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3536. According to Trex North Carolina Facility records, Defendant Unique Automotive Rebuilders, Inc. ("Unique Automotive") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,918 gallons of materials to the Trex North Carolina Facility. These materials were owned by Unique Automotive and contained hazardous substances.

3537. By letter dated June 23, 2017, Trex demanded that Unique Automotive reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3538. To date, Unique Automotive has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3539. According to Trex North Carolina Facility records, Defendant United Auto Body Inc. ("United Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of

materials to the Trex North Carolina Facility. These materials were owned by United Auto and contained hazardous substances.

3540.   By letter dated July 7, 2017, Trex demanded that United Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3541.   To date, United Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3542.   Defendant United States Department of Agriculture ("USDA") is the successor to and/or is formerly known as USDA ARS Citrus & Sub Prod Lab.

3543.   USDA ARS Citrus & Sub Prod Lab is and/or was located at 600 Ave South NW, Winter Haven, Florida, 33883.

3544.   The Agricultural Research Service is a division of the United States Department of Agriculture.

3545.   The Agricultural Research Service holds itself out as ARS.

3546.   The Citrus and Subtropical Products Laboratory is a division of the ARS.

3547.   The Citrus and Subtropical Products Laboratory was formerly located at 600 Ave. S N.W., Winter Haven, Florida.

3548.   According to Trex North Carolina Facility records, USDA ARS Citrus & Sub Prod Lab by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by USDA ARS Citrus & Sub Prod Lab and contained hazardous substances.

3549. By letter dated July 28, 2017, Trex demanded that USDA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3550. To date, USDA has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3551. Defendant United States Department of the Air Force ("USAF") is the successor to and/or is formerly known as Arnold Engineering Development Center/7.

3552. Arnold Engineering Developoment Center is a testing facility located on a United States Air Force base in Tullahoma, Tennessee.

3553. According to Trex North Carolina Facility records, Arnold Engineering Development Center/7 by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 32,395 gallons of materials to the Trex North Carolina Facility. These materials were owned by Arnold Engineering Development Center/7 and contained hazardous substances.

3554. By letter dated June 16, 2017, Trex demanded that USAF reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3555. To date, USAF has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3556. According to Trex North Carolina Facility records, Defendant United States Food & Drug Administration ("FDA") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 35

gallons of materials to the Trex North Carolina Facility. These materials were owned by FDA and contained hazardous substances.

3557.   By letter dated September 1, 2017, Trex demanded that FDA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3558.   To date, FDA has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3559.   According to Trex North Carolina Facility records, Defendant United States Geological Survey ("USGA") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 36 gallons of materials to the Trex North Carolina Facility. These materials were owned by USGA and contained hazardous substances.

3560.   By letter dated September 1, 2017, Trex demanded that USGA reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3561.   To date, USGA has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3562.   Defendant United States Navy ("USN") is the successor to and/or is formerly known as NAS Jacksonville, Naval Air Station Jacksonville, Naval Air Warefare Center and Naval Submarine Base Kings Bay.

3563.   The United States Navy uses NAS to stand for Naval Air Station.

3564.   Naval Air Station Jacksonville is a division of the United States Navy.

3565.   Naval Submarine Kings Bay is a division of the United States Navy.

3566.  Naval Air Warefare Center located in Trenton, New Jersey was formerly a division of the United States Navy.

3567.  In or about 1997, Naval Air Warfare Center Trenton located in Trenton, New Jersey closed.

3568.  According to Trex North Carolina Facility records, NAS Jacksonville, Naval Air Station Jacksonville, Naval Air Warefare Center and Naval Submarine Base Kings Bay by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 24,519 gallons of materials to the Trex North Carolina Facility. These materials were owned by NAS Jacksonville, Naval Air Station Jacksonville, Naval Air Warefare Center and Naval Submarine Base Kings Bay and contained hazardous substances.

3569.  By letter dated June 16, 2017, Trex demanded that USN reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3570.  To date, USN has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3571.  According to Trex North Carolina Facility records, Defendant United States Postal Service ("USPS") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 297 gallons of materials to the Trex North Carolina Facility. These materials were owned by USPS and contained hazardous substances.

3572.   By letter dated September 6, 2017, Trex demanded that USPS reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3573.   To date, USPS has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3574.   According to Trex North Carolina Facility records, Defendant University Body Repairs, Inc. ("University Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by University Body and contained hazardous substances.

3575.   By letter dated July 28, 2017, Trex demanded that University Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3576.   To date, University Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3577.   According to Trex North Carolina Facility records, Defendant US $2.50 Cleaners ("$2.50 Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 567 gallons of materials to the Trex North Carolina Facility. These materials were owned by $2.50 Cleaners and contained hazardous substances.

3578.   By letter dated June 30, 2017, Trex demanded that $2.50 Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3579.  To date, $2.50 Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3580.  Defendant US Foods, Inc. ("US Foods") is the successor to and/or is formerly known as US Food Service.

3581.  US Food Service is and/or was located at 7801 Statesville Road, Charlotte, North Carolina, 28269.

3582.  According to the company website, a U.S. Foodservice, Inc. operates a distribution center located at 7801 Statesville Road, Charlotte, North Carolina.

3583.  On or about November 4, 2011, U.S. Foodservice, Inc. changed its name to US Foods, Inc.

3584.  US Foods, Inc. and US Food Service are the same business or entity.

3585.  According to Trex North Carolina Facility records, US Food Service by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by US Food Service and contained hazardous substances.

3586.  By letter dated August 11, 2017, Trex demanded that US Foods reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3587.  To date, US Foods has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3588.  Defendant Utility Service Contractors, Inc. ("Utility Service") is the successor to and/or is formerly known as Edwards Telecom.

3589.   Edwards Telecom is and/or was located at 777 Old Clemson Road, Columbia, South Carolina, 29229.

3590.   Edwards Telecommunications, Inc. is and/or was located at 777 Old Clemson Road, Columbia, South Carolina, 29229.

3591.   On or about May 5, 2015, Edwards Telecommunications, Inc. changed its name to Utility Service Contractors, Inc.

3592.   According to Trex North Carolina Facility records, Edwards Telecom by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 52 gallons of materials to the Trex North Carolina Facility. These materials were owned by Edwards Telecom and contained hazardous substances.

3593.   By letter dated August 18, 2017, Trex demanded that Utility Service reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3594.   To date, Utility Service has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3595.   Defendant Valcor Engineering Corporation ("Valcor") is the successor to and/or is formerly known as Electroid Company.

3596.   Electroid Company is a division of Valcor Engineering Corporation.

3597.   According to Trex North Carolina Facility records, Electroid Company by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Electroid Company and contained hazardous substances.

3598.   By letter dated March 16, 2020, Trex demanded that Valcor reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3599.   To date, Valcor has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3600.   According to Trex North Carolina Facility records, Defendant Value Auto Painting and Body Works, Inc., doing business as Maaco Auto Painting & Bodyworks, ("Value Auto Painting") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 204 gallons of materials to the Trex North Carolina Facility. These materials were owned by Value Auto Painting and contained hazardous substances.

3601.   By letter dated July 14, 2017, Trex demanded that Value Auto Painting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3602.   To date, Value Auto Painting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3603.   According to Trex North Carolina Facility records, Defendant Van Alphen & Son Auto Body ("Alphen Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Alphen Auto and contained hazardous substances.

3604.   By letter dated August 11, 2017, Trex demanded that Alphen Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3605.   To date, Alphen Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3606.   According to Trex North Carolina Facility records, Defendant Venice Auto Body & Painting Specialists Inc. ("Venice Painting") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 550 gallons of materials to the Trex North Carolina Facility. These materials were owned by Venice Painting and contained hazardous substances.

3607.   By letter dated August 11, 2017, Trex demanded that Venice Painting reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3608.   To date, Venice Painting has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3609.   According to Trex North Carolina Facility records, Defendant Venice Auto Body Inc. ("Venice Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 103 gallons of materials to the Trex North Carolina Facility. These materials were owned by Venice Auto and contained hazardous substances.

3610.   By letter dated June 23, 2017, Trex demanded that Venice Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3611. To date, Venice Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3612. According to Trex North Carolina Facility records, Defendant Vesco Industrial Trucks of Hickory, Inc. ("Vesco Trucks") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 276 gallons of materials to the Trex North Carolina Facility. These materials were owned by Vesco Trucks and contained hazardous substances.

3613. By letter dated June 30, 2017, Trex demanded that Vesco Trucks reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3614. To date, Vesco Trucks has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3615. According to Trex North Carolina Facility records, Defendant Victor's Auto Body Inc. ("Victor's Auto") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 385 gallons of materials to the Trex North Carolina Facility. These materials were owned by Victor's Auto and contained hazardous substances.

3616. By letter dated June 30, 2017, Trex demanded that Victor's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3617. To date, Victor's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3618.   Defendant Viera Auto Painting & Collision, Inc. ("Viera Auto") is the successor to and/or is formerly known as Maaco Auto Painting.

3619.   Maaco Auto Painting is and/or was located at 317 Clearlake Rd, Cocoa, Florida, 32922.

3620.   Viera Auto Painting & Collision, Inc. is the franchisee of a Maaco franchise located at 317 Clearlake Road, Cocoa, Florida, 32922.

3621.   According to Trex North Carolina Facility records, Maaco Auto Painting by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 60 gallons of materials to the Trex North Carolina Facility. These materials were owned by Maaco Auto Painting and contained hazardous substances.

3622.   By letter dated July 21, 2017, Trex demanded that Viera Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3623.   To date, Viera Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3624.   According to Trex North Carolina Facility records, Defendant Visual Physics, LLC, doing business as Crane Micro-Optics Solutions, ("Visual Physics") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Visual Physics and contained hazardous substances.

3625. By letter dated July 21, 2017, Trex demanded that Visual Physics reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3626. To date, Visual Physics has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3627. According to Trex North Carolina Facility records, Defendant Vitafoam Inc. ("Vitafoam") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,400 gallons of materials to the Trex North Carolina Facility. These materials were owned by Vitafoam and contained hazardous substances.

3628. By letter dated June 16, 2017, Trex demanded that Vitafoam reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3629. To date, Vitafoam has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3630. According to Trex North Carolina Facility records, Defendant Vitran Express, Inc. ("Vitran Express") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 451 gallons of materials to the Trex North Carolina Facility. These materials were owned by Vitran Express and contained hazardous substances.

3631. By letter dated September 1, 2017, Trex demanded that Vitran Express reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3632. To date, Vitran Express has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3633. Defendant W.O.T. Now, Inc. ("W.O.T. Now") is the successor to and/or is formerly known as Jim's Quality Auto Body.

3634. Jim's Qualtiy Auto Body is and/or was located at 5850 S Suncoast Boulevard, Homosassa, Florida, 34446.

3635. Jim's Quality Paint & Body is and/or was located at 5850 S Suncoast Boulevard, Homosassa, Florida, 34446.

3636. On or about September 26th, 2016, W.O.T. Now, Inc. registered the fictitious name Jim's Quality Paint & Body.

3637. According to the Trex North Carolina Facility records, Jim Tully was the generator contact for Jim's Qualtiy Auto Body.

3638. James (Jim) Tully is the President of W.O.T. Now, Inc.

3639. According to Trex North Carolina Facility records, Jim's Quality Auto Body by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jim's Quality Auto Body and contained hazardous substances.

3640. By letter dated August 4, 2017, Trex demanded that Jim's Quality Paint & Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3641. To date, W.O.T. Now has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

499

3642. Defendant W.T. Jernigan & Sons Trucking, Inc. ("Jernigan & Sons") is the successor to and/or is formerly known as Jernigan Towing & Collision Center.

3643. Jernigan & Towing Collision Center is and/or was located at 1252 US Hwy 13 South, Ahoskie, North Carolina.

3644. W.T. Jernigan & Sons Trucking, Inc. was formerly located at 1252 US Hwy 13 South, Ahoskie, North Carolina.

3645. According to the North Carolina Secretary of State, W.T. Jernigan & Sons Trucking, Inc. changed its principal address to 1339 US Highway 13 South, Ahoskie, North Carolina.

3646. According to Hertford County, North Carolina property records, Jernigan Towing & Collision Center, Inc. is and/or was located at 1339 US Highway 13 South, Ahoskie, North Carolina, 27910.

3647. According to Hertford County, North Carolina property records, W.T. Jernigan & Sons Trucking, Inc. is and/or was located at 1339 US Highway 13 South, Ahoskie, North Carolina, 27910.

3648. According to Trex North Carolina Facility records, Jernigan Towing & Collision Center by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Jernigan Towing & Collision Center and contained hazardous substances.

3649. By letter dated August 25, 2017, Trex demanded that Jernigan & Sons reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3650.  To date, Jernigan & Sons has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3651.  According to Trex North Carolina Facility records, Defendant W&H Stampings, Inc. ("W&H Stampings") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 527 gallons of materials to the Trex North Carolina Facility. These materials were owned by W&H Stampings and contained hazardous substances.

3652.  By letter dated June 30, 2017, Trex demanded that W&H Stampings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3653.  To date, W&H Stampings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3654.  Defendant Waddell Group, Inc., doing business as 45 Minute Cleaners, ("Waddell Group") is the successor to and/or is formerly known as 45 Minute Cleaners-University City.

3655.  45 Minute Cleaners – University City is and/or was located at 1220 North & South, University City, Missorui, 83130.

3656.  On or about January 9, 2007, Alexander Reed Dry Cleaners, Inc. registered the fictitious name 45 Minute Cleaners to the business address 1220 North & South, University City, Missouri, 63130.

3657.  The President of Alexander Reed Dry Cleaners, Inc. is Andrew Waddell.

3658.  On or about March 17, 2018, Alexander Reed Dry Cleaners I, LP registered to do business in the state of Missouri.

3659. The regular address of Alexander Reed Dry Cleaners I, LP is 1220 North & South Road, University City, Missouri, 63130.

3660. Andrew Waddell is the President of Alexander Reed Dry Cleaners I, LP.

3661. According to Trex North Carolina Facility records, 45 Minute Cleaners-University City by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 490 gallons of materials to the Trex North Carolina Facility. These materials were owned by 45 Minute Cleaners-University City and contained hazardous substances.

3662. By letter dated September 1, 2017, Trex demanded that Waddell Group reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3663. To date, Waddell Group has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3664. According to Trex North Carolina Facility records, Defendant Wagner Industries, Inc. ("Wagner Industries") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 262 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wagner Industries and contained hazardous substances.

3665. By letter dated June 30, 2017, Trex demanded that Wagner Industries reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3666. To date, Wagner Industries has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3667.   According to Trex North Carolina Facility records, Defendant Wall Colmonoy Corporation ("Wall Colmonoy") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 400 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wall Colmonoy and contained hazardous substances.

3668.   By letter dated June 30, 2017, Trex demanded that Wall Colmonoy reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3669.   To date, Wall Colmonoy has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3670.   According to Trex North Carolina Facility records, Defendant Ward's Marine Electric, Inc. ("Ward's Marine") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Ward's Marine and contained hazardous substances.

3671.   By letter dated July 14, 2017, Trex demanded that Ward's Marine reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3672.   To date, Ward's Marine has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3673.   According to Trex North Carolina Facility records, Defendant Waters Agricultural Laboratories, Inc. ("Waters Labs") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by Waters Labs and contained hazardous substances.

3674. By letter dated August 11, 2017, Trex demanded that Waters Labs reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3675. To date, Waters Labs has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3676. Defendant We Kleen, Inc., doing business as Dollar Fifty Cleaners, ("We Kleen") is the successor to and/or is formerly known as $1.50 Cleaners.

3677. According to Trex North Carolina Facility records, $1.50 Cleaners by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 278 gallons of materials to the Trex North Carolina Facility. These materials were owned by $1.50 Cleaners and contained hazardous substances.

3678. By letter dated July 28, 2017, Trex demanded that We Kleen reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3679. To date, We Kleen has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3680. According to Trex North Carolina Facility records, Defendant Welding, Inc. ("Welding") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 150 gallons of materials to the Trex North Carolina Facility. These materials were owned by Welding and contained hazardous substances.

3681. By letter dated July 21, 2017, Trex demanded that Welding reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3682. To date, Welding has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3683. Defendant WestRock Company ("WestRock") is the successor to and/or is formerly known as Laird Packaging, Resolution Pkg, Rock Tenn and Smurfit-Stone.

3684. In or about 1999, Gulf States Paper Corporation acquired Laird Packaging, Inc.

3685. Following the 1999 purchase, Laird Packaging, Inc. changed its name to Resolution Packaging.

3686. In or about 2005, Rock-Tenn Company acquired the paper and packaging facilities business from Gulf States Paper Corporation, which included the former Laird Packaging, Inc. plant.

3687. In or about 2011, Rock-Tenn Company acquired Smurfit-Stone Container Corporation.

3688. Rock-Tenn Company holds itself out as RockTenn.

3689. In or about 2015, RockTenn merged with MeadWestvaco Corporation. The resulting entity holds itself out as WestRock Company.

3690. According to Trex North Carolina Facility records, Laird Packaging, Resolution Pkg, Rock Tenn and Smurfit-Stone by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 2,351 gallons of materials to the Trex North Carolina Facility. These materials were owned by Laird Packaging, Resolution Pkg, Rock Tenn and Smurfit-Stone, and contained hazardous substances.

3691. To date, WestRock has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3692. Defendant Westcoast Auto Body LLC ("Westcoast Auto") is the successor to and/or is formerly known as West Coast Collision Center.

3693. West Coast Collision Center is and/or was located at 18340 Paulson Dr. #C, Port Charlotte, Florida, 33954.

3694. According to the Florida Secretary of State, at the time of the disposal, Westcoast Collision Center LLC was located at 18380 Paulson Drive, Port Charlotte, Florida, 33954.

3695. The registration agent and manager of Westcoast Collision Center LLC is Jeff Kern.

3696. In 2012, Westcoast Auto Body LLC registered to do business in the state of Florida with a principal place of business located at 18380 Paulson Drive, Port Charlotte, Florida, 33954.

3697. The registration agent and manager of Westcoast Auto Body LLC is Jeff Kern.

3698. According to Trex North Carolina Facility records, West Coast Collision Center by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 55 gallons of materials to the Trex North Carolina Facility. These materials were owned by West Coast Collision Center and contained hazardous substances.

3699. By letter dated August 11, 2017, Trex demanded that West Coast Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3700.    To date, West Coast Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3701.    According to Trex North Carolina Facility records, Defendant West Harris Cleaners Inc. ("West Harris Cleaners") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 108 gallons of materials to the Trex North Carolina Facility. These materials were owned by Harris Cleaners and contained hazardous substances.

3702.    By letter dated July 28, 2017, Trex demanded that West Harris Cleaners reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3703.    To date, West Harris Cleaners has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3704.    According to Trex North Carolina Facility records, Defendant Wheelers Paint & Body Shop, Inc. ("Wheelers Paint") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wheelers Paint and contained hazardous substances.

3705.    By letter dated July 28, 2017, Trex demanded that Wheelers Paint reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3706.    To date, Wheelers Paint has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3707.   Defendant White's Auto Body ("White's Auto") is the successor to and/or is formerly known as White's Body Shop.

3708.   White's Body Shop is and/or was located at 462 Mantua Avenue & Route 45, Woodbury, New Jersey, 08096.

3709.   According to Trex North Carolina Facility records, the generator contact for White's Body Shop was John White.

3710.   White's Auto Body is and/or was located at 462 Mantua Pike, Woodbury, New Jersey, 08096.

3711.   John White is or was the owner of White's Auto Body.

3712.   According to Trex North Carolina Facility records, White's Body Shop by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 100 gallons of materials to the Trex North Carolina Facility. These materials were owned by White's Body Shop and contained hazardous substances.

3713.   By letter dated July 28, 2017, Trex demanded that White's Auto reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3714.   To date, White's Auto has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3715.   According to Trex North Carolina Facility records, Defendant White's Nursery and Greenhouses, Inc. ("White's Nursery") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by White's Nursery and contained hazardous substances.

3716.   By letter dated July 28, 2017, Trex demanded that White's Nursery reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3717.   To date, White's Nursery has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3718.   Defendant Wild Woodworks, Inc., doing business as Bespoke Solutions, ("Wild Woodworks") is the successor to and/or is formerly known as K Squared Wood Working.

3719.   On or about January 13, 2011, K Squared Wood Working, Inc. registered to do business in the state of North Carolina. The principal office of the corporation was located at 157 Houston Road, Troutman, North Carolina, 28166.

3720.   Matthew Krampert was the Presidnet of K Squared Woodworking, Inc.

3721.   On or about January 18, 2012, Wild Woodworks, Inc. registered to do business in the state of North Carolina. The principal office of the corporation is and/or was located at 157 Houston Road, Troutman, North Carolina, 28166.

3722.   Matthew Krampert is the President of Wild Woodworks, Inc.

3723.   On or about March 8, 2013, Matthew Krampert registered the fictitious name Bespoke Solutions for Wild Woodworks, Inc.

3724.   According to Trex North Carolina Facility records, K Squared Wood Working by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex

North Carolina Facility. These materials were owned by K Squared Wood Working and contained hazardous substances.

3725.   By letter dated July 7, 2017, Trex demanded that Wild Woodworks reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3726.   To date, Wild Woodworks has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3727.   According to Trex North Carolina Facility records, Defendant Wildwood Lamps & Accents Inc. ("Wildwood Lamps") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 275 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wildwood Lamps and contained hazardous substances.

3728.   By letter dated July 7, 2017, Trex demanded that Wildwood Lamps reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3729.   To date, Wildwood Lamps has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3730.   According to Trex North Carolina Facility records, Defendant William Davis Sign Company, Inc. ("Davis Sign") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 220 gallons of materials to the Trex North Carolina Facility. These materials were owned by Davis Sign and contained hazardous substances.

510

3731. By letter dated July 7, 2017, Trex demanded that Davis Sign reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3732. To date, Davis Sign has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3733. Defendant Williams Body Shop ("Williams Body") is the successor to and/or is formerly known as Williams Collision Center.

3734. Williams Collision Center is and/or was located at 1853 Confederate Boulevard, Appomattox, Virginia, 24522.

3735. According to Trex North Carolina Facility records, the generator contact for Williams Collision Center was Gene Williams.

3736. The owner of the property at 1853 Confederate Boulevard, Appomattox, Virginia, 24522 was Eugene Williams.

3737. According to Trex North Carolina Facility records, Williams Collision Center by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Williams Collision Center and contained hazardous substances.

3738. By letter dated July 21, 2017, Trex demanded that Williams Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3739. To date, Williams Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3740. Alternatively, Defendant Moore's Collision Center, LLC ("Moore's Collision") is the successor to and/or is formerly known as Williams Collision Center, as alleged above.

3741. In or about 2020, KMTM properties LLC aquired the assets of Williams Body Shop.

3742. The Registered Agent of KMTM properties LLC is Kendall Scott Moore.

3743. Kendall Moore is the registered agent of Moore's Collision Center, LLC.

3744. Moore's Collision Center, LLC is and/or was located at 1853 Confederate Boulevard, Appomattox, Virginia, 24522.

3745. To date, Moore's Collision Center, LLC has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3746. According to Trex North Carolina Facility records, Defendant Wimmer Mobile Services, Inc. ("Wimmer Mobile") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 320 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wimmer Mobile and contained hazardous substances.

3747. By letter dated June 30, 2017, Trex demanded that Wimmer Mobile reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3748. To date, Wimmer Mobile has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3749. According to Trex North Carolina Facility records, Defendant Wolverine Coatings Corporation ("Wolverine Coatings") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at

least 880 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wolverine Coatings and contained hazardous substances.

3750.   By letter dated June 23, 2017, Trex demanded that Wolverine Coatings reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3751.   To date, Wolverine Coatings has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3752.   Defendant Wood Environment & Infrastructure Solutions, Inc. ("Wheeler Environment") is the successor to and/or is formerly known as Law Engineering.

3753.   Law Engineering, Inc. is or was located at 4333 Wilmont Road, Charlotte, North Carolina, 28208.

3754.   On or about April 3, 1995, Law Engineering, Inc. merged into Law Engineering and Environmental Services, Inc.

3755.   On or about December 19, 2002, Law Engineering and Environmental Services, Inc. changed its name to MACTEC Engineering and Consulting of Georgia, Inc.

3756.   On or about July 30, 2003, MACTEC Engineering and Consulting of Georgia, Inc. merged into MACTEC Engineering and Consulting, Inc.

3757.   On or about August 4, 2011, MACTEC Engineering and Consulting, Inc. changed its name to AMEC E&I, Inc.

3758.   On or about April 26, 2012, AMEC E&I, Inc. merged into AMEC Environment & Infrastructure, Inc.

3759.   On or about February 3, 2015, AMEC Environment & Infrastructure, Inc. changed its name to Amec Foster Wheeler Environment & Infrastructure, Inc.

3760. On or about June 1, 2018, Amec Foster Wheeler Environment & Infrastructure, Inc. changed its name to Wood Environment & Infrastructure Solutions, Inc.

3761. According to Trex North Carolina Facility records, Law Engineering by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 50 gallons of materials to the Trex North Carolina Facility. These materials were owned by Law Engineering and contained hazardous substances.

3762. By letter dated September 1, 2017, Trex demanded that Amec Foster Wheeler reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3763. To date, Wheeler Environment has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3764. Defendant Wood's Body Shop, Inc. ("Wood's Body") is the successor to and/or is formerly known as Woods Auto.

3765. Woods Auto is and/or was located at 6901 Frost Avenue, Columbia, South Carolina, 29203.

3766. According to Trex North Carolina Facility records, the generator contact for Woods Auto was Bo Woods.

3767. Woods Body Shop, Inc. is and/or was located at 6901 Frost Avenue, Columbia, South Carolina, 29203.

3768. Bo Woods is the owner of Woods Body Shop, Inc.

3769. According to Trex North Carolina Facility records, Woods Auto by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for

transport for disposal or treatment, at least 54 gallons of materials to the Trex North Carolina Facility. These materials were owned by Woods Auto and contained hazardous substances.

3770.   By letter dated August 11, 2017, Trex demanded that Wood's Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3771.   To date, Wood's Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3772.   According to Trex North Carolina Facility records, Defendant The Woodshop, Inc. ("Woodshop") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 165 gallons of materials to the Trex North Carolina Facility. These materials were owned by Woodshop and contained hazardous substances.

3773.   By letter dated July 21, 2017, Trex demanded that Woodshop reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3774.   To date, Woodshop has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3775.   According to Trex North Carolina Facility records, Defendant Wurth Wood Group Inc. ("Wurth Wood") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 300 gallons of materials to the Trex North Carolina Facility. These materials were owned by Wurth Wood and contained hazardous substances.

3776. By letter dated July 7, 2017, Trex demanded that Wurth Wood reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3777. To date, Wurth Wood has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3778. According to Trex North Carolina Facility records, Defendant York Body Shop, LLC ("York Body") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 110 gallons of materials to the Trex North Carolina Facility. These materials were owned by York Body and contained hazardous substances.

3779. By letter dated July 28, 2017, Trex demanded that York Body reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3780. To date, York Body has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3781. According to Trex North Carolina Facility records, Defendant Zachry Engineering Corporation ("Zachry Engineering") by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 1,411 gallons of materials to the Trex North Carolina Facility. These materials were owned by Zachry Engineering and contained hazardous substances.

3782. By letter dated March 16, 2020, Trex demanded that Zachry Engineering reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3783. To date, Zachry Engineering has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3784. Defendant Zenith Energy Terminals Holdings LLC ("Zenith Energy") is the successor to and/or is formerly known as ARC Terminal Holdings, LLC.

3785. ARC Terminal Holdings, LLC is and/or was located at 2999 W. Oak St., Selma, North Carolina, 27576.

3786. ARC Terminals Holdings LLC owns the property located at 2999 West Oak Street, Selma, North Carolina, 27576.

3787. On or about December 22, 2017, ARC Terminals Holdings LLC changed its name to Zenith Energy Holdings LLC.

3788. According to Trex North Carolina Facility records, ARC Terminal Holdings, LLC by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 18 gallons of materials to the Trex North Carolina Facility. These materials were owned by ARC Terminal Holdings, LLC and contained hazardous substances.

3789. By letter dated March 16, 2020, Trex demanded that Zenith Energy reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3790. To date, Zenith Energy has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

3791. Defendant D., Inc. ("Zep") is the successor to and/or is also known as Mohawk Industries and Selig Chemical Industries.

3792. In or about 1968, Zep acquired Selig Chemical Industries.

3793. According to Trex North Carolina Facility records, Mohawk Industries and Selig Chemical Industries by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, at least 390 gallons of materials to the Trex North Carolina Facility. These materials were owned by Mohawk Industries and Selig Chemical Industries and contained hazardous substances.

3794. By letter dated October 3, 2017, Trex demanded that Zep reimburse Trex for a specified amount of response costs incurred and to be incurred by Trex at the Trex North Carolina Facility.

3795. To date, Zep has refused to cooperate and has not paid any response costs incurred by Trex at the Trex North Carolina Facility.

## COUNT I – COST RECOVERY UNDER CERCLA

3796. Trex realleges and incorporates by reference Paragraph Nos. 1 through 3795 of this Complaint as if fully restated herein.

3797. Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), provides, in relevant part, that:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances...

3798. "Facility" is defined in CERCLA Section 101(9) as "any building, structure, installation, equipment, pipe or pipeline" or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed...." 42 U.S.C. § 9601(9).

3799.  "Hazardous substance" is defined in CERCLA Section 101(14) by reference to other federal statutes and by reference to a list of substances published by EPA at 40 C.F.R. § 302.4. 42 U.S.C. § 9601(14).

3800.  "Person" is defined in CERCLA Section 101(21) as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body." 42 U.S.C. § 9601(20).

3801.  "Release" is defined in CERCLA Section 101(22) as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant)...." 42 U.S.C. § 9601(22).

3802.  "Response" is defined in CERCLA Section 101(25), and includes "removal" actions, "remedial" actions, and enforcement activities related thereto. 42 U.S.C. § 9601(25).

3803.  The Trex North Carolina Facility is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

3804.  There has been a "release" and/or a threatened "release" of "hazardous substances" at the Trex North Carolina Facility which has caused the incurrence of "response costs" by Trex, within the meanings of Sections 101(22), 101(14) and 107 of CERCLA, 42 U.S.C. §§ 9601(22), 9601(14) and 9607.

3805.  Trex is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

3806.  Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

3807.  Pursuant to CERCLA, 42 U.S.C. § 9607(a)(3), each Defendant is liable as a person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of materials containing hazardous substances owned by such Defendant, at the Trex North Carolina Facility.

3808.  As a result of the release and threatened release of hazardous substances at or from the Trex North Carolina Facility, Trex has incurred response costs and will continue to incur costs of "response," as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

3809.  The response costs incurred by Trex in connection with the Trex North Carolina Facility are consistent with the NCP.

3810.  Pursuant to CERCLA Sections 107 and 113, 42 U.S.C. §§ 9607 and 9613, each Defendant is strictly, jointly and severally liable for the past and future response costs incurred and to be incurred by Trex in response to the release or threatened release of hazardous substances at and from the Trex North Carolina Facility.

WHEREFORE, Trex respectfully requests that this Court enter a judgment in its favor and against all Defendants holding that each Defendant is strictly, jointly and severally liable for the response costs incurred and to be incurred by Trex, including appropriate pre-judgment interest, in connection with the release and/or threatened release of hazardous substances at the Trex North Carolina Facility. Trex further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT II – CONTRIBUTION UNDER CERCLA

3811.   Trex realleges and incorporates by reference Paragraph Nos. 1 through 3810 of this Complaint as if fully restated herein.

3812.   Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1) provides, in relevant part, that:

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title . . . . Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

3813.   All Defendants are liable parties under CERCLA.

3814.   Through July 21, 2021 Trex has incurred over $2,900,000 in response costs at the Trex North Carolina Facility under the RCRA permit.

3815.   Trex is entitled to contribution from all Defendants under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for Defendants' respective equitable shares of all costs and damages incurred by Trex, including applicable interest as provided for in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

WHEREFORE, Trex respectfully requests that this Court enter a judgment in its favor against all Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs, including appropriate pre-judgment interest, associated with the Trex North Carolina Facility. Trex further requests that this Court award interest and costs of suit, including reasonable attorney's fees and consultant fees as permitted by law; and order any such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT III – DECLARATORY RELIEF UNDER CERCLA

3816.   Trex alleges and incorporates by reference Paragraph Nos. 1 through 3815 of this Complaint as if fully restated herein.

3817.   There is a present and actual controversy between Trex and all Defendants concerning their respective rights and obligations with respect to the response costs associated with Trex North Carolina Facility.

3818.   Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides, in relevant part, that:

> In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages. A subsequent action or actions under section 9607 of this title for further response costs at the vessel or facility may be maintained at any time during the response action, but must be commenced no later than 3 years after the date of completion of all response action. Except as otherwise provided in this paragraph, an action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.

3819.   Trex seeks a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against all Defendants holding them liable for their respective equitable shares of response costs, that will be binding in any subsequent action to recover further response costs.

3820.   Trex is entitled to judgment against all Defendants for past and future response costs incurred in connection with the Trex North Carolina Facility.

WHEREFORE, Trex respectfully prays that this Court enter a declaratory judgment against all Defendants finding that they are each liable under CERCLA and are obligated to pay for their equitable shares of all past and future response costs associated with the Trex North Carolina Facility. Trex further requests that this Court award interest and costs of suit, including

reasonable attorney's fees and consultant fees as permitted by law; and order any such relief as

the Court may deem just and appropriate under the circumstances.

Dated:     August 30, 2021                    Respectfully submitted,


**GREEN MISTRETTA LAW, PLLC**

/s/ Stanley B. Green
Stanley B. Green, N.C. Bar No. 25539
sgreen@gmlawyers.org
Robert A. Smith, N.C. Bar No. 49525
rsmith@gmlawyers.org
Tyler J. Mitchell, N.C. Bar No. 56836
tmitchell@gmlawyers.org
1752 Heritage Center Drive, Suite 101
Wake Forest, NC 27587
Telephone:     (919) 278-7453
Facsimile:     (855) 876-8893
*Attorneys for Plaintiff*


**THE JUSTIS LAW FIRM, LLC**
(***pro hac vice* motions forthcoming**)
Matthew T. Merryman
Rachel D. Guthrie
4100 Terrace St.
Kansas City, MO 64111
Telephone: (816) 683-2640
Facsimile: (816) 683-1743
Email: mmerryman@justislawfirm.com
            rguthrie@justislawfirm.com