IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-RJC-DSC

| | |
|---|---|
| **TREX PROPERTIES LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **25TH STREET HOLDING COMPANY INC. et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the "State Defendants' Motion to Dismiss Plaintiff's Complaint" (document #384) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the "State Defendants' Motion to Dismiss Plaintiff's Complaint" (document #384) be <u>granted</u> as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Plaintiff seeks contribution and cost recovery as well as a declaratory judgment for response costs incurred and to be incurred following the release or threatened release of hazardous substances at the Trex North

Carolina Facility ("Facility"). Plaintiff filed its Complaint against more than 919 Defendants, including the North Carolina Department of Health and Human Services, the North Carolina Department of Natural and Cultural Resources, and the North Carolina Department of Public Safety (collectively, the "State Defendants"). Plaintiff alleges that Defendants arranged for the transport of hazardous waste from State facilities (a laboratory, an aquarium, and correctional facilities) to the Facility.

State Defendants have moved to dismiss on grounds of Eleventh Amendment immunity.

## II. DISCUSSION

The existence of federal subject matter jurisdiction is a threshold issue. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A challenge to a court's subject matter jurisdiction may be raised at any time and is properly considered on a motion under Federal Rule of Civil Procedure 12(b)(1). See Fed.R.Civ.P. 12(b)(1) and 12(h). The burden

of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion rests with the plaintiff, the party asserting jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995).

As noted in Haley v. Virginia Department of Health, "[t]he Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6)…The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1) [which provides for the dismissal of claims over which the court lacks subject matter jurisdiction]." Haley, No. 4:12–cv–0016, 2012 WL 5494306, at *2 n. 2 (W.D. Va. Nov. 13, 2012). See e.g., Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."); Beckham v. Nat'l R.R. Passenger Corp., 569 F.Supp.2d 542, 547 (D. Md. 2008) ("[A]lthough the Eleventh Amendment immunity is not a 'true limit' on this Court's subject matter jurisdiction, the Court concludes that it is more appropriate to consider their argument under Fed.R.Civ.P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power." (internal citations omitted)).

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI. Although the Eleventh Amendment expressly provides the states with immunity from suits brought by "citizens of another state, or by citizens or subjects of any foreign state," this bar has been extended to suits brought by a state's own citizens. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267–68 (1997). The immunity afforded to the states has also been extended to "state agents and state instrumentalities." Regents of the Univ. of Cal. v. Doe, 519

U.S. 425, 429 (1997); Lee–Thomas v. Prince George's County Pub. Schs., 666 F.3d 244, 248 (4th Cir. 2012).

Each of the State Defendants is an "arm of the State," a point Plaintiff concedes for purposes of this Motion. "Plaintiff's Response …" at 12 (document #527).  The Fourth Circuit applies a four-part test to determine whether an entity is an arm of the state: (1) "whether the state treasury will be responsible for paying any judgment that might be awarded," (2) "whether the entity exercises a significant degree of autonomy from the state," (3) "whether it is involved with local versus statewide concerns," and (4) "how it is treated as a matter of state law." Md. Stadium Auth. v. Ellerbe Becket, Inc., 407 F.3d 255, 261 (4th Cir. 2005) (quoting Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n, 822 F.2d 456 (4th Cir. 1987)).

Courts in this circuit have found each of the State Defendants entitled to immunity. See, e.g., Biggs v. N.C. Dep't of Pub. Safety, 953 F.3d 236, 241 (4th Cir. 2020) (Department of Public Safety); Allen v. Cooper, 895 F.3d 337, 354 (4th Cir. 2018) (Department of Natural and Cultural Resources); Stewart v. N.C. HHS, No. 5:06-CV-29-BO (2), 2006 U.S. Dist. LEXIS 110618, at *13 (E.D.N.C. July 13, 2006) (Department of Health and Human Services). An arm of the state may waive its Eleventh Amendment immunity and consent to suit in federal court by voluntarily invoking federal jurisdiction or making a clear declaration that it intends to submit itself to federal jurisdiction. College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675 (1999).

The Fourth Circuit has recognized three factors to consider concerning possible waivers of Eleventh Amendment immunity: (1) whether immunity is expressly waived in a state statute or constitutional provision; (2) implied waiver through affirmative litigation conduct; or (3) implied waiver by voluntary participation in federal spending programs when Congress expresses a clear

intent to condition participation in the programs on a State's consent to waive its constitutional immunity. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 491 (4th Cir. 2005) (internal citations and quotations omitted). Plaintiff does not contend that any of these factors apply here, and none appear to apply.

Rather, Plaintiff argues that the State Defendants waived Eleventh Amendment immunity by (1) engaging in the "proprietary function" of waste disposal as would any business as opposed to a governmental function and (2) by the North Carolina Department of Environmental Quality's participation in and supervision of the clean up at the Facility.

As Plaintiff concedes, the Fourth Circuit has not recognized either of these exceptions in the context of Eleventh Amendment immunity. Both proposed exceptions conflict with the four-part test adopted by the Fourth Circuit in Ram Ditta, supra, and the factors courts consider in Constantine, 411 F.3d at 491. Moreover, Plaintiff cites no authority applying a proprietary versus governmental function analysis in the context of waste disposal.

On the second point, Plaintiff cites only Bergmann v. Mich. State Transp. Comm'n, 665 F.3d 681 (6th Cir. 2011). But in Bergmann, the Michigan Department of Transportation was initially sued for recovery costs under CERCLA and entered into a consent decree at a time when the Supreme Court's decision in Pennsylvania v. Union Gas Co., 491 U.S. 1, 23 (1989) was controlling. In Union Gas, the Court held that Congress had statutorily exercised its power under the Commerce Clause to abrogate sovereign immunity under CERCLA. Bergmann, 665 F.3d at 682. The Court subsequently expressly overruled that decision. Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). In Bergmann, during subsequent litigation to enforce the consent decree, the Sixth Circuit held that where Defendant agency participated in the earlier cleanup, entered into a consent decree, and failed to re-assert its immunity for more than a decade following Union Gas

being overruled, the waiver was still effective. 665 F.3d at 682. Even assuming <u>arguendo</u> that analysis applied here, these facts would not support a waiver.

For those reasons the Court concludes that the State Defendants have Eleventh Amendment immunity from Plaintiff's claims.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "State Defendants' Motion to Dismiss Plaintiff's Complaint" (document #384) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED**.

Signed: January 13, 2022

David S. Cayer
United States Magistrate Judge