IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-RJC-DSC

| | |
|---|---|
| TREX PROPERTIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| 25TH STREET HOLDING COMPANY INC. et. al., | ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant Mountain Paint & Decorating Inc.'s "Motion to Dismiss" (document #531) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant Mountain Paint & Decorating Inc.'s "Motion to Dismiss" (document #531) be denied as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Plaintiff seeks contribution and cost recovery as well as a declaratory judgment for response costs incurred and to be incurred following the release or threatened release of hazardous substances at the Trex North

Carolina Facility ("Facility"). Plaintiff filed its Complaint against 919 Defendants including Mountain Paint & Decorating Inc. Taking the factual allegations as true, Defendant is the successor in interest to Brevard Paint and Decorating which operated in a leased space at 283 North Broad Street in Brevard, North Carolina ("Brevard property"). Plaintiff alleges that Brevard Paint arranged for disposal or treatment of 177 gallons of paint which were shipped to the Facility.

Defendant argues that it is not the successor in interest to Brevard Paint, but rather purchased some of its assets. Defendant concedes that two weeks after the sale of assets, a shipment of "paint related waste" was shipped from the Brevard property to the Facility. Defendant also concedes that it was the leaseholder of the Brevard property at the time. Defendant's "Memorandum … in Support …" at 5 (document #532).

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

CERCLA allows "private parties to recover the costs of cleaning up hazardous wastes from certain defined types of person." PCS Nitrogen Inc. v. Ashley II of Charleston LLC, 714 F.3d 161, 167 (4th Cir. 2013) (quoting Axel Johnson, Inc. v. Carroll Carolina Oil Co., 191 F.3d 409, 413 (4th Cir. 1999)). To establish a prima facie case for cost recovery, a plaintiff must plead that (1) the defendant is a potentially responsible person ("PRP"); (2) the site constitutes a "facility"; (3) a "release" or a threatened release of hazardous substances exists; (4) the plaintiff has incurred costs responding to the release or threatened release of hazardous substances; and (5) the response costs conform to the National Contingency Plan. Id. at 167-68 (citing 42 U.S.C. §§ 9601(9), (22), 9607(a) and ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 356 (2d Cir.1997)).

There are four non-mutually exclusive classes of PRPs. Id. at 172 (citing 42 U.S.C. § 9607(a) and Nurad, Inc. v. William E. Hooper & Sons Co., 966 F.2d 837, 841 (4th Cir. 1992)). They include (1) the current "owner" or "operator" of a "facility"; (2) any "person" who "owned" or "operated" the "facility" at the time of disposal of a hazardous substance; (3) any "person" who "arranged for disposal or treatment" of hazardous substances at the "facility"; and (4) any "person" who accepts hazardous substances "for transport to disposal or treatment facilities, incineration vessels or sites." Id.

"The classes of PRPs have an undeniably broad reach." Id. (citing United States v. Atl. Research Corp., 551 U.S. 128, 136 (2007)). But the limitations of derivative liability inherent in corporate law still apply. Id. (citing United States v. Bestfoods, 524 U.S. 51, 62–64 (1998)).

Plaintiff alleges Defendant is the successor in interest to an entity that shipped waste to the Facility. Defendant concedes that it was the leaseholder of the Brevard property when some paint related waste was shipped to the Facility. This is sufficient to establish that Defendant is a PRP. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Mountain Paint & Decorating Inc.'s "Motion to Dismiss" (document #531) be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.** Signed: January 14, 2022

David S. Cayer
United States Magistrate Judge