IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458 KDB-DSC

| | |
|---|---|
| TREX PROPERTIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> 25TH STREET HOLDING COMPANY INC. ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Mountain Paint & Decorating Inc.'s ("Mountain Paint") Motion to Dismiss (Doc. No. 531), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") filed January 14, 2022 (Doc. No. 780) and Mountain Paint's Objection to the M&R (Doc. No. 1011). The Court has carefully considered this motion, the relevant briefs and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the recommendation in the M&R to deny the motion is correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the motion will be **DENIED**.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

1

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd,* 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina, No. 19-2012, 2022 WL 53977, at \*1 (4th Cir. Jan. 5, 2022); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa.*

*Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA") related to the analysis, treatment, removal and disposal of hazardous substances at the Trex North Carolina Facility (the "Site"). Plaintiff alleges that Mountain Paint is the successor in interest to Brevard Paint and Decorating ("Brevard Paint") which operated in a leased space at 283 North Broad Street in Brevard, North Carolina ("Brevard property"). Plaintiff alleges that Brevard Paint arranged for disposal or treatment of 177 gallons of paint which were shipped to the Site. In moving to dismiss and in its objection to the M&R, Mountain Paint argues that it is not the successor in interest to Brevard Paint, but at most bought some assets from Brevard. However, Mountain Paint concedes that two weeks after the sale of assets, a shipment of "paint related waste" was shipped from the Brevard property to the Site. Defendant also concedes that it was the leaseholder of the Brevard property at the time. *See* Doc. No. 532 at 5.

## III. DISCUSSION

With respect to Mountain Paint's objections, the Court finds that they should be overruled and Plaintiff's CERCLA claims against it be allowed to proceed as recommended by

3

the M&R. As described in the M&R, CERCLA allows "private parties to recover the costs of cleaning up hazardous wastes from certain defined types of person." *PCS Nitrogen Inc. v. Ashley II of Charleston LLC*, 714 F.3d 161, 167 (4th Cir. 2013) (quoting *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 191 F.3d 409, 413 (4th Cir. 1999)). To establish a prima facie case for cost recovery, a plaintiff must plead that (1) the defendant is a potentially responsible person ("PRP"); (2) the site constitutes a "facility"; (3) a "release" or a threatened release of hazardous substances exists; (4) the plaintiff has incurred costs responding to the release or threatened release of hazardous substances; and (5) the response costs conform to the National Contingency Plan. *Id.* at 167-68 (citing 42 U.S.C. §§ 9601(9), (22), 9607(a) and *ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 356 (2d Cir.1997)).

There are four non-mutually exclusive classes of PRPs. *Id.* at 172 (citing 42 U.S.C. § 9607(a) and *Nurad, Inc. v. William E. Hooper & Sons Co.*, 966 F.2d 837, 841 (4th Cir. 1992)). They include (1) the current "owner" or "operator" of a "facility"; (2) any "person" who "owned" or "operated" the "facility" at the time of disposal of a hazardous substance; (3) any "person" who "arranged for disposal or treatment" of hazardous substances at the "facility"; and (4) any "person" who accepts hazardous substances "for transport to disposal or treatment facilities, incineration vessels or sites." *Id.* "The classes of PRPs have an undeniably broad reach." *Id.* (citing *United States v. Atl. Research Corp.*, 551 U.S. 128, 136 (2007)).

As noted, Mountain Paint disputes the factual accuracy of Plaintiff's claims, in particular as to its potential liability as a successor to Brevard Paint. However, the merits of Mountain Paint's defensive arguments cannot properly be resolved in the context of a 12(b)(6) motion in which Plaintiff's plausibly pled allegations must be accepted as true. Although discovery and further proceedings may in fact establish that Mountain Paint's contentions are correct (and the

4

Court expresses no opinion on the merits of Plaintiff's claims), at this early stage of the case, Plaintiff's allegations, taken as true, are sufficient to establish that Mountain Paint may be a PRP. The M&R's recommendation that Mountain Paint's motion to be dismiss be denied as to Plaintiff's CERCLA claims will accordingly be adopted.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R, (Doc. No. 681), is **ADOPTED**;

2. Defendant Mountain Paint & Decorating Inc.'s Motion to Dismiss (Doc. No. 531) is **DENIED**; and

3. This case shall proceed towards a decision on the merits of the Plaintiff's claims against this Defendant in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 11, 2022

Kenneth D. Bell
United States District Judge