# EXHIBIT E

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

**STATE OF MICHIGAN**

**IN THE 6ᵀᴴ CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

ENVIRONMENTAL LIABILITY TRANSFER,
INC, a Missouri corporation,
COMMERCIAL DEVELOPMENT COMPANY,
INC, a Missouri corporation,
TREX PROPERTIES, LLC, a Missouri limited
liability company,
THOMAS E. ROBERTS, an individual,
KARIN L. ROBERTS, an individual,
MICHAEL J. ROBERTS, an individual, and
MELODY A. ROBERTS, an individual,

          Plaintiffs/Counter-Defendants,

v

DETREX CORPORATION, a Michigan
corporation,

          Defendant/Counter-Plaintiff.

Case No. 2017-158771-CB
Hon. James M. Alexander

---

FAUSONE BOHN, LLP
Paul F. Bohn (P41863)
Christopher S. Frescoln (P63175)
James M. Pelland (P51237)
*Attorneys for Plaintiffs/Counter-Defendants*
41700 West Six Mile Road, Suite 101
Northville, Michigan 48168
(248) 380-0000
pbohn@fb-firm.com
cfrescoln@fb-firm.com
jpelland@fb-firm.com

Thomas M. Dixon (P41870)
Jay M. Barger (P57663)
Zachary A. Rowley (P79946)
CLARK HILL PLC
*Attorneys for Defendant/Counter-Plaintiff*
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
tdixon@clarkhill.com
jberger@clarkhill.com
zrowley@clarkhill.com

---

**FAUSONE
BOHN, LLP**

41700 West Six Mile
Road, Suite 101
Northville, MI 48168

(248) 380-0000
(248) 380-3434 (Fax)

---

### PLAINTIFFS' FIRST AMENDED COMPLAINT

    NOW COME Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC,

COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS

E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS,

by and through their attorneys, Fausone Bohn, LLP, and for their Frist Amended Complaint against Defendant, DETREX CORPORATION, state:

## Parties, Jurisdiction and Venue

1.    Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC ("ELT") and COMMERCIAL DEVELOPMENT COMPANY, INC ("CDC"), are Missouri corporations that have conducted business in Oakland County, Michigan.

2.    Plaintiff, TREX PROPERTIES, LLC ("TREX"), is a Missouri limited liability company that has conducted business in Oakland County, Michigan.

3.    Plaintiffs, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS, MELODY A. ROBERTS, are individuals residing in the State of Missouri who have conducted business in Oakland County, Michigan.

4.    Defendant, DETREX CORPORATION ("DETREX"), is a Michigan corporation that conducts business in Oakland County, Michigan.

5.    The amount in controversy exceeds $25,000.00 and this Circuit Court has jurisdiction of all claims made herein pursuant to MCL 600.605 and MCL 600.711.

6.    Venue is proper in this Oakland County Circuit Court pursuant to MCL 600.1621.

## General Allegations

7.    At all times relevant hereto, DETREX is and was in the business of selling, reclaiming, storing, treating and disposing of cleaning solvents and solutions and other hazardous substances and wastes.   As part of this business, DETREX also operated a parts cleaning business, which required the use, storage, reclamation and disposal of chemical cleaning solvents and other hazardous substances and wastes.

8.    Plaintiff, ELT, is and was in the business of purchasing environmental liabilities.

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

2

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

9. On June 18, 2013 DETREX, as "Seller," and ELT, as "Buyer," executed an Environmental Liabilities Transfer Agreement (the "Transfer Agreement") that is attached at Exhibit 1, with Exhibits A through G to the Transfer Agreement incorporated therein.

10. On the same date, June 18, 2013, Plaintiff, CDC, executed the Transfer Agreement as "Guarantor."

11. Together with the Transfer Agreement, on June 18, 2013 DETREX, ELT and CDC, each in their same respective capacities, executed a First Amendment to the Transfer Agreement that is attached at Exhibit 2 (the "First Amendment").

12. Together with the Transfer Agreement and First Amendment, on June 18, 2013 DETREX, ELT and CDC, each in their same respective capacities, executed a Second Amendment to the Transfer Agreement (the "Second Amendment"). The Second Amendment contains a confidentiality provision, and is not attached to this Complaint as an exhibit. DETREX is a party to the Second Amendment, and possesses a copy of the Second Amendment.

13. On June 18, 2013, Plaintiff, TREX, executed the Second Amendment collectively with ELT as a "Buyer." TREX also executed the Assignment and Assumption of Leases, Contract, Licenses and Permits, together with ELT jointly as "Assignee," and DETREX as "Assignor," that is attached at Exhibit B to the Transfer Agreement; the Assignment of Claims, together with ELT jointly as "Assignee," and DETREX as "Assignor," that is attached at Exhibit C to the Transfer Agreement; the Remedial Escrow Agreement, together with ELT as "Buyer," DETREX as "Seller" and JPMorgan Chase as "Remedial Escrow Agent" that is attached at Exhibit D to the Transfer Agreement; and the Sales Proceeds Escrow Agreement, together with ELT, DETREX and Enterprise Bank & Trust, that is attached at Exhibit E to the Transfer Agreement.

3

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

14. On June 18, 2013 Plaintiffs, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, executed a Limited Guaranty Agreement (the "LGA") in the form that is attached to the Transfer Agreement at Exhibit G.

15. On June 18, 2013 ELT conveyed, transferred, sold and assigned all of its right, title and interest in and to the Transfer Agreement to TREX pursuant to the terms of the Assignment of Environmental Liability Transfer Agreement that is attached at <u>Exhibit 3</u>.

16. Pursuant to the terms of the parties' agreements the "Closing Date" was accelerated and closing took place on June 18, 2013, simultaneous with the execution of the Transfer Agreement, and related papers, at closing.

17. Pursuant to the terms of the Transfer Agreement, DETREX paid the amount of Eleven Million Seventy-Five Thousand and 00/100 Dollars ($11,075,000.00) in "Remedial Funds" to JPMorgan Chase, N.A. as escrow Agent (the "Remedial Escrow Agent"). DETREX paid the additional sum of One Million Eight Hundred Thousand and 00/100 Dollars ($1,800,000.00), described as the "Risk Premium & Mobilization Fee," to Buyer.

18. The Remedial Funds were to be disbursed according to the terms of the Remedial Escrow Agreement.

19. As additional consideration, DETREX further conveyed title and possession of the parcels of real estate described in Exhibit A-1 of the Transfer Agreement to Buyer.

20. Pursuant to Section 9.1 of the Transfer Agreement, but subject to the "Excluded Matters" detailed in Section 9.2, at closing Buyer was to "assume, pay and be responsible for all risks, liabilities, obligations, responsibilities, costs, and expenses of any nature whatsoever which may now exist or hereafter arise directly or indirectly from, out of, or in connection with (i) Environmental Clean-Up Liability; (ii) Pre-Existing Pollution Conditions; (iii) new Pollution

4

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

Conditions arising from, relating to or associated with the Exhibit A-1 Properties; and (iv) all costs of compliance, accruing after the Closing Date, with any and all applicable Environmental Laws or other agreement affecting the Exhibit A-1 Properties, or governing or in any way relating to the generation, handling, manufacturing, treatment, storage, use, transportation, spillage, leakage, dumping, discharge, cleanup, removal or disposal of any actual, alleged or suspected Pollutants (collectively the 'Assumed Obligations')."

21.     Pursuant to Section 9.2 of the Transfer Agreement Buyer did not assume matters not within the definition of the Assumed Obligations and did not assume the following specific matters, even if they came within the definition of Assumed Obligations: "(iii) liability for adverse environmental conditions actually known by Seller and intentionally and fraudulently withheld from Buyer by Seller."

22.     Pursuant to Section 10.3 of the Transfer Agreement DETREX is responsible for, and shall indemnify, protect, defend, and hold Buyer and its assigns and related parties harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with Section 9.2(i) through (vi) of the Transfer Agreement, or DETREX's breach of or failure to comply with its covenants or obligations under the Transfer Agreement.

23.     Pursuant to the Transfer Agreement, DETREX purported to transfer title and certain "Assumed Obligations" for the two parcels listed on Exhibit A-1 as 3114 Cullman

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 6 of 31

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

Avenue, Charlotte, NC 28206 and 3124 Cullman Avenue, Charlotte, NC 28206 (collectively the "Cullman Parcel").

24.     On the Closing Date and prior thereto Parts Cleaning Technologies of North Carolina, Inc., a Michigan corporation ("PCT"), was DETREX's tenant at the Cullman Parcel, pursuant to a written Lease made on June 1, 2002, and extending through and beyond the Closing Date.

25.     At and prior to the Closing Date, PCT was owned and operated by David Crandell, its President.

26.     At and prior to the Closing Date, David Crandell was a current or former employee, agent and officer of DETREX.

27.     At and prior to the Closing Date, DETREX operated at the Cullman Parcel in the business of storing and distributing industrial solvents and parts cleaning products.

28.     In connection with its operation of this business, DETREX held a Resource Conservation and Recovery Act Part B Permit (the "Part B Permit") at the Cullman Parcel.

29.     The Part B Permit allowed the handling, storage, reclamation, treatment, and disposal of the cleaning solvents and other hazardous substances and wastes processed in the operation of DETREX's business at the Cullman Parcel.

30.     The Part B Permit also required certain rules, regulations and environmental and other laws be strictly followed in the handling, storage and disposal of hazardous substances and wastes.  Such rules and regulations included, but were not limited to, the quantity of, the length of time, and the locations on the Cullman Property the hazardous substances and wastes could be properly and legally stored.

6

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

31. In addition to the Part B Permit requirements, DETREX was required to comply with all state and federal environmental laws and regulations.

32. On June 1, 2002 DETREX and PCT executed an Asset Purchase Agreement whereby DETREX agreed to sell certain assets of its business, consisting of the right to distribute solvents and parts cleaning products, provide parts cleaning services and assist customers in the analysis and implementation of cleaning operations (the "PCT Business"), to PCT.

33. On June 1, 2002, in connection with the sale of the PCT Business, DETREX and Solvent Distributors of North Carolina, Inc., a Michigan corporation ("Solvent Distributors"), executed a written Service Agreement by which Solvent Distributors agreed to perform certain services, on behalf of DETREX, relating to the Part B Permit. A copy of the Service Agreement is attached at Exhibit 4 (the "Service Agreement").

34. Plaintiffs are informed and believe, and on that basis allege that Defendant Crandell is and always has been the owner and President of Solvent Distributors, and is actively involved in the operation and management of Solvent Distributors.

35. In connection with the closing of the June 18, 2013 transaction, DETREX assigned all right, title and interest in the Service Agreement to ELT.

36. ELT thereafter assigned all right, title and interest in the Service Agreement to TREX.

37. On January 28, 2014 TREX and Solvent Distributors executed a First Amendment to Service Agreement that is attached at Exhibit 5.

38. At and prior to the Closing Date, Solvent Distributors acted as DETREX's agent relative to all services described in the Service Agreement.

7

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

39.    In his capacity as an agent, employee and officer for DETREX, PCT and Solvent Distributors, and perhaps other entities operating at the Cullman Parcel, Plaintiffs are informed and believe, and on that basis allege that David Crandell at all times relevant hereto possessed substantial knowledge, skill and information related to the handling, selling, reclaiming, storing, and proper disposal of cleaning solvents and solutions and other hazardous substances and wastes.  Such knowledge, skill and information includes, but is not limited to, the proper handling, storage and disposal of hazardous substances and wastes as required by state and federal laws and regulations and the Part B Permit.

40.    Plaintiffs are informed and believe, and on that basis allege that DETREX and PCT commenced the business of storing hazardous substances and wastes at the Property on or about June, 2002.  DETREX and PCT were operating the business under the Part B Permit, which permit remained in the name of DETREX.

41.    On the Closing Date, when DETREX purported to transfer title and certain "Assumed Obligations" for the Cullman Parcel to Buyer under the Transfer Agreement, TREX accepted an assignment of the pertinent Part B Permit and was assigned all rights, title and interest in the Lease between DETREX and PCT.

42.    DETREX and PCT, over the course of their operations at the Cullman Parcel, received, stored, handled and disposed of various hazardous substances and wastes in violation of state and federal laws and regulations, and in violation of the Part B Permit.  As a result of such operations, Defendants caused the release and/or threatened release of hazardous substances and wastes at the Cullman Parcel.

8

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

43.     DETREX and PCT operated a facility on the Cullman Parcel and stored and disposed of or caused the disposal and release of hazardous substances and wastes at the Cullman Parcel.

44.     DETREX and PCT further engaged in practices which are in violation of state and federal environmental laws and regulations, and in violation of the terms of the Part B Permit.

45.     PCT was evicted from the Cullman Parcel for nonpayment of rent on or about July 7, 2014.

46.     When PCT was evicted from the Cullman Parcel and ceased operations there, it left over 16,250 gallons of hazardous substances and wastes on the premises.

47.     In addition to the hazardous substances and wastes stored at the Cullman Parcel, hazardous substances and wastes were illegally stored in locked semi-trailers and other locations on the premises in violation of state and federal laws and regulations.   In excess of 40,000 gallons of hazardous substances and wastes and several thousand pounds of hazardous substances and wastes solids were found in locked semi-trailers and in other locations at the Cullman Parcel in or around the summer of 2015.

48.     Plaintiffs are informed and believe, and based thereon allege that the apparent purpose of such activities by DETREX was to avoid the time, cost and expense of properly and legally disposing of such hazardous substances and wastes, and to store and dispose of the same in a manner and fashion so as to hide such illegal practices.

49.     Plaintiffs are informed and believe, and based thereon allege that DETREX is and was an operator, generator and transporter of various hazardous substances and wastes that have been transported to the Cullman Parcel, and that DETREX is the party that arranged for the

9

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

disposal of the hazardous substances and wastes, whereby such hazardous substances and wastes have been ultimately stored, disposed of and/or released at the Cullman Parcel.

50.     As such, DETREX is a responsible and liable party as an operator, transporter, generator and one which arranges for the disposal of hazardous substances and wastes on the Cullman Parcel.

51.     At all relevant times hereto, DETREX had actual knowledge of the existence of the hazardous substances and wastes that were hidden inside loaded trailers at the Cullman Parcel as a result of its operations and the condition in which it left the Cullman Parcel.

52.     On or about November 5, 2014, the North Carolina Department of Environmental & Natural Resources ("NCDENR"), issued a Short Form Compliance Order with Administrative Penalty ("NCDENR Order") for the violations concerning the hazardous substances and wastes stored and located at the Cullman Parcel.

53.     TREX was required by the NCDENR Order as the new owner of the Cullman Parcel to remove, remediate and dispose of the hazardous substances and wastes that DETREX and PCT had improperly and illegally hidden at the premises.

54.     In addition, TREX was required to expend substantial sums of money to remove, remediate and dispose of the hazardous and substances and wastes that were discovered in the locked semi-trailers and other locations on the Cullman Parcel after PCT was evicted.

55.     TREX has expended in excess of $900,000.00 to remove, remediate and dispose of the hazardous substances and wastes on the Cullman Parcel that was illegally stored.  In addition, all Plaintiffs have incurred, and will continue to incur, expenses, fees and other costs, including, but not limited to attorneys' fees, to remove, remediate, and dispose of the hazardous

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 11 of 31

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

substances and wastes and to deal with violations of environmental laws and regulations directly resulting from DETREX's improper and illegal actions at the Cullman Parcel.

56.     Plaintiffs are informed and believe, and based thereon allege that DETREX's employee, agent and officer, David Crandell, asserted dominion and control over all operations at the Cullman Parcel in a manner to commit a wrong against TREX and all Plaintiffs.

57.     The wrongs committed by David Crandell and DETREX at the Cullman Parcel, as described herein, were not disclosed to Plaintiffs at or prior to the Closing Date and the purported transfer of the "Assumed Obligations" under the Transfer Agreement.

58.     The wrongs committed by David Crandell and DETREX at the Cullman Parcel, as described herein, were not only actually known by DETREX as "Seller" under the Transfer Agreement, they were perpetrated by DETREX's employee, agent and officer, David Crandell, and intentionally and fraudulently withheld from all Plaintiffs at and prior to the Closing Date.

59.     DETREX and Crandell concealed the hazardous substances and wastes stored at the Cullman Parcel at and prior to the Closing Date, and secured the hazardous substances and wastes illegally stored in the semi-trailers.

60.     The hazardous substances and wastes that were stored at the Cullman Parcel and fraudulently concealed from Plaintiffs at and prior to the Closing Date constitute adverse environmental conditions actually known by DETREX and intentionally and fraudulently withheld from Buyer by DETREX.

61.     Plaintiffs negotiated the terms of the Transfer Agreement in good faith based on the information disclosed by DETREX in advance of and leading to the Closing Date.

62.     DETREX was obligated by law to engage in the same negotiation with Plaintiffs in good faith and fair dealing.

11

63.    If DETREX had disclosed these adverse environmental conditions, then Plaintiffs would not have closed the transaction, they would not have taken on any of the "Assumed Obligations" or related obligations, and they would not have executed the Transfer Agreement or any of the related instruments, including the individuals Plaintiffs' Limited Guaranty Agreement.

64.    If DETREX had not concealed these adverse environmental conditions, then Plaintiffs would have discovered them and they would not have closed the transaction, they would not have taken on any of the "Assumed Obligations" or related obligations, and they would not have executed the Transfer Agreement or any of the related instruments, including the individuals Plaintiffs' Limited Guaranty Agreement.

65.    By DETREX's fraudulent actions and omissions, as described herein, DETREX has violated its obligation of good faith and fair dealing to Plaintiffs.

66.    An absolute identity of interest exists between DETREX, PCT, Solvent Distributors and David Crandell relative to all operations at the Cullman Parcel, and DETREX is chargeable with each and every action, omission, disclosure, failure to disclosure and concealment perpetrated by David Crandell, its employee, agent and officer.

67.    For DETREX's fraud and its breaches, Plaintiffs are entitled to all legal and equitable remedies, including but not limited to rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations that DETREX fraudulently purported to impose on Plaintiffs through closing of the transaction on June 18, 2013, and an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages.

68.    In addition to the adverse environmental conditions at the Cullman Parcel, Plaintiffs have discovered adverse environmental conditions at other sites listed on Exhibit A and

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

12

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

Exhibit A-1 that they believe were either known by DETREX and not disclosed to Plaintiffs, or actively concealed from Plaintiffs at and prior to the Closing Date, by DETREX and its employees, agents and officers.

69. Due to the clandestine nature of DETREX's actions and omissions, and its failure to give appropriate disclosures, Plaintiffs are unable to plead their claims with particularity as to other sites without the benefit of discovery and judicial process.

70. CDC and the individual Plaintiffs, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, are third-party obligors as well as intended third-party beneficiaries under the Transfer Agreement, and as to each and every count alleged herein these Plaintiffs, as third party beneficiaries pursuant to MCL 600.1405, are entitled to the same relief, protections and indemnification to which ELT and Trex are entitled.

71. CDC and the individual Plaintiffs, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, are "Buyer Parties" pursuant to paragraph 10.3 of the Transfer Agreement, and as to each and every count alleged herein they are entitled to all right, remedies and prayers described herein and in paragraph 10.3 of the Transfer Agreement.

## COUNT I
## FRAUD IN THE INDUCEMENT

72. Plaintiffs incorporate all allegations set forth in this Complaint in this count as though fully set forth herein.

73. DETREX made material representations to Plaintiffs, both orally and in provision of written materials, that the Cullman Parcel, and other properties listed in Exhibit A and Exhibit

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 14 of 31

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

A-1 to the Transfer Agreement, were not affected by adverse environmental conditions actually known by DETREX and intentionally and fraudulently withheld from Plaintiffs.

74.     This representation is now known to have been false, based on Plaintiffs' and the NCDENR's discovery of violations concerning the hazardous substances and wastes stored and located at the Cullman Parcel, as more fully described and alleged in Plaintiffs' General Allegations.

75.     When DETREX made its representations, DETREX knew that its representations were false, or it made them recklessly, without knowledge of the truth of the matters represented, and as positive assertions.

76.     DETREX further actively concealed the existence of the hazardous substances and wastes stored and located at the Cullman Parcel, as more fully described and alleged in Plaintiffs' General Allegations.

77.     DETREX made its representations with the intention that Plaintiffs act upon them in closing the transaction described in the Transfer Agreement and all related instruments and papers, and with the intention that Plaintiffs relieve DETREX of both the obligations that it disclosed to Plaintiffs, and those that it concealed from Plaintiffs.

78.     Plaintiffs acted in reliance on DETREX's representations, and proceeded to close the transaction on June 18, 2013.

79.     Plaintiffs have suffered damages that include liability for obligations that they did not agree to assume, as well as all attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which fees and costs are elements of damages.

80.     Plaintiffs' damages are well in excess of $25,000.00.

14

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

81. DETREX obtained Plaintiffs' execution of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, as a result of fraud and misrepresentation.

82. Plaintiffs are entitled to both monetary relief and rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013.

83. In the alternative, Plaintiffs are entitled to both monetary relief and the partial rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations relating to the Cullman Parcel.

WHEREFORE Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC, COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, respectfully pray for the following relief:

A. That the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed forever null and void;

B. that the Court order and adjudge that the parties shall be returned to their respective positions existing prior to the closing of the transaction on June 18, 2013;

C. that the Court order and adjudge that Plaintiffs' shall be awarded their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages;

D. that, in the alternative to a complete rescission, the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed null and void as to the "Cullman Parcel;"

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 16 of 31

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

E. that the Court order and adjudge that Plaintiffs shall have a money judgment entered in their favor and against DETREX, for all damages they have suffered, and for all damages to accrue subsequent to their filing of this pleading, including an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which damages are in excess of $25,000.00;

F. that the Court order and adjudge that all "Assumed Liabilities" that DETREX purported to impose on Plaintiffs through the Transfer Agreement and related instruments be restored solely and completely in DETREX, with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013;

G. that, in the alternative to a complete rescission, the Court order, adjudge and declare that the "Cullman Parcel" is not an "Assumed Liability" under paragraph 9.1 of the "Transfer Agreement," but is an "Excluded Matter" under paragraph 9.2 of the "Transfer Agreement," and that the Court return and restore title to the "Cullman Parcel" in DETREX solely and completely, together with all liabilities described in paragraph 9.1 of the "Transfer Agreement," and with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with the "Cullman Parcel;"

H. and that the Court grant such further or additional relief as the Court may deem just and equitable under the circumstances.

## COUNT II
## FRAUD AND MISREPRESENTATION

84.     Plaintiffs incorporate all allegations set forth in this Complaint in this count as though fully set forth herein.

16

85.     DETREX made material representations to Plaintiffs, both orally and in provision of written materials, that the Cullman Parcel, and other properties listed in Exhibit A and Exhibit A-1 to the Transfer Agreement, were not affected by adverse environmental conditions actually known by DETREX and intentionally and fraudulently withheld from Plaintiffs.

86.     This representation is now known to have been false, based on Plaintiffs' and the NCDENR's discovery of violations concerning the hazardous substances and wastes stored and located at the Cullman Parcel, as more fully described and alleged in Plaintiffs' General Allegations.

87.     When DETREX made its representations, DETREX knew that its representations were false, or it made them recklessly, without knowledge of the truth of the matters represented, and as positive assertions.

88.     DETREX further actively concealed the existence of the hazardous substances and wastes stored and located at the Cullman Parcel, as more fully described and alleged in Plaintiffs' General Allegations.

89.     DETREX made its representations with the intention that Plaintiffs act upon them in closing the transaction described in the Transfer Agreement and all related instruments and papers, and with the intention that Plaintiffs relieve DETREX of both the obligations that it disclosed to Plaintiffs, and those that it concealed from Plaintiffs.

90.     Plaintiffs acted in reliance on DETREX's representations, and proceeded to close the transaction on June 18, 2013.

91.     Plaintiffs have suffered damages that include liability for obligations that they did not agree to assume, as well as all attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which fees and costs are elements of damages.

17

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

92.    Plaintiffs' damages are well in excess of $25,000.00.

93.    DETREX obtained Plaintiffs' execution of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, as a result of fraud and misrepresentation.

94.    Plaintiffs are entitled to both monetary relief and rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013.

95.    In the alternative, Plaintiffs are entitled to both monetary relief and the partial rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations relating to the Cullman Parcel.

96.    DETREX's actions and omissions, as alleged herein, further constitute a fraud on Plaintiffs based on bad-faith promises.

WHEREFORE Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC, COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, respectfully pray for the following relief:

A. That the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed forever null and void;

B. that the Court order and adjudge that the parties shall be returned to their respective positions existing prior to the closing of the transaction on June 18, 2013;

C. that the Court order and adjudge that Plaintiffs' shall be awarded their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages;

18

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

D. that, in the alternative to a complete rescission, the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed null and void as to the "Cullman Parcel;"

E. that the Court order and adjudge that Plaintiffs shall have a money judgment entered in their favor and against DETREX, for all damages they have suffered, and for all damages to accrue subsequent to their filing of this pleading, including an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which damages are in excess of $25,000.00;

F. that the Court order and adjudge that all "Assumed Liabilities" that DETREX purported to impose on Plaintiffs through the Transfer Agreement and related instruments be restored solely and completely in DETREX, with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013;

G. that, in the alternative to a complete rescission, the Court order, adjudge and declare that the "Cullman Parcel" is not an "Assumed Liability" under paragraph 9.1 of the "Transfer Agreement," but is an "Excluded Matter" under paragraph 9.2 of the "Transfer Agreement," and that the Court return and restore title to the "Cullman Parcel" in DETREX solely and completely, together with all liabilities described in paragraph 9.1 of the "Transfer Agreement," and with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with the "Cullman Parcel;"

H. and that the Court grant such further or additional relief as the Court may deem just and equitable under the circumstances.

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 20 of 31

97.     Plaintiffs incorporate all allegations set forth in this Complaint in this count as though fully set forth herein.

98.     As of the Closing Date and prior thereto, DETREX failed to disclose material facts to Plaintiffs about the Cullman Parcel and other properties listed on Exhibit A and Exhibit A-1 to the Transfer Agreement.

99.     DETREX failed to disclose the existence of the hazardous substances and wastes stored and located at the Cullman Parcel, as more fully described and alleged in Plaintiffs' General Allegations.

100.    DETREX had actual knowledge of the existence of the hazardous substances and wastes stored and located at the Cullman Parcel, and actively concealed the existence of those hazardous substances and wastes, as more fully described and alleged in Plaintiffs' General Allegations.

101.    DETREX's failure to disclose these adverse environmental conditions gave Plaintiffs a false impression of the nature and quality of the portfolio it offered for sale.

102.    When DETREX failed to disclose these adverse environmental conditions, it should have known that its failure to disclose would create a false impression in Plaintiffs.

103.    When DETREX failed to disclose these adverse environmental conditions, it intended that Plaintiffs would rely on the resulting false impression.

104.    Plaintiffs in fact relied on the false impression given by DETREX.

105.    Plaintiffs have suffered damages that include liability for obligations that they did not agree to assume, as well as all attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which fees and costs are elements of damages.

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

106. Plaintiffs' damages are well in excess of $25,000.00.

107. DETREX obtained Plaintiffs' execution of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, as a result of fraud and misrepresentation.

108. Plaintiffs are entitled to both monetary relief and rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013.

109. In the alternative, Plaintiffs are entitled to both monetary relief and the partial rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations relating to the Cullman Parcel.

WHEREFORE Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC, COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, respectfully pray for the following relief:

A. That the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed forever null and void;

B. that the Court order and adjudge that the parties shall be returned to their respective positions existing prior to the closing of the transaction on June 18, 2013;

C. that the Court order and adjudge that Plaintiffs' shall be awarded their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages;

D. that, in the alternative to a complete rescission, the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed null and void as to the "Cullman Parcel;"

21

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

E.  that the Court order and adjudge that Plaintiffs shall have a money judgment entered in their favor and against DETREX, for all damages they have suffered, and for all damages to accrue subsequent to their filing of this pleading, including an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which damages are in excess of $25,000.00;

F.  that the Court order and adjudge that all "Assumed Liabilities" that DETREX purported to impose on Plaintiffs through the Transfer Agreement and related instruments be restored solely and completely in DETREX, with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013;

G.  that, in the alternative to a complete rescission, the Court order, adjudge and declare that the "Cullman Parcel" is not an "Assumed Liability" under paragraph 9.1 of the "Transfer Agreement," but is an "Excluded Matter" under paragraph 9.2 of the "Transfer Agreement," and that the Court return and restore title to the "Cullman Parcel" in DETREX solely and completely, together with all liabilities described in paragraph 9.1 of the "Transfer Agreement," and with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with the "Cullman Parcel;"

H.  and that the Court grant such further or additional relief as the Court may deem just and equitable under the circumstances.

## COUNT IV
## BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

110.  Plaintiffs incorporate all allegations set forth in this Complaint in this count as though fully set forth herein.

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 23 of 31

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

111. DETREX is aware of the fraud that it perpetrated on Plaintiffs.

112. DETREX is aware that Buyer's liability for the adverse environmental conditions at the Cullman Parcel are not "Assumed Obligations," and are excluded from the transfer purported to be made in the Transfer Agreement.

113. DETREX retained all liability for those adverse environmental conditions, and under the Transfer Agreement DETREX is obligated to indemnify, protect, defend and hold Plaintiffs harmless from and against all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013.

114. DETREX has failed or refused to perform its obligations to indemnify and hold Buyer harmless pursuant to the terms of the Transfer Agreement.

115. DETREX's failure or refusal to perform its obligations to indemnify and hold Buyer harmless pursuant to the terms of the Transfer Agreement is a breach of the Transfer Agreement.

116. Plaintiffs have suffered damages that include liability for obligations that they did not agree to assume, as well as all attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which fees and costs are elements of damages.

117. Plaintiffs' damages are well in excess of $25,000.00.

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 24 of 31

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

118.    DETREX obtained Plaintiffs' execution of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, as a result of fraud and misrepresentation.

119.    Plaintiffs are entitled to both monetary relief and complete rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013.

120.    In the alternative, Plaintiffs are entitled to both monetary relief and the partial rescission of the Transfer Agreement, and all related agreements, assignments, papers and obligations relating to the Cullman Parcel.

WHEREFORE Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC, COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, respectfully pray for the following relief:

A. That the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed forever null and void;

B. that the Court order and adjudge that the parties shall be returned to their respective positions existing prior to the closing of the transaction on June 18, 2013;

C. that the Court order and adjudge that Plaintiffs' shall be awarded their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages;

D. that, in the alternative to a complete rescission, the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed null and void as to the "Cullman Parcel;"

E. that the Court order and adjudge that Plaintiffs shall have a money judgment entered in their favor and against DETREX, for all damages they have suffered, and for all damages to accrue subsequent to their filing of this pleading, including an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which damages are in excess of $25,000.00;

F. that the Court order and adjudge that all "Assumed Liabilities" that DETREX purported to impose on Plaintiffs through the Transfer Agreement and related instruments be restored solely and completely in DETREX, with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013;

G. that, in the alternative to a complete rescission, the Court order, adjudge and declare that the "Cullman Parcel" is not an "Assumed Liability" under paragraph 9.1 of the "Transfer Agreement," but is an "Excluded Matter" under paragraph 9.2 of the "Transfer Agreement," and that the Court return and restore title to the "Cullman Parcel" in DETREX solely and completely, together with all liabilities described in paragraph 9.1 of the "Transfer Agreement," and with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with the "Cullman Parcel;"

H. and that the Court grant such further or additional relief as the Court may deem just and equitable under the circumstances.

## COUNT V
## CONTRACTUAL INDEMNIFICATION

121. Plaintiffs incorporate all allegations set forth in this Complaint in this count as though fully set forth herein.

122. Plaintiffs have a valid contract with DETREX.

25

123. Pursuant to paragraph 10.3 of the Transfer Agreement, DETREX has the following obligation to Plaintiffs:

> 10.3 **Indemnification by Seller**. Seller shall be responsible for, and shall indemnify, protect, defend, and hold harmless Buyer and Buyer's affiliates, managers, members, directors, officers, shareholders, employees, trustees, beneficiaries, agents, attorneys, representatives, and contractors, and their respective successors and assigns (collectively with Buyer, the "Buyer Parties") from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with Section 9.2 (i) through (vi) of this Agreement or Seller"s breach of or failure to comply with its covenants or obligations under this Agreement (collectively, "Buyer Indemnity Costs").

124. DETREX, either directly or through its servicing agent, Solvent Distributors, had knowledge of the adverse environmental conditions at the Cullman Parcel and intentionally and fraudulently withheld those conditions from Buyer.

125. DETREX has failed to indemnify and hold Plaintiffs harmless from the adverse environmental conditions at the Cullman Parcel and has breached the Transfer Agreement and caused Plaintiffs to incur Buyer Indemnity Costs.

126. Pursuant to paragraph 10.3 of the Transfer Agreement, DETREX must indemnify, protect, defend and hold Plaintiffs harmless against these Buyer Indemnity Costs, including but not limited to their attorneys' fees and expenses.

WHEREFORE Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC, COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, respectfully pray for the following relief:

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

Received for Filing Oakland County Clerk   6/21/2017 4:11 PM

A. That the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed forever null and void;

B. that the Court order and adjudge that the parties shall be returned to their respective positions existing prior to the closing of the transaction on June 18, 2013;

C. that the Court order and adjudge that Plaintiffs' shall be awarded their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages;

D. that, in the alternative to a complete rescission, the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed null and void as to the "Cullman Parcel;"

E. that the Court order and adjudge that Plaintiffs shall have a money judgment entered in their favor and against DETREX, for all damages they have suffered, and for all damages to accrue subsequent to their filing of this pleading, including an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which damages are in excess of $25,000.00;

F. that the Court order and adjudge that all "Assumed Liabilities" that DETREX purported to impose on Plaintiffs through the Transfer Agreement and related instruments be restored solely and completely in DETREX, with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013;

G. that, in the alternative to a complete rescission, the Court order, adjudge and declare that the "Cullman Parcel" is not an "Assumed Liability" under paragraph 9.1 of the "Transfer Agreement," but is an "Excluded Matter" under paragraph 9.2 of the "Transfer Agreement," and that the Court return and restore title to the "Cullman Parcel" in DETREX solely and completely, together with all liabilities described in paragraph 9.1 of the "Transfer Agreement," and with continuing obligation of DETREX to indemnify and

hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with the "Cullman Parcel;"

H. and that the Court grant such further or additional relief as the Court may deem just and equitable under the circumstances.

**COUNT VI**
**DECLARATORY RELIEF**

127. Plaintiffs incorporate all allegations set forth in this Complaint in this count as though fully set forth herein.

128. Plaintiffs have alleged herein a case of actual controversy against DETREX.

129. Plaintiffs are entitled to a declaration by this Court of the parties' respective rights and other legal relations pursuant to MCR 2.605.

130. Plaintiffs further require declaratory relief in order to preliminarily determine the parties respective rights and obligations and guide or direct Plaintiffs' future conduct.

WHEREFORE Plaintiffs, ENVIRONMENTAL LIABILITY TRANSFER, INC, COMMERCIAL DEVELOPMENT COMPANY, INC, TREX PROPERTIES, LLC, THOMAS E. ROBERTS, KARIN L. ROBERTS, MICHAEL J. ROBERTS and MELODY A. ROBERTS, respectfully pray for the following relief:

A. That the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed forever null and void;

B. that the Court order and adjudge that the parties shall be returned to their respective positions existing prior to the closing of the transaction on June 18, 2013;

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

Received for Filing Oakland County Clerk 6/21/2017 4:11 PM

C. that the Court order and adjudge that Plaintiffs' shall be awarded their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement as an element of their damages;

D. that, in the alternative to a complete rescission, the Court order and adjudge that the "Transfer Agreement," and all related agreements, assignments, papers and obligations that were the subject of the parties' transaction that closed on June 18, 2013, be rescinded, set aside and deemed null and void as to the "Cullman Parcel;"

E. that the Court order and adjudge that Plaintiffs shall have a money judgment entered in their favor and against DETREX, for all damages they have suffered, and for all damages to accrue subsequent to their filing of this pleading, including an award of their attorneys' fees and expenses, consultants fees, and expert fees pursuant to the terms of the Transfer Agreement, which damages are in excess of $25,000.00;

F. that the Court order and adjudge that all "Assumed Liabilities" that DETREX purported to impose on Plaintiffs through the Transfer Agreement and related instruments be restored solely and completely in DETREX, with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with any aspect of the transaction that closed on June 18, 2013;

G. that, in the alternative to a complete rescission, the Court order, adjudge and declare that the "Cullman Parcel" is not an "Assumed Liability" under paragraph 9.1 of the "Transfer Agreement," but is an "Excluded Matter" under paragraph 9.2 of the "Transfer Agreement," and that the Court return and restore title to the "Cullman Parcel" in DETREX solely and completely, together with all liabilities described in paragraph 9.1 of the "Transfer Agreement," and with continuing obligation of DETREX to indemnify and hold Plaintiffs harmless from and against any and all claims, demands, actions, administrative proceedings (whether formal or informal proceedings, including, without limitation, any citation, directive, order, or investigation), judgments, losses, damages, punitive damages, penalties, fines, stipulated penalties, debts, costs, and expenses (including without limitation attorneys' fees and expenses, consultants fees, and expert fees), that arise directly or indirectly from, out of, or in connection with the "Cullman Parcel;"

Case 3:21-cv-00458-KDB-DSC   Document 1378-6   Filed 03/21/22   Page 30 of 31

Received for Filing Oakland County Clerk  6/21/2017 4:11 PM

H. and that the Court grant such further or additional relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted,

FAUSONE BOHN, LLP
*Attorneys for Plaintiffs*

Dated: June 21, 2017

/s/ CHRISTOPHER S. FRESCOLN
Christopher S. Frescoln (P63175)
41700 West Six Mile Road, Suite 101
Northville, Michigan 48168-3460
(248) 380-0000
(248) 380-3434 (Fax)
CFrescoln@FB-Firm.com