# EXHIBIT I

PLEASE PRINT CLEARLY OR TYPE

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE OFFICE OF
ADMINISTRATIVE HEARINGS

TREX PROPERTIES, LLC,

    PETITIONER,

v.

N.C. DEPARTMENT OF ENVIRONMENTAL QUALITY,
DIVISION OF WASTE MANAGEMENT,

    RESPONDENT.

**PETITION FOR A CONTESTED CASE HEARING**

I hereby ask for a contested case hearing as provided for by North Carolina General Statute § 150B-23 because the Respondent has:

(Briefly state facts showing how you believe you have been harmed by the State agency or board.)

See Attachment A

Amount in controversy $538,945.00 (if applicable)

(If more space is needed, attach additional pages.)

Because of these facts, the State agency or board has: (check at least one from each column)
- **X** deprived me of property;
- ___ ordered me to pay a fine or civil penalty; or
- **X** otherwise substantially prejudiced my rights;

**AND**

- **X** exceeded its authority or jurisdiction;
- **X** acted erroneously;
- ___ failed to use proper procedure;
- **X** acted arbitrarily or capriciously; or
- **X** failed to act as required by law or rule.

Date: February 3, 2017

Your phone number: (919) 783-2842

Print your full address: Poyner Spruill, LLP, P.O. Box 1801, Raleigh NC 27602-1801

Print your name: H. Glenn Dunn, Esq.

Your signature: /s/ Glenn Dunn

You must mail or deliver a **COPY** of this Petition to the State agency or board named on line (3) of this form. You should contact the agency or board to determine the name of the person to be served.

## CERTIFICATE OF SERVICE

I certify that this Petition has been served on the State agency or board named below by depositing a copy of it with the United States Postal Service with sufficient postage affixed **OR** by delivering it to the named agency or board:

Sam M. Hayes, General Counsel, N.C. Department of Environmental Quality
1601 Mail Service Center, Raleigh NC 27699-1601

Linda F. Nelson, Assistant General Counsel, N.C. Department of Environmental Quality
1601 Mail Service Center, Raleigh NC 27699-1601

This the 3rd day of February, 2017.

/s/ Glenn Dunn

(your signature)

When you have completed this form, you **MUST** mail or deliver the **ORIGINAL AND ONE COPY** to the Office of Administrative Hearings, 6714 Mail Service Center, Raleigh, NC 27699-6714.

H-06 (05/10)

Attachment A
To Trex Properties, LLC
Petition for Contested Case

Petitioner is the owner/operator of a hazardous waste facility located at 3144 Cullman Avenue in Mecklenburg County, North Carolina (the "Facility"). Petitioner acquired the Facility from the Detrex Corporation and assumed responsibility for corrective action for preexisting soil and groundwater contamination at the Facility pursuant to the Resource Conservation and Recovery Act ("RCRA") as administered by Respondent under the North Carolina Solid Waste Management Act. Pursuant to RCRA regulations Petitioner is required to prepare a conceptual approach to remediation ("CAR") and Petitioner is required to prepare an estimate of the cost to implement such remediation or corrective action. The Petitioner is then required to provide Respondent financial assurance in the amount of the cost estimate using one of the financial mechanisms allowed by the RCRA regulations.

Petitioner has already as of February 7, 2013 placed $1,409,775.00 in a trust, one of the allowed financial assurance mechanisms. This amount was based on an estimate prepared by Withers Ravenel, Petitioner's environmental consultant, and has appreciated to $1,776,848.81 as of December 31, 2016. Subsequently, after performing some of the required corrective action measures, Petitioner prepared a revised estimate of $1,185,296 for the remaining corrective action measures. Respondent rejected this estimate, and after further negotiations Respondent required by letter dated December 15, 2016 that Petitioner place $2,448,446 in the corrective action trust by January 31, 2017.

In response to the above letter, Petitioner provided with its January 20, 2017 letter to Linda F. Nelson, Respondents' attorney, a spreadsheet setting out the line items of corrective

action, the estimated cost of each line item, the difference between the estimate and Respondent's estimate, and an explanation of the reason for the difference and/or supporting documentation for Petitioner's estimates. Petitioner also increased its cost estimate to $1,574,557. A copy of the letter and spreadsheet is attached.

By letter dated January 25, 2017 from Linda Nelson, Respondent stated its concerns related to Petitioner's revised cost estimate and stated its decision that Petitioner is to place $2,113,502 ($538,945 more than Petitioner's cost estimate) in the corrective action trust by January 31, 2017. A copy of that letter is attached. Undersigned counsel for Petitioner requested an extension of the deadline which was refused.

Petitioner contends that its revised cost estimate is accurate based on prices for corrective action items from quotes from service providers, on costs Withers Ravenel has paid for similar work in the same market area, on contractor price schedules, and on actual contract prices. Petitioner further contends that Respondent's higher cost estimate is either based on EPA guidance for remedial items that is not reasonable for the Mecklenburg County area or are for remedial items that are not necessary for the corrective action, and therefore is arbitrary and capricious and exceeds Respondent's authority. Respondent's written decision requiring Petitioner to pay into the corrective action trust by January 31, 2107 an amount that exceeds Petitioner's estimate by $538,945.00 deprives Petitioner of those funds and directly or indirectly substantially affects Petitioner's property and rights.

2