IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-KDB-DSC

| | |
|---|---|
| TREX PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>25TH STREET HOLDING CO. INC., ET AL,<br><br>Defendants. | **AMENDED ORDER** |

Plaintiff asserts claims in this action under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §9601 *et seq.*, ("CERCLA") against over 900 Defendants that it contends are jointly and severally liable for and/or are obligated to pay an equitable share of the response costs Plaintiff has and will incur in cleaning up the release of hazardous waste from a facility located in Charlotte, North Carolina. Since the filing of this action in August 2021, Plaintiff has filed waivers and affidavits of service and dismissals related to hundreds of the Defendants along with motions to strike answers filed by various *pro se* Defendants. In response to the Complaint, numerous Defendants have filed answers, some including Third Party Complaints, counterclaims and crossclaims. Because of the large number of parties and the interrelatedness of the Parties' claims and defenses concerning both liability and the potential allocation of response costs, it is clear to the Court that it is in the best interests of all concerned for the Court to more actively structure and manage this case – with the Parties' input – beyond what is done in a typical action.

1

Accordingly, pursuant to its broad authority and obligation under the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action," the Court enters the following Order beginning the case management process, directing the Parties to consider and propose elements of a case management plan and scheduling a case management conference. *See* Fed. R. Civ. P. 1.

**I.     Case Management Conference**

A case management and status conference will be held in this matter on May 19, 2022 at 2:00 p.m. in Courtroom #4B, 401 W Trade St, Charlotte, NC 28202 before the undersigned District Judge. Counsel who represent only one Defendant and want to attend the hearing remotely should communicate that desire to the Clerk's office at least one week prior to the hearing. Plaintiff's counsel and all defense counsel who represent more than one defendant are expected to attend the hearing in person, absent leave of the Court (which will be given for good cause).

**II.    Pleading and Discovery in Advance of the Case Management Order**

As noted above, considering the number of parties and the nature of the claims and defenses being asserted, it is important for the Court to manage the pleadings and discovery in this action to permit the Parties to present their arguments, preserve their rights and obtain relevant information and documents while not overwhelming the Parties and the Court with a multiplicity of pleadings and duplicative discovery obligations. Towards that end, the Court intends to potentially include in its future case management order provisions related to standard assumed counterclaims and crossclaims (i.e. simply assuming that such claims are asserted and denied) and standard interrogatories, requests for production of documents and requests for admission that will serve as the primary means of discovery. To enable the Court and the Parties to craft such an order

prior to extensive counterclaims, crossclaims, third party claims being filed and discovery being pursued, the Court orders that:

    **A**. The obligation of any party to assert or file an answer to a counterclaim or crossclaim is hereby tolled, with all rights to assert or answer such claims fully preserved;

    **B**. With respect to third party claims, the obligation of any third party defendant who is already otherwise a party to the case to answer or otherwise respond to the third party complaint is hereby tolled and the rights of all parties to assert third party claims are preserved and need not be asserted in advance of the entry of a case management order; and

    **C**. No discovery by or on behalf of any party shall be served or permitted without leave of the Court (other than the voluntary disclosure of information and documents between parties) in advance of the entry of a case management order

**III.  Case Management Planning in Advance of the Case Management Conference**

In advance of the case management conference, the Court directs counsel for the Parties to confer and discuss how best to structure and manage this action to efficiently focus on the merits of the Parties' claims and defenses. To assist the Parties in their discussions, the Court will likely consider at least the following topics in preparing a case management order:

    A.    Should liaison counsel or a committee of counsel be appointed for the Defendants? If so, who should be appointed or how should the appointment be made and what should be the scope of their duties? Should the Defendants be organized into tiers by the volume of their alleged delivery of waste to the disposal site for this or other purposes?

    B.    Should discovery and/or trial of the case be bifurcated, trifurcated or split into phases (for example, liability, the amount and recoverability of costs and allocation)?

C. Should counterclaims, crossclaims or third party claims against parties otherwise in the litigation be deemed asserted and denied in the pleadings so as not to require separate answers to counterclaims, crossclaims and third party complaints?

D. Should discovery be (at least initially) limited to standardized interrogatories, requests for production of documents and requests for admission absent leave of Court?

E. What provisions would best provide information to the Parties and the Court concerning any ongoing and/or future remediation efforts and associated costs?

F. The need for and timing of expected expert reports, discovery and testimony.

G. The possibility of the Parties agreeing to factual / legal stipulations that might limit or avoid discovery.

H. Is there a need for a shared document repository or other shared database of information? How can electronic discovery most efficiently be pursued?

I. Should the motions of individual defendants be limited in any way? (For example, requiring that issues must first be presented to the liaison counsel committee or deferred until a time when motions can be collectively presented)

J. The timing and handling of motions to pursue defaults and default judgments against Defendants who have been served but not answered and any discovery related to those Defendants. Also, how might such Defendants be accounted for in any equitable allocation process?

The Court does not intend for this to be an exhaustive list of the topics that counsel should discuss in advance of the case management conference nor supplant topics (such as the timing of the various stages of the case, number of depositions, etc.) that are commonly discussed in an initial attorneys' conference but are not specifically discussed above. To the contrary, the Court

4

Case 3:21-cv-00458-KDB-DSC   Document 1446   Filed 04/04/22   Page 4 of 5

strongly encourages the Parties to creatively use their knowledge and experience to suggest how the case can best be managed.

On or before May 9, 2022, the Parties are directed to file with the Court a proposed case management plan that reflects the collective views (or summarizes the differing views) of the Parties. In addition to or as part of this proposed case management plan, the parties should provide the Court with a statement of the factual and legal issues expected to be actually in dispute. In requiring this statement, the Court hopes to identify common liability, costs and allocation issues (including any threshold or dispositive legal issues) that the Parties expect to be contested in the case and to further identify "boilerplate" defenses or claims that the Parties do not expect to be at issue. In light of the appearance of more than 25 law firms in this action on behalf of the Defendants who have already filed answers, the Court directs Steven DeGeorge and David Levy (who are both counsel for multiple defendants) to coordinate Defendants' discussions with Plaintiff's counsel to promote efficiency. This direction is only for the purposes of these discussions and is made without restricting Defendants' ability to collectively decide to select others to coordinate with Plaintiff's counsel.

Finally, on or before May 11, 2022, any counsel who desires to address the Court at the case management conference (beyond those who are planning to speak on behalf of the Plaintiff or Defendants collectively) should so inform the Court and state the particular topic that counsel wants to address so that the Court can be prepared and conduct the conference most productively.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 4, 2022

Kenneth D. Bell
United States District Judge

5