IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TREX PROPERTIES LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-CV-00458-KDB-DSC |
| 5 STAR AUTO COLLISION, INC., *et al.*, | ) |
| Defendants. | ) |

**CONSENT DECREE**

This Consent Decree ("Agreement") is made, as of the Effective Date of this Agreement (as defined herein), between Plaintiff Trex Properties LLC and Defendants United States Department of Agriculture ("USDA"), United States Department of the Air Force ("DAF"), United States Food & Drug Administration ("FDA"), United States Geological Survey ("USGS"), United States Navy ("DON"), and the United States Postal Service ("USPS") (collectively "Federal Defendants"), collectively referred to as the "Parties," in the above-captioned case;

**WHEREAS**, Plaintiff Trex Properties LLC initiated the above-captioned case by filing its Complaint on August 30, 2021 against over 900 defendants (ECF No. 1), asserting claims under Section 107 and Section 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, seeking reimbursement of response costs allegedly incurred or to be incurred by Trex for response actions allegedly taken at or in connection with the release or threatened release of hazardous substances at the facility located at 3114 and 3124 Cullman Avenue, Charlotte, North Carolina;

**WHEREAS**, the Federal Defendants were properly served with the Complaint and the Federal Defendants' time to answer the Complaint does not run until June 23, 2022. *See* May 16, 2022 Text-Only Order;

**WHEREAS**, the Federal Defendants, by entering into this Consent Decree, do not admit any issue of fact or law and do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint;

**WHEREAS**, the Parties desire to enter into this Consent Decree as a full and final resolution of any and all claims that have been or could now or hereafter be asserted by Plaintiff against the United States in connection with the Covered Matters (as defined herein), and to avoid the complication and expense of further litigation of such claims; and

**WHEREAS**, the Parties agree, and this Court by entering into this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. **Definitions.** Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever the terms listed below are used in this Agreement, the following definitions shall apply:

   a. "Agreement" shall mean this Consent Decree.

b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-75, as amended.

c. "Consent Decree" shall mean this Consent Decree.

d. "Covered Matters" shall mean any and all past or future claims, known or unknown, that were, could have been, could now be, or hereafter could be asserted by Trex against the United States arising out of or in connection with any release or threatened release of a hazardous substance at the Site, including any claims regarding off-site contamination that may have emanated, may still be emanating, or may emanate in the future from the Site.

e. "Day" shall mean a calendar day. In computing any period of time under this Agreement, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday, or Federal holiday.

f. "DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

g. "Effective Date" shall mean the date the Court approves this Agreement.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is

subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

i. "Response Costs" shall mean, for purposes of this Consent Decree, all costs, fees, expenses, interest, or other amounts incurred or to be incurred by Trex which are consistent with the National Contingency Plan and arise out of or in connection with releases or threatened releases of hazardous substances occurring at, in, or from the Site.

j. "Site" shall mean, for purposes of this agreement, individually or collectively the real property located at 3114 and 3124 Cullman Avenue, Charlotte, North Carolina, as depicted generally on the maps attached to this Agreement as Appendix A. The term "Site" shall also include the proximate areas where hazardous substances generated from the Site has been deposited, stored, disposed of, placed, or otherwise come to be located.

k. "Trex" shall mean Trex Properties LLC, including any other predecessors-in-interest, as well as Trex Properties LLC's successors, assigns, designees, insurers, agents, affiliates and related companies.

l. "United States" shall mean the United States of America, including all of its Departments, agencies, and instrumentalities of the United States, including but not limited to the Federal Defendants.

2. **Jurisdiction**. This Court has subject matter jurisdiction over one or more claims against the Federal Defendants in the Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 9607 and 9613(b). Solely for the purposes of this Consent Decree and the underlying

Complaint, the Federal Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.

3. **Parties Bound.** This Consent Decree applies to and is binding upon Trex and the Federal Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of parties under this Consent Decree. Nothing in this Agreement shall be construed to make any other person or entity not referenced in this Agreement a third-party beneficiary to this Agreement.

4. **Payment of Trex's Response Costs**.

   a. Trex hereby warrants and certifies to the Federal Defendants that Trex has not been reimbursed or received any payments from the United States, including pursuant to any contracts with the United States, or from any other source for the full costs and/or liabilities that Trex incurred at the Site.

   b. Subject to the certification in Paragraph 4.a, the United States, on behalf of the Federal Defendants, shall pay a share of Trex's alleged Response Costs through a one-time electronic payment of $75,000.00, in accordance with instructions provided to DOJ in advance by Trex.

   c. In the event that any payment required by Paragraph 4.a. is not made within one hundred twenty (120) days after the Effective Date, the United States, on behalf of Federal Defendants, shall pay Interest on the unpaid balance, with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

d. The Parties to this Consent Decree recognize and acknowledge that the payment obligations of the Federal Defendants under this Consent Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Federal Defendant obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law. Nothing in this Consent Decree shall be interpreted or construed as an obligation to make payment from the capital of the United States Postal Service, as contemplated by 39 U.S.C. §§ 2002-2003.

e. Within five (5) days of receipt of the payment set forth in this Paragraph, Trex shall provide written confirmation to the United States that the payment has been received.

5. **Release and Covenant Not to Sue by Trex.** Upon the Effective Date of this Consent Decree, and provided Trex receives the payment required by Paragraph 4, Trex shall forever release, discharge, and covenant and agree not to assert (by way of the commencement of an administrative or judicial action, the joinder of the United States in an existing action, counterclaim, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever, known or unknown, in law or in equity which it had, may have had, or may hereafter have relating to contamination at the Site, including, but not limited to, claims under CERCLA Sections 107 or 113, 42 U.S.C. § 9607, 42 U.S.C. § 9613(f), against the United States for Covered Matters, excepting claims for breach of this Agreement.

6. **Protection Against Claims**.

   a. The payments to be made by the United States pursuant to this Agreement represent a good faith compromise and resolution of disputed claims, and the Parties agree that the compromise represents a fair, reasonable, and equitable discharge for Covered Matters addressed in this Agreement.

   b. With regard to any claims for costs, damages or other claims against the United States for Covered Matters addressed in this Agreement, the United States is hereby granted contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the United States' liability to persons not party to this Agreement. Any rights the United States may have to obtain contribution or otherwise recover costs or damages from persons not party to this Agreement are preserved.

   c. Trex and the United States will join in and/or support, as may be appropriate, such legal proceedings as necessary to secure the Court's approval and entry of this Agreement and to secure and maintain the contribution protection afforded to the United States by this Agreement and by law.

7. **Effect of Settlement/Entry of Judgment/Reservation of Rights.**

   a. This Agreement was negotiated and executed by Trex and the United States in good faith and at arm's length and shall be deemed to be drafted equally by the Parties, and is a fair and equitable compromise of claims

that were contested. This Agreement shall not constitute or be construed as an admission of any issue of fact or law by the Parties. It is not an admission of any factual allegations set out in the Complaint in the above-captioned action or an admission of liability or violation of any law, rule, regulation, or policy by the Parties to this Agreement.

b. Upon approval and entry of this Agreement by the Court, this agreement shall constitute a final judgment among the Parties with respect to the Site.

c. Nothing contained in this Agreement shall be construed to limit the authority of the United States, including EPA, to undertake any action pursuant to applicable law or regulation with regard to Trex or the Site.

8. **Dismissal with Prejudice.** Upon approval and entry of this Agreement by the Court, and receipt by Trex of the payment provided for in Paragraph 4, all claims brought by Trex against the Federal Defendants shall be dismissed with prejudice, and the Court may mark the Federal Defendants' involvement in the above-captioned case as administratively closed.

9. **Notices.** Any notices required hereunder shall be transmitted by overnight delivery service or electronic mail to each of the undersigned, or in such manner and to such persons as may be designated by a Party hereto in writing to the other Party.

10. **Integration Provision.** This Agreement, including attachments, constitutes the entire Agreement between the Parties with respect to Covered Matters. All prior discussions, drafts and writings are specifically superseded by this Agreement and may not be used to vary or contest the terms of this Agreement.

11. **Representative Authority.** The individuals signing this Agreement below hereby certify that they are authorized to bind their respective Parties to this Agreement.

8

Case 3:21-cv-00458-KDB-DSC   Document 1630   Filed 06/22/22   Page 8 of 10

12. **Costs and Expenses.** The Parties shall each bear their litigation and administrative costs and expenses, including attorneys' fees.

13. **Retention of Jurisdiction.** Notwithstanding any other provision of this Agreement, the Court shall retain jurisdiction for the purpose of enforcing the Parties' obligations under this Agreement.

14. **Final Judgment.** Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among Trex and the United States. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Signed: June 22, 2022

SO ORDERED

Kenneth D. Bell
United States District Judge

Trex Properties LLC

By: _____  Dated: 6-1-22
Matthew T. Merryman
Authorized Signatory

**United States of America**

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

JEFFREY HUGHES  Digitally signed by JEFFREY HUGHES
Date: 2022.06.13 17:57:54 -04'00'

By: _____  Dated: June 13, 2022

John M. Cane
Jeffrey Hughes
Environmental Defense Section

9

150 M Street, NE
Washington, D.C. 20002
John.cane@usdoj.gov
(202) 598-9563
Jeffrey.hughes@usdoj.gov
(202) 532-3080

*Attorneys For Defendants*
*United States Department of Agriculture*
*United States Department of the Air Force*
*United States Food & Drug Administration*
*United States Geological Survey*
*United States Navy*
*United States Postal Service*