IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-KDB-DSC

| | |
|---|---|
| **TREX PROPERTIES LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **25TH STREET HOLDING COMPANY INC. et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Third-Party Defendant Detrex Corporation's "Motion to Dismiss Powder Coating Services, Inc.'s Amended Third-Party Complaint" (document #1640) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Third-Party Defendant Detrex Corporation's "Motion to Dismiss Powder Coating Services, Inc.'s Amended Third-Party Complaint" (document #1640) be <u>denied</u> as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Plaintiff seeks

contribution and cost recovery as well as a declaratory judgment for response costs incurred and to be incurred following the release or threatened release of hazardous substances at the Trex North Carolina Facility ("Facility"). Plaintiff filed its Complaint against more than 919 Defendants, including Defendant/Third-Party Plaintiff Powder Coating Services, Inc. ("PCS").

It is undisputed that from 2002 through June 18, 2013, Third-Party Defendant Detrex owned the Facility. Accepting the factual allegation of PCS' Amended Third-Party Complaint as true, Parts Cleaning Technologies of North Carolina, Inc. ("PCT NC") and Solvent Distributors of North Carolina, Inc. ("Solvent Distributors") operated the Facility pursuant to a lease between PCT NC and Detrex.

On March 23, 2012, PCS President Scott Burford and Quality Technician Ron Buyers met with Detrex's Facility Manager Jason Ridenour. Ridenour represented that PCS' waste would be stored, treated and/or disposed of legally at the Facility. In reliance on those assurances, PCS began to ship its waste to the Facility

On February 19, 2013, Detrex agent Tim Connelly prepared a statement that "If [PCSI Waste Material] is treated, it was processed in accordance with CFR 40 268 and disposed of in a proper manner." (ECF 1457 at ¶ 42; ECF 1378-15.)

All of these representations were made by and within the scope of authority of Detrex's agents. Ridenour and Connelly knew they were false but made them with intent to deceive PCS and induce it to transport waste. PCS did not discover the falsity of those statements until after Trex filed its Complaint on August 30, 2021.

On June 18, 2013, Detrex sold the Facility to Trex. Detrex entered into an Environmental Liabilities Transfer Agreement (the "Transfer Agreement"). Under the Transfer Agreement, Trex

released Detrex from liabilities related to environmental conditions at the Facility and assumed said liabilities.

On March 31, 2014, the North Carolina Department of Environment and Natural Resources issued a Notice of Violation for the Trex Facility alleging multiple violations of the Resource Conservation and Recovery Act ("RCRA") permit and regulations concerning hazardous waste. On May 17, 2017, Connelly and two other Detrex employees were indicted for criminal violations of the RCRA.

In March 2016, and again on August 4, 2017, Trex sent demand letters to numerous entities notifying them of the release or threatened release of hazardous substances at the Facility. Trex requested that each entity settle Trex's potential environmental law claims for "cost-recovery and contribution rights against potentially responsible parties ('PRPs') for response costs incurred and to be incurred by Trex" at the Facility. Dkt. 1378, ¶ 27 (pp. 16-17); Dkt. 1378-11. The record does not contain any demand letter addressed to or received by PCS.

On March 21, 2022, PCS filed a Third-Party Complaint against Detrex and other third parties. On April 6, 2022, PCS filed its Amended Third-Party Complaint. Dkt. 1457. PCS asserts claims for contribution under CERCLA and for fraud.

On June 30, 2022, Detrex filed its Motion to Dismiss.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-

'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### B. CERCLA Claim

CERCLA allows "private parties to recover the costs of cleaning up hazardous wastes from certain defined types of persons." PCS Nitrogen Inc. v. Ashley II of Charleston LLC, 714 F.3d 161, 167 (4th Cir. 2013) (quoting Axel Johnson, Inc. v. Carroll Carolina Oil Co., 191 F.3d 409, 413 (4th Cir. 1999)). To establish a prima facie case for cost recovery, plaintiff must plead that (1) the defendant is a potentially responsible person ("PRP"); (2) the site constitutes a "facility"; (3) a "release" or a threatened release of hazardous substances exists; (4) the plaintiff has incurred costs responding to the release or threatened release of hazardous substances; and (5) the response costs conform to the National Contingency Plan. Id. at 167-68 (citing 42 U.S.C. §§ 9601(9), (22), 9607(a) and ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 356 (2d Cir.1997)).

There are four non-mutually exclusive classes of PRPs. Id. at 172 (citing 42 U.S.C. § 9607(a) and Nurad, Inc. v. William E. Hooper & Sons Co., 966 F.2d 837, 841 (4th Cir. 1992)). They include (1) the current "owner" or "operator" of a "facility"; (2) any "person" who "owned"

or "operated" the "facility" at the time of disposal of a hazardous substance; (3) any "person" who "arranged for disposal or treatment" of hazardous substances at the "facility"; and (4) any "person" who accepts hazardous substances "for transport to disposal or treatment facilities, incineration vessels or sites." Id.

"The classes of PRPs have an undeniably broad reach." Id. (citing United States v. Atl. Research Corp., 551 U.S. 128, 136 (2007)). But the limitations of derivative liability inherent in corporate law still apply. Id. (citing United States v. Bestfoods, 524 U.S. 51, 62–64 (1998)). There is no dispute here that both Detrex and PCS are PRPs.

CERCLA § 107(e)(1) allows agreements between private parties "to insure, hold harmless, or indemnify a party to such agreement" with respect to CERCLA liability. 42 U.S.C. § 9607(e)(1). Every Circuit that has addressed the subject has concluded, however, that § 107(e)(1) allows private parties to allocate CERCLA liability between each other, but "precludes efforts to divest a responsible party of [its] liability." Harley-Davidson, Inc. v. Minstar, Inc., 41 F.3d 341, 342-43 (7th Cir. 1994) ("we agree with every other appellate court that has been called on to interpret [§ 107(e)(1)] that it does not outlaw indemnification agreements, but merely precludes efforts to divest a responsible party of [its] liability.") Both the Fourth Circuit and this Court concur. C.P. Chemicals, Inc. v. Exide Corp., Inc., 14 F.3d 594 (table/unpublished), No. 93-1426, 1993 WL 535277 at *1 (4th Cir. Dec. 28, 1993) (§ 107(e)(1) allows private parties to allocate CERCLA liability); United States v. Godley, __ F.Supp.3d __, 2021 WL 5242855 at *13 (W.D.N.C. Nov. 10, 2021) (although private parties may contractually allocate CERCLA liability "amongst themselves, they cannot absolve themselves of liability to the EPA through such a contract"). Accord John S. Boyd Co. v. Boston Gas Co., 992 F.2d 401, 405 (1st Cir. 1993) (parties may contractually allocate liability under § 107(e)(1) among themselves, but party "cannot escape

liability by means of a contract with another party."); United States v. Hardage, 985 F.2d 1427, 1433 (10th Cir. 1993) (a private party may allocate CERCLA liability to another private party via an indemnity, but cannot "transfer" its liability); Fisher Dev. Co. v. Boise Cascade Corp., 37 F.3d 104, 107 (3rd Cir. 1994) ("responsible parties cannot contract away their liability under CERCLA for cleaning up a release, but they may allocate the ultimate financial burden of that clean-up by agreements among themselves."); AM Int'l., Inc. v. Int'lForging Equip. Corp., 982 F.2d 989, 994 (6th Cir. 1993) (same); Mardan Corp. v. C.G.C. Music, Ltd., 804 F.2d 1454, 1458-60 (9th Cir. 1986) (same); Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993) (same); PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 613 (7th Cir. 1998) (same).

Put differently, while private parties can shift their CERCLA liability among themselves contractually, they remain subject to third-party claims. E.g., Truck Components Inc. v. Beatrice Co., 143 F.3d 1057, 1059 (7th Cir. 1998) (seller that received contractual release and indemnity from buyer still subject to CERCLA claims by "third parties" or "strangers" to the contract.) Pursuant to § 107(e)(1), "a private party can pursue any responsible party it desires," even a party that received a release or indemnity from another party. John S. Boyd, 992 F.2d at 405. See also Hobart Corp. v. Dayton Power & Light Co., 407 F.Supp.3d 732, 739, 741-43 (S.D. Ohio 2019) (party that received contractual release and indemnity remained liable to third parties); Cyprus Amax Minerals Co. v. CBS Operations, Inc., 2012 WL 4857924 at *3 (N.D. Ok. Oct. 12, 2012) ("liable parties can contractually shift responsibility for their response costs among each other … but they may not thereby escape their underlying liability to the Government or another third party.") (emphasis in original), quoting Purolator Products Corp. v. Allied-Signal, Inc., 772 F.Supp. 124, 129 (W.D.N.Y. 1991); Scarlett & Assoc., Inc. v. Briarcliff Ctr. Partners, LLC, 2009 WL 3151089 at *18 (N.D. Ga. Sep. 30, 2009) ("although CERCLA permits private parties to

contractually allocate their liability to each other, [§ 107(e)(1)] provides that a contractual indemnity shall not relieve an owner of contaminated property of its CERCLA liability to third parties."); Canadyne-Georgia Corp. v. Cleveland, 72 F.Supp.2d 1373, 1377 (M.D. Ga. 1999) ("if a buyer of real property assumes all CERCLA liability in a contract with the seller, that promise will not prevent an innocent third party, such as a government agency, from holding the seller liable in [a] cost recovery action brought under CERCLA.")

For those reasons the undersigned respectfully recommends that Detrex's Motion to Dismiss PCS' CERCLA contribution claim be <u>denied</u>.

### C. Fraud Claim

Detrex contends that PCS' fraud claim is barred by the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(9). A fraud claim does not accrue for limitations purposes until PCS discovered "the facts constituting the fraud." Withers v. BMW of North America, LLC, 560 F.Supp.3d 1010, 1021 (W.D.N.C. 2021) (citation omitted). The three-year period did not begin to run until Detrex's fraud was discovered by PCS, "or should have been discovered after the exercise of reasonable diligence." Id.

Rule 12(b)(6) dismissal based upon a statute of limitations defense is permissible in only the "relatively rare circumstances" where "all facts necessary to the affirmative defense 'clearly appear on the face of the complaint.'" Legacy 73 Signs, LLC v. Lipscomb, 2021 WL 5764165 at *3 (W.D.N.C. Nov. 5, 2021), quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added by district court). Where all facts necessary to establish a limitations defense do not "clearly appear" on the face of the complaint, dismissal is improper. Whether a party exercised "reasonable diligence" is an issue of fact. Walton v. Carolina Tel.and

Tel.Co., 93 N.C.App. 368, 378 S.E.2d 427, (1989), citing Feibus & Co. v. Godley Const. Co., 301 N.C. 294, 304-05, 271 S.E.2d 385, 392 (1980).

At this stage in the proceedings, PCS' fraud claim is not clearly barred by the statute of limitations. Even assuming arguendo that PCS received a demand letter more than three years prior to filing its claims, it is not clear from the Third-Party Complaint that PCS was alerted to Detrex's involvement in the release Trex complained of in 2016-17. Likewise it is not clear that such a letter would have alerted PCS to delve into the truth or falsity of the statements by Detrex's agents in 2012-13.

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss also be denied as to PCS' fraud claim.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Third-Party Defendant Detrex Corporation's "Motion to Dismiss Powder Coating Services Inc.'s Amended Third-Party Complaint" (document #1640) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**     Signed: July 25, 2022

David S. Cayer
United States Magistrate Judge