IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-KDB-DSC

| | |
|---|---|
| **TREX PROPERTIES LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **25TH STREET HOLDING COMPANY INC. et. al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Third-Party Defendant Parts Cleaning Technologies LLC's "Motion to Dismiss Powder Coating Services Inc.'s Third-Party Complaint [for Lack of Personal Jurisdiction]" (document #1672) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be denied as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Plaintiff seeks contribution and cost recovery as well as a declaratory judgment for response costs incurred and to be incurred following the release or threatened release of hazardous substances at the Trex North

Carolina facility. Plaintiff filed its Complaint against more than 919 Defendants including Defendant/Third-Party Plaintiff Powder Coating Services Inc. ("Powder").

It is undisputed that from 2002 through June 18, 2013, Third-Party Defendant Detrex Corporation owned the facility. Parts Cleaning Technologies of North Carolina Inc. ("PCT NC") and Solvent Distributors of North Carolina Inc. ("Solvent Distributors") operated the facility pursuant to a lease between PCT NC and Detrex.

On June 18, 2013, Detrex sold the facility to Plaintiff Trex. Detrex entered into an Environmental Liabilities Transfer Agreement. Under the Transfer Agreement, Trex released Detrex from liability related to environmental conditions at the facility and assumed said liability.

On March 31, 2014, the North Carolina Department of Environment and Natural Resources issued a Notice of Violation for the Trex facility alleging multiple violations of the Resource Conservation and Recovery Act ("RCRA") permit and regulations concerning hazardous waste.

On March 21, 2022, Powder filed a Third-Party Complaint against Detrex, Parts Cleaning Technologies LL ("Parts") and others. On April 6, 2022, Powder filed its Amended Third-Party Complaint. Document #1457. Powder asserts claims for fraud and contribution under CERCLA.

Accepting the factual allegations of the Amended Third-Party Complaint as true, Parts is the parent company of PCT NC and Solvent Distributors. Those entities were incorporated in Michigan by David Crandall in 2002. They have common ownership and management. They also share corporate offices, a website and primary telephone number. Crandall dissolved PCT NC and Solvent Distributors in July 2021.

On July 28, 2022, Parts filed its Motion to Dismiss for lack of personal jurisdiction. Parts argues that it "had no activities in the state of North Carolina and had no connection to the Trex

Facility… and that PCT NC and Solvent Distributors are separate legal entities, which are not owned by Parts." Parts' "Memorandum in Support…" at 2 (Document #1672-1).

In its "Brief in Opposition" (document #1680) and attached exhibits, Powder shows that "Parts Cleaning Technologies LLC" registered with the United States Environmental Protection Agency for a North Carolina RCRA hazardous waste Handler Number (NCR000138107) and listed its address as the Trex Facility, 3124 Cullman Avenue, Charlotte, NC 28206. Exhibit E. "Parts Cleaning Technologies LLC" registered with the North Carolina Department of Environmental Quality ("NCDEQ") as a dry-cleaning waste and fluorescent lamp disposal company. Exhibit I. EPA Hazardous Waste Manifests, certified and signed under oath, identify "Parts Cleaning Technologies LLC" as transporter of hazardous waste from Powder to the Trex Facility. Exhibit D. Parts' website identified three "current and operational Contract Parts Cleaning Centers ready to serve your region of the country," including one in "Charlotte, NC." Exhibit G. In formal comments made in 2019 related to the RCRA permit, Trex stated "From 2002 through June 2014, Parts Cleaning Technologies LLC (PCT) provided the manpower to operate the Permit" at the facility. Exhibit C. On March 8, 2010, NCDEQ assessed a civil penalty against "Parts Cleaning Technologies LLC" for its failure to pay a hazardous waste fee at the Trex site. Exhibit H.

## II. DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F.

Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). See also Renfinity, Inc. v. Jones, 2022 WL 332782 at *1 (W.D.N.C. Feb 3, 2022); White by and through White v. Aetna Life Ins. Co., 519 F.Supp.3d 253, 257-58 (W.D.N.C. 2021) (citations omitted).

Plaintiff must show that the exercise of personal jurisdiction over Defendant complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id., citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). See also Thomas Centennial Communications Corp., No. 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846,

2851 (2011). There is no allegation that Parts had such continuous and systematic contacts with North Carolina.

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action arising from that defendant's activities in the forum state. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

As the Fourth Circuit has explained, "our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

The Fourth Circuit has made clear that a single contract executed or performed in North Carolina can satisfy the minimum contacts requirement. See, e.g., Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003); Capstar Corp. v. Pristine Industries, Inc., 768 F. Supp. 518, 524 (W.D.N.C. 1991).

CERCLA allows "private parties to recover the costs of cleaning up hazardous wastes from certain defined types of persons." PCS Nitrogen Inc. v. Ashley II of Charleston LLC, 714 F.3d 161, 167 (4th Cir. 2013) (quoting Axel Johnson, Inc. v. Carroll Carolina Oil Co., 191 F.3d 409, 413 (4th Cir. 1999)). To establish a prima facie case for cost recovery, plaintiff must plead that (1) the defendant is a potentially responsible person ("PRP"); (2) the site constitutes a "facility"; (3) a "release" or a threatened release of hazardous substances exists; (4) the plaintiff has incurred costs responding to the release or threatened release of hazardous substances; and (5) the response costs conform to the National Contingency Plan. Id. at 167-68 (citing 42 U.S.C. §§ 9601(9), (22), 9607(a) and ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 356 (2d Cir.1997)).

There are four non-mutually exclusive classes of PRPs. Id. at 172 (citing 42 U.S.C. § 9607(a) and Nurad, Inc. v. William E. Hooper & Sons Co., 966 F.2d 837, 841 (4th Cir. 1992)). They include (1) the current "owner" or "operator" of a "facility"; (2) any "person" who "owned" or "operated" the "facility" at the time of disposal of a hazardous substance; (3) any "person" who "arranged for disposal or treatment" of hazardous substances at the "facility"; and (4) any "person" who accepts hazardous substances "for transport to disposal or treatment facilities, incineration vessels or sites." Id.

"The classes of PRPs have an undeniably broad reach." Id. (citing United States v. Atl. Research Corp., 551 U.S. 128, 136 (2007)). But the limitations of derivative liability inherent in corporate law still apply. Id. (citing United States v. Bestfoods, 524 U.S. 51, 62–64 (1998)). There is no dispute that Detrex, PCS, PCT NC, and Solvent Distributors are PRPs. At this stage in the proceedings, the Court concludes that Parts is a PRP.

Applying those principles to the jurisdictional facts here, Powder has made a prima facie showing that the exercise of specific personal jurisdiction over Parts is proper. Parts filed multiple

documents with federal and state agencies that confirmed it was handling and disposing of hazardous waste at the Trex facility. Parts' potential liability as a PRP arises directly from these purposeful activities. The exercise of personal jurisdiction is constitutionally reasonable here. Accordingly, the undersigned respectfully recommends that Third-Party Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be <u>denied</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Third-Party Defendant Parts Cleaning Technologies LLC's "Motion to Dismiss Powder Coating Services Inc.'s Third-Party Complaint" be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel <u>and to the Honorable Kenneth D. Bell.</u>

**SO ORDERED AND RECOMMEDED.** Signed: August 15, 2022

David S. Cayer
United States Magistrate Judge