IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-KDB-DSC

| | |
|---|---|
| **TREX PROPERTIES LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **25TH STREET HOLDING COMPANY INC. et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Plaintiff's "Motion to Dismiss Defendant Powder Coating Services Inc.'s Counterclaims" (document #1677) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's "Motion to Dismiss Defendant Powder Coating Services Inc.'s Counterclaims" (document #1677) be <u>denied</u> as discussed below.

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Plaintiff seeks contribution and cost recovery as well as a declaratory judgment for response costs incurred and to be incurred following the release or threatened release of hazardous substances at the Trex North Carolina Facility ("Facility"). Plaintiff filed its Complaint against more than 919 Defendants including Defendant/Third-Party Plaintiff Powder Coating Services Inc. ("PCS"). PCS filed an

Answer as well as Counterclaims (document #1378), for CERCLA contribution, constructive fraud and declaratory judgment.

A more detailed statement of the pertinent factual and procedural background is found in this Court's "Memorandum and Recommendation" at 2-3 (document #1669) (recommending Third-Party Defendant Detrex Corporation's "Motion to Dismiss Powder Coating Services Inc.'s Amended Third-Party Complaint (containing CERCLA and constructive fraud claims)" (document #1640) be <u>denied</u>). Plaintiff has assumed all of Detrex's liabilities related to the Facility. For the reasons previously stated, Plaintiff's Motion to Dismiss PSC's Counterclaim for constructive fraud should be <u>denied</u> here as well.

Plaintiff also moves to dismiss PSC's Counterclaim for declaratory judgment to the extent it arises from the constructive fraud claim. For the same reasons, the undersigned respectfully recommends that Plaintiff's Motion to Dismiss be <u>denied</u> as to the declaratory judgment Counterclaim.

## <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Dismiss Defendant Powder Coating Services Inc.'s Counterclaims" (document #1677) be **DENIED**.

## <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v.</u>

Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: August 23, 2022

David S. Cayer
United States Magistrate Judge