IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-KDB-DSC

| | |
|---|---|
| TREX PROPERTIES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> 25TH STREET HOLDING COMPANY, INC. ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Third-Party Defendant Parts Cleaning Technologies LLC's ("Parts Cleaning") Motion to Dismiss Powder Coating Services Inc.'s ("Powder Coating") Third-Party Complaint (Doc. No. 1672); the Memorandum and Recommendation and Order of the Honorable Magistrate Judge David S. Cayer ("M&R") (Doc. No. 1692) recommending that the motion be denied; Parts Cleaning's Objections to the M&R (Doc. No. 1705) and the parties' associated briefs and exhibits, all of which have been considered in the preparation of this Order.

I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations

1

must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff Trex Properties ("Trex") filed this action claiming that it is entitled to contribution and cost recovery under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA") against numerous companies who are alleged to be "potentially responsible parties" for the release of hazardous substances at a Charlotte, North Carolina waste disposal facility (the "Trex Facility"). In response to the claims against it, Powder Coating in turn filed claims against other companies, including Parts Cleaning, a Michigan corporation, for fraud and contribution under CERCLA. Parts Cleaning asks the Court to dismiss Powder Coating's Third Party Complaint based on a lack of personal jurisdiction. Specifically, Parts Cleaning alleges that it did not conduct any activities in North Carolina and has insufficient connections to the activities at the Trex Facility that are the subject of this action.

However, the Court finds, as did the Magistrate Judge, that there is sufficient evidence, if believed, which establishes that the Court has personal jurisdiction over Parts Cleaning. For example, evidence has been proffered that on April 25, 2019, Trex sent a letter to the North

Carolina Department of Environmental Quality ("DEQ"), in which Trex stated that "[f]rom 2002 through June 2014, Parts Cleaning Technologies, LLC (PCT) provided the manpower to operate the Permit" at the Trex Facility. (Doc. No. 1680 at 3 and Doc. No. 1680-4 at 2). Accordingly, for the reasons more fully stated in the M&R, the findings and conclusions of the Magistrate Judge are **ADOPTED,** the M&R recommendation will be **ACCEPTED** and Parts Cleaning's motion will be **DENIED**.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Parts Cleaning's Motion to Dismiss (Doc. No. 1672) is **DENIED;** and
2. This case shall proceed towards a decision on the merits of the parties' claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Kenneth D. Bell
United States District Judge