IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00458-KDB-DSC

| | |
|---|---|
| TREX PROPERTIES LLC, | |
| Plaintiff, | |
| v. | ORDER |
| 25TH STREET HOLDING COMPANY, INC. ET AL., | |
| Defendants. | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss the Defaulting Defendants and Certain Non-Defaulting Defendants with Prejudice. (Doc. No. 1785). On December 21, 2022, the Court entered an Order denying Plaintiff's Motion to Dismiss the Defaulting Defendants and Certain Non-Defaulting Defendants without Prejudice. (Doc. No. 1874). That Order noted that the applicable rule of civil procedure for dismissal "by Court Order" is Rule 41 (a)(2), which allows a party to dismiss an action "at the plaintiff's request … on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). Accordingly, in part because of significant questions (as explained in the Order) as to the amount of the cost to clean up the Charlotte, North Carolina waste disposal facility (the "Trex Facility") in dispute, the Court stated that it would require that Plaintiff either make an evidentiary showing that Plaintiff has not already recovered more in settlements and other payments than it is likely to cost to remedy the environmental damage or stipulate that the requested dismissals be with prejudice. Approximately 24 hours later, Plaintiff filed the revised motion now before the Court seeking the dismissal of the

1

subject defendants with prejudice, thereby avoiding any further consideration of remedial cost, the parties' respective liability and Plaintiff's recoveries.

While the Court retains its concern over Plaintiff's apparent business model of using the threat and course of CERCLA litigation to profit from purchasing environmentally damaged property, it will allow the dismissal of the defendants listed in Plaintiff's motion with prejudice as previously stated in its December 21, 2022, Order. However, the Court will also maintain jurisdiction over this matter to hear any motion related to settlements entered in connection with Plaintiff's claims, including a motion for equitable disgorgement that may be filed by defendants or threatened potential defendants who have previously entered into settlements with Plaintiff related to the Trex Facility. *See* Doc. No. 1694 at p.2, n.2. (asserting that Parties that paid Plaintiff to settle litigation may possess viable disgorgement, rescission or other claims against Plaintiff).

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Dismiss the Defaulting Defendants and Certain Non-Defaulting Defendants with Prejudice (Doc. No. 1785) is **GRANTED and the claims against the Defendants listed in the motion are dismissed with prejudice**;

2. The Court retains jurisdiction over this matter to hear any motion related to settlements entered in connection with the claims made in this matter, including a motion for equitable disgorgement that may be filed by defendants or threatened potential defendants who have previously entered into settlements with Plaintiff related to the Trex Facility; and

3. The remaining parties in this matter are directed to provide the Court with a status report on still unresolved claims on or before January 23, 2023.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 10, 2023

Kenneth D. Bell
United States District Judge